MAYER BROWN LLP
John Nadolenco (SBN 181128)
350 South Grand Avenue
25th Floor
Los Angeles, CA 90071-1503
Telephone: (213) 229-9500
jnadolenco@mayerbrown.com

Lauren R. Goldman (*pro hac vice*)
1221 Avenue of the Americas
New York, NY 10020
Telephone: (212) 506-2647
lrgoldman@mayerbrown.com

Archis A. Parasharami (*pro hac vice*)
1999 K Street, N.W.
Washington, D.C. 20006-1101
Telephone: (202) 263-3328
aparasharami@mayerbrown.com

*Counsel for Defendant Facebook, Inc.*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE FACEBOOK BIOMETRIC INFORMATION PRIVACY LITIGATION | Master Docket No.: 3:15-CV-03747-JD |
| | **DEFENDANT FACEBOOK, INC.'S REQUEST FOR JUDICIAL NOTICE** |
| THIS DOCUMENT RELATES TO:<br>ALL ACTIONS | Date: December 16, 2015<br>Time: 10:00 a.m.<br>Location: Courtroom 11 |
| | Hon. James Donato |

Pursuant to Federal Rule of Evidence 201, and in connection with its concurrently filed Motion to Dismiss, defendant Facebook, Inc. ("Facebook") respectfully requests that the Court take judicial notice of the following attached exhibits:

1. Exhibit 1, which is a true and correct copy of the Declaration of Jeremy Jordan in Support of Defendant's Motion to Transfer Venue, filed July 1, 2015 in *Patel v. Facebook, Inc.*, Case No. 3:15-CV-03747-JD, at ECF No. 20.

2. Exhibit 2, which is a true and correct copy of the Statement of Kathleen A. Ryg, IL H.R. Tran. 2008 Reg. Sess. No. 276 (Ill. May 30, 2008).

3. Exhibit 3, which is a true and correct copy of Illinois Senate Bill 2400, 95th Gen. Assemb., Reg. Sess. (Ill. Feb. 14, 2008).

4. Exhibit 4, which is a true and correct copy of a Senate Amendment to Senate Bill 2400, § 10 (Ill. Apr. 11, 2008).

5. Exhibit 5, which is a true and correct copy of a House Amendment to Senate Bill 2400, § 10 (Ill. May 28, 2008).

6. Exhibit 6, which is a true and correct copy of a transcript of proceedings in the Illinois Senate, Ill. S. J., 2008 Reg. Sess. No. 167, at 60-61 (Ill. July 10, 2008).

## I.    GROUNDS FOR JUDICIAL NOTICE

### A.    The Court May Take Judicial Notice Of The Jordan Declaration.

Exhibit 1 is a declaration (the "Jordan Declaration") filed in this case in support of Defendant's Motion to Transfer Venue. *See* ECF No. 20. The Court should take notice of the declaration for several reasons.

*First*, courts may properly consider materials in the record on a motion to dismiss. *See, e.g.*, *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1198 (9th Cir. 1988) ("when passing on a motion attacking the legal efficacy of the plaintiff's statement of his claim, the court may properly look beyond the complaint . . . to items in the record of the case or to matters of general public record") (citation omitted); *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986). Indeed, documents filed in other courts also may be judicially noticed pursuant to Federal Rule of Evidence 201 because they are readily verifiable court filings. *See Reyn's Pasta Bella,*

*LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) ("We may take judicial notice of court filings and other matters of public record.").

*Second*, Federal Rule of Evidence 201(b) permits judicial notice of facts not reasonably subject to dispute. *McGill v. Home Depot, Inc.*, 2015 WL 5441032, at *2 (N.D. Cal. Sept. 15, 2015); *Hamilton v. Javate*, 2013 WL 1703958, at *1 (N.D. Cal. Apr. 19, 2013), *appeal dismissed* (Nov. 25, 2013); *Van Hook v. Curry*, 2009 WL 773361, at *1 (N.D. Cal. Mar. 23, 2009). Plaintiffs allege that they each have active Facebook accounts. Compl. ¶¶ 32, 39, 46. They also allege that Mr. Pezen joined Facebook on August 22, 2005, Mr. Licata joined Facebook on November 13, 2009, and Mr. Patel joined no later than 2008. *Id.* It is not reasonably subject to dispute that each person who registers for and uses Facebook is required to agree to Facebook's Statement of Rights and Responsibilities ("SRR"). *See* Jordan Decl. ¶ 6. Moreover, the contents of the SRR—both at present (Jordan Decl. Ex. A) and at the times at which Plaintiffs joined Facebook (*id.* Exs. B-J)—are likewise not reasonably subject to dispute. Thus, the Jordan Declaration should be noticed on the additional basis that it contains information that is not subject to reasonable dispute.

