ROBBINS GELLER RUDMAN
  & DOWD LLP
SHAWN A. WILLIAMS (213113)
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone: 415/288-4545
415/288-4534 (fax)
shawnw@rgrdlaw.com
    – and –
PAUL J. GELLER (Admitted *pro hac vice*)
120 East Palmetto Park Road, Suite 500
Boca Raton, FL  33432
Telephone: 561/750-3000
561/750-3364 (fax)
pgeller@rgrdlaw.com

LABATON SUCHAROW LLP
JOEL H. BERNSTEIN (Admitted *pro hac vice*)
140 Broadway
New York, NY  10005
Telephone: 212/907-0700
212/818-0477 (fax)
jbernstein@labaton.com

EDELSON PC
JAY EDELSON (Admitted *pro hac vice*)
350 North LaSalle Street, Suite 1300
Chicago, IL  60654
Telephone: 312/589-6370
312/589-6378 (fax)
jedelson@edelson.com

Attorneys for Plaintiffs

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re FACEBOOK BIOMETRIC INFORMATION PRIVACY LITIGATION <br><br> This Document Relates To: <br><br> ALL ACTIONS. | Master File No. 3:15-cv-03747-JD <br><br> RULE 26(f) CASE MANAGEMENT STATEMENT |

718645242.17

Pursuant to Rules 16 and 26(f) of the Federal Rules of Civil Procedure and Northern District of California Civil Local Rule 16-9, Plaintiffs Nimesh Patel ("Patel"), Adam Pezen ("Pezen"), and Carlo Licata ("Licata") (collectively, "Plaintiffs") and Defendant Facebook, Inc. ("Facebook" or "Defendant") jointly submit this case management statement and discovery plan in advance of the December 16, 2015 Initial Case Management Conference.

**1.     Jurisdiction and Service**

Jurisdiction is proper under 28 U.S.C. §1332(d).  No issues of personal jurisdiction or venue remain.  All parties have been served.

**2.     Alleged Facts**

**A.     Plaintiffs' Position**

In 2008, the Illinois legislature unanimously passed a law forbidding private corporations from collecting scans of people's face geometry (their "faceprints") without first obtaining informed, written consent.  *See* Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.* ("BIPA").  Two years later, Defendant Facebook began automatically enrolling millions of Illinoisans into "Tag Suggestions," a feature that scans pictures to extract face geometry of both users and non-users to identify them in later photos.  Plaintiffs Pezen, Licata, and Patel, three Illinois residents, now sue on behalf of millions of other Illinois residents whose unique facial biometric identifiers were covertly extracted and then stored, indexed, and catalogued by Facebook.

**B.     Facebook's Position**

Over a billion people worldwide use Facebook to connect with their friends and family and share a wide variety of interesting content, including photos, with them.  Tag Suggestions is a completely optional feature that makes it easier for people to tag their friends in photos.  It can be turned off easily and at any time; and if a person turns Tag Suggestions off, Facebook will delete the information previously derived from photos of him or her.  The operation of Tag Suggestions is clearly disclosed to users of Facebook's service.  Facebook's Data Policy and Help Center pages all contain detailed information about how Tag Suggestions works and

1  instructions for turning off the feature.

2       People who register for and use Facebook's service are required to agree to Facebook's

3  terms and conditions of service, which provide that California law governs the parties' disputes,

4  thereby precluding claims under the Illinois BIPA.

5       In any event, the BIPA does not apply to Tag Suggestions.  It was enacted to regulate the

6  use of biometric technologies (*e.g.*, retina, voice, and fingerprint scans) in connection with

7  financial transactions and security screenings.  The BIPA applies only to data that qualifies as a

8  "biometric identifier" or "biometric information."  It defines those terms to exclude both

9  "photographs" and "information derived from" photographs.

10  **3.**    **Legal Issues**

11       Subject to and without waiving their respective positions and arguments, the parties state

12  that some of the disputed points of law in this litigation include, but are not limited to, the

13  following:

14          •   Whether Plaintiffs' claims under an Illinois statute are barred by Facebook's

15             choice-of-law provision;

16          •   Whether the BIPA, 740 ILCS 14/1 *et seq.*, applies to Tag Suggestions;

17          •   Whether Facebook complied with the BIPA; and

18          •   Whether a class action may be maintained under Fed. R. Civ. P. 23.

19       Each party reserves the right to supplement this list.

20  **4.**    **Motions**

21       Defendant filed a motion to dismiss this lawsuit for failure to state a claim on October 9,

22  2015.  Dkt. No. 69.  Plaintiffs filed an opposition on November 9, 2015.  Dkt. No. 73.  Defendant

23  filed its reply on November 24, 2015.  A hearing on the motion to dismiss is scheduled for

24  December 16, 2015.

25       If necessary, the parties intend to submit a joint motion for a protective order.  As

26  discussed below, the parties will meet and confer about electronically stored information and

27  may submit a joint motion on the subject.

