MAYER BROWN LLP
JOHN NADOLENCO (SBN 181128)
  *jnadolenco@mayerbrown.com*
350 South Grand Avenue, 25th Floor
Los Angeles, CA  90071-1503
Telephone: (213) 229-9500
Facsimile:  (213) 625-0248

LAUREN R. GOLDMAN (*pro hac vice*)
  *lrgoldman@mayerbrown.com*
1221 Avenue of the Americas
New York, NY 10020-1001
Telephone: (212) 506-2500
Facsimile:  (212) 262-1910

ARCHIS A. PARASHARAMI (*pro hac vice*)
  *aparasharami@mayerbrown.com*
1999 K Street, N.W.
Washington, D.C. 20006-1101
Telephone: (202) 263-3000
Facsimile:     (202) 263-3300

Attorneys for Defendant
Facebook, Inc.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE FACEBOOK BIOMETRIC INFORMATION PRIVACY LITIGATION<br><br><br>THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | Master Case No.: 3:15-CV-03747-JD<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>Hon. James Donato |

719028866.9

1.     PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, trade secret, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting and defending this litigation may be warranted. Accordingly, the parties to this action hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 13.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

2.     DEFINITIONS

2.1     <u>Challenging Party</u>:  a Party or Non-Party that challenges the designation of information or items under this Order.

2.2     <u>"CONFIDENTIAL" Information or Items</u>:  confidential or proprietary technical, scientific, financial, market, trade secret or business information which is not generally known or publicly available and which the Designating Party would not normally reveal to third parties or would cause third parties to maintain in confidence, or information, the present disclosure of which would, in the good-faith judgment of the Designating Party, be detrimental to the Designating Party in the conduct of its business.

2.3     <u>Counsel (without qualifier)</u>:  Outside Counsel of Record and In-House Counsel (as well as their support staff).

2.4     <u>Designating Party</u>:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE."

2.5    <u>Disclosure or Discovery Material</u>:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6    <u>Expert</u>:  a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party, (3) is not a past or current employee of a Party's competitor and was not, and currently is not, engaged by any such competitor, and (4) at the time of retention, is not anticipated to become an employee of a Party or business competitor of a Party or to be engaged by such a competitor

2.7    <u>"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>: extremely sensitive "CONFIDENTIAL" Information or Items, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.8    <u>"HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items</u>: extremely sensitive "Confidential Information or Items" representing computer code and associated comments and revision histories, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.9.    <u>In-House Counsel</u>:  attorneys who are employees of a party to this action.  In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.10    <u>Inadvertent Production Material</u>: Disclosure or Discovery Material that is subject to a claim of attorney-client privilege, attorney work product protection, or any other applicable protection from discovery that is inadvertently produced or disclosed in this action.

2.11    <u>Non-Party</u>:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.12    <u>Outside Counsel of Record</u>:  attorneys who are not employees of a party to this

action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are employed by a law firm which has appeared on behalf of that party.

2.13   Party:  any party to this action, including all of its officers, directors, employees, consultants, retained Experts, and Outside Counsel of Record (and their support staffs).

2.14   Producing Party:  a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.15   Professional Vendors:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.16   Protected Material:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE."

2.17   Receiving Party:  a Party that receives Disclosure or Discovery Material from a Producing Party.

3.   SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party in a lawful manner via a lawful source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.  Any use of Protected Material at trial shall be governed by a separate agreement or order.

4.   DURATION

1   Even after final disposition of this litigation, the confidentiality obligations imposed by this

2   Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order

3   otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and

4   defenses in this action, with or without prejudice; and (2) final judgment herein after the

5   completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action,

6   including the time limits for filing any motions or applications for extension of time pursuant to

7   applicable law.  After the final disposition of this action, this Court will retain jurisdiction to

8   enforce the terms of this Order.

9   5.   DESIGNATING PROTECTED MATERIAL

10      5.1   <u>Exercise of Restraint and Care in Designating Material for Protection</u>.

11      Each Party or Non-Party that designates information or items for protection under this

12   Order must take care to limit any such designation to specific material that qualifies under the

13   appropriate standards.  To the extent it is practical to do so, the Designating Party must designate

14   for protection only those parts of material, documents, items, or oral or written communications

15   that qualify – so that other portions of the material, documents, items, or communications for

16   which protection is not warranted are not swept unjustifiably within the ambit of this Order.

