MAYER·BROWN

Mayer Brown LLP
350 South Grand Avenue
25th Floor
Los Angeles, California 90071-1503

Main Tel +1 213 229 9500
Main Fax +1 213 625 0248
www.mayerbrown.com

**John Nadolenco**
Direct Tel +1 213 229 5173
jnadolenco@mayerbrown.com

February 23, 2016

The Honorable James Donato
United States District Court
 for the Northern District of California
450 Golden Gate Avenue
Courtroom 11, 19th Floor
San Francisco, CA 94102

Re:   *In re Facebook Biometric Information Privacy Litig.*
      Case No. 3:15-cv-03747-JD (N.D. Cal.)

Dear Judge Donato:

On behalf of defendant Facebook Inc., we write to seek the Court's clarification regarding the scope and structure of the March 2, 2016 evidentiary hearing, at which the parties will address whether the named plaintiffs in this putative class action are bound by Facebook's terms of service and the choice-of-law provisions they contain.

We have met and conferred with counsel for plaintiffs in advance of next week's hearing. The parties disagree regarding the meaning of the Court's December 18, 2015 Minute Order. In Facebook's view, that Order clearly contemplates an evidentiary hearing with live testimony: it sets an "evidentiary hearing" and provides that "[e]ach side should file a hearing brief not to exceed 12 pages . . . *that outlines the facts it expects to show at the hearing* and any applicable law based on those facts." (Emphasis added.) The italicized language unambiguously refers to the development of facts at the hearing itself. Indeed, in the very next sentence the Court further stated that it "envisions this brief to be *akin to a trial brief*, if that helps guide the parties." (emphasis added) The Order's clear language is also fully consistent with the Court's comments at the December 2015 hearing, at which the Court explained that "we will set a half-day evidentiary hearing on the formation and assent issues." Hrg. Tr. 24:10-11.[1]

---

[1]   The use of live testimony to develop the factual record on summary judgment is authorized by Rule 43(c), which provides that "[w]hen a motion relies on facts outside the record, the court may hear the matter on affidavits *or may hear it wholly or partly on oral testimony* or on depositions." Fed. R. Civ. P. 43(c) (emphasis added); *see also, e.g.*, *Archdiocese of Milwaukee v. Doe*, 743 F.3d 1101, 1109 (7th Cir. 2014) ("the court has the discretion to receive oral testimony in connection with a motion for summary judgment"); *Thompson v. Mahre*, 110 F.3d 716, 720 (9th Cir. 1997) (recognizing that under the precursor to Rule 43(c), district courts have discretion to "take oral testimony . . . on a summary judgment motion").

Mayer Brown LLP operates in combination with other Mayer Brown entities (the "Mayer Brown Practices"), which have offices in North America,
Europe and Asia and are associated with Tauil & Chequer Advogados, a Brazilian law partnership.

Based upon this guidance, Facebook is ready and willing to participate in a hearing with live witnesses from both sides. Indeed, Facebook's preparation for the hearing has rested on that understanding. Counsel for plaintiffs, however, have indicated that their clients do not intend to appear at the hearing on March 2.

All of that having been said: At this time, before seeing plaintiffs' trial brief, Facebook expects that the Court likely can resolve the contract-formation issues on the pre-hearing, paper record – which will include the declarations attached to Facebook's trial brief as well as the deposition testimony and exhibits. If, upon reviewing the parties' submissions, the Court would like both parties to make their witnesses available to testify in court at the March 2 hearing, Facebook respectfully requests that the Court provide guidance to that effect in advance of the hearing.

We thank the Court for its consideration of these issues.

Sincerely,


*s/ John Nadolenco*
John Nadolenco

cc: All counsel (via ECF)