ROBBINS GELLER RUDMAN
  & DOWD LLP
SHAWN A. WILLIAMS (213113)
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA 94104
Telephone: 415/288-4545
415/288-4534 (fax)
shawnw@rgrdlaw.com
        – and –
PAUL J. GELLER (Admitted *pro hac vice*)
120 East Palmetto Park Road, Suite 500
Boca Raton, FL 33432
Telephone: 561/750-3000
561/750-3364 (fax)
pgeller@rgrdlaw.com

LABATON SUCHAROW LLP
JOEL H. BERNSTEIN (Admitted *pro hac vice*)
140 Broadway
New York, NY 10005
Telephone: 212/907-0700
212/818-0477 (fax)
jbernstein@labaton.com

EDELSON PC
JAY EDELSON (Admitted *pro hac vice*)
350 North LaSalle Street, Suite 1300
Chicago, IL 60654
Telephone: 312/589-6370
312/589-6378 (fax)
jedelson@edelson.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re FACEBOOK BIOMETRIC INFORMATION PRIVACY LITIGATION | ) Master File No. 3:15-cv-03747-JD ) ) DECLARATION OF SHAWN A. WILLIAMS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 56(d) |
| This Document Relates To:<br><br>    ALL ACTIONS. | ) ) ) ) ) |

1123861_1

I, SHAWN A. WILLIAMS, declare as follows:

I am an attorney duly licensed to practice before all of the courts of the State of California. I am a member of the law firm of Robbins Geller Rudman & Dowd LLP, counsel of record for plaintiffs in the above-entitled action. I have personal knowledge of the matters stated herein and, if called upon, I could and would competently testify thereto.

## I. INTRODUCTION

1. Plaintiffs hereby submit this declaration pursuant to Fed. R. Civ. P. 56(d) detailing specific reasons why plaintiffs cannot present facts essential to its opposition to defendants' motion for summary judgment.

### A. Because Defendant Has Failed to Produce the Documents and Information Demanded and Necessary to Adequately Respond to Its Motion, Its Summary Judgment Motion Should Be Denied, or Consideration Delayed, Until Adequate Discovery Has Been Taken Pursuant to Fed. R. Civ. P. 56(d)

2. Pursuant to Rule 56(d), where "a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d). The Supreme Court has observed that Rule 56 mandates "that summary judgment be refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n.5.[1]

3. To satisfy Fed. R. Civ. P. 56(d), a party opposing a motion for summary judgment must make "'(a) a timely application which (b) specifically identifies (c) relevant information, (d) where there is some basis for believing that the information sought actually exists.'" *Emp'rs Teamsters Local Nos. 175 & 505 Pension Trust Fund v. Clorox Co.*, 353 F. 3d 1125, 1129 (9th Cir. 2004) (citation omitted); Fed. R. Civ. P. 56(d). "'The burden is on the party seeking additional discovery to proffer sufficient facts to show that the evidence sought exists, and that it would prevent

---
[1] The *Anderson* court's comment related to what was then subsection (f) of Rule 56. Following the 2010 Amendments, Rule 56(d) replaced what was once Rule 56(f) "'without substantial change.'" *Big Lagoon Rancheria v. California*, 789 F.3d 947, 952 n.2 (9th Cir. 2015) (citing the Advisory Committee's notes to Rule 56(d)).

1  summary judgment.'" *Clorox*, 353 F.3d at 1129-30 (quoting *Chance v. Pac-Tel Teletrac Inc.*, 242
2  F.3d 1151, 1161 n.6 (9th Cir. 2001).

3  4. Here, plaintiffs have requested from Facebook documents that are critical in opposing Facebook's motion for summary judgment, especially with respect to the source code relating to the sign-up pages in existence at the times relevant to the litigation. Facebook has relied on that source code and related data, and its review of the same to persuade the Court that summary judgment should be entered and "that this case be dismissed with prejudice." Facebook Inc.'s Prehearing Brief (dated February 24, 2016) at 1; *see also* Declaration of Joachim De Lombaert in Support of Facebook's Pre-Hearing Brief (Dkt. No. 96-8). For example, Facebook has yet to produce the following documents:

(a) Mobile sign-up flows and style sheets related to sign-up processes for mobile plans in 2008 and 2009. De Lombaert Decl., ¶¶14, 20, 22, 29. This is significant because plaintiffs Licata and Patel do not clearly recall if they registered for Facebook by computer or mobile phone. Exhibit 8 (Licata Depo Tr.) at 81:15-82:1;[2] Ex. 7 (Patel Depo Tr.) at 36:16-37:16; 54:4-56:25. In addition, discovery to date has confirmed that mobile sign-up flows differ from web sign-up flows. Ex. 9 (De Lombaert Depo Tr.) at 36:7-9; 37:8-14; *see also* 112:16-18 ("The mobile flow did not ask the same field, such as college graduate, school, et cetera, I believe, in 2008, as – as you see here."); 117:19-23.

(b) The style sheets associated with the underlying source code. De Lombaert Decl., ¶¶13, 22, 29. This is significant because style sheets help determine font size, layout and placement of buttons. *See, e.g.*, Ex. 9 (De Lombaert Depo Tr.) at 77:9-79:1.

(c) The complete source code for the sign-up flows in place during the relevant period. De Lombaert Decl., ¶¶6, 12, 14 and 15. This is significant because discovery to date has confirmed that the purported sign-up sheets do not contain all items a user would have seen (including items such as logos and other text that would have drawn a user's attention away from any references to Terms of Use). *See, e.g.*, Ex. 9 (De Lombaert Depo Tr.) at 80:6-14; 114:14-21; 115:10-15.

