MAYER BROWN LLP
John Nadolenco (SBN 181128)
350 South Grand Avenue
25th Floor
Los Angeles, CA 90071-1503
Telephone: (213) 229-9500
jnadolenco@mayerbrown.com

Lauren R. Goldman (*pro hac vice*)
1221 Avenue of the Americas
New York, NY 10020
Telephone: (212) 506-2647
lrgoldman@mayerbrown.com

Archis A. Parasharami (*pro hac vice*)
1999 K Street, N.W.
Washington, D.C. 20006-1101
Telephone: (202) 263-3328
aparasharami@mayerbrown.com

*Counsel for Defendant Facebook, Inc.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE FACEBOOK BIOMETRIC INFORMATION PRIVACY LITIGATION | Master Docket No.: 3:15-CV-03747-JD |
| | **DEFENDANT FACEBOOK, INC.'S OPPOSITION TO PLAINTIFFS' RULE 56(D) DECLARATION** |
| THIS DOCUMENT RELATES TO: | |
| ALL ACTIONS | Hon. James Donato |

1   On the eve of the March 2, 2016 evidentiary hearing in this case, plaintiffs' counsel filed

2   a declaration under Federal Rule of Civil Procedure 56(d) (Dkt. No. 106) seeking additional

3   discovery and to postpone the resolution of the very issue set for the hearing—whether plaintiffs

4   are bound by the choice-of-law provisions contained in Facebook's Terms.  To the extent it is

5   not already moot, that eleventh-hour request is wholly improper and should be denied.

6   Plaintiffs' belated request flouts the Local Rules, this Court's standing orders, and the

7   December 18, 2015 minute order (Dkt. No. 83).   There can be no doubt that plaintiffs'

8   declaration is based entirely on an asserted discovery dispute.  *See, e.g.*, Decl. of Shawn A.

9   Williams ¶ 4 ("plaintiffs have requested from Facebook documents that are critical"; "Facebook

10  has yet to produce the following documents"); *id.* ¶ 6 (plaintiffs inquired during depositions

11  about data that "has not been produced").  Yet under Local Rule 37-1, courts in this District "will

12  not entertain" motions to resolve discovery disputes unless "counsel have previously conferred."

13  This Court's standing order on civil discovery is even more specific about the procedures parties

14  must follow in resolving discovery disputes (at ¶¶ 18-20): there must be a meet and confer; if the

15  dispute is not resolved, the party seeking relief must file with the Court a three-page letter

16  summarizing the dispute; and the letter must attach the excerpt of the disputed discovery request

17  and the corresponding response.  The Court's minute order setting the March 2 evidentiary

18  hearing and briefing schedule even expressly "advised" the parties "to refer to the Court's

19  standing order on civil discovery for prompt resolution of any sticking points."  Dkt. No. 83, at

20  1.[1]

21  Plaintiffs did not meet and confer with Facebook about this dispute.  Nor did they seek to

22  compel the production of any additional discovery, through a letter or otherwise.  Instead, they

23  waited until the eleventh hour—after the completion of discovery and the pre-hearing briefing—

24  to assert their objections.  There was no reason for plaintiffs to wait; as their own declaration

25  notes (at ¶ 6), the issues about which they now complain arose as early as Mr. De Lombaert's

26

27  [1]   Because the Court's minute order set forth both the schedule and requirements for the
pre-hearing briefing, it is beyond perplexing how plaintiffs can suggest that they have been

28  "railroaded" by Facebook's "premature" submissions to the Court.   Williams Decl. ¶ 6
(quotation marks omitted).

1   deposition, which was nearly three weeks before the hearing.  *See also* Williams Decl. ¶ 4(a)-(e)

2   (citing Mr. De Lombaert's deposition in each request for additional discovery).[2]

3        Neither this Court nor others in this District have approved of such tactics.  As this Court

4   recently put it in denying a similar Rule 56(d) request:

> The Court also denies plaintiffs' request under Rule 56(d) for additional
> discovery, *because the discovery disputes discussed in their declaration should
> have been brought using the letter brief procedure for discovery disputes set forth
> in the Court's Standing Order on Civil Cases*, and because the requested
> discovery would not change the Court's conclusions even if it were to show what
> plaintiffs hope it will.

9   *Ochoa v. McDonald's Corp.*, --- F. Supp. 3d ----, 2015 WL 5654853, at *9 n.6 (N.D. Cal. Sept.

