UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Civil Minutes

Date:  January 5, 2017                                                      Judge:  Hon. James Donato

Time:  26 Minutes

Court Reporter:  Lydia Zinn

Case No. & Name:     C-15-03747-JD - *In re Facebook Biometric Info. Privacy Litigation*
                     C-16-00937-JD - *Gullen v. Facebook, Inc.*

Attorney(s) for Plaintiff(s):     Amanda M. Frame/David W. Hall/James Larry/Corban
                                  Rhodes/Benjamin Richman/Shawn Williams/Frank Hedin
Attorney(s) for Defendant(s):     Lauren R. Goldman/John Nadolenco/Mathew Provance/
                                  Nikki S. Sokol

Deputy Clerk:  Lisa Clark

PROCEEDINGS

Telephonic Discovery Hearing - Held

NOTES AND ORDERS

The Court discusses with the parties the issues raised by the pending discovery dispute letters, Dkt. Nos. 168 & 173-4 in Case No. 15-3747.

For the documents related to Facebook's communications with the Irish Data Protection Commissioner (IDPC), the Court grants Facebook's motion for a protective order for the reasons stated in *Campbell v. Facebook Inc.*, Case No. 13-cv-05996-PJH (MEJ), 2015 WL 4463809 (N.D. Cal. July 21, 2015).  The Court makes clear, however, that while a document submitted to the IDPC or that relates to the IDPC's inquiry need not be produced to plaintiffs on that basis, it is still subject to production if responsive to other requests.

For plaintiffs' request seeking documents and communications concerning Facebook's 2012 acquisition of Face.com, the Court finds the request too broad as currently worded.  The Court consequently grants Facebook's request for a protective order for this request on that basis, but plaintiffs may serve a more narrowly-tailored request on this topic in its place.

For the documents and information related to Facebook's patents, the Court orders Facebook to produce as an initial matter those patents that discuss tagging or facial recognition technology on the face of the patent.

For the documents and communications related to Facebook's lobbying efforts to amend BIPA, the Court grants in part Facebook's request for a protective order.  Facebook will respond to the request revised as follows:  "All documents and communications related to compliance or non-compliance with BIPA, or potential liability or penalties under it."  That Facebook may have sent a document or communication to a lobbyist or any government or elected official is not a bar to production.

For the portions of documents redacted by Facebook on the basis of lack of relevance, the Court denies Facebook's motion for protective order.  Facebook's relevance objection is overruled, and Facebook is ordered to produce unredacted versions of those documents.

Facebook is ordered to produce a full privilege log to plaintiffs by January 13, 2017.

The parties may seek a reasonable continuance of the February 1, 2017, fact discovery cut-off, preferably by stipulated request.

For plaintiffs' Interrogatory No. 14 regarding the number of photos of faces uploaded to Facebook from Illinois IP addresses, the Court has concerns about relevance and burden.  The parties are directed to further meet and confer in an attempt to identify a reasonable proxy that is workable and less burdensome for Facebook, but still gives plaintiffs the information they are trying to get from this interrogatory.  The parties may file further discovery dispute letters if they are unable to resolve this issue.