1  Jay Edelson (Admitted *pro hac vice*)
   jedelson@edelson.com
2  EDELSON PC
   350 North LaSalle Street, 13th Floor
3  Chicago, Illinois 60654
   Tel: 312.589.6370
4  Fax: 312.589.6378

5  Shawn A. Williams (213113)
   shawnw@rgrdlaw.com
6  ROBBINS GELLER RUDMAN & DOWD LLP
   Post Montgomery Center
7  One Montgomery Street, Suite 1800
   San Francisco, California 94104
8  Tel: 415.288.4545
   Fax: 415.288.4534
9

10 Paul J. Geller (Admitted *pro hac vice*)        Joel H. Bernstein (Admitted *pro hac vice*)
   pgeller@rgrdlaw.com                             jbernstein@labaton.com
11 ROBBINS GELLER RUDMAN & DOWD LLP                LABATON SUCHAROW LLP
   120 East Palmetto Park Road, Suite 500          140 Broadway
12 Boca Raton, Florida 33432                       New York, New York 10005
   Tel: 561.750.3000                               Tel: 212.907.0700
13 Fax: 561.750.3364                               Fax: 212.818.0477

14 [Additional counsel appear on the signature page.]

15 *Counsel for Plaintiffs and the Putative Class*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| *In re Facebook Biometric Information Privacy Litigation*<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | Master Docket No. 3:15-cv-3747-JD<br><br>**PLAINTIFFS' OPPOSITION TO FACEBOOK'S ADMINISTRATIVE MOTION FOR LEAVE TO FILE SUPPLEMENTAL BRIEF**<br><br>Judge: Honorable James Donato<br>Action filed: August 17, 2015 |

Facebook's "Administrative Motion for Leave to File Supplemental Brief" (dkt. 189), which is nothing more than a post-argument attempt to submit new, non-binding, and cumulative authority, should be denied. Plaintiffs have no quarrel with Facebook bringing the order in *Vigil v. Take-Two Interactive Software, Inc.*, No. 15-cv-8211, 2017 WL 398404 (S.D.N.Y. Jan. 27, 2017), to the Court's attention—Plaintiffs presume that the Court would have found the case, anyway. But the Court should not grant Facebook leave to file its Supplemental Brief.

    1.    Leave to file a statement of supplemental authority after a motion hearing should be granted "sparingly." *See Cobarruviaz v. Maplebear, Inc.*, 143 F. Supp. 3d 930, 943 n.5 (N.D. Cal. 2015); *Michael Taylor Designs, Inc. v. Travelers Prop. Cas. Co. of Am.*, 761 F. Supp. 2d 904, 909 (N.D. Cal. 2011). And any filing submitted under N.D. Cal. L.R. 7-11 regarding supplemental authority should "avoid arguing the merits to the extent possible." *Michael Taylor Designs*, 761 F. Supp. 2d at 909. Instead, such a filing should state simply why the decision is relevant: either it is "an on-point controlling precedent," *id.*, or a "particularly germane legal authority" due to "highly similar factual allegations" or "unsettled areas of law," *Sciortino v. Pepsico, Inc.*, 108 F. Supp. 3d 780, 793 n.4 (N.D. Cal. 2015). Facebook's proposed filing goes beyond explaining why the decision in *Vigil* deserves consideration and instead improperly argues the merits. Facebook also omits discussing a key factual dissimilarity between *Vigil* and this case: Unlike Facebook, the defendant in *Vigil* repeatedly informs consumers that they are collecting biometric information and permits consumers to use the product without authorizing that collection. *See* 2017 WL 398404, at *4. Here, Facebook's collection of biometric information is both automatic and undisclosed. (Dkt. 40, ¶¶ 3-4, 21, 26.) Finally, the decision is cumulative of authority already presented to this Court. Indeed, *Vigil* largely rehashes the flawed analysis in *McCollough v. Smarte Carte*, 2016 WL 4077108 (N.D. Ill. Aug. 1, 2016). Facebook discussed *McCollough* at length both in briefing and during the October 27 hearing. *See* Dkt. 140, at 1, 5, 7, 10; October 27 Tr. at 7-10. *Vigil*, therefore, breaks no new ground. As such, leave to file should be denied. *See Michael Taylor Designs*, 761 F. Supp. 2d at 909; *see also Rodgers*

