UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re Facebook Biometric Information Privacy Litigation | Case No. 15-cv-03747-JD<br><br>**ORDER DENYING ADMINISTRATIVE MOTIONS TO SEAL**<br><br>Re: Dkt. Nos. 208, 211 |

This order resolves the pending administrative motions to file documents under seal in this case, as well as the identical motions in the related case *Gullen v. Facebook*, 16-cv-937-JD, Dkt. Nos. 78, 81.

### I. GOVERNING STANDARD

In our circuit, in evaluating a motion to seal, two different standards apply depending on whether the request is being made in connection with a dispositive motion or a non-dispositive motion.

For dispositive motions, the historic, "strong presumption of access to judicial records" fully applies, and a party seeking sealing must establish "compelling reasons" to overcome that presumption. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178-80 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1136 (9th Cir. 2003)). This standard presents a "high threshold," and "a 'good cause' showing will not, without more, satisfy" it. *Id.* at 1180 (citations omitted). When ordering sealing in this context, the district court must also "articulate the rationale underlying its decision to seal." *Apple Inc. v. Psystar Corp.*, 658 F.3d 1150, 1162 (9th Cir. 2011).

The non-dispositive motion context is different. There, "the usual presumption of the public's right of access is rebutted," the "public has less of a need for access to court records

attached only to non-dispositive motions," and the "public policies that support the right of access to dispositive motions, and related materials, do not apply with equal force to non-dispositive materials." *Kamakana*, 447 F.3d at 1179-80 (citations omitted). In that context, materials may be sealed so long as the party seeking sealing makes a "particularized showing" under the "good cause" standard of Federal Rule of Civil Procedure 26(c). *Id.* at 1180 (quoting Foltz, 331 F.3d at 1138). In either case, however, "[a]n unsupported assertion of 'unfair advantage' to competitors without explaining 'how a competitor would use th[e] information to obtain an unfair advantage' is insufficient." *Hodges v. Apple, Inc.*, No. 13-cv-01128-WHO, 2013 WL 6070408, at *2 (N.D. Cal. Nov. 18, 2013) (quoting *Dunbar v. Google, Inc.*, No. 5:12-cv-003305-LHK, 2012 WL 6202719, at *4-5 (N.D. Cal. Nov. 18, 2013)).

In our district, in addition to meeting the applicable standard under *Kamakana*, all parties requesting sealing must also comply with Civil Local Rule 79-5, including that rule's requirement that the request must "establish[] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law," *i.e.*, is "sealable." Civil L.R. 79-5(b). The sealing request must also "be narrowly tailored to seek sealing only of sealable material." *Id.*

**II. DISCUSSION**

Both of the pending motions are associated with a non-dispositive discovery dispute, so the "good cause" standard applies.

**A. Facebook's Motion (Dkt. No. 208).**

| Dkt. No. | Portion of Document Sealed | Reason for Sealing | Granted/Denied |
|---|---|---|---|
| 209-3 | Facebook's Discovery Letter Brief, Exhibit C. | Confidential designation by plaintiffs. Dkt. No. 208. Plaintiffs have been notified per Civil L.R. 79-5. | **Denied.** Plaintiffs did not file a responsive declaration explaining why the material is sealable. Further, there is not good cause to seal the information and the request is not narrowly tailored. |

### B. Plaintiffs' Motion (Dkt. No. 211).

| Dkt. No. | Portion of Document Sealed | Reason for Sealing | Granted/Denied |
|---|---|---|---|
| 212-2 | Plaintiffs' discovery letter brief -- Portion of page 2. | This portion of plaintiffs' discovery letter brief contains statements attributed to a company executive during a private meeting about plans for rolling out a new feature of Facebook's service. Dkt. No. 212 ¶ 5-6 | **Denied.** No good cause has been shown to seal this information. The mere fact that these statements are purportedly made by a company executive during a private meeting does not constitute good cause. |

### III. CONCLUSION

The parties should file unredacted versions of the documents within 7 days of this order.

**IT IS SO ORDERED.**

Dated: August 29, 2017

JAMES DONATO
United States District Judge