ROBBINS GELLER RUDMAN & DOWD LLP
SHAWN A. WILLIAMS (213113)
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
shawnw@rgrdlaw.com
   – and –
PAUL J. GELLER (Admitted *pro hac vice*)
120 East Palmetto Park Road, Suite 500
Boca Raton, FL  33432
Telephone:  561/750-3000
561/750-3364 (fax)
pgeller@rgrdlaw.com

CAREY RODRIGUEZ MILIAN
  GONYA, LLP
DAVID P. MILIAN (Admitted *pro hac vice*)
1395 Brickell Avenue, Suite 700
Miami, FL  33131
Telephone: 305/371-7474
305/372-7475 (fax)
fhedin@careyrodriguez.com
dmilian@careyrodriguez.com

LABATON SUCHAROW LLP
JOEL H. BERNSTEIN (Admitted *pro hac vice*)
140 Broadway
New York, NY  10005
Telephone:  212/907-0700
212/818-0477 (fax)
jbernstein@labaton.com

EDELSON PC
JAY EDELSON (Admitted *pro hac vice*)
350 North LaSalle Street, Suite 1300
Chicago, IL  60654
Telephone:  312/589-6370
312/589-6378 (fax)
jedelson@edelson.com

Attorneys for Plaintiffs
[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| In re FACEBOOK BIOMETRIC INFORMATION PRIVACY LITIGATION<br><br>This Document Relates To:<br><br>    ALL ACTIONS.<br>_____ | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Master File No. 3:15-cv-03747-JD<br><br>JOINT CASE MANAGEMENT STATEMENT |
| FREDERICK W. GULLEN, Individually and on Behalf of All Others Similarly Situated,<br><br>                    Plaintiff,<br><br>    vs.<br><br>FACEBOOK, INC.,<br><br>                    Defendant.<br>_____ | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 3:16-cv-00937-JD<br><br><br>DATE          September 7, 2017<br>TIME:         10:00 a.m.<br>CTRM:        11, 19th Floor<br>JUDGE:       Hon. James Donato |

Pursuant to Northern District of California Civil Local Rule ("Local Rule") 16-9, the parties to these actions[1] jointly submit this case management statement and proposed case schedule.

## I.   Case Status

These two related putative class actions assert claims under Illinois's Biometric Information Privacy Act.  The parties' respective statements concerning the alleged facts are set forth in their initial Rule 26(f) Case Management Statements.  *See* n.1 *supra*.

On June 29, 2016, Facebook moved to dismiss Plaintiffs' complaints for lack of Article III standing under the Supreme Court's decision in *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016).  Dkt. No. 129.  The Court heard oral argument on this motion on October 27, 2016, and took the motion under submission.  Dkt. No. 162.

On February 6, 2017, the Court entered the parties' stipulation to amend the Court's prior scheduling order, establishing the last operative pretrial case deadlines.  *See* Dkt. No. 190.

On February 7, 2017, the Court terminated Facebook's pending motions to dismiss "for administrative purposes," "find[ing] it advisable to wait for the Ninth Circuit's guidance."  Dkt. No. 193.  The Court stated that Facebook would be permitted to "renew the motions by filing notices of renewal after the Ninth Circuit ha[d] issued its decision" in the remanded *Spokeo* action, and that "[i]f, after reviewing the forthcoming decision, the parties wish to file supplemental briefs, they may jointly propose a schedule for the Court's consideration."  *Id.*

On February 21, 2017, Facebook filed a motion for a stay of discovery and other case deadlines, and for a protective order precluding any discovery, until it is determined that the Court has jurisdiction in this case.  Dkt. No. 196.

On February 27, 2017, upon stipulation by the parties, the Court stayed the cases for 90 days and vacated all deadlines.  Dkt. No. 200.

---

[1]      Plaintiffs Nimesh Patel, Adam Pezen, Carlo Licata, and Frederick Gullen, and Defendant Facebook, Inc. are collectively referred to herein as the "parties."  The parties incorporate by reference their previously submitted Case Management Statements, filed on December 8, 2015 (Dkt. No. 80, Case No. 3:15-cv-03747-JD) and June 22, 2016 (Dkt. No. 127 and Dkt. No. 38, Case No. 3:16-cv-00937-JD ), which remain accurate except as superseded by this further Case Management Statement.  Unless otherwise noted, all docket references are to Case No. 3:15-cv-03747-JD.

1    On June 2, 2017, the parties jointly requested a status conference, which has been scheduled

2  for September 7, 2017.  Dkt. No. 203.

3    On June 19, 2017, Facebook filed an administrative motion to renew its prior motions for a

4  stay and a protective order.  Dkt. No. 204.  On June 23, 2017, Plaintiffs filed a response opposing in

5  part Facebook's administrative motion to renew.  Dkt. No. 206.  On June 30, 2017, Plaintiffs filed an

6  opposition to Facebook's renewed motion for a stay and a protective order.  Dkt. No. 207.

