MAYER BROWN LLP
John Nadolenco (SBN 181128)
350 South Grand Avenue, 25th Floor
Los Angeles, CA 90071-1503
Telephone: (213) 229-9500
jnadolenco@mayerbrown.com

Lauren R. Goldman (*pro hac vice*)
1221 Avenue of the Americas
New York, NY 10020
Telephone: (212) 506-2647
lrgoldman@mayerbrown.com

*Counsel for Defendant Facebook, Inc.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE FACEBOOK BIOMETRIC INFORMATION PRIVACY LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | Master Docket No.: 3:15-CV-03747-JD<br><br>**DEFENDANT FACEBOOK, INC.'S ADMINISTRATIVE MOTION TO AMEND THE SCHEDULING ORDER**<br><br>Hon. James Donato |
| FREDERICK WILLIAM GULLEN, on behalf of himself and all others similarly situated,<br><br>         Plaintiff,<br><br>  v.<br><br>FACEBOOK, INC.,<br><br>         Defendant. | Case No. 3:16-cv-00937-JD |

Pursuant to Civil Local Rule 7-11, Defendant Facebook, Inc. ("Facebook") respectfully submits this administrative motion to amend the scheduling order to conform to the sequence set forth by the Court at the September 7, 2017 status conference. More specifically, the Court stated that expert discovery would be completed prior to briefing on class certification, whereas the scheduling order provides for briefing on class certification prior to expert discovery. Thus, Facebook seeks one simple change to the schedule: The Court should require plaintiffs to file their motions to certify on March 16, 2018—the current due date for filing dispositive motions. This change will not impact any other dates, including the trial date, but permits expert discovery to be completed before any substantive briefing that may require reliance on expert opinions. Facebook requested plaintiffs' consent to this motion on September 20, 2017, but had not received a response as of the filing of this motion. Declaration of John Nadolenco ¶¶ 3-4.

1. In advance of the September 7 status conference, the parties submitted a Joint Case Management Statement setting forth their proposed case schedules. Dkt. 218. Plaintiffs proposed that the deadline for motions for class certification and dispositive motions be set for January 25, 2018, before the deadline for serving responsive expert reports and before the completion of expert depositions. *Id.* at 3. Facebook proposed that the deadline for motions for class certification and dispositive motions be set for June 18, 2018, *after* the completion of expert discovery. *Id.* Facebook explained in the Case Management Statement that plaintiffs' proposal was "both unfair and unworkable" and that "expert discovery should be completed before" either set of motions is filed. *Id.* at 3. Plaintiffs' proposal would effectively prevent the parties from filing *Daubert* motions in connection with either seeking or opposing class certification or summary judgment, would preclude either side from pursuing summary judgment before class certification, and would prejudice Facebook's ability to respond to plaintiffs' motions, which would almost certainly rely on expert opinion testimony. *Id.* at 3-4.

2. On September 7, 2017, the Court held the status conference. *See* Dkt. 222. Facebook's counsel raised the dispute between the parties about whether expert discovery should precede the deadline for class certification and dispositive motions. The Court responded: "I

don't do that. . . . There's going to be close of fact discovery. There's going to be close of expert discovery. **Then you're going to do all of your motions after that.**" *Id.* at 19 (emphasis added). Any other schedule, the Court explained, would be "too chaotic." *Id.* Plaintiffs' counsel responded, "No problem, Your Honor." *Id.*

3. On September 11, 2017, the Court issued an amended scheduling order. Dkt. 223. Under that order, plaintiffs' class certification motion is due on December 8, 2017, more than two weeks before initial expert disclosures; and briefing on the class certification motion is to be completed by January 26, 2018, over a month before the close of expert discovery on March 2, 2018. Dispositive motions are then due on March 16, 2018, after expert discovery is complete.

