MAYER BROWN LLP
John Nadolenco (SBN 181128)
350 South Grand Avenue, 25th Floor
Los Angeles, CA 90071-1503
Telephone: (213) 229-9500
jnadolenco@mayerbrown.com

Lauren R. Goldman (*pro hac vice*)
1221 Avenue of the Americas
New York, NY 10020
Telephone: (212) 506-2647
lrgoldman@mayerbrown.com

*Counsel for Defendant Facebook, Inc.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE FACEBOOK BIOMETRIC INFORMATION PRIVACY LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS<br>_____<br><br>FREDERICK WILLIAM GULLEN, on behalf of himself and all others similarly situated,<br><br>        Plaintiff,<br><br>  v.<br><br>FACEBOOK, INC.,<br><br>        Defendant. | Master Docket No.: 3:15-CV-03747-JD<br><br>**DEFENDANT FACEBOOK, INC.'S REPLY IN SUPPORT OF ITS ADMINISTRATIVE MOTION TO AMEND THE SCHEDULING ORDER**<br><br>Hon. James Donato<br><br><br><br>Case No. 3:16-cv-00937-JD |

Pursuant to Civil Local Rule 7-11, Defendant Facebook, Inc. ("Facebook") respectfully seeks leave to submit this reply in support of its administrative motion to amend the scheduling order to conform to the sequence set forth by the Court at the September 7, 2017 status conference.

Plaintiffs' claim (Dkt. 225 at 1) that Facebook never raised expert concerns specific to class certification is directly contradicted by the record. Facebook expressly set forth its position that "expert discovery should be completed before these [class certification and summary judgment] motions are filed" in the joint Case Management Statement filed with the Court. Dkt. 218 at 3. In support of its position, Facebook cited the virtual certainty that plaintiffs would rely on expert testimony "in moving for class certification and/or summary judgment" and authorities recognizing that *Daubert* motions are appropriately heard in connection with class certification. *Id.* at 3-4 (citing *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 982 (9th Cir. 2011); *McLaughlin on Class Actions* § 3:14 (10th ed. 2013)). In neither the Case Management Statement nor their opposition to Facebook's administrative motions did plaintiffs dispute that they would rely on expert testimony in moving for class certification or that the Court should hear *Daubert* motions in connection with class certification. *Id.* at 4.

Furthermore, plaintiffs' claim that class certification should be "straightforward" (Dkt. 225 at 1) is belied by their own statements to the Court at the September 7, 2017 hearing. In their class certification motions, plaintiffs have the burden of proving that at all times and with respect to all potential class members, Facebook's technology operated in a way that brought it within the scope of BIPA. As plaintiffs represented to the Court, "[t]he sheer volume of [Facebook's] source code and its complexity, as [they] learned from [their] experts . . . necessitated eight weeks" of review so that they could present "expert opinion . . . how the technology works." Dkt. 222 at 20-21.

Accordingly, Facebook respectfully requests that its motion to amend the scheduling order—which would not change the May 21, 2018 trial date or other dates—be granted.

| | | |
|---|---|---|
| 1 | Dated: September 27, 2017 | MAYER BROWN LLP |
| 2 | | By: */s/ John Nadolenco* |
| 3 | | John Nadolenco<br>Lauren R. Goldman |
| 4 | | *Counsel for Defendant Facebook, Inc.* |