MAYER BROWN LLP
John Nadolenco (SBN 181128)
350 South Grand Avenue, 25th Floor
Los Angeles, CA 90071-1503
Telephone: (213) 229-9500
jnadolenco@mayerbrown.com

Lauren R. Goldman (*pro hac vice*)
1221 Avenue of the Americas
New York, NY 10020
Telephone: (212) 506-2647
lrgoldman@mayerbrown.com

*Counsel for Defendant Facebook, Inc.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE FACEBOOK BIOMETRIC INFORMATION PRIVACY LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br>ALL ACTIONS<br>_____<br>FREDERICK WILLIAM GULLEN, on behalf of himself and all others similarly situated,<br>　　　　　　Plaintiff,<br>　　v.<br>FACEBOOK, INC.,<br>　　　　　　Defendant. | **DEFENDANT FACEBOOK, INC.'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>Master Docket No.: 3:15-CV-03747-JD<br><br>Date: January 25, 2018<br>Time: 10:00 a.m.<br>Location: Courtroom 11<br><br>[*Declaration and Proposed Order filed concurrently herewith*]<br><br>Case No. 3:16-cv-00937-JD |

Pursuant to Civil Local Rules 7-11 and 79-5, the Stipulated Protective Order in this action (Dkt. 88), and the Court's Standing Order for Civil Cases, defendant Facebook, Inc. ("Facebook") respectfully requests that the Court seal certain documents filed in support of its motion for summary judgment. Facebook is concurrently filing the declarations of Omry Yadan and John Nadolenco in support of this motion that identify the specific portions of the documents sought to be sealed and the bases for sealing.

## I. LEGAL STANDARD

Filings under seal are "the primary means by which the courts ensure full disclosure of relevant information, while still preserving the parties' (and third parties') legitimate expectation that confidential business information, proprietary technology and trade secrets will not be publicly disseminated." *In re Adobe Sys., Inc., Sec. Litig.*, 141 F.R.D. 155, 161-62 (N.D. Cal. 1992). Sealing of dispositive motion papers is proper where the motion to seal is supported by "compelling reasons." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). Compelling reasons exist when "court files might have become a vehicle for improper purposes," including the release of trade secrets. *Id*. "Where a party shows that its documents contain sources of business information that might harm its competitive standing, the need for public access to the records is lessened." *Algarin v. Maybelline, LLC*, 2014 WL 690410, at *3 (S.D. Cal. Feb. 21, 2014) (granting motion to seal under "compelling reasons" standard). Under this standard, a court may order the sealing of records when they contain sensitive business information. *Herron v. Best Buy Stores, LP*, 2015 WL 5330271, at *3 (E.D. Cal. Sept. 10, 2015); *Rich v. Shrader*, 2013 WL 6190895, at *2 (S.D. Cal. Nov. 26, 2013).

The information that Facebook seeks to seal contains either highly confidential and commercially sensitive information about Facebook's network architecture and Facebook's facial-recognition technology, or confidential personal information. The information that Facebook seeks to seal has been designated by Facebook as either "Highly Confidential – Attorneys' Eyes Only" or "Confidential" under the Protective Order entered in this case. This type of information is regularly sealed because of its confidential and commercially sensitive

nature. *See Apple, Inc. v. Samsung Elecs. Co.*, 2013 WL 3855529, at *2 (N.D. Cal. July 24, 2013) (permitting the sealing of proprietary data and noting that the potential competitive harm outweighed the public's interest in accessing raw data). In addition, plaintiffs also have designated their own deposition transcripts as containing confidential information.

## II. PORTIONS OF THE YADAN DECLARATION SHOULD BE SEALED BECAUSE THEY CONTAIN HIGHLY SENSITIVE TRADE SECRETS AND CONFIDENTIAL INFORMATION

In accordance with Local Rule 79-5 and this Court's Standing Order, Facebook has redacted portions of the Declaration of Omry Yadan in Support of Facebook's Motion for Summary Judgment ("Yadan Declaration") and narrowly seeks to seal only sensitive information. Omry Yadan is a software engineer with extensive knowledge about Facebook's network architecture and Facebook's facial-recognition technology. The Yadan Declaration discusses trade secrets and commercially sensitive information, the disclosure of which would cause Facebook competitive harm. "A trade secret may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (internal citations and quotations omitted). "One factor that weighs in favor of sealing documents is when the release of the documents will cause competitive harm to a business." *Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1221 (Fed. Cir. 2013); *see also Nat'l Labor Relations v. CEMEX, Inc.*, 2009 WL 5184695, at *2 (D. Ariz. Dec. 22, 2009), *as amended* (Feb. 1, 2010); *Morawski v. Lightstorm Entm't, Inc.*, 2013 WL 12122289, at *2 (C.D. Cal. Jan. 14, 2013) ("The protection of proprietary business information . . . is a compelling reason to permit the filing of documents under seal").

In his declaration, Mr. Yadan addresses Facebook's network architecture and the way in which those systems interact with and support Facebook's facial-recognition technology. Mr. Yadan also describes how Facebook's facial-recognition technology works, and how that technology is applied to photographs uploaded to Facebook. Facebook has designated this

information "Confidential" or "Highly Confidential – Attorneys' Eyes Only" under the Protective Order. Moreover, Facebook has otherwise maintained this sealed information as confidential and has safeguarded this information from public disclosure. *See* Yadan Decl. ¶ 34. Its public release would cause Facebook harm by providing competitors—particularly those who also use facial recognition—with insight into how Facebook designs its computer systems and its proprietary facial-recognition technology. *Id.* Further, public disclosure of information related to Facebook's network architecture and how its architecture is used in connection with facial recognition could put Facebook and the people who use Facebook at increased risk of cyber attack by malicious actors. *Id.* For these reasons, among others, Facebook takes steps to ensure that the information set forth in the Yadan Declaration is not disclosed to competitors or otherwise made publicly known. *Id.* Thus, the requested portions of the Yadan Declaration should be maintained under seal.

