MAYER BROWN LLP
John Nadolenco (SBN 181128)
350 South Grand Avenue, 25th Floor
Los Angeles, CA 90071-1503
Telephone: (213) 229-9500
jnadolenco@mayerbrown.com

Lauren R. Goldman (*pro hac vice*)
1221 Avenue of the Americas
New York, NY 10020
Telephone: (212) 506-2647
lrgoldman@mayerbrown.com

*Counsel for Defendant Facebook, Inc.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE FACEBOOK BIOMETRIC INFORMATION PRIVACY LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS<br>———————————————<br>FREDERICK WILLIAM GULLEN, on behalf of himself and all others similarly situated,<br><br>         Plaintiff,<br><br>    v.<br><br>FACEBOOK, INC.,<br><br>         Defendant. | **DECLARATION OF JOHN NADOLENCO IN SUPPORT OF DEFENDANT FACEBOOK, INC.'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>Master Docket No.: 3:15-CV-03747-JD<br><br>Date: January 25, 2018<br>Time: 10:00 a.m.<br>Location: Courtroom 11<br><br>Hon. James Donato<br><br>[*Administrative Motion and Proposed Order filed concurrently herewith*]<br><br>Case No. 3:16-cv-00937-JD |

I, John Nadolenco, hereby declare as follows:

1. I am an attorney licensed to practice before the courts of the State of California and this Court. I am a partner with the law firm of Mayer Brown LLP, counsel for defendant Facebook, Inc. ("Facebook") in the above-captioned matter.

2. I make this declaration on my own personal knowledge and, if called upon as a witness to do so, I could and would competently testify as to the matters set forth herein.

3. Pursuant to Local Rule 79-5(d)(1)(A) and (e), and Paragraph 26 of the Court's Standing Order for Civil Cases, I submit this Declaration in support of Facebook's administration motion to file under seal ("Motion to Seal"), filed concurrently with this declaration, and to explain why compelling circumstances warrant granting the Motion to Seal.

4. Facebook moves to maintain the confidentiality of certain documents that (a) Facebook has designated as containing (i) highly sensitive information related to Facebook's network architecture and Facebook's facial-recognition technology; or (ii) confidential personal information; and (b) pursuant to Local Rule 79-5(e), information that plaintiffs have designated as being confidential.

5. Specifically, Facebook has moved to seal the following:

   a. Limited portions of the Declaration of Omry Yadan in Support of Facebook's Motion for Summary Judgment ("Yadan Declaration"). These portions are located at paragraphs 4, 9, 11, 13-25, 28, and 31-33;

   b. Exhibits 2, 3, 4, 5, and 6 to the Yadan Declaration;

   c. Excerpts of deposition testimony given by Facebook employees Yaniv Taigman and Omry Yadan, attached as Exhibits 1 and 2 to the Declaration of John Nadolenco in Support of Facebook's Motion for Summary Judgment ("Nadolenco MSJ Declaration"), which have been designated by Facebook as "Highly Confidential – Attorneys' Eyes Only" pursuant to the Stipulated Protective Order (Dkt. 88[1]) entered in these matters;

   d. Excerpts of deposition testimony given by plaintiff Frederick Gullen,

---

[1] Docket references are to *In re Biometric Information Privacy Litig.*, No. 3:15-cv-03747-JD.

1

DECLARATION OF JOHN NADOLENCO IN SUPPORT OF MOTION TO FILE UNDER SEAL;
MASTER CASE NO. 3:15-CV-03747-JD & CASE NO. 3:16-CV-00937-JD

1                   attached as Exhibit 7 to the Nadolenco MSJ Declaration, which plaintiffs

2                   have designated as "Confidential" pursuant to the Protective Order;

3        e. Portions of Facebook's Motion for Summary Judgment and supporting

4                   briefs, submitted herewith in both redacted and unredacted format. These

5                   discrete portions are located at:

6                     i. Page 3, line 20;

7                    ii. Page 4, lines 2-13;

8                   iii. Page 4, lines 14-18;

9                   iv. Page 4, lines 19-22;

10                    v. Page 4, lines 23-27;

11                   vi. Page 5, lines 1-4;

12                  vii. Page 5, lines 6-16; and

13                viii. Page 10, lines 12-24 of Facebook's Motion for Summary

14                   Judgment; and

15                  ix. Page 2, lines 1-3;

16                   x. Page 2, lines 4-5;

17                  xi. Page 2, lines 7-10;

18                 xii. Page 2, lines 17-18;

19                xiii. Page 2, lines 21-22;

20                xiv. Page 4, lines 19-25; and

21                 xv. Page 5, lines 11-16 of Facebook's Supplemental Brief in Support

22                   of its Motion for Summary Judgment in *Gullen v. Facebook, Inc.*,

23                   No. 3:16-CV-00937-JD.

24     6.     The Ninth Circuit has held that sealing of dispositive motion papers is proper

25 where the motion to seal is supported by "compelling reasons" such as protecting trade secrets.

26 *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). *See also Morawski*

27 *v. Lightstorm Entm't, Inc.*, 2013 WL 12122289, at *2 (C.D. Cal. Jan. 14, 2013) ("The protection

28

of proprietary business information and prospective business plans is a compelling reason to permit the filing of documents under seal"); *Bauer Bros. LLC v. Nike, Inc.*, 2012 WL 1899838, *2 (S.D. Cal. May 24, 2012) (same).

7. In the Yadan Declaration, filed concurrently with this Motion to Seal, Mr. Yadan has set forth additional reasons that explain why compelling circumstances exist to maintain the materials that are subject to this Motion under seal. *See* Yadan Decl. ¶ 34.

8. On December 8, 2017, at approximately 10:38 a.m. local time, Facebook proposed that plaintiffs enter into a stipulation with Facebook concerning its Motion to Seal. Plaintiffs had not responded to Facebook's proposal by the time that this Motion to Seal was filed.

**Portions of the Yadan Declaration and Exhibits 3-6**

9. Paragraphs 4, 9, 11, 14-16, 20-25, 28, and 31-33 of the Yadan Declaration contain information relating to the details of Facebook's network architecture and its facial-recognition technology, which Facebook has designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Protective Order.

10. In addition, Exhibits 3-6 to the Yadan Declaration are copies of Facebook business records that discuss: (i) confidential information related to both the network architecture of Facebook's computer systems and the way in which those systems interact with and support Facebook's facial-recognition technology (Exhibit 3 to Yadan Declaration); (ii) confidential information regarding research and development work being performed by Facebook's Applied Machine Learning ("AML") team (Exhibit 4 to Yadan Declaration); (iii) proprietary and confidential details about Facebook's image processing system (Exhibit 5 to Yadan Declaration); and (iv) proprietary and confidential details about Facebook's photo tagging system (Exhibit 6 to Yadan Declaration). Each of these documents has been produced by Facebook in this litigation and designated as "Highly Confidential – Attorneys' Eyes Only" pursuant to the Protective Order.

11. Facebook's compelling reasons to seal these records are detailed in paragraph 34

of the Yadan Declaration, namely, that public release of this information would cause Facebook harm by providing competitors with insight into how Facebook designs its computer systems and its proprietary facial-recognition technology. *See* Yadan Decl. ¶ 34.

**Exhibit 2 to the Yadan Declaration**

12. Facebook seeks to seal Exhibit 2 to the Yadan Declaration, which is a summary of information related to two photos uploaded to Facebook that were produced during discovery by plaintiff Frederick Gullen, GULLEN-000001 and GULLEN-000002. *See* Yadan Decl. ¶¶ 26-29. As further detailed in the Yadan Declaration, Exhibit 2 contains information that identifies non-party Facebook users and their activities on Facebook in connection with GULLEN-000001 and GULLEN-000002. *Id.* ¶¶ 28-29. Facebook considers this information about its users to be non-public and takes steps to prevent the information from becoming publicly available or available to people outside of Facebook. *Id.* ¶ 29.

**Exhibits 1 and 2 to the Nadolenco MSJ Declaration**

13. Facebook seeks to seal limited excerpts of the deposition transcripts of Facebook employees Yaniv Taigman and Omry Yadan, attached as Exhibits 1 and 2 to the Nadolenco MSJ Declaration.

14. In their depositions, Mr. Taigman and Mr. Yadan both testified in detail about Facebook's network architecture, how Facebook's proprietary facial-recognition technology works, and the way in which Facebook's computer systems interact with and support Facebook's facial recognition technology. These portions of Mr. Yadan and Mr. Taigman's depositions have been designated by Facebook as "Highly Confidential – Attorneys' Eyes Only" pursuant to the Protective Order.

15. Generally speaking, the excerpts from Mr. Yadan and Mr. Taigman's depositions included as Exhibits 1 and 2 reflect the same subject matter addressed in the paragraphs of the Yadan Declaration that are subject to this Motion to Seal, and should be sealed for much the same reasons. *See* Yadan Decl. ¶ 34.

**Exhibit 7 Attached to the Nadolenco MSJ Declaration**

16. In accordance with Local Rule 79-5(e), Facebook seeks to file under seal excerpts from the deposition of plaintiff Frederick Gullen, attached as Exhibit 7 to the Declaration of John Nadolenco in Support of Facebook's Motion for Summary Judgment, which has been designated as "Confidential" by plaintiff Gullen pursuant to the Protective Order.

17. Facebook respectfully takes no position on whether the testimony designated as "Confidential" in Exhibit 7 satisfies the requirements for sealing.

**Facebook's Motion for Summary Judgment and Supplemental Brief in the *Gullen* Action**

18. In accordance with Local Rule 79-5(d)(1) and Paragraph 25 of this Court's Standing Order, Facebook has redacted certain portions of its Motion for Summary Judgment and supporting briefs that reference or discuss the information identified above that Facebook seeks to maintain under seal, or which reference material designated by plaintiffs as "Confidential."

19. As such, the same compelling reasons as stated above exist to seal these records.

I declare under penalty of perjury under the law of the State of California and the United States that the foregoing is true and correct.

Executed this 8th day of December, 2017, in Los Angeles, California.

*/s/ John Nadolenco*
John Nadolenco