1   ROBBINS GELLER RUDMAN & DOWD LLP
    SHAWN A. WILLIAMS (213113)
2   One Montgomery Street, Suite 1800
    San Francisco, CA  94104
3   Telephone:  415/288-4545
    415/288-4534 (fax)
4   shawnw@rgrdlaw.com

5   LABATON SUCHAROW LLP                    CAREY RODRIGUEZ MILIAN
    JOEL H. BERNSTEIN                          GONYA, LLP
6   (Admitted *pro hac vice*)               DAVID P. MILIAN
    140 Broadway                            (Admitted *pro hac vice*)
7   New York, NY  10005                     1395 Brickell Avenue, Suite 700
    Telephone:  212/907-0700                Miami, FL  33131
8   212/818-0477 (fax)                      Telephone: 305/371-7474
    jbernstein@labaton.com                  305/372-7475 (fax)
9                                           dmilian@careyrodriguez.com

10  EDELSON PC
    JAY EDELSON (Admitted *pro hac vice*)
11  350 North LaSalle Street, Suite 1300
    Chicago, IL  60654
12  Telephone:  312/589-6370
    jedelson@edelson.com
13  312/589-6378 (fax)

14  Attorneys for Plaintiffs
    [Additional counsel appear on signature page.]
15
                      UNITED STATES DISTRICT COURT
16                  NORTHERN DISTRICT OF CALIFORNIA
                       SAN FRANCISCO DIVISION
17

18  In re FACEBOOK BIOMETRIC          )   Master File No. 3:15-cv-03747-JD
    INFORMATION PRIVACY LITIGATION    )
                                      )   PLAINTIFFS' ADMINISTRATIVE
19  ─────────────────────────────────)   MOTION TO SUMMARILY DENY OR
                                      )   CONTINUE FACEBOOK, INC.'S MOTION
20  This Document Relates To:         )   FOR SUMMARY JUDGMENT FILED IN
                                      )   VIOLATION OF THE COURT'S RULE 16
21       ALL ACTIONS.                 )   SCHEDULING ORDER
                                      )
22  ─────────────────────────────────)
    FREDERICK W. GULLEN, Individually and )
23  on Behalf of All Others Similarly Situated, )   Case No. 3:16-cv-00937-JD
                                      )
                          Plaintiff,  )
24                                    )
         vs.                          )
25                                    )
    FACEBOOK, INC.,                   )
26                                    )
                          Defendant.  )
27  ─────────────────────────────────)

28

1337449_1

1
## I.     INTRODUCTION

2      Pursuant to Rules 16 and 56 of the Federal Rules of Civil Procedure, Civil Local Rule 7-11

3 and this Court's Standing Order for Civil Cases, Plaintiffs[1] hereby move to summarily deny or

4 continue Defendant Facebook, Inc.'s ("Facebook") December 8, 2017 Motion for Summary

5 Judgment Based on Illinois' Extraterritoriality Doctrine and the Dormant Commerce Clause (ECF

6 No. 257) ("Facebook's Motion").  Facebook's Motion is premature and in violation of the Court's

7 September 11, 2017 Amended Scheduling Order (ECF No. 223) ("Amended Scheduling Order"), as

8 it relies directly and substantially on highly technical evidence concerning the inner-workings of

9 Facebook's facial recognition process that will be the subject of forthcoming expert discovery, and

10 yet Facebook filed its motion before such expert discovery has even begun and more than three

11 months before the date designated for the filing of summary judgment.  *Id*. Facebook's Motion is

12 also futile as it appears to seek relief on the basis of an affirmative defense that it has not pleaded

13 and therefore waived.  Accordingly, and as detailed below, Facebook's Motion should be summarily

14 denied or continued until after the close of expert discovery, such that the Court and parties can

15 address all summary judgment grounds at once on a complete evidentiary record.[2]

16
## II.    ARGUMENT

17
### A.     Plaintiffs' Response to Facebook's Motion Requires the Completion of Expert Analysis Contemplated by the September 11, 2017 Amended
18 ### Scheduling Order

19      Facebook's Motion rests on complex disputed facts requiring expert discovery that has not

20 even begun.  Despite the Court's clear Amended Scheduling Order and admonitions against chaotic

21 summary judgment proceedings, on December 8, 2017, Facebook's Motion leapfrogged expert

22 discovery, seeking judgment on issues that are clearly the subject of expert analysis and opinion.

23 Indeed, Facebook's Motion purports to assert undisputed facts regarding the very subjects on which

24 experts are expected to opine.  *See*, *e.g.*, Facebook's Motion at 4-5 (raising disputed facts concerning

25

26 [1]   "Plaintiffs" refers to Nimesh Patel, Adam Pezen, Carlo Licata and Frederick William Gullen.

27 [2]   Here, Plaintiffs address the plain procedural impropriety of Facebook's Motion.  In due course, Plaintiffs will make a full showing under Rule 56(d) and, if need be, address the many substantive deficiencies in Facebook's premature motion.
28

1   the processes of face detection, alignment and classification as component parts of facial recognition

2   and collection of biometric data from photos).  *Cf.* Standing Order For Civil Cases Before Judge

3   James Donato, at ¶21 ("Summary judgment motions that involve disputed material facts will usually

4   be denied promptly in a short order.").  These purported factual conclusions about the performance

5   of Facebook's facial recognition technology are based on the declarations of Omry Yadan and

6   deposition testimony of Yaniv Taigman that is the subject of expert analysis.  *See* Facebook's

7   Motion at 10.  The parties' experts still have yet to serve expert reports pursuant to Rule 26 of the

8   Federal Rules of Civil Procedure, and no expert depositions have been taken.  In other words, if

9   Facebook's Motion is allowed to proceed at this time, both sides' experts will still be submitting

10   reports and testifying about precisely the same technical issues that underlie Facebook's present

11   motion ***long after that motion has been fully briefed***.  That is palpably unworkable.  Until Plaintiffs

12   are afforded an opportunity for full expert discovery, summary judgment is plainly unwarranted

13   under Rule 56(d).  *See Burlington N. Santa Fe R.R. Co. v. Assiniboine & Sioux Tribes of Fort Peck*

14   *Reservation*, 323 F.3d 767, 773-74 (9th Cir. 2003) ("the Supreme Court has restated the rule as

15   requiring, rather than merely permitting, discovery 'where the non-moving party has not had the

16   opportunity to discover information that is essential to its opposition'"; thus, where summary

17   judgment is filed "early" a "'continuance . . . for purposes of discovery should be granted almost as a

18   matter of course'") (citations omitted).

19   **B.      Facebook's Motion Is Wildly Premature and in Direct Contravention**
        **of the September 11, 2017 Amended Scheduling Order**

20

21   On August 31, 2017, the parties filed their respective and competing proposals for the

22   scheduling of the remainder of the litigation.  *See* Joint Case Management Statement (ECF No. 218)

23   ("Joint Statement").  Defendant Facebook advocated sequencing summary judgment after class

24   certification and expert discovery.  *See* Joint Statement at 3 ("expert discovery should be completed

25   before [summary judgment] motions are filed").  On September 7, 2017, the Court held a case

26   management conference, during which it made clear to the parties that the Court would not consider

27   summary judgment motions before expert discovery:

28

1
2

> Court: There's going to be close of fact discovery.  There's going to be close of expert discovery.  ***Then you're going to do all of your motions after that***. . . . Otherwise, it's too chaotic.[5]

3  On September 11, 2017, the Court entered the Amended Scheduling Order reflecting the same and

4  setting the date of March 16, 2018 for summary judgment motions:

5  Expert Disclosures:                        December 22, 2017

6  Rebuttal Expert Disclosures:               February 2, 2018

7  Close of Expert Discovery:                 March 2, 2018

8  Dispositive and *Daubert* motions:         March 16, 2018

9  Amended Scheduling Order.[4]

10          Not only is Facebook's Motion in violation of the Amended Scheduling Order, it was filed

11  without notice to Plaintiffs, without meet and confer and makes no attempt to show the good cause

12  necessary to amend the Amended Scheduling Order under Rule 16.  *See Johnson v. Mammoth*

13  *Recreations, Inc.*, 975 F.2d 604 (9th Cir. 1992).  Nor could it.  The Court already considered and

14  rejected the prospect of summary judgment motions before expert discovery.  Sept. 7 Transcript at

15  19:17-21.  Facebook also boldly asserts that it will file yet ***another*** summary judgment motion at the

16  close of expert discovery (Facebook's Motion at 1) exactly the "chaotic" approach to summary

17  judgment the Court admonished the parties it would not do.

18  **C.      Facebook's Motion Is Grounded in an Affirmative Defense It Did Not Plead and Therefore Waived**

19
20          Facebook's Motion is also futile.  Its primary ground is extraterritoriality – an affirmative

21  defense which its Amended Answer, filed nearly one year ago, did not plead.  *See generally*

---

22  [3]   Sept. 7, 2017 Transcript of Proceedings at 19:17-21 (ECF No. 222) ("Sept. 7 Transcript") (emphasis added).

23
24
25
26
27
28  [4]   *See also* Facebook's September 22, 2017 Administrative Motion to Amend the Scheduling Order (ECF No. 224) at 1 (Facebook reiterating position that "dispositive motions be set . . . after the completion of expert discovery" and that "'expert discovery should be completed before'" any such "motions is filed" because to allow summary judgment before expert discovery would be "'both unfair and unworkable'" and "would effectively prevent the parties from filing *Daubert* motions in connection with either seeking or opposing . . . summary judgment . . . which would almost certainly rely on expert opinion testimony"); Facebook's September 27, 2017 Reply in Support of its Administrative Motion to Amend Scheduling Order (ECF No. 226) at 1 (Facebook reiterating its position that "'expert discovery should be completed before . . . summary judgment[] motions are filed'").

PLAINTIFFS' ADMINISTRATIVE MOTION TO SUMMARILY DENY OR CONTINUE FACEBOOK
INC.'S MOTION FOR SUMMARY JUDGMENT - 3:15-cv-03747-JD                              - 3 -

1    Defendant Facebook, Inc.'s Amended Answer and Affirmative Defenses to Plaintiffs' Complaint

2    (ECF No. 169) ("Amended Answer").  Facebook's Motion argues that even "[i]f Facebook's use of

3    facial-recognition technology *did* violate BIPA, that alleged violation took place *outside* Illinois."

4    Facebook's Motion at 1 (some emphasis in original); *H.R.R. Zimmerman Co. v. Tecumseh Prods.*

5    *Co.*, No. 99 C 5437, 2002 U.S. Dist. LEXIS 16911 (N.D. Ill. Sept. 5, 2002) (extraterritoriality under

6    Illinois law is an affirmative defense).  Because Facebook has failed to plead this affirmative defense

7    in its Amended Answer, it is waived.  *See, e.g.*, *Morrison v. Mahoney*, 399 F.3d 1042, 1046 (9th Cir.

8    2005) (a party "is required to raise every defense in its first responsive pleading, and defenses not so

9    raised are deemed waived") (citing Fed. R. Civ. P. 8(c), 12(b),12(g)).  This fact is undisputed and

10   summary denial is warranted.

11   **III.     CONCLUSION**

12            Because Facebook's Motion violates the Amended Scheduling Order, fails to seek

13   amendment of the same and seeks relief on an affirmative defense it did not plead, Plaintiffs

14   respectfully request that Facebook's Motion be summarily denied or continued until expert

15   discovery is complete.

16   DATED:  December 13, 2017                ROBBINS GELLER RUDMAN
                                                & DOWD LLP
17                                          SHAWN A. WILLIAMS
                                           DAVID W. HALL
18

19
                                                   s/Shawn A. Williams
20                                          SHAWN A. WILLIAMS

21                                          Post Montgomery Center
                                           One Montgomery Street, Suite 1800
22                                          San Francisco, CA  94104
                                           Telephone:  415/288-4545
23                                          415/288-4534 (fax)

24

25

26

27

28

1337449_1

PLAINTIFFS' ADMINISTRATIVE MOTION TO SUMMARILY DENY OR CONTINUE FACEBOOK
INC.'S MOTION FOR SUMMARY JUDGMENT - 3:15-cv-03747-JD                    - 4 -

| | |
|---|---|
| 1 | |
| 2 | ROBBINS GELLER RUDMAN<br>  & DOWD LLP<br>PAUL J. GELLER* |
| 3 | STUART A. DAVIDSON*<br>MARK DEARMAN* |
| 4 | CHRISTOPHER C. MARTINS*<br>120 East Palmetto Park Road, Suite 500 |
| 5 | Boca Raton, FL  33432<br>Telephone:  561/750-3000 |
| 6 | 561/750-3364 (fax) |
| 7 | ROBBINS GELLER RUDMAN<br>  & DOWD LLP |
| 8 | TRAVIS E. DOWNS III<br>655 West Broadway, Suite 1900 |
| 9 | San Diego, CA  92101<br>Telephone:  619/231-1058 |
| 10 | 619/231-7423 (fax) |
| 11 | LABATON SUCHAROW LLP<br>JOEL H. BERNSTEIN* |
| 12 | CORBAN S. RHODES*<br>ROSS M. KAMHI* |
| 13 | 140 Broadway<br>New York, NY  10005 |
| 14 | Telephone:  212/907-0700<br>212/818-0477 (fax) |
| 15 | |
| 16 | EDELSON PC<br>JAY EDELSON* |
| 17 | 350 North LaSalle Street, Suite 1300<br>Chicago, IL  60654 |
| 18 | Telephone:  312/589-6370<br>312/589-6378 (fax) |
| 19 | *Attorneys for Plaintiffs Adam Pezen, Carlo Licata<br>and Nimesh Patel and the Putative Class* |
| 20 | |
| 21 | * = Admitted *pro hac vice* |
| 22 | CAREY RODRIGUEZ MILIAN<br>  GONYA, LLP<br>DAVID P. MILIAN |
| 23 | FRANK S. HEDIN<br>1395 Brickell Avenue, Suite 700 |
| 24 | Miami, FL  33131<br>Telephone: 305/371-7474 |
| 25 | 305/372-7475 (fax)<br>fhedin@careyrodriguez.com |
| 26 | dmilian@careyrodriguez.com |
| 27 | |
| 28 | |

1337449_1

PLAINTIFFS' ADMINISTRATIVE MOTION TO SUMMARILY DENY OR CONTINUE FACEBOOK
INC.'S MOTION FOR SUMMARY JUDGMENT - 3:15-cv-03747-JD                    - 5 -

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BOTTINI & BOTTINI, INC.
FRANK A. BOTTINI, JR.
ALBERT Y. CHANG
YURY A. KOLESNIKOV
7817 Ivanhoe Avenue, Suite 102
La Jolla, CA  92037
Telephone:  858/914-2001
858/914-2002 (fax)
fbottini@bottinilaw.com
achang@bottinilaw.com
ykolesnikov@bottinilaw.com

*Attorneys for Plaintiff Frederick William Gullen,
and the Putative Class of Non-Users*

PLAINTIFFS' ADMINISTRATIVE MOTION TO SUMMARILY DENY OR CONTINUE FACEBOOK
INC.'S MOTION FOR SUMMARY JUDGMENT - 3:15-cv-03747-JD                      - 6 -

CERTIFICATE OF SERVICE

I hereby certify that on December 13, 2017, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on December 13, 2017.

s/Shawn A. Williams
SHAWN A. WILLIAMS

ROBBINS GELLER RUDMAN
& DOWD LLP
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
E-mail: shawnw@rgrdlaw.com

# Mailing Information for a Case 3:15-cv-03747-JD In re Facebook Biometric Information Privacy Litigation

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Rafey Sarkis Balabanian**
  rbalabanian@edelson.com,docket@edelson.com

- **James E Barz**
  jbarz@rgrdlaw.com

- **Joel H. Bernstein**
  jbernstein@labaton.com,RKamhi@labaton.com,JGardner@labaton.com,kgutierrez@labaton.com,cvillegas@labaton.com,sauer@labaton.com,electroniccasefiling@labaton.com

- **Stuart Andrew Davidson**
  sdavidson@rgrdlaw.com,5147990420@filings.docketbird.com,jdennis@rgrdlaw.com,e_file_sd@rgrdlaw.com,e_file_fl@rgrdlaw.com

- **Mark Dearman**
  mdearman@rgrdlaw.com,ppuerto@rgrdlaw.com,e_file_sd@rgrdlaw.com,e_file_fl@rgrdlaw.com

- **Mark J. Dearman**
  mdearman@rgrdlaw.com

- **Jay Edelson**
  jedelson@edelson.com,docket@edelson.com

- **Amanda M. Frame**
  aframe@rgrdlaw.com

- **Paul J. Geller**
  pgeller@rgrdlaw.com,swinkles@rgrdlaw.com,e_file_fl@rgrdlaw.com

- **Paul Jeffrey Geller**
  pgeller@rgrdlaw.com

- **Lauren R Goldman**
  lrgoldman@mayerbrown.com,mrayfield@mayerbrown.com,jmarsala@mayerbrown.com

- **David William Hall**
  dhall@rgrdlaw.com,inavarrete@rgrdlaw.com

- **Frank S Hedin**
  fhedin@careyrodriguez.com,dmilian@careyrodriguez.com,lmejia@careyrodriguez.com

- **Lily E. Hough**
  lhough@edelson.com,docket@edelson.com

- **Ross M Kamhi**
  rkamhi@labaton.com,kgutierrez@labaton.com,electroniccasefiling@labaton.com

- **David Philip Milian**
  DMilian@CareyRodriguez.com,ejimenez@careyrodriguez.com,ecf@careyrodriguez.com

- **John Nadolenco**
  jnadolenco@mayerbrown.com,rjohns@mayerbrown.com,los-docket@mayerbrown.com,jaustgen@mayerbrown.com,tstruwe@mayerbrown.com,gtmiller@mayerbrown.com

- **Alexander Nguyen**
  anguyen@edelson.com,docket@edelson.com

- **Archis A. Parasharami**
  aparasharami@mayerbrown.com

- **Archis Ashok Parasharami**
  aparasharami@mayerbrown.com,wdc.docket@mayerbrown.com

- **Matthew David Provance**
  mprovance@mayerbrown.com,courtnotification@mayerbrown.com

- **Corban S Rhodes**
  crhodes@labaton.com,kgutierrez@labaton.com,sauer@labaton.com,electroniccasefiling@labaton.com

- **Benjamin Harris Richman**
  brichman@edelson.com,docket@edelson.com

- **Frank Anthony Richter**
  frichter@rgrdlaw.com

- **Alexander Glenn Tievsky**
  atievsky@edelson.com,docket@edelson.com

- **Shawn A. Williams**
  shawnw@rgrdlaw.com,smorris@rgrdlaw.com,ptiffith@rgrdlaw.com,dhall@rgrdlaw.com,e_file_sd@rgrdlaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

**Vincent        J. Connelly**
Mayer Brown LLP
71 South Wacker Drive
Chicago, IL 60606

**Facebook Inc.**
Cooley LLP
3000 El Camino Real
Five Palo Alto Square
Palo Alto, CA 94306-2155