| | |
|---|---|
| 1 | MAYER BROWN LLP |
| 2 | John Nadolenco (SBN 181128)<br>350 South Grand Avenue |
| 3 | 25th Floor<br>Los Angeles, CA 90071-1503 |
| 4 | Telephone: (213) 229-9500<br>jnadolenco@mayerbrown.com |
| 5 | Lauren R. Goldman (*pro hac vice*) |
| 6 | 1221 Avenue of the Americas<br>New York, NY 10020 |
| 7 | Telephone: (212) 506-2647<br>lrgoldman@mayerbrown.com |
| 8 | *Counsel for Defendant Facebook, Inc.* |

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE FACEBOOK BIOMETRIC INFORMATION PRIVACY LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br>ALL ACTIONS | **FACEBOOK'S RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION TO SUMMARILY DENY OR CONTINUE FACEBOOK'S MOTION FOR SUMMARY JUDGMENT**<br><br>Master Docket No.: 3:15-CV-03747-JD |
| FREDERICK WILLIAM GULLEN, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br>v.<br>FACEBOOK, INC.,<br>Defendant. | Hon. James Donato<br><br>Case No. 3:16-cv-00937-JD |

Clearly concerned about the merits of their case, plaintiffs have asked the Court to disregard the substance of Facebook's motion for summary judgment based on Illinois' extraterritoriality doctrine and the dormant Commerce Clause. They "move to summarily deny or continue" this motion for three reasons; each is baseless. Plaintiffs mischaracterize the procedural rules governing summary judgment, this Court's scheduling order, and Illinois law.

### A. Plaintiffs' Motion Is Procedurally Improper.

Plaintiffs argue first that "Facebook's Motion rests on complex disputed facts requiring expert discovery," and that "[u]ntil Plaintiffs are afforded an opportunity for full expert discovery, summary judgment is plainly unwarranted under Rule 56(d)." Pl. Mot. (Dkt. 262) at 1-2. Plaintiffs do not quote Rule 56(d), and it forecloses their motion.

"If a nonmovant shows *by affidavit or declaration* that, for *specified reasons*, it cannot present *facts essential to justify its opposition* [to a motion for summary judgment], the court may . . . defer considering the motion or deny it." Fed. R. Civ. P. 56(d) (emphases added). Applying this Rule, the Ninth Circuit has held that a party seeking to "continue a summary judgment motion" must "show (1) that they have set forth in affidavit form the specific facts that they hope to elicit from further discovery, (2) that the facts sought exist, and (3) that these sought-after facts are 'essential' to resist the summary judgment motion." *State of Cal. ex. rel. Cal. Dep't of Toxic Substances Control v. Campbell*, 138 F.3d 772, 779 (9th Cir. 1998). "References in memoranda . . . to a need for discovery do not qualify." *Id.*[1] Plaintiffs have not even attempted to identify the facts they hope to elicit from expert discovery, let alone make a showing "in affidavit form" "that the facts sought exist" and are "essential" to contest Facebook's motion. *Id.* Their motion is improper and should be denied for that reason alone.

---

[1] *Campbell* applied former Rule 56(f), which was substantively similar to what is now Rule 56(d). *See* 2010 Advisory Committee Notes to Rule 56 ("Subdivision (d) carries forward without substantial change the provisions of former subdivision (f)."). Later cases are in accord. *See, e.g.*, *Scott v. Potter*, 521 F. App'x 580, 582 (9th Cir. 2013) (affirming district court's decision to deny continuance of summary judgment motion because the plaintiff "failed to identify specific facts that further discovery would reveal nor did he explain why those facts would preclude summary judgment"); *Feezor v. Patterson,* 2011 WL 1466897, at *4 (E.D. Cal. Apr. 18, 2011) (Rule 56(d) movant must meet *Campbell* test).

Plaintiffs' failure to make this showing is no surprise, because expert discovery will not help them on the limited (but dispositive) issues presented in Facebook's motion for summary judgment. That motion rests primarily on a simple and indisputable factual proposition: Facebook's facial-recognition analysis, and its creation and storage of templates, take place on its servers outside of Illinois. *See* Facebook Mot. for Summ. J. (Dkt. 257). Facebook did *not* rely on expert testimony to establish this point; it relied on documentary evidence and the deposition testimony and declarations of Omry Yadan and Yaniv Taigman—percipient witnesses who have each already been deposed by plaintiffs for an entire day. *See id.* at 3-5. If plaintiffs believe that one of their retained experts—whose disclosures are due *next week*, on December 22—can cast doubt on Facebook's motion, they are free to submit a declaration from that expert with their opposition brief. But plaintiffs cannot defeat Facebook's motion merely by complaining that it rests on "highly technical evidence" (Pl. Mot. at 1) and suggesting that their experts *might* have something relevant to say about it. Indeed, plaintiffs did not even rely on expert testimony in their motions for class certification—despite going into far more detail about Facebook's technology than Facebook's summary judgment motion. *See, e.g.*, Consol. Pl. Mot. for Class Cert. (Dkt. 255) at 2-4, 7, 9, 18.[2]

### B. Facebook Did Not Violate The Court's Scheduling Order.

Rule 56(b) provides that "[u]nless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment *at any time until 30 days after the close of all discovery*." (Emphasis added.) Plaintiffs argue that Facebook's motion is "wildly premature" because this Court's Amended Scheduling Order supposedly "set[s] the date of March 16, 2018 for summary judgment motions." Pl. Mot. at 2-3. That assertion is grossly misleading. The Court's order provides that March 16, 2018 is the "*[l]ast* day to file dispositive

---

[2]   Plaintiffs cite only one case in support of their Rule 23(d) argument (Pl. Mot. at 2), in which the Ninth Circuit upheld the continuance of a summary judgment motion that the plaintiff had "brought . . . less than a month after filing the suit," where "*no discovery whatsoever* ha[d] taken place." *Burlington N. Santa Fe. R.R. Co. v. Assiniboine & Sioux Tribes of Fort Peck Reservation*, 323 F.3d 767, 773-74 (9th Cir. 2003) (emphasis added).

and *Daubert* motions"; it does not require the parties to *wait* until that time to move for summary judgment. Dkt. 223 at 2 (emphasis added); *compare id.* at 1 (setting December 8, 2017 as the date for plaintiffs to "[f]ile class certification motion"). Indeed, the Ninth Circuit and this Court have routinely permitted parties to file multiple motions for summary judgment at different stages of the litigation. *See Hoffman v. Tonnemacher*, 593 F.3d 908, 910-11 (9th Cir. 2010); *In re Capacitors Antitrust Litig.*, 2016 WL 5724960, at *2 (N.D. Cal. Sept. 30, 2016) (Donato, J.).

Plaintiffs ignore the plain language of the scheduling order, and rely instead on a statement by the Court at a case management conference on September 7, 2017. *See* Pl. Mot. at 2-3. This statement lends no support to their motion. In advance of that conference, the plaintiffs proposed that the deadline for motions for class certification *and dispositive motions* be set at a date *before* expert discovery (Dkt. 218 at 3)—belying their current assertion that expert discovery is necessary to respond to Facebook's summary judgment motion. Facebook proposed that the deadlines for *all* motions follow the completion of expert discovery. *Id.*[3] At the September 7 conference, the Court seemed initially inclined to adopt Facebook's position: "There's going to be close of fact discovery. There's going to be close of expert discovery. Then you're going to do *all of your motions* after that." Dkt. 222 at 19 (emphasis added). The Court's scheduling order, however, departed from that approach: It set a deadline for class certification motions that *preceded* expert discovery, and provided that the "last" day for submission of dispositive motions would be March 16, 2018. Dkt. 223.[4] Thus, the Court ultimately decided to permit motion practice *before* expert discovery.

Facebook's decision to move for summary judgment on December 8 is consistent with its prior positions and promotes judicial economy. The motion involves threshold dispositive questions that are more logically resolved before litigation on class certification. It would be

---

[3]  Plaintiffs assert that "Facebook advocated sequencing summary judgment after class certification." Pl. Mot. at 2. That is flatly false; Facebook requested the *same* deadline for summary judgment and class-certification motions. Dkt. 218 at 3.

[4]  Facebook asked the Court to amend the scheduling order to more accurately reflect the sequence described by the Court at the September 7 conference (Dkt. 224); plaintiffs opposed that motion (Dkt. 225); and the Court denied it (Dkt. 229).

premature for the Court to address any impact of the extraterritoriality and dormant Commerce Clause doctrines on class certification before resolving the case-dispositive question of whether Illinois and federal law permit the application of BIPA to *any* plaintiff's claims.  The Court should grant summary judgment in Facebook's favor prior to extended (and possibly unnecessary) litigation on class certification.  *See Eller v. EquiTrust Life Ins. Co.*, 778 F.3d 1089, 1092 (9th Cir. 2015) (district court granted defendant's motion for summary judgment and then "denied class certification as moot"); *Wright v. Schock*, 742 F.2d 541, 543-44 (9th Cir. 1984).[5]

### C. Facebook Has Not "Waived" Its Extraterritoriality Argument.

Finally, plaintiffs argue that "Facebook's motion is futile" because "extraterritoriality [is] an affirmative defense" that was not pleaded in Facebook's answer.  Pl. Mot. at 3.  This argument is frivolous for two reasons.

First, extraterritoriality is *not* an affirmative defense; plaintiffs have the burden of proving that their alleged BIPA violation took place in Illinois.  That is why numerous cases (from both Illinois state and federal courts) have granted pre-answer *motions to dismiss* based on the plaintiffs' failure to *allege* facts establishing that the application of a statute would be domestic.  *See, e.g., Graham v. Gen. U.S. Grant Post No. 2665, V.F.W.*, 43 Ill. 2d 1, 8 (1969) ("[T]he trial court properly dismissed count I of the amended complaint; the Illinois Dram Shop Act may not be applied extraterritorially to permit recovery for injuries inflicted outside Illinois."); *Landau v. CNA Fin. Corp.*, 381 Ill. App. 3d 61, 61-62 (2008) (affirming grant of motion to dismiss based on extraterritoriality doctrine); *Philips v. Bally Total Fitness Holding Corp.*, 372 Ill. App. 3d 53, 60 (2007) (same); *Vulcan Golf, LLC v. Google Inc.*, 552 F. Supp. 2d 752, 775 (N.D. Ill. 2008) (dismissing claim because "the plaintiffs point to no allegations that plausibly suggest that the purported domain scheme occurred primarily and substantially in

---

[5] At the same time, Facebook is not yet in a position to move for summary judgment on *all* issues in this case:  The extraterritoriality and dormant Commerce Clause questions can be resolved based on the current record, but Facebook believes that other issues—including whether Facebook's technology produces a "scan of face geometry" under BIPA—are properly resolved at the close of expert discovery "on an expanded factual record."  *Hoffman*, 593 F.3d at 911.

Illinois"); *Hackett v. BMW of N. Am., LLC*, 2011 WL 264799, at *2 (N.D. Ill. June 30, 2011) ("Plaintiff fails to show that the fraud occurred in Illinois . . . . Therefore, Count Four is dismissed with prejudice.").[6]

Second, even if extraterritoriality were an affirmative defense, Facebook would not have waived it by omitting it from its answer. The Ninth Circuit "ha[s] liberalized the requirement that defendants must raise affirmative defenses in their initial pleadings"; they may be raised at any time so long as "the delay does not prejudice the plaintiff." *Magana v. Commonwealth of N. Mariana Islands*, 107 F.3d 1436, 1446 (9th Cir. 1997). Plaintiffs do not claim any such prejudice, nor could they: Their motion for class certification, filed shortly *before* Facebook's motion for summary judgment, expressly states that they "*expect[ed]* that Facebook . . . will object to certification of the class on the ground[] of extraterritoriality," and it never argues that this position is waived. Consol. Pl. Mot. for Class Cert. at 12 (emphasis added). Plaintiffs have known all along that Facebook would be contesting plaintiffs' claims based on the extraterritoriality doctrine; they cannot claim any unfair surprise.

## CONCLUSION

The Court should deny plaintiffs' administrative motion and consider the merits of Facebook's motion for summary judgment on the noticed hearing date.

Dated: December 18, 2017                MAYER BROWN LLP

                                        By: */s/ John Nadolenco*
                                            John Nadolenco
                                            Lauren R. Goldman

                                        *Counsel for Defendant Facebook, Inc.*

---

[6] Plaintiffs cite a single district court case in support of their argument that extraterritoriality is an affirmative defense. Pl. Mot. at 4. In *H.R.R. Zimmerman Co. v. Tecumseh Prods. Co.*, 2002 WL 31018302 (N.D. Ill. Sept. 9, 2002), the court granted the defendant leave to add an affirmative defense asserting that the statute at issue was limited to sales taking place in Illinois. *Id.* at *3, *5. But the court never suggested that the defendant was *required* to plead this issue as an affirmative defense, nor did it suggest that the defendant bore the burden on this issue; it simply interpreted the statute to be confined to Illinois sales. In any event, *H.R.R. Zimmerman* pre-dates most of the modern cases on extraterritoriality.