| | |
|---|---|
| 1 | MAYER BROWN LLP |
| 2 | John Nadolenco (SBN 181128)<br>350 South Grand Avenue, 25th Floor |
| 3 | Los Angeles, CA 90071-1503<br>Telephone: (213) 229-9500 |
| 4 | jnadolenco@mayerbrown.com |
| 5 | Lauren R. Goldman (*pro hac vice*)<br>1221 Avenue of the Americas |
| 6 | New York, NY 10020<br>Telephone: (212) 506-2647 |
| 7 | lrgoldman@mayerbrown.com |
| 8 | *Counsel for Defendant Facebook, Inc.* |

### UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE FACEBOOK BIOMETRIC INFORMATION PRIVACY LITIGATION | Master Docket No.: 3:15-CV-03747-JD |
| | **DEFENDANT FACEBOOK, INC.'S ADMINISTRATIVE MOTION REGARDING MATERIALS PROVISIONALLY FILED UNDER SEAL IN CONNECTION WITH THE PARTIES' PENDING MOTIONS FOR CLASS CERTIFICATION AND SUMMARY JUDGMENT** |
| THIS DOCUMENT RELATES TO:<br>ALL ACTIONS | |
| FREDERICK WILLIAM GULLEN, on behalf of himself and all others similarly situated,<br>Plaintiff,<br>v.<br>FACEBOOK, INC.,<br>Defendant. | Hon. James Donato<br><br>[*Declaration and Proposed Order filed concurrently herewith*]<br><br>Case No. 3:16-cv-00937-JD |

Pursuant to Civil Local Rule 7-11, defendant Facebook, Inc. respectfully submits this administrative motion ("Administrative Motion") to establish an orderly and efficient procedure for resolving sealing issues arising in connection with plaintiffs' motions for class certification (*Facebook Biometric* Dkt. 255 and *Gullen* Dkt. 108) and Facebook's motion for summary judgment (*Facebook Biometric* Dkt. 257 and *Gullen* Dkt. 105).  Facebook concurrently submits the Declaration of John Nadolenco in Support of Facebook's Administrative Motion ("Nadolenco Decl.") and a proposed order granting this motion.  Good cause exists to grant the relief requested herein for the following reasons:

1. On December 8, 2017, plaintiffs filed motions for class certification, which attached and referred to approximately 25 exhibits reflecting documents and deposition testimony that were produced and designated by Facebook as "Confidential" or "Highly Confidential" pursuant to the Protective Order entered in these matters. Also on December 8, 2017, Facebook filed a motion for summary judgment based on Illinois's extraterritoriality doctrine and the dormant Commerce Clause, which attached and referred to several additional documents and deposition testimony produced and designated by Facebook and deposition testimony designated by plaintiffs as "Confidential" or "Highly Confidential" pursuant to the Protective Order.

2. On December 22, 2017, plaintiffs filed an opposition to Facebook's motion for summary judgment, which attached and referred to approximately 30 additional exhibits reflecting documents and deposition testimony that were produced and designated by Facebook as "Confidential" or "Highly Confidential" pursuant to the Protective Order.

3. Pursuant to Local Rule 79-5(d) and (e), the parties filed the above-identified materials (as well their briefs) provisionally under seal.

4. In accordance with Local Rule 79-5(e), for each round of plaintiffs' briefing in connection with the pending motions, within four days of filing Facebook is required to file its own supporting declaration, memorandum of points and authorities, and proposed order as to any of its own documents or testimony filed provisionally under seal that Facebook believes should

remain under seal. Similarly, for each round of briefing submitted by Facebook on the pending motions, plaintiffs are obligated under Local Rule 79-5(e) to file their own supporting declaration, memorandum, and proposed order as to any materials filed provisionally under seal that reference documents or deposition testimony designated by plaintiffs as "Confidential" or "Highly Confidential" under the Protective Order that plaintiffs believe should be maintained under seal. This is likely to result in several rounds of Local Rule 79-5(d) and (e) submissions by the parties, as each brief to date has been filed under seal.

5. Facebook has complied with Local Rules 79-5(d) and (e) as to the materials filed provisionally under seal on December 8, 2017 in connection with plaintiffs' class certification motions and its own motion for summary judgment. *See Facebook Biometric* Dkt. 256, 268; *Gullen* Dkt. 104, 117. However, continuing to do so on a continual basis for further briefing in connection with the pending motions would be significantly burdensome and inefficient, and duplicative for any documents and testimony that are repeatedly filed provisionally under seal in connection with multiple briefs submitted by the parties. Moreover, the four-day deadline imposed by Local Rule 79-5(e) has created particular challenges for Facebook as applied over weekends and holidays.[1]

6. Facebook believes that Paragraph 31 of the Court's Standing Order for Civil Cases contemplates a much more efficient approach in these circumstances:

> For cases where voluminous or multiple administrative motions to seal would be filed if normal procedures were followed, parties (and any non-parties with potentially sealable information) must, upon the completion of briefing, jointly file a new, combined administrative motion to seal for all requests where sealing is unopposed. If any requests to seal are opposed, each party or non-party making an opposed request should file a single combined administrative motion to seal covering all of their opposed requests. If the parties anticipate that this paragraph will apply to a round of briefing, they may indicate in the initial motion to seal

---

[1] For example, under the four-day deadline imposed by Local Rule 79-5(e), Facebook's memorandum of points and authorities, declaration, and proposed order regarding the materials filed under seal in connection with plaintiffs' December 22, 2017 summary judgment opposition brief—which includes approximately 30 documents produced by Facebook as "Confidential" or "Highly Confidential" under the Protective Order—would be due today, December 26, which is the next business day after plaintiffs' opposition brief was filed and the day after Christmas.

that accompanies a brief or other document as it is lodged under seal on the docket, that a more fulsome and revised motion to seal will be forthcoming after the completion of briefing pursuant to this paragraph of the Standing Order.

7. Therefore, in accordance with Paragraph 31 of the Court's Standing Order, Facebook proposes the following procedure for addressing sealing issues in connection with plaintiffs' motions for class certification and Facebook's summary judgment motion:

a. For materials that have been filed provisionally under seal by either party in connection with the pending motions (including those materials filed provisionally under seal in connection with plaintiffs' consolidated summary judgment opposition brief, filed on December 22, 2017), the parties shall jointly file a combined administrative motion pursuant to Paragraph 31 of the Court's Standing Order ("Combined Administrative Motion"), accompanied by supporting declarations and a proposed order, no later than fourteen (14) days following the conclusion of all briefing on the pending motions.

b. For any further materials yet to be filed provisionally under seal in connection with the pending motions, the parties need not submit a supporting declaration or proposed order at the time of filing, but shall file an interim administrative motion to file under seal, stating that the more fulsome bases for sealing shall be addressed in the parties' forthcoming Combined Administrative Motion.

c. If either party opposes the sealing of any materials that are filed provisionally under seal, the party making an opposed request shall also file a single combined administrative motion to seal covering all of its opposed requests in accordance with Paragraph 31 of the Court's Standing Order.

8. The procedures outlined above will not prejudice either party. To the contrary, Facebook believes that following the approach contemplated in Paragraph 31 of the Court's Standing Order will conserve party and judicial resources while facilitating an efficient disposition of sealing issues arising in connection with the parties' pending motions for class certification and for summary judgment.

9. On the morning of December 26, 2017, Facebook proposed that the parties in both the *Facebook Biometric* and *Gullen* actions stipulate to the procedures outlined above, and circulated a proposed stipulation to that effect. On the evening of December 26, 2017, plaintiffs' counsel responded that they were not in a position at this time to either consent to or oppose Facebook's proposal, or the relief requested in this motion. *See* Nadolenco Decl. ¶ 3.

For the foregoing reasons, Facebook respectfully requests that the Court grant its motion and direct the parties to address all sealing issues in connection with plaintiffs' pending motions for class certification and Facebook's pending summary judgment motion by filing a single combined administrative motion to seal once briefing on those motions is complete, in accordance with Paragraph 31 of the Court's Standing Order for Civil Cases and the specific procedures outlined herein.

Dated:  December 26, 2017                MAYER BROWN LLP

By: */s/ John Nadolenco*
John Nadolenco
Lauren R. Goldman

*Counsel for Defendant Facebook, Inc.*