*Third*, the contents of Facebook's website—including the SRR attached to the Jordan Declaration—are subject to notice under the incorporation by reference doctrine, because the website is repeatedly referred to in the complaint and is integral to plaintiffs' claims. *See Knievel v. ESPN*, 393 F.3d 1068, 1076–77 (9th Cir. 2005) ("tak[ing] into account the web pages attached to ESPN's motion to dismiss under the 'incorporation by reference' doctrine"); *see also, e.g.*, *No. 84 Employer-Teamster Joint Council Pension Trust Fund v. America W. Holding Corp.*, 320 F.3d 920, 925 n.2 (9th Cir. 2003) ("Under the incorporation by reference doctrine, we also consider [on a motion to dismiss] documents submitted by Defendants that were referenced in the complaint and whose authenticity has not been questioned."); *Song fi, Inc. v. Google, Inc.*, 2015 WL 3624335, at *1 & n.2 (N.D. Cal. June 10, 2015) (relying on a pre-transfer declaration authenticating the defendant's online terms of service in ruling on a motion to dismiss) (citing *In re Calpine Corp. Sec. Litig.*, 288 F. Supp. 2d 1054, 1076 (N.D. Cal. 2003)); *see also generally* 5B Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1357 (3d ed. 2004).

For example, plaintiffs allege that "Facebook's website does not have a written, publicly available policy identifying its biometrics retention schedule." Compl. ¶ 30; *see also, e.g.*, *id.* ¶¶ 29, 55(b) & (e), 65, 70.

### B. The Court May Take Judicial Notice of Legislative History.

Exhibits 2 through 6 are portions of the legislative history of the Illinois Biometric Information Privacy Act, codified at 740 ILCS 14/1 ("BIPA"). They include versions of and amendments to Illinois Senate Bill 2400 (which became the BIPA), excerpts from a debate transcript, and excerpts from a Senate transcript, all of which were generated in connection with the passage of the BIPA.

Federal courts routinely take judicial notice of a statute's legislative history under Federal Rule of Evidence 201. *See, e.g.*, *Chaker v. Crogan,* 428 F.3d 1215, 1223 n.8 (9th Cir. 2005) (upholding a trial court's interpretation of a criminal statute where the court considered the motivations of the California legislature in enacting the law); *Perkins v. LinkedIn Corp.*, 53 F. Supp. 3d 1190, 1204 (N.D. Cal. June 12, 2014) ("[p]roper subjects of judicial notice . . . include legislative history reports"); *Louie v. McCormick & Schmick Rest. Corp.*, 460 F. Supp. 2d 1153, 1155 n.4 (C.D. Cal. 2006) ("the court may take judicial notice of the records of state courts, the legislative history of state statutes, and the records of state administrative agencies."); *see also Commonwealth Edison Co. v. U.S.*, 46 Fed. Cl. 158, 160 (2000) (courts may take notice of legislative history as facts). This includes sworn legislative testimony. *See, e.g.*, *321 Studios v. Metro Goldwyn Mayer Studios, Inc.*, 307 F. Supp. 2d 1085, 1107 (N.D. Cal. 2004) ("This Court takes judicial notice of these documents, because they are the types of documents for which the accuracy cannot reasonably be questioned."). Thus, the Court should take judicial notice of the legislative history materials attached as Exhibits 2 through 6.

## II. CONCLUSION

For the foregoing reasons, the Court may and should take judicial notice of Exhibits 1 through 6.

| | | |
|---|---|---|
| 1 | Dated: October 9, 2015 | MAYER BROWN LLP |
| 2 | | |
| 3 | | By: */s/ John Nadolenco* |
| 4 | | John Nadolenco<br>Lauren R. Goldman<br>Archis A. Parasharami |
| 5 | | *Counsel for Defendant Facebook, Inc.* |