28       Plaintiffs anticipate filing a motion for class certification after an opportunity for

2

718645242.17

1  discovery.

2      Facebook anticipates that if its motion to dismiss is denied, it will file a motion for

3  summary judgment on Plaintiffs' claims.

4  **5.      Amendment of Pleadings**

5      At this time, Plaintiffs do not anticipate amending the pleadings.  However, Plaintiffs

6  reserve the right to seek leave to amend the Consolidated Class Action Complaint ("Complaint")

7  (Dkt. No. 40) pursuant to Fed. R. Civ. P. 15.

8  **6.      Evidence Preservation**

9      The parties have met and conferred and understand their obligations regarding

10  preservation of evidence and are complying with them.  The parties have conferred on this issue

11  and will continue to do so.

12  **7.      Disclosures**

13      The parties will exchange initial disclosures on January 8, 2016.

14  **8.      Discovery**

15      On November 3, 2015, Defendant moved to stay discovery.  Dkt. No. 71.  On November

16  6, 2015, the Court denied Defendant's motion to stay.  Dkt. No. 72.  Thus, Plaintiffs believe that

17  discovery into the claims alleged should commence immediately following the parties' Rule

18  26(f) conference, per Fed. R. Civ. P. 26(d)(1).  Accordingly, on December 1, 2015, Plaintiffs

19  served Facebook with their First Set of Requests for the Production of Documents and Plaintiff

20  Pezen served Facebook with his First Set of Interrogatories.  Facebook believes that discovery

21  should not proceed beyond initial disclosures unless the Court denies its motion to dismiss the

22  lawsuit and that discussions about the scope of discovery are accordingly premature.

23      At this time, the parties believe the default discovery limitations under the federal rules

24  suffice but reserve the right to request additional discovery as needed.

25      The parties do not anticipate any disputed issues involving electronically-stored

26  information, but will meet and confer should the production of electronic data, or the method of

27  such production, become issues.  The parties anticipate meeting and conferring regarding an

28  electronic discovery order and protocol if this need arises.

3

718645242.17

**9.      Class Actions**

Plaintiffs bring this action pursuant to Rules 23(b)(2) and 23(b)(3) of the Federal Rules of Civil Procedure on behalf of themselves and a class of similarly situated individuals, defined as follows: "All persons who had their biometric identifiers, faceprints, or face templates collected, captured, received, or otherwise obtained by Facebook while residing in Illinois."[1]   Plaintiffs intend to seek class certification after the completion of all fact and expert discovery, and would propose a deadline for filing their class certification motion of 45 days after the discovery cut-off date.   Plaintiffs do not believe bifurcation of discovery between class and merits issues is necessary or appropriate at this time.

Facebook denies that Plaintiffs can satisfy the legal standards for class certification, and contends that this case is not suitable for class treatment and that a class action is not a superior method for fairly and efficiently resolving the dispute.   If this case proceeds to the certification stage, Facebook agrees with Plaintiffs' proposed schedule set forth in section 17 (a fact discovery deadline of November 1, 2016).

**10.      Related Cases**

A lawsuit pending in another district, *Gullen v. Facebook, Inc.*, No. 1:15-cv-07681 (N.D. Ill.) (filed Aug. 31, 2015), raises issues similar to those raised in these consolidated cases, including whether Facebook's Tag Suggestions feature implicates the BIPA.

**11.      Relief**

Plaintiffs, on behalf of themselves and the Class, seek the following relief in this action:

**A.**      an order certifying this case as a class action on behalf of the Class defined above, appointing Plaintiffs Pezen, Licata, and Patel as representatives of the Class, and appointing their counsel as Class Counsel;

---

[1] The following people are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and its current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiffs' counsel and Defendant's counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

**B.**     a declaratory judgment declaring that Facebook's actions, as set out above, violate the BIPA, 740 ILCS 14/1, *et seq.*;

**C.**     a judgment awarding Plaintiffs and the class statutory damages of $5,000 per each intentional or reckless violation of the BIPA pursuant to 740 ILCS 14/20(2) and statutory damages of $1,000 per negligent violation of the BIPA pursuant to 740 ILCS 14/20(1);

**D.**     a judgment awarding injunctive and other equitable relief as is necessary to protect the interests of the Class, including, among other things, an order requiring Facebook to comply with the BIPA;

**E.**     a judgment awarding Plaintiffs and the Class their reasonable litigation expenses and attorneys' fees;

**F.**     a judgment awarding Plaintiffs and the Class pre- and post-judgment interest, to the extent allowable; and

**G.**     a judgment awarding Plaintiffs and the Class such other and further relief as equity and justice may require.

Facebook denies all liability in this matter and denies that any relief is warranted.

**12.     Settlement and ADR**

The parties have met and conferred in compliance with ADR Local Rule 3-5. The parties believe that it would be premature to engage in any ADR process at this point but have selected private ADR in the event that it becomes appropriate.

**13.     Consent to a Magistrate Judge**

The parties do not consent to a magistrate judge conducting all further proceedings.

**14.     Other References**

At this time, the parties do not believe the case suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15.     Narrowing of Issues**

At this time, the parties have not identified any issues that can be narrowed by agreement or motion.

Facebook's position is that its pending motion to dismiss may be dispositive in this case

or may narrow the issues in this case.  Facebook remains open to meeting and conferring regarding the potential narrowing of issues in the event that this case proceeds beyond the pleading stage, and Plaintiffs would be agreeable to engaging in such a conference.

**16.      Expedited Trial Procedure**

At this time, the parties do not believe the case suitable for expedited trial.

**17.      Scheduling**

The parties propose a fact discovery deadline of November 1, 2016 should the case proceed past the pleading stage.

**18.      Trial**

Plaintiffs request trial by jury.  At this time, Plaintiffs anticipate approximately ten (10) days of trial.  Facebook believes that it is too difficult to estimate the length of the trial, which will depend upon, among other things, whether a class is certified.

**19.      Disclosure of Non-party Interested Entities or Persons**

The parties have filed Certifications of Interested Entities or Persons per Civil Local Rule 3-15.  The parties are currently unaware of any interested entities or persons.

**20.      Professional Conduct**

All attorneys of record are familiar with the district's guidelines for professional conduct.

DATED: December 8, 2015                    ROBBINS GELLER RUDMAN
                                                              & DOWD LLP
                                                           SHAWN A. WILLIAMS
                                                           DAVID W. HALL


                                                           By: */s/ David W. Hall*
                                                                 David W. Hall

                                                           Post Montgomery Center
                                                           One Montgomery Street, Suite 1800
                                                           San Francisco, CA  94104
                                                           Telephone: 415/288-4545
                                                           415/288-4534 (fax)

                                                           ROBBINS GELLER RUDMAN
                                                              & DOWD LLP
                                                           PAUL J. GELLER*
                                                           STUART A. DAVIDSON*
                                                           MARK DEARMAN*
                                                           CHRISTOPHER C. MARTINS*

1    120 East Palmetto Park Road, Suite 500
     Boca Raton, FL  33432
2    Telephone: 561/750-3000
     561/750-3364 (fax)

3
     ROBBINS GELLER RUDMAN
4      & DOWD LLP
     TRAVIS E. DOWNS III
5    655 West Broadway, Suite 1900
     San Diego, CA  92101
6    Telephone: 619/231-1058
     619/231-7423 (fax)

7
     LABATON SUCHAROW LLP
8    JOEL H. BERNSTEIN*
     CORBAN S. RHODES*
9    ROSS M. KAMHI*
     140 Broadway
10   New York, NY  10005
     Telephone: 212/907-0700
11   212/818-0477 (fax)

12   EDELSON PC
     JAY EDELSON*
13   ALEXANDER T.H. NGUYEN*
     350 North LaSalle Street, Suite 1300
14   Chicago, IL  60654
     Telephone: 312/589-6370
15   312/589-6378 (fax)
     Attorneys for Plaintiffs
16
     * = Admitted *pro hac vice*
17
     DATED: December 8, 2015          MAYER BROWN LLP
18

19                                    By:   */s/ John Nadolenco*
20                                          John Nadolenco

21                                    MAYER BROWN LLP

22                                    JOHN NADOLENCO (SBN 181128)
                                       *jnadolenco@mayerbrown.com*
23                                    350 South Grand Avenue, 25th Floor
                                      Los Angeles, CA  90071-1503
24                                    Telephone:       (213) 229-9500
                                      Facsimile:       (213) 625-0248
25
                                      LAUREN R. GOLDMAN
26                                     (admitted *pro hac vice*)
                                       *lrgoldman@mayerbrown.com*
27                                    1221 Avenue of the Americas
                                      New York, NY 10020-1001
28                                    Telephone:       (212) 506-2500
                                      Facsimile:       (212) 262-1910

                                      7

718645242.17

ARCHIS A. PARASHARAMI
(admitted *pro hac vice*)
*aparasharami@mayerbrown.com*
1999 K Street, N.W.
Washington, D.C. 20006-1101
Telephone:        (202) 263-3000
Facsimile:         (202) 263-3300

Attorneys for Defendant
Facebook, Inc.

## ATTESTATION

I, John Nadolenco, hereby attest, pursuant to N.D. Cal. Local Rule 5-1(i)(3), that concurrence to the filing of this document has been obtained from each signatory.

By: */s/ John Nadolenco*
John Nadolenco

718645242.17