17      Mass, indiscriminate, or routinized designations are prohibited. The Parties must not make

18   designations that are shown to be clearly unjustified or that have been made for an improper

19   purpose (e.g., to unnecessarily encumber or retard the case development process or to impose

20   unnecessary expenses and burdens on other parties).

21      If it comes to a Designating Party's attention that information or items that it designated for

22   protection do not qualify for protection at all or do not qualify for the level of protection initially

23   asserted, that Designating Party must promptly notify all other Parties that it is withdrawing the

24   mistaken designation.

25      5.2   <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order

26   (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered,

27   Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so

28   designated before the material is disclosed or produced.

4

1   Designation in conformity with this Order requires:

2   (a)  for information in documentary form (e.g., paper or electronic documents, but

3   excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party

4   affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

5   ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" to each page that contains protected

6   material. If only a portion or portions of the material on a page qualifies for protection and to the

7   extent possible, the Producing Party also must clearly identify the protected portion(s) (e.g., by

8   making appropriate markings in the margins).

9   A Party or Non-Party that makes original documents or materials available for inspection

10   need not designate them for protection until after the inspecting Party has indicated which material

11   it would like copied and produced. During the inspection and before the designation, all of the

12   material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL –

13   ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants

14   copied and produced, the Producing Party must determine which documents, or portions thereof,

15   qualify for protection under this Order. Then, before producing the specified documents, the

16   Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY

17   CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE

18   CODE") to each page that contains Protected Material. If only a portion or portions of the material

19   on a page qualifies for protection, the Producing Party also must clearly identify the protected

20   portion(s) (e.g., by making appropriate markings in the margins).  For documents produced

21   electronically in a format that includes separate pagination, to the extent practicable, the

22   Designating Party must affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

23   ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" to each

24   electronic page of such documents that contains Protected Material. For documents produced in a

25   format which does not lend itself to separate pagination, confidentiality shall be designated in a

26   reasonable manner.

27   (b)  for testimony given in deposition or in other pretrial or trial proceedings, that

28   the Designating Party identify on the record, before the close of the deposition, hearing, or other

5

proceeding, all protected testimony.  When it is impractical to identify separately each portion of

testimony that is entitled to protection and it appears that different portions of the testimony may

qualify for protection, the Designating Party may invoke on the record (before the deposition,

hearing, or other proceeding is concluded) a right to have up to 21 days to identify the specific

portions of the testimony as to which protection is sought and to specify the level of protection

being asserted. Only those portions of the testimony that are appropriately designated for protection

within the 21 days shall be covered by the provisions of this Stipulated Protective Order.

Alternatively, a Designating Party may specify, at the deposition or up to 21 days afterwards if that

period is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL,"

"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL –

SOURCE CODE."

Parties shall give the other parties notice if they reasonably expect a deposition, hearing or

other proceeding to include Protected Material so that the other parties can ensure that only

authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound"

(Exhibit A) are present at those proceedings. Parties shall act with caution at court hearings and

conferences so as not to disclose Protected Material publicly without providing an opportunity for

the Designating Party to be heard concerning, as appropriate, sealing the courtroom, sealing the

transcript, or other relief. For court hearings and conferences, a Party shall provide at least 48

hours' notice to the Designating Party before discussing, displaying, submitting as evidence, or

otherwise entering into the record any Protected Material produced by the other Party.

Notwithstanding the foregoing sentence, this advance-notice requirement shall not apply in

circumstances where the Party could not have reasonably anticipated so using Protected Material at

the court hearing or conference. The Designating Party may move to seal the Protected Material or

for other relief either in writing or orally, either before or during the court hearing or conference.

The use of a document as an exhibit at a deposition shall not in any way affect its designation as

"CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or

"HIGHLY CONFIDENTIAL – SOURCE CODE."

Transcripts containing Protected Material shall have an obvious legend on the title page that

6

1  the transcript contains Protected Material, and the title page shall be followed by a list of all pages

2  (including line numbers as appropriate) that have been designated as Protected Material and the

3  level of protection being asserted by the Designating Party. The Designating Party shall inform the

4  court reporter of these requirements. Any transcript that is prepared before the expiration of a 21-

5  day period for designation shall be treated during that period as if it had been designated "HIGHLY

6  CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed. After

7  the expiration of that period, the transcript shall be treated only as actually designated.

8          (c)  for information produced in some form other than documentary and for any

9  other tangible items, that the Producing Party affix in a prominent place on the exterior of the

10  container or containers in which the information or item is stored the legend "CONFIDENTIAL"

11  or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL

12  – SOURCE CODE."  If only a portion or portions of the information or item warrant protection,

13  the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the

14  level of protection being asserted.

15      5.3    Inadvertent Failures to Designate.  An inadvertent failure to designate qualified

16  information or items does not waive the Designating Party's right to timely secure protection under

17  this Order for such material.

18          In the event that any document, material, or testimony that is subject to a

19  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or

20  "HIGHLY CONFIDENTIAL – SOURCE CODE" designation is inadvertently produced without

21  such designation, the Producing Party that inadvertently produced the document shall give written

22  notice of such inadvertent production, together with a further copy of the subject document,

23  material, or testimony designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

24  ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" (the

25  "Inadvertent Production Notice").  Upon receipt of such Inadvertent Production Notice, the Party

26  that received the inadvertently produced document, material, or testimony shall promptly destroy

27  the inadvertently produced document, material, or testimony and all copies thereof, or, at the

28  expense of the Producing Party, return such together with all copies of such documents, material,

7

719028866.9

1    or testimony to counsel for the Producing Party and shall retain only the "CONFIDENTIAL" or

2    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL –

3    SOURCE CODE" designated documents, material, or testimony. Should the Receiving Party

4    choose to destroy such inadvertently produced document, material, or testimony, the Receiving

5    Party shall notify the Producing Party in writing of such destruction within 14 days of receipt of

6    written notice of the inadvertent production. This provision is not intended to apply to any

7    inadvertent production of any document, material, or testimony protected by attorney-client or

8    work product privileges. In the event that this provision conflicts with any applicable law regarding

9    waiver of confidentiality through the inadvertent production of documents, material, or testimony,

10   such law shall govern.

11          5.4     Personally Identifiable Information of Named Plaintiffs. Defendant shall make

12   reasonable efforts to designate as "CONFIDENTIAL" all Discovery Material within its

13   possession, custody, or control that it produces that relates specifically to and/or identifies any

14   named plaintiff in this action.

15   6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

16          6.1     Timing of Challenges.  Any Party or Non-Party with standing to do so may

17   challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating

18   Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness,

19   unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does

20   not waive its right to challenge a confidentiality designation by electing not to mount a challenge

21   promptly after the original designation is disclosed.

22          6.2     Meet and Confer.  The Challenging Party shall initiate the dispute resolution process

23   by providing written notice of each designation it is challenging and describing the basis for each

24   challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must

25   recite that the challenge to confidentiality is being made in accordance with this specific paragraph

26   of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must

27   begin the process by conferring directly within 14 days of the date of service of notice. In

28   conferring, the Challenging Party must explain the basis for its belief that the confidentiality

8

designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3     Judicial Intervention.  If the Parties cannot resolve a challenge without court intervention, the Challenging Party shall file and serve a motion challenging confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is later. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph.  In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Party to sanctions. All parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7.     ACCESS TO AND USE OF PROTECTED MATERIAL

7.1     Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party only in connection with this case and only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 15

9

1  below (FINAL DISPOSITION).

2    Protected Material must be stored and maintained by a Receiving Party at a location and in

3  a secure manner that ensures that access is limited to the persons authorized under this Order.

4    7.2 Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered

5  by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any

6  information or item designated "CONFIDENTIAL" only, and as applicable, to:

7    (a)  the Receiving Party's Outside Counsel of Record in this action, as well as employees of

8  said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for

9  this litigation;

10    (b)  the officers, directors, and employees (including In-House Counsel) of the Receiving

11  Party to whom disclosure is reasonably necessary for this litigation and, with the exception of In-

12  House Counsel, who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

13    (c)  an Expert of the Receiving Party to whom disclosure is reasonably necessary for this

14  litigation and who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

15    (d)  the Court and its personnel;

16    (e)  court reporters and their staff, professional jury or trial consultants, and Professional

17  Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the

18  "Acknowledgment and Agreement to Be Bound" (Exhibit A);

19    (f)  during their depositions, witnesses in the action to whom disclosure is reasonably

20  necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A),

21  unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed

22  deposition testimony or exhibits to depositions that reveal Protected Material must be separately

23  bound by the court reporter and may not be disclosed to anyone except as permitted under this

24  Stipulated Protective Order; and

25    (g)  the author or recipient of a document containing the information or a custodian or other

26  person who otherwise possessed or knew the information.

27    7.3 Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and

28  "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items.  Unless otherwise ordered

10

719028866.9

by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE"  only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A. The Parties agree that "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and "HIGHLY CONFIDENTIAL – SOURCE CODE" information or items shall not be disclosed to the named plaintiffs in this action;

(b) an Expert of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) the Receiving Party's In-House Counsel and the paralegal, clerical, secretarial, or e-Discovery personally who work for In-House Counsel to whom disclosure is reasonably necessary for this litigation;

(d) the Court and its personnel;

(e) court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(f) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.4    Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL –  ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items to Experts.

(a) Unless otherwise ordered by the Court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" pursuant to paragraph 7.3(c) first must make a written request to the Designating Party that (1)indicates that the

11

information that the Receiving Party seeks permission to disclose to the Expert is designated "CONFIDENTIAL" and/or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and/or "HIGHLY CONFIDENTIAL – SOURCE CODE,"; (2) sets forth the full name of the Expert and the city and state of his or her primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's current employer(s), (5) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional services, including in connection with a litigation, at any time during the preceding five years and the party to the litigation for whom such work was done, (6) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years, and (7) identifies any patents or patent applications in which the Expert is identified as an inventor or applicant, is involved in prosecuting or maintaining, or has any pecuniary interest. With regard to the information sought through part (5) of this disclosure, if the Expert believes any of this information is subject to a confidentiality obligation to a third party, then the Expert should provide whatever information the expert believes can be disclosed, without violating any confidentiality agreements, and the Party seeking to disclose to the Expert shall be available to meet and confer with the Designating Party regarding any such engagement.

(b) A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Protected Material to the identified Expert unless, within 7 days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

(c) A Party that receives a timely written objection must meet and confer with the Designating Party to try to resolve the matter by agreement within seven days of the written objection. If no agreement is reached, the Party seeking to make the disclosure to the Expert must file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule

12

719028866.9

1   79-5, if applicable) seeking permission from the Court to do so. Any such motion must describe

2   the circumstances with specificity, set forth in detail the reasons why the disclosure to the

3   Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and

4   suggest any additional means that could be used to reduce that risk. In addition, any such motion

5   must be accompanied by a competent declaration describing the parties' efforts to resolve the

6   matter by agreement (i.e., the extent and the content of the meet and confer discussions) and

7   setting forth the reasons advanced by the Designating Party for its refusal to approve the

8   disclosure.

9          In any such proceeding, the Party opposing disclosure to the Expert shall bear the burden

10  of proving that the risk of harm that the disclosure would entail (under the safeguards proposed)

11  outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

12         Notwithstanding the foregoing provisions, Disclosure or Discovery Material may be

13  provided to an Expert only to the extent necessary for such Expert to prepare a written opinion,

14  to prepare to testify, or to assist counsel or the Parties, provided that such Expert is using said

15  Disclosure or Discovery Material solely in connection with this litigation, and further provided

16  that such Expert has previously executed an undertaking in the form attached hereto as Exhibit

17  A, agreeing in writing to be bound by the terms and conditions of this Stipulated Protective

18  Order, consenting to the jurisdiction of this Court for purposes of enforcement of the terms of

19  this Stipulated Protective Order, and agreeing not to disclose or use any Disclosure or Discovery

20  Material for purposes other than those permitted hereunder.

21         7.5     Custody of Executed Copies of "Acknowledgment and Agreement to Be Bound"

22  (Exhibit A) and Providing Copies to other party. As to each executed copy of an

23  "Acknowledgment and Agreement to Be Bound" (Exhibit A) required to be procured by a party

24  under this Protective Order, the procuring party shall retain the original executed copy and shall

25  produce a copy to the other party upon Court order.  All such executed copies of Exhibit A shall

26  themselves be treated as CONFIDENTIAL information. Notwithstanding any contrary language in

27  this Protective Order with respect to retaining CONFIDENTIAL information following final

28  disposition of this action, a each party and its Outside Counsel of Record may retain executed

1   copies of Exhibit A indefinitely.

2   8.      SOURCE CODE

3          (a)      To the extent production of source code becomes necessary in this case, a

4   Producing Party may designate source code as "HIGHLY CONFIDENTIAL - SOURCE

5   CODE" if it comprises or includes confidential, proprietary or trade secret source code.

6          (b)   Protected Material designated as "HIGHLY CONFIDENTIAL – SOURCE

7   CODE" shall be subject to all of the protections afforded to "HIGHLY CONFIDENTIAL –

8   ATTORNEYS' EYES ONLY" information, and may be disclosed only to the individuals

9   to whom "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information

10  may be disclosed.

11         (c)      Any source code produced in discovery shall be made available for inspection, in a

12  format allowing it to be reasonably reviewed. *In the event the relevant source code is produced*

13  *in a format other than a paper format, the following applies:*  The computer containing source

14  code will be made available upon reasonable notice to the Producing Party, which shall not be

15  less than 7 days in advance of the requested inspection. The source code shall be made available

16  for inspection on a secured computer in a secured room without Internet access or network access

17  to other computers, and the Receiving Party shall not copy, remove, or otherwise transfer any

18  portion of the source code onto any recordable media or recordable device. The Receiving Party

19  shall not bring a cellular telephone, laptop computer, or any recordable media or recordable

20  device into the source code room.  The Producing Party shall provide a backup secured computer

21  within two business days in the event that the primary secured computer fails or otherwise suffers

22  technical problems impeding the inspection. The Receiving Party may request that software tools

23  for viewing and searching source code be installed on the secured computer. The Receiving Party

24  must provide the Producing Party with the CD or DVD containing the agreed upon software

25  tool(s) at least four business days in advance of the inspection. The tools may not allow the

26  source code to be compiled. The Receiving Party's counsel or experts shall be entitled to take

27  notes relating to the source code but may not copy any portion of the source code into the notes.

28  The Producing Party may visually monitor the activities of the Receiving Party's representatives

14

719028866.9

1    during any source code review, but only to ensure that there is no unauthorized recording,

2    copying, or transmission of the source code. All persons viewing Source Code shall sign on each

3    day they view Source Code a log that will includes the names of persons who enter the secured

4    room to view the Source Code and when they enter and depart.

5        (d)    The Receiving Party may request paper copies of limited portions of source code that

6    are reasonably necessary to attach to filings, pleadings, expert reports, or other papers, or for use

7    as an exhibit at deposition or trial. The Producing Party shall provide all such source code within

8    5 business days on non-copyable paper including bates numbers and the label "HIGHLY

9    CONFIDENTIAL - SOURCE CODE." The Producing Party may challenge the amount of source

10   code requested in hard copy form pursuant to the dispute resolution procedure and timeframes set

11   forth in Paragraph 6 whereby the Producing Party is the "Challenging Party" and the Receiving

12   Party is the "Designating Party" for purposes of dispute resolution.   In no case may the

13   Receiving Party request more than 10 consecutive pages, or an aggregate of more than 75 pages,

14   of Source Code during the duration of the case without prior written approval of the Producing

15   Party.

16       (e)    The Receiving Party shall maintain a record of any individual who has inspected

17   any portion of the source code in electronic or paper form. The Receiving Party shall provide a

18   copy of this record to the Producing Party upon Court order.  The Receiving Party shall

19   maintain all paper copies of any printed portions of the source code in a secured, locked area.

20   The Receiving Party shall not create any electronic or other images of the paper copies and shall

21   not convert any of the information contained in the paper copies into any electronic format. The

22   Receiving Party shall only make additional paper copies if such additional copies are (1)

23   necessary to prepare court filings, pleadings, or other papers (including a testifying expert's

24   expert report), (2) necessary for deposition, or (3) otherwise necessary for the preparation of its

25   case. Any paper copies used during a deposition shall be retrieved by the Producing Party at the

26   end of each day and must not be given to or left with a court reporter or any other unauthorized

27   individual.

28   9.       PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER

15

719028866.9

LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" that Party must:

(a)  promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b)  promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c)  cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

The provisions set forth herein are not intended to, and do not, restrict in any way the procedures set forth in Federal Rule of Civil Procedure 45(d)(3) or (f).

10.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a)  The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE." Such information produced

719028866.9

1   by Non-Parties in connection with this litigation is protected by the remedies and relief provided by

2   this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from

3   seeking additional protections.

4        (b)  In the event that a Party is required, by a valid discovery request, to produce a Non-

5   Party's confidential information in its possession, and the Party is subject to an agreement with the

6   Non-Party not to produce the Non-Party's confidential information, then the Party shall:

7           (1)  promptly notify in writing the Requesting Party and the Non-Party that some or

8   all of the information requested is subject to a confidentiality agreement with a Non-Party;

9           (2)  promptly provide the Non-Party with a copy of the Stipulated Protective Order

10  in this litigation, the relevant discovery request(s), and a reasonably specific description of the

11  information requested; and

12          (3)  make the information requested available for inspection by the Non-Party.

13       (c)  If the Non-Party fails to object or seek a protective order from this court within 21 days

14  of receiving the notice and accompanying information, the Receiving Party may produce the Non-

15  Party's confidential information responsive to the discovery request. If the Non-Party timely seeks

16  a protective order, the Receiving Party shall not produce any information in its possession or

17  control that is subject to the confidentiality agreement with the Non-Party before a determination

18  by the court.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense

19  of seeking protection in this court of its Protected Material.

20  11.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

21       If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

22  Material to any person or in any circumstance not authorized under this Stipulated Protective

23  Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the

24  unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected

25  Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the

26  terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and

27  Agreement to Be Bound" that is attached hereto as Exhibit A.  Notwithstanding the foregoing,

28  nothing in this paragraph shall be construed as to limit a Designating Party's rights or remedies

relating to the unauthorized disclosure of its Protected Material, or any injury resulting therefrom.

12.     INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED
        MATERIAL

        (a)     Pursuant to Federal Rule of Evidence 502(d), in the event that Inadvertent
Production Material is produced or disclosed, such inadvertent production or disclosure shall in
no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of attorney-
client privilege, attorney work product protection, or other applicable protection in this case or
any other federal or state proceeding, provided that the Producing Party shall notify the
Receiving Party in writing of such protection or privilege promptly after the Producing Party
discovers such materials have been inadvertently produced.

        (b)     If a claim of inadvertent production is made, pursuant to this Stipulated
Protective Order, with respect to Discovery Material then in the custody of another Party, that
Party shall: (i) refrain from any further examination or disclosure of the claimed Inadvertent
Production Material; (ii) promptly make a good-faith effort to return the claimed Inadvertent
Production Material and all copies thereof (including summaries and excerpts) to counsel for
the Producing Party, or destroy all such claimed Inadvertent Production Material (including
summaries and excerpts) and certify in writing to that fact; and (iii) not disclose or use the
claimed Inadvertent Production Material for any purpose until further order of the Court
expressly authorizing such use.

        (c)     A Party may move the Court for an order compelling production of the
Inadvertent Production Material on the ground that it is not, in fact, privileged or protected. The
motion shall be filed under seal and shall not assert as a ground for entering such an order the
fact or circumstance of the inadvertent production. Any effort to file under seal pursuant to this
paragraph must comply with Civil Local Rule 79-5. The Producing Party retains the burden of
establishing the privileged or protected nature of any inadvertently disclosed or produced
information. While such a motion is pending, the Inadvertent Production Material at issue shall
be treated in accordance with Paragraph 12(b) above.

        If a Party, in reviewing Disclosure or Discovery Material it has received from any other

18

719028866.9

1    Party or any non-Party, finds anything the reviewing Party believes in good faith may be Inadvertent

2    Production Material, the reviewing Party shall: (i) refrain from any further examination or disclosure

3    of the potentially Inadvertent Production Material; (ii) promptly identify the material in question to

4    the Producing Party (by document number or other equally precise description); and (iii) give the

5    Producing Party seven (7) days to respond as to whether the Producing Party will make a claim of

6    inadvertent production. If the Producing Party makes such a claim, the provisions of Paragraphs

7    12(a)-(b) above shall apply.

8    13.    MISCELLANEOUS

9        13.1    Right to Further Relief. Nothing in this Order abridges the right of any person to

10   seek its modification by the Court in the future.

11       13.2    Right to Assert Other Objections. By stipulating to the entry of this Protective Order

12   no Party waives any right it otherwise would have to object to disclosing or producing any

13   information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no

14   Party waives any right to object on any ground to use in evidence of any of the material covered by

15   this Protective Order.

16       13.3    Filing Protected Material. Without written permission from the Designating Party or

17   a Court order secured after appropriate notice to all interested persons, a Party may not file in the

18   public record in this action any Protected Material. A Party that seeks to file under seal any

19   Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed

20   under seal pursuant to a court order authorizing the sealing of the specific Protected Material at

21   issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing

22   that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled

23   to protection under the law. If a Receiving Party's request to file Protected Material under seal

24   pursuant to Civil Local Rule 79-5(d) is denied by the Court, then the Receiving Party may file the

25   Protected Material in the public record pursuant to Civil Local Rule 79-5(e) unless otherwise

26   instructed by the court.  If a Receiving Party believes that only a portion of Designated Material is

27   Protected Material, the Receiving Party and Producing Party shall meet and confer in good faith

28   concerning the redaction of only the Protected Material prior to filing with the Court.

1    13.4    <u>Right to Seek Further Protection.</u> Nothing in this Stipulated Protective Order shall

2    be construed to preclude any Party from asserting in good faith that certain Protected Materials

3    require additional protections. The Parties shall meet and confer to agree upon the terms of such

4    additional protection.

5    13.5    <u>Additional Signatories.</u> Any Party or Non-Party to this Proceeding who has not

6    executed this Stipulated Protective Order as of the time it is presented to the Court for signature

7    may thereafter become a Party to this Stipulated Protective Order by its counsel's signing and

8    dating a copy thereof and filing the same with the Court, and serving copies of such signed and

9    dated copy upon the other Parties to this Stipulated Protective Order.

10    13.6 <u>Agreement Regarding Privilege Log.</u> The parties need not identify, on any privilege

11    or work product log in response to document requests, privileged or protected documents

12    postdating the filing of the first of these actions, April 1, 2015. Privilege logs shall identify the

13    documents or information withheld with sufficient specificity to identify the material withheld

14    and the basis for the claimed privilege or protection. If appropriate, the parties may agree that

15    certain categories of documents or information may be logged by category rather than

16    individually. For email strings, the parties are permitted to use only one entry on their respective

17    privilege logs to identify withheld emails that contain a string of emails provided, however, that

18    the entry notes the presence of a string, beginning and ending dates, all of the authors and

19    recipients, and a description of all the subject matters discussed.

20    14.    PROSECUTION BAR

21    Absent written consent from the Producing Party, any individual who receives access to

22    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL

23    – SOURCE CODE" information of the opposing party shall not be involved in the prosecution of

24    patents or patent applications relating to the subject matter of the "HIGHLY CONFIDENTIAL –

25    ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE"

26    information he or she received before any foreign or domestic agency, including the United

27    States Patent and Trademark Office ("the Patent Office"). For purposes of this paragraph,

28    "prosecution" includes directly or indirectly drafting, amending, advising, or otherwise affecting

20

719028866.9

1    the scope or maintenance of patent claims. Prosecution includes, for example, original

2    prosecution, reissue, and reexamination and other post-grant proceedings. To avoid any doubt,

3    "prosecution" as used in this paragraph does not include representing a party challenging a patent

4    before a domestic or foreign agency (including, but not limited to, a reissue protest, *ex parte*

5    reexamination or *inter partes* reexamination). This Prosecution Bar shall begin when access to

6    "HIGHLY CONFIDENTIAL– ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL

7    – SOURCE CODE" information is first received by the affected individual and shall end two (2)

8    years after final termination of this action.

9    15.    FINAL DISPOSITION

10          Within 60 days after the final disposition of this action, as defined in paragraph 4, each

11   Receiving Party must return all Protected Material to the Producing Party or destroy such material.

12   As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations,

13   summaries, and any other format reproducing or capturing any of the Protected Material. Whether

14   the Protected Material is returned or destroyed, and upon request by the Producing party, the

15   Receiving Party must submit a written certification to the Producing Party (and, if not the same

16   person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category,

17   where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the

18   Receiving Party has not retained any copies, abstracts, compilations, summaries or any other

19   format reproducing or capturing any of the Protected Material. Notwithstanding this provision,

20   Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and

21   hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports,

22   attorney work product, and consultant and expert work product, even if such materials contain

23   Protected Material. Any such archival copies that contain or constitute Protected Material remain

24   subject to this Protective Order as set forth in Section 4 (DURATION).

25
26   DATED: February 10, 2016                    ROBBINS GELLER RUDMAN
                                                   & DOWD LLP
27                                               SHAWN A. WILLIAMS
                                                 DAVID W. HALL
28

719028866.9

1
By: /s/ David W. Hall
David W. Hall

2

3
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104

4
Telephone: 415/288-4545
415/288-4534 (fax)

5

6
ROBBINS GELLER RUDMAN
& DOWD LLP

7
PAUL J. GELLER*
STUART A. DAVIDSON*
MARK DEARMAN*

8
CHRISTOPHER C. MARTINS*
120 East Palmetto Park Road, Suite 500

9
Boca Raton, FL  33432
Telephone: 561/750-3000

10
561/750-3364 (fax)

11
ROBBINS GELLER RUDMAN
& DOWD LLP

12
TRAVIS E. DOWNS III
655 West Broadway, Suite 1900

13
San Diego, CA  92101
Telephone: 619/231-1058

14
619/231-7423 (fax)

15
LABATON SUCHAROW LLP
JOEL H. BERNSTEIN*

16
CORBAN S. RHODES*
ROSS M. KAMHI*

17
140 Broadway
New York, NY  10005

18
Telephone: 212/907-0700
212/818-0477 (fax)

19

20
EDELSON PC
JAY EDELSON*
ALEXANDER T.H. NGUYEN*

21
350 North LaSalle Street, Suite 1300
Chicago, IL  60654

22
Telephone: 312/589-6370
312/589-6378 (fax)

23
Attorneys for Plaintiffs

24
* = Admitted pro hac vice

25
DATED: February 10, 2016
MAYER BROWN LLP

26

27
By:  /s/ John Nadolenco
John Nadolenco

28
Mayer Brown LLP
22

719028866.9

JOHN NADOLENCO (SBN 181128)
  *jnadolenco@mayerbrown.com*
350 South Grand Avenue, 25th Floor
Los Angeles, CA  90071-1503
Telephone:        (213) 229-9500
Facsimile:        (213) 625-0248

LAUREN R. GOLDMAN
  (admitted *pro hac vice*)
  *lrgoldman@mayerbrown.com*
1221 Avenue of the Americas
New York, NY 10020-1001
Telephone:        (212) 506-2500
Facsimile:        (212) 262-1910

ARCHIS A. PARASHARAMI
  (admitted *pro hac vice*)
  *aparasharami@mayerbrown.com*
1999 K Street, N.W.
Washington, D.C. 20006-1101
Telephone:        (202) 263-3000
Facsimile:        (202) 263-3300

Attorneys for Defendant
Facebook, Inc.

## ATTESTATION

I, John Nadolenco, hereby attest, pursuant to N.D. Cal. Local Rule 5-1(i)(3), that concurrence to the filing of this document has been obtained from each signatory.

By: */s/ John Nadolenco*

1

**ORDER**

2          SO ORDERED.

3   Dated:

4                                        _____
                                         The Honorable James Donato
5                                        Judge, United States District Court

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

24

719028866.9

## EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____

[print or type full address], declare under penalty of perjury that I have read in its entirety and

understand the Stipulated Protective Order that was issued by the United States District Court for

the Northern District of California on [date] in the case of In re Facebook Biometric Information

Privacy Litigation, Case No. 3:15-cv-03747-JD. I agree to comply with and to be bound by all the

terms of this Stipulated Protective Order and I understand and acknowledge that failure to so

comply could expose me to sanctions and punishment in the nature of contempt. I solemnly

promise that I will not disclose in any manner any information or item that is subject to this

Stipulated Protective Order to any person or entity except in strict compliance with the provisions

of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Northern District of California for the purpose of enforcing the terms of this Stipulated Protective

Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of

_____ [print or type full address and telephone number]

as my California agent for service of process in connection with this action or any proceedings

related to enforcement of this Stipulated Protective Order.

719028866.9