(d) Engineering comments in the source code. De Lombaert Decl., ¶6. This information is relevant because discovery to date has revealed that certain changes to the registration page were designed to "streamline" or make the

---

[2] All exhibit references are to the Declaration of Shawn A. Williams in Support of Plaintiffs' Opposition to Defendant's Motion for Summary Judgment, dated February 24, 2016.

| | |
|---|---|
| 1 | page "sleeker" to increase the pace and yield of registrations – whether as part of that the Terms of Use disclosure was de-emphasized is key. *See, e.g.*, Ex. 9 (De Lombaert Depo Tr.) at 41: 25-42:1; 42:17-23; 43:23-24; 60:8-10. |
| 2 | |
| 3 | (e) Source code establishing that the hyperlinks in place at sign-up were functional at the time when plaintiffs signed up. De Lombaert Decl., ¶11. This is significant because the availability of the Terms of Use may be relevant to assent. Ex. 9 (De Lombaert Depo Tr.) at 76:13-16; 57:13-58:18. |

5. Where, as here, one of the issues is whether or not purportedly contractual choice of law provisions were conspicuous, and where documents offered in evidence are "reconstructions" (by a witness who never saw the originals) rather than duplicates or originals, it is essential that plaintiffs be able to analyze all of the purported pieces that went into the creation of these exhibits to determine whether they are accurate, probative of the specific issue and should be considered by the Court. Without production and analysis of all the parts of the puzzle, plaintiffs are simply unable to test the opinions being offered by defendant's witness.

6. Indeed, during depositions of defendant's witnesses, including Mr. De Lombaert, plaintiffs specifically inquired as to that data yet it has not been produced. *See, e.g.*, Ex. 9 (De Lombaert Depo Tr.) at 78-80. Summary judgment is not appropriate when the non-moving party has not had an adequate opportunity to conduct discovery. *Barovich Assocs., Inc. v. Aura Sys.*, No. 96-55778, 1998 U.S. App. LEXIS 468 (9th Cir. Jan. 9, 1998). "The Supreme Court has held that Rule 56(f) adequately protects plaintiffs from being 'railroaded' by premature motions for summary judgment." *In re Silicon Graphics, Inc. Sec. Litig.*, 970 F. Supp. 746, 760 (N.D. Cal. 1997) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-24, 326 (1986)).

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on March 1, 2016, at San Francisco, California.

s/ Shawn A. Williams<br>
SHAWN A. WILLIAMS

## CERTIFICATE OF SERVICE

I hereby certify that on March 1, 2016, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on March 1, 2016.

s/ Shawn A. Williams
SHAWN A. WILLIAMS

ROBBINS GELLER RUDMAN
& DOWD LLP
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA 94104
Telephone: 415/288-4545
415/288-4534 (fax)
E-mail:shawnw@rgrdlaw.com

# Mailing Information for a Case 3:15-cv-03747-JD In re Facebook Biometric Information Privacy Litigation

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **James E Barz**
  jbarz@rgrdlaw.com

- **Joel H. Bernstein**
  jbernstein@labaton.com,lmehringer@labaton.com,sauer@labaton.com,electroniccasefiling@labaton.com

- **Stuart Andrew Davidson**
  sdavidson@rgrdlaw.com,jdennis@rgrdlaw.com,e_file_sd@rgrdlaw.com,e_file_fl@rgrdlaw.com

- **Mark Dearman**
  mdearman@rgrdlaw.com,e_file_sd@rgrdlaw.com,cthornton@rgrdlaw.com,e_file_fl@rgrdlaw.com

- **Mark J. Dearman**
  mdearman@rgrdlaw.com

- **Jay Edelson**
  jedelson@edelson.com

- **Paul J. Geller**
  pgeller@rgrdlaw.com

- **Paul Jeffrey Geller**
  pgeller@rgrdlaw.com

- **Lauren R Goldman**
  lrgoldman@mayerbrown.com,jmarsala@mayerbrown.com

- **Frank S Hedin**
  fhedin@careyrodriguez.com

- **Ross M Kamhi**
  rkamhi@labaton.com

- **J. Dominick Larry**
  nlarry@edelson.com,cdore@edelson.com,docket@edelson.com

- **John Nadolenco**
  jnadolenco@mayerbrown.com,los-docket@mayerbrown.com,jaustgen@mayerbrown.com

- **Alexander Nguyen**
  anguyen@edelson.com,docket@edelson.com

- **Archis A. Parasharami**
  aparasharami@mayerbrown.com

- **Archis Ashok Parasharami**
  aparasharami@mayerbrown.com,wdc.docket@mayerbrown.com

- **Matthew David Provance**
  mprovance@mayerbrown.com

- **Corban S Rhodes**
  crhodes@labaton.com

- **Frank Anthony Richter**
  frichter@rgrdlaw.com

- **Shawn A. Williams**
  shawnw@rgrdlaw.com,ptiffith@rgrdlaw.com,dhall@rgrdlaw.com,e_file_sd@rgrdlaw.com,e_file_sf@rgrdlaw.com

**Manual Notice List**

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
Vincent            J. Connelly
```
Mayer Brown LLP
71 South Wacker Drive
Chicago, IL 60606

**Facebook Inc.**
Cooley LLP
3000 El Camino Real
Five Palo Alto Square
Palo Alto, CA 94306-2155