10  25, 2015) (Donato, J.) (emphasis added); *cf. Hernandez v. Sutter Med. Ctr.*, 2008 WL 2156987,

11  at *13 (N.D. Cal. May 20, 2008) ("when one party has a discovery dispute with another party,

12  Rule 37 provides the proper course of action to take").  Judge Hamilton likewise rejected a

13  belated Rule 56(d) request for additional "documents that were requested during discovery"—

14  specifically, emails sent by one of the defendant's employees—in *Henry v. Regents of the Univ.

15  of Cal.*, 37 F. Supp. 3d 1067, 1075 n.4 (N.D. Cal. Feb. 24, 2014).  There, the court "note[d] that

16  plaintiff did not file a motion to compel regarding the [employee's] emails, nor is there any

17  indication that plaintiff sought a meet-and-confer regarding the emails, as required by Civil

18  Local Rule 37-1."  *Id.*  "Having failed to meaningfully pursue these emails during discovery,"

19  the court reasoned, "plaintiff cannot now rely on his document request to delay consideration of

---

20  [2]     The fact that plaintiffs filed their Rule 56(d) request *after* their pre-hearing brief is reason
21  enough to deny the request.  Plaintiffs styled their pre-hearing brief as an "Opposition To
    Defendant's Motion For Summary Judgment."  Dkt. No. 97-3.  Yet they failed to file their
22  affidavit along with that brief, despite Rule 56(d)'s admonition that a party opposing summary
    judgment must "show[] . . . that, for specified reasons, it cannot present facts essential to justify
23  its opposition" to summary judgment.  Courts have repeatedly held that any such showing should
    be made no later than the filing of an opposition to a motion for summary judgment.  *See, e.g.,*
24  *Swoger v. Rare Coin Wholesalers*, 803 F.3d 1045, 1048 (9th Cir. 2015) (district court did not
    abuse its discretion in denying Rule 56(d) request that plaintiff filed "[t]wo weeks *after* he filed
25  his opposition" and after "the summary-judgment motion had been fully briefed") (emphasis in
    original); *Fidelity & Guaranty Ins. Co. v. KB Home Coastal, Inc.*, 2014 WL 10487043, at *2
26  (C.D. Cal. Sept. 30, 2014) (refusing to reconsider prior order denying Rule 56(d) request made at
    oral argument on the summary judgment motion because the request "'was not raised in the
27  opposition'") (quoting prior order); *Martin v. Rubalcava*, 2014 WL 7944342, at *5 (E.D. Cal.
    Feb. 27, 2014) (plaintiff "ha[d] not satisfied [Rule 56(d)] requirements" for many reasons,
28  including, "[a]s a threshold matter, [that] plaintiff ha[d] already filed an opposition to
    defendant's summary judgment motion").

1   [defendant's] motion." *Id.*

2          Finally, plaintiffs' request for additional discovery is meritless in any event, because

3   nothing they seek would undermine Facebook's showing of mutual assent.  At the hearing, for

4   example, plaintiffs' counsel continued to speculate that Mr. Patel might have signed up for

5   Facebook using a mobile phone (*see also* Williams Decl. ¶ 4(a)), and that this difference might

6   be relevant to the question of his assent to Facebook's terms.  But that speculation is contradicted

7   by Mr. Patel's own testimony, in which Mr. Patel recalled registering for Facebook on his work

8   laptop (Patel Dep. 55:19-57:21); seeing Facebook's web browser signup page (*id.* at 62:5-25);

9   checking the box acknowledging that he had read and agreed to Facebook's Terms (*id.* 63:1-4);

10  and clicking the "sign up" button to complete his registration and create his Facebook account

11  (*id.* at 63:5-10).  In addition, plaintiffs' concern about being "unable to test the opinions being

12  offered by defendant's witness" (Williams Decl. ¶ 5) is mooted by the evidentiary hearing itself,

13  at which plaintiffs had a full opportunity to cross-examine Mr. De Lombaert (as well as Mr.

14  Pike).

15                                    **CONCLUSION**

16          Plaintiffs' request for additional discovery under Rule 56(d) should be denied.

17  Dated:  March 9, 2016                      MAYER BROWN LLP

18                                             By: */s/ John Nadolenco*
                                                   John Nadolenco
19                                                 Lauren R. Goldman
                                                   Archis A. Parasharami
20                                             *Counsel for Defendant Facebook, Inc.*

21

22

23

24

25

26

27

28