PL'S OPPOSITION TO FACEBOOK'S
ADMINISTRATIVE MOTION FOR
LEAVE TO FILE SUPPLEMENTAL BRIEF

1

CASE NO. 3:15-cv-03747-JD

*v. Claim Jumper Restaurant LLC*, 2015 WL 1886708, at *15 (N.D. Cal. Apr. 24, 2015) (striking argument included in a statement of recent decision for violating Rule 7-3(d)).

2. Should the Court elect to consider the argument included in Facebook's proposed supplemental brief, Plaintiffs incorporate the following response. *See Sciortino*, 108 F. Supp. 3d at 793 n.4 (exercising discretion to consider substantive filing submitted in response to pose-argument statement of recent decision). In the briefing on Facebook's Motion to Dismiss (dkt. 129), Plaintiffs urged that, under the Supreme Court's recent decision in *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016), the focus of the standing inquiry is on the interest protected by statute. (Dkt. 138, pp. 2-5, 10-12.) Facebook, by contrast, asserted that a plaintiff has standing to sue only if they have suffered some sort of consequential, real-world harm by virtue of the Defendant's violation of the law, and now cites *Vigil* as support for its position. (Dkt. 129, pp. 4-5, 9.) In two recent decisions, the Ninth Circuit has rejected Facebook's understanding of *Spokeo* and instead adopted Plaintiffs' reading of the decision, a reading inconsistent with *Vigil*.

In *Syed v. M-I LLC*, __ F.3d __, 2017 WL 242559 (9th Cir. Jan. 20, 2017), the court concluded that the plaintiff had standing to assert a violation of the FCRA's requirement that any disclosure that a credit check will be performed be made in a document containing no other information. *Id.* at *4. That disclosure requirement, which is coupled with an authorization requirement, *see* 15 U.S.C. § 1681b(b)(2)(A), creates, the court held, both "a right to information" and "a right to privacy." 2017 WL 242559, at *4. Invasion of those statutorily created rights, the court held, sufficed to show a concrete injury under *Spokeo*.

In *Van Patten v. Vertical Fitness Group, LLC*, __ F.3d __, 2017 WL 460663 (9th Cir. Jan. 30, 2017), the court concluded that receipt of a text message allegedly in violation of federal law was a concrete injury because the text message cause "the precise harm and infringe[d] the same privacy interests Congress sought to protect." *Id.* at *4. Consequently, the court held that the unsolicited text messages "by their nature, invade privacy interests" and no "*additional* harm beyond the one Congress" identified was necessary. *Id.*

Facebook nevertheless has submitted the recent order in *Vigil v. Take-Two Interactive Software, Inc.*, 2017 WL 398404 (S.D.N.Y. Jan. 27, 2017), as supplemental authority on the belief that it forecloses Plaintiffs' claim to have suffered a concrete injury in this case. Facebook is incorrect.

First, as a factual matter, and as alluded to above, the allegations in *Vigil* do not demonstrate an invasion of the plaintiffs' statutorily protected interest in controlling the collection of their biometric information. *See* 740 Ill. Comp. Stat. 14/15(b) ("No private entity may collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifier or biometric information, ***unless it first informs the subject … in writing that a biometric identifier or biometric information is being collected or stored***") (emphasis added). Instead, the software at issue in *Vigil* repeatedly informed the plaintiffs that their biometric information was being collected, and offered them the opportunity to use the software without turning over their biometric information. Here, by contrast, Facebook collects biometric information as a matter of course, and without informing individuals that they are doing so. (Dkt. 40, ¶¶ 3-4, 21, 26.) While Facebook's Terms of Service do disclose the "Tagging" feature used by Facebook, nowhere does Facebook indicate how this feature operates. And in any event, the central BIPA violation alleged here—Facebook's collection of scans of face geometry from uploaded photos—occurs *before* the "Tagging" feature is applied. Because Facebook's actions directly invade the interest protected by the BIPA, Plaintiffs have standing. *See Van Patten*, 2017 WL 460663, at *4; *Syed*, 2017 WL 242559, at *4.

Second, the *Vigil* court erroneously focused on retention and misuse of biometric information, as opposed to the undisclosed, uninformed, and unlawful *collection* of biometric information. *See Vigil*, 2017 WL 398404, at *9. Contrary to the teachings of *Van Patten* and *Syed*, the court in *Vigil* focused on the consequences stemming from the defendant's statutory violation. *See* 2017 WL 398404, at *9. *Vigil*'s conclusion that the collection of face geometry without authorization "can only support standing if they pose a material risk of harm to the data

protection goal of the BIPA," *id.* at *10, thus derives from a misdirected inquiry. Indeed, the *Vigil* court's understanding of the BIPA would deny BIPA's promise of privacy precisely where the statute is most directly aimed: When biometric information is harvested without an individual's knowledge or consent, just as happened here. The BIPA provides those individuals with a right to control the collection of their biometric information. Under *Van Patten*, *Syed*, and *Spokeo*, the invasion of that interest is a concrete injury in fact.

Respectfully submitted,

**ADAM PEZEN**, **CARLO LICATA**, and **NIMESH PATEL**, individually and on behalf of all others similarly situated,

Dated: February 7, 2017

By: /s/ Rafey Balabanian
      One of Plaintiffs' Attorneys

Jay Edelson (Admitted *pro hac vice*)
jedelson@edelson.com
EDELSON PC
350 North LaSalle Street, 13th Floor
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

Rafey S. Balabanian (admitted *pro hac vice*)
rbalabanian@edelson.com
EDELSON PC
329 Bryant Street, Suite 2C
San Francisco, California 94107
Tel: 415.234.5342
Fax: 415.373.9495

Shawn A. Williams (213113)
shawnw@rgrdlaw.com
David W. Hall (213113)
dhall@rgrdlaw.com
ROBBINS GELLER RUDMAN & DOWD LLP
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, California 94104

Tel: 415.288.4545
Fax: 415.288.4534

Paul J. Geller (Admitted *pro hac vice*)
pgeller@rgrdlaw.com
Stuart A. Davidson (Admitted *pro hac vice*)
sdavidson@rgrdlaw.com
Mark Dearman (Admitted *pro hac vice*)
mdearman@rgrdlaw.com
Christopher C. Martins (Admitted *pro hac vice*)
cmartins@rgrdlaw.com
ROBBINS GELLER RUDMAN & DOWD LLP
120 East Palmetto Park Road, Suite 500
Boca Raton, Florida 33432
Tel: 561.750.3000
Fax: 561.750.3364

Travis E. Downs III (Admitted *pro hac vice*)
travisd@rgrdlaw.com
ROBBINS GELLER RUDMAN & DOWD LLP
655 West Broadway, Suite 1900
San Diego, California 92101
Tel: 619.231.1058
Fax: 619.231.7423

Joel H. Bernstein (Admitted *pro hac vice*)
jbernstein@labaton.com
Corban S. Rhodes (Admitted *pro hac vice*)
crhodes@labaton.com
Ross M. Kamhi (Admitted *pro hac vice*)
rkamhi@labaton.com
LABATON SUCHAROW LLP
140 Broadway
New York, New York 10005
Tel: 212.907.0700
Fax: 212.818.0477

*Counsel for Plaintiffs and the Putative Class*

# CERTIFICATE OF SERVICE

I, Rafey Balabanian, hereby certify that on February 7, 2017, I served the above and foregoing ***Plaintiffs' Opposition to Facebook's Administrative Motion for Leave to File a Supplemental Brief*** by causing true and accurate copies of such paper to be filed and transmitted to all counsel of record via the Court's CM/ECF electronic filing system.

                                      /s/ Rafey Balabanian