7    On August 15, 2017, the Ninth Circuit issued its opinion on remand in *Spokeo*.  *Robins v.*

8  *Spokeo, Inc.*, __ F.3d __, 2017 WL 3480695 (9th Cir. Aug. 15, 2017).  Facebook intends to renew

9  its motions to dismiss for lack of standing, accompanied by additional briefing, shortly after the

10  parties' status hearing**.**

11    The parties have conferred and propose that each side file, by September 25, 2017, a 10-page

12  supplemental brief addressing the impact, if any, of the Ninth Circuit's *Spokeo* opinion on remand.

13    Since June, and while Facebook's motion for a stay has been pending, the parties have

14  engaged in continuing discovery.  Several discovery disputes have arisen that have now been

15  briefed.  *See* Dkt. Nos. 209, 211.  Several other discovery disputes remain unresolved but are not yet

16  ripe; Plaintiffs anticipate raising these disputes with the Court if the parties are unable to resolve

17  them.

18    On August 24, 2017, this Court issued an order stating that, "[i]n addition to the status

19  conference, the Court will take up on September 7, 2017, the parties' discovery disputes, Dkt. Nos.

20  [209], [211], and Facebook's motion to stay, Dkt. No. [196]."  *See* Dkt. No. 214.

21    Plaintiffs intend to move for class certification after the completion of fact discovery, as

22  detailed in the parties' proposed schedule set forth below.  The parties also anticipate filing summary

23  judgment motions, motions to exclude expert testimony, and motions *in limine* in advance of trial.

24  **II.    Proposed Case Schedule**

25    In light of the foregoing, the parties propose the following case schedules:

26

| Event | Plaintiffs' Proposal | Defendant's Proposal |
|-------|---------------------|---------------------|
| Deadline for fact discovery | December 15, 2017 | Same |

27

28

| Event | Plaintiffs' Proposal | Defendant's Proposal |
|-------|---------------------|---------------------|
| Expert discovery | December 15, 2017- April 19, 2018 | Same |
| Opening expert reports | January 25, 2018 | January 12, 2018 |
| Responsive expert reports | March 7, 2018 | March 2, 2018 |
| Completion of expert depositions | April 19, 2018 | April 15, 2018 |
| Deadline for motions for class certification and dispositive motions | January 25, 2018 | May 18, 2018 |
| Deadline for any oppositions to motions for class certification or dispositive motions | March 7, 2018 | June 18, 2018 |
| Deadline for any replies in support of motions for class certification or dispositive motions | April 19, 2018 | July 18, 2018 |
| Final pre-trial conference | June 15, 2018 at 1:30 p.m. | September 13, 2018, 1:30 p.m. |
| Jury trial date | July 9, 2018 | October 9, 2018 |

Facebook's Position: The parties agree on a December 15, 2017 deadline for fact discovery. However, they disagree regarding the timeline for expert discovery.  Plaintiffs propose a deadline of April 19, 2018 for expert discovery—but they propose that motions for class certification and dispositive motions be filed by January 25, 2018.   Plaintiffs' proposal contemplates that they will provide their experts' reports or declarations for the first time as attachments to their motions for class certification and/or summary judgment; only then would Facebook have the opportunity to depose their experts and prepare rebuttal reports, while simultaneously preparing its opposition to certification and any briefing on dispositive motions.  This approach is both unfair and unworkable. As reflected in Facebook's proposal, expert discovery should be completed before these motions are filed, for at least two reasons.

First, the parties may file *Daubert* motions in connection with either class certification or summary judgment.  *See Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 982 (9th Cir. 2011); *McLaughlin on Class Actions* § 3:14 (10th ed. 2013) ("The Supreme Court's decisions reversing class certification in [*Dukes*] and [*Comcast*] should remove any vestigial doubt about the appropriateness of full-blown *Daubert* analysis at the class certification stage."). Under Plaintiffs' proposal, however, *Daubert* issues would not be ripe until after the briefing on class certification and

1   dispositive motions has closed.  In addition, Plaintiffs' proposed schedule would improperly

2   preclude either side from pursuing summary judgment before class certification.

3           Second, in moving for class certification and/or summary judgment, Plaintiffs will almost

4   certainly rely on expert opinion testimony derived from an ongoing, multiple-week review of

5   millions of lines of Facebook's source code.  It would be all but impossible, as Plaintiffs' proposal

6   contemplates, for Facebook to analyze Plaintiffs' experts' reports; depose the experts; prepare

7   responsive reports from its own experts; and simultaneously brief class certification and any

8   dispositive motions—all during just a single six-week period.  In this case, where Plaintiffs are

9   seeking hundreds of millions of dollars in statutory damages, Facebook must be afforded a full

10  opportunity to address their experts' opinions in an orderly fashion.  Scheduling expert disclosures

11  and related expert discovery before class certification and dispositive motions is the most efficient

12  and fairest way to proceed.

13          Plaintiffs' Position: Plaintiffs' proposed schedule is fair to both sides and accommodates

14  Facebook's speculative concerns.  Four months of expert discovery is more than enough.  Six weeks

15  is plenty time to depose an expert and write a brief.  The source code is Facebook's own.  Facebook

16  simply wants to delay trial.  Plaintiffs want trial in July.

17

18  DATED:  August 31, 2017                  ROBBINS GELLER RUDMAN
                                               & DOWD LLP
19                                          SHAWN A. WILLIAMS
                                            DAVID W. HALL
20                                          AMANDA M. FRAME

21

22                                                 /s/ David W. Hall
                                            DAVID W. HALL
23

24                                          Post Montgomery Center
                                            One Montgomery Street, Suite 1800
25                                          San Francisco, CA  94104
                                            Telephone:  415/288-4545
26                                          415/288-4534 (fax)

27

28

1

2          ROBBINS GELLER RUDMAN
             & DOWD LLP
3          PAUL J. GELLER*
           STUART A. DAVIDSON*
4          MARK DEARMAN*
           CHRISTOPHER C. MARTINS*
           120 East Palmetto Park Road, Suite 500
5          Boca Raton, FL  33432
           Telephone:  561/750-3000
6          561/750-3364 (fax)

7          ROBBINS GELLER RUDMAN
             & DOWD LLP
8          TRAVIS E. DOWNS III
           655 West Broadway, Suite 1900
9          San Diego, CA  92101
           Telephone:  619/231-1058
10         619/231-7423 (fax)

11         LABATON SUCHAROW LLP
           JOEL H. BERNSTEIN*
12         CORBAN S. RHODES*
           ROSS M. KAMHI*
13         140 Broadway
           New York, NY  10005
14         Telephone:  212/907-0700
           212/818-0477 (fax)

15
           EDELSON PC
16         JAY EDELSON*
           350 North LaSalle Street, Suite 1300
17         Chicago, IL  60654
           Telephone:  312/589-6370
18         312/589-6378 (fax)

19         Attorneys for In re Facebook Biometric Info.
           Plaintiffs and the Putative Class
20
21         * = Admitted *pro hac vice*

22
   DATED:  August 31, 2017          CAREY RODRIGUEZ MILIAN
23                                     GONYA, LLP
                                     DAVID P. MILIAN
24                                   FRANK S. HEDIN

25

26                                       /s/ Frank S. Hedin
                                        FRANK S. HEDIN
27

28

1395 Brickell Avenue, Suite 700
Miami, FL  33131
fhedin@careyrodriguez.com
dmilian@careyrodriguez.com
Telephone: 305/371-7474
305/372-7475 (fax)

BOTTINI & BOTTINI, INC.
FRANK A. BOTTINI, JR.
ALBERT Y. CHANG|
YURY A. KOLESNIKOV
7817 Ivanhoe Avenue, Suite 102
La Jolla, CA  92037
fbottini@bottinilaw.com
achang@bottinilaw.com
ykolesnikov@bottinilaw.com
Telephone:  858/914-2001
858/914-2002 (fax)

Attorneys for Plaintiff Frederick William Gullen,
and the Putative Class of Non-Users

DATED:  August 31, 2017

MAYER BROWN LLP
JOHN NADOLENCO

LAUREN R. GOLDMAN (*pro hac vice*)


_____
/s/ John Nadolenco
JOHN NADOLENCO

350 South Grand Avenue, 25th Floor
Los Angeles, CA 90071-1503
Telephone: 213/229-9500
213/625-0248 (fax)

Attorney for Defendant Facebook, Inc.

## ATTESTATION

I, John Nadoleco, hereby attest, pursuant to N.D. Cal. Local Rule 5-1(i)(3), that concurrence to the filing of this document has been obtained from each signatory.

_____
/s/ John Nadolenco
JOHN NADOLENCO

1

<u>CERTIFICATE OF SERVICE</u>

2

     I hereby certify that on August 31, 2017, I authorized the electronic filing of the foregoing

3

with the Clerk of the Court using the CM/ECF system which will send notification of such filing to

4

the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I

5

caused to be mailed the foregoing document or paper via the United States Postal Service to the non-

6

CM/ECF participants indicated on the attached Manual Notice List.

7

     I certify under penalty of perjury under the laws of the United States of America that the

8

foregoing is true and correct.  Executed on August 31, 2017.

9

                                 /s/ John Nadolenco
                                     JOHN NADOLENCO

10

11

                                   MAYER BROWN LLP
                                   350 South Grand Avenue, 25th Floor

12

                                   Los Angeles, CA 90071-1503
                                   Telephone: 213/229-9500

13

                                   213/625-0248 (fax)

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28