In accordance with the Court's statement at the hearing, Facebook respectfully requests one amendment to the scheduling order: that the due date for the class certification motions be set on the same date as the dispositive and *Daubert* motions—March 16, 2018, after the close of expert discovery. Facebook believes that this amendment will more accurately reflect the sequence described by the Court at the September 7, 2017 conference and to which plaintiffs did not object.

Facebook interpreted the Court's statements at the hearing to mean that all motions—class certification, *Daubert*, and dispositive motions—would be due after the close of expert discovery. Based on that understanding defense counsel did not seek to articulate and elaborate on the reasons it had identified in the parties' joint Case Management Statement as to why that sequence was the most sensible and fair.

Courts have emphasized the importance of expert discovery on class-certification issues. *See, e.g., In re NCAA Grant-In-Aid Cap Antitrust Litig.*, 311 F.R.D. 532, 539 (N.D. Cal. 2015) ("[R]ecent changes in the law, which require consideration of the merits of a case on a class certification motion . . . are resulting in a perceived need for more discovery and expert testimony before class certification than was the case in years past."). And given the parties' expected reliance on expert opinion, it may well be appropriate to hear *Daubert* motions in

FACEBOOK'S ADMINISTRATIVE MOTION TO AMEND THE SCHEDULING ORDER;
MASTER CASE NO. 3:15-CV-03747-JD & CASE NO. 3:16-CV-00937-JD

connection with class certification. *See Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 982 (9th Cir. 2011); *McLaughlin on Class Actions* § 3:14 (10th ed. 2013) ("The Supreme Court's decisions reversing class certification in [*Dukes*] and [*Comcast*] should remove any vestigial doubt about the appropriateness of full-blown *Daubert* analysis at the class certification stage."). Accordingly, completion of expert discovery is a necessary precondition to full briefing and consideration of the class certification issues.

Additionally, consolidating the due dates for class certification and dispositive motions after the close of expert discovery may facilitate efficient resolution of the case. This litigation presents fundamental legal issues that logically may require resolving before any decision on class certification, including whether Facebook's technology produces a "scan of face geometry" under BIPA. If Facebook is entitled to summary judgment on plaintiffs' claims, there will be no need to decide whether a class should be certified. *See, e.g., Eller v. EquiTrust Life Ins. Co.*, 778 F.3d 1089, 1092 (9th Cir. 2015) (district court granted defendant's motion for summary judgment and then "denied class certification as moot"); *Wright v. Schock*, 742 F.2d 541, 543-44 (9th Cir. 1984) ("Under the proper circumstances—where it is more practicable to do so and where the parties will not suffer significant prejudice—the district court has discretion to rule on a motion for summary judgment before it decides the certification issue."); *cf. Wal-Mart Stores, Inc. v. Dukes*, 564 US. 338, 351 (2011) ("The class determination generally involves considerations that are enmeshed in the factual and legal issues comparison the plaintiff's cause of action.") (internal quotation marks and brackets omitted).

Plaintiffs will not be prejudiced by such an amendment to the scheduling order. In their portion of the Case Management Statement, plaintiffs provided no meaningful response to Facebook's arguments for scheduling the completion of expert discovery prior to all motions practice. And at the status conference, plaintiffs did not object when the Court explained that expert discovery should occur before briefing on class certification or summary judgment; to the

contrary, plaintiffs' counsel affirmatively represented that they had "[n]o problem" with that schedule. Dkt. 222 at 19.

Accordingly, Facebook respectfully requests that its motion to amend the scheduling order be granted. Only one change is required: that the Court order that plaintiffs file any motion to certify a class on March 16, 2018 instead of on December 8, 2017. That simple change will allow the parties to brief all of the issues with the benefit of necessary expert discovery—without changing the May 21, 2018 trial date or other dates.

Dated: September 22, 2017            MAYER BROWN LLP

By: */s/ John Nadolenco*
    John Nadolenco
    Lauren R. Goldman

*Counsel for Defendant Facebook, Inc.*