### III. CERTAIN EXHIBITS TO THE YADAN DECLARATION SHOULD BE SEALED BECAUSE THEY CONTAIN HIGHLY SENSITIVE TRADE SECRETS AND CONFIDENTIAL INFORMATION

Facebook also seeks to seal Exhibits 2, 3, 4, 5, and 6 to the Yadan Declaration. Exhibit 2 to the Yadan Declaration contains the names and Facebook user IDs associated with individuals who are not parties to this lawsuit and have not consented to the public disclosure of their personal information related to their use of Facebook. Yadan Decl. ¶ 29. Facebook considers the information contained in Exhibit 2 that identifies Facebook users and their activities on Facebook to be non-public information, and takes steps to prevent such information from becoming publicly available or available to people outside of Facebook. *Id.* Thus, Exhibit 2 to the Yadan Declaration should remain under seal.

Exhibit 3 to the Yadan Declaration contains confidential information related to both (a) the network architecture of Facebook's computer systems, and (b) the way in which those systems interact with and support Facebook's facial-recognition technology. Yadan Decl. ¶ 35(a). Exhibit 4 to the Yadan Declaration contains confidential information regarding research

and development work being performed by Facebook's Applied Machine Learning ("AML") team. *Id.* ¶ 35(b). Exhibit 5 to the Yadan Declaration references details about Facebook's image processing system that are considered proprietary and confidential. *Id.* ¶ 35(c). Exhibit 6 to the Yadan Declaration references details about Facebook's photo tagging system that are considered proprietary and confidential. *Id.* ¶ 35(d). Accordingly, Exhibits 3, 4, 5, and 6 to the Yadan Declaration should remain under seal.

## IV. THE COURT SHOULD SEAL EXCERPTS FROM THE TAIGMAN AND YADAN DEPOSITION TRANSCRIPTS

Facebook witness Yaniv Taigman also testified about Facebook's proprietary facial-recognition technology, its network architecture and the way in which Facebook's systems interact with and support Facebook's facial-recognition technology. Mr. Taigman further testified concerning how Facebook applies its facial-recognition technology to photographs uploaded to Facebook. *See* Declaration of John Nadolenco in Support of Facebook's Administrative Motion to Seal ("Nadolenco Admin. Mot. Decl.") ¶ 14. Likewise, as with his declaration, the deposition transcript of Omry Yadan contains information relating to Facebook's network architecture, the way in which those systems interact with and support Facebook's facial-recognition technology, and how Facebook applies its facial-recognition technology to photographs uploaded to Facebook. *Id.* This information has been designated "Highly Confidential – Attorneys' Eyes Only" in accordance with the Protective Order and has not been disclosed to third parties. The disclosure of this information would cause competitive harm to Facebook by providing direct insight into highly confidential, proprietary, and competitively sensitive aspects of Facebook's proprietary technology and its internal business processes and strategies. Yadan Decl. ¶ 34; Nadolenco Admin. Mot. Decl. at ¶¶ 15. Public release of this information would cause Facebook harm by providing competitors—particularly those who also use facial recognition—with insight into how Facebook designs its computer systems and its proprietary facial-recognition technology. Yadan Decl. ¶ 34; Nadolenco Admin. Mot. Decl. at ¶ 15. Further, public disclosure of information related to the details of Facebook's network

architecture could put Facebook and the people who use Facebook at increased risk of cyber attack by malicious actors. Yadan Decl. ¶ 34. Accordingly, the Court should seal the relevant portions of the Taigman and Yadan deposition transcripts.

## V. PORTIONS OF FACEBOOK'S MOTION FOR SUMMARY JUDGMENT SHOULD BE SEALED BECAUSE THEY CONTAIN CONFIDENTIAL AND SENSITIVE INFORMATION

In accordance with Local Rule 79-5 and this Court's standing order, Facebook has redacted portions of its Motion for Summary Judgment and its Supplemental Brief in Support of Motion for Summary Judgment in the *Gullen v. Facebook, Inc.*, No. 3:16-CV-00937-JD that discuss the sensitive information referenced above, and has done so narrowly. The redacted portions of the Motion for Summary Judgment and Supplemental Brief reference or quote information contained in the portions of the Yadan Declaration, the exhibits, and deposition transcripts Facebook seeks to seal, and should be sealed for the same reasons. Nadolenco Admin. Mot. Decl. ¶¶ 18-19.

## VI. PLAINTIFFS HAVE DESIGNATED THEIR DEPOSITION TRANSCRIPTS AS CONFIDENTIAL

Plaintiff Frederick Gullen has designated the transcript of his deposition in this matter as "confidential" pursuant to the Protective Order. In light of that designation, Facebook seeks to provisionally file excerpts of plaintiff Gullen's deposition (Exhibit 7 to the Declaration of John Nadolenco in Support of Facebook's Motion for Summary Judgment) under seal in accordance with Local Rule 79-5(e). *See* Nadolenco Admin. Mot. Decl. ¶¶ 16-17.

## VII. CONCLUSION

Facebook respectfully requests that the Court grant its administrative motion.

Dated:  December 8, 2017			MAYER BROWN LLP

						By: */s/ John Nadolenco*
						    John Nadolenco
						    Lauren R. Goldman

						*Counsel for Defendant Facebook, Inc.*