MAYER BROWN LLP
John Nadolenco (SBN 181128)
350 South Grand Avenue, 25th Floor
Los Angeles, CA 90071-1503
Telephone: (213) 229-9500
jnadolenco@mayerbrown.com

Lauren R. Goldman (*pro hac vice*)
1221 Avenue of the Americas
New York, NY 10020
Telephone: (212) 506-2647
lrgoldman@mayerbrown.com

*Counsel for Defendant Facebook, Inc.*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE FACEBOOK BIOMETRIC INFORMATION PRIVACY LITIGATION | **UNOPPOSED OMNIBUS ADMINISTRATIVE MOTION TO FILE UNDER SEAL** |
| | Master Docket No.: 3:15-CV-03747-JD |
| THIS DOCUMENT RELATES TO: | [*Declaration of John Nadolenco and Proposed Order filed concurrently herewith*] |
| ALL ACTIONS | |
| ――――――――――――――――――― | Case No. 3:16-cv-00937-JD |
| FREDERICK WILLIAM GULLEN, on behalf of himself and all others similarly situated, | |
| Plaintiff, | |
| v. | |
| FACEBOOK, INC., | |
| Defendant. | |

Pursuant to Civil Local Rules 7-11 and 79-5, the Stipulated Protective Order in this action (Dkt. 55), the Court's Standing Order for Civil Cases, and the Court's January 2, 2018 and February 2, 2018 orders (Dkt. 123; Dkt. 133), defendant Facebook, Inc. ("Facebook") files this unopposed omnibus administrative motion to maintain under seal certain documents filed in connection with the following motions: plaintiffs' motions for class certification (*Facebook Biometric* Dkt. 255 and *Gullen* Dkt. 108), Facebook's motion for summary judgment (*Facebook Biometric* Dkt. 257 and *Gullen* Dkt. 105), and plaintiff Gullen's motion for leave to file a first amended complaint (*Gullen* Dkt. 129).[1]

Counsel for plaintiffs Nimesh Patel, Adam Pezen, Carlo Licata, and Frederick William Gullen ("plaintiffs") have indicated that they do not oppose any of the sealing requests that are subject to this motion.  Further, Facebook understands that plaintiffs will not seek to maintain under seal any materials designated as "Confidential" by plaintiffs that were filed provisionally under seal by Facebook.  *See* Declaration of John Nadolenco in Support of the Unopposed Omnibus Administrative Motion to Seal ("Nadolenco Sealing Decl.") ¶¶ 8, 24.  Accordingly, these materials may be unsealed, as further delineated below.

The Nadolenco Sealing Declaration, filed concurrently with this motion, identifies the documents that Facebook seeks to maintain under seal and the bases for sealing.  In accordance with Paragraph 28 of the Court's Standing Order and Local Rule 79-5(d)(1), redacted and unredacted versions of the documents that Facebook seeks to maintain partially under seal are attached to this motion if those documents differ from the versions that were submitted provisionally under seal in connection with the filings subject to this omnibus motion.[2] Facebook also submits herewith separate proposed orders for *In re Facebook Biometric*

---

[1] Neither party requests that the court maintain under seal any documents filed in connection with Facebook's renewed motion to dismiss (*Facebook Biometric* Dkt. 227 and *Gullen* Dkt. 93).

[2] Specifically, the documents attached hereto fall into two categories: (1) documents filed by plaintiffs, for which Facebook seeks more narrow sealing than as originally filed; and (2) briefs filed by Facebook that had included provisionally redacted references to the deposition transcripts of the named plaintiffs, which plaintiffs now do not request to maintain under seal.

1    *Information Privacy Litigation* and *Gullen v. Facebook, Inc.* in the tabular format required by

2    Local Rule 79-5(d)(1)(B) that include the reasons for sealing the material outlined below.

3    **I.      LEGAL STANDARD**

4           Filings under seal are "the primary means by which the courts ensure full disclosure of

5    relevant information, while still preserving the parties' (and third parties') legitimate expectation

6    that confidential business information, proprietary technology and trade secrets will not be

7    publicly disseminated." *In re Adobe Sys., Inc., Sec. Litig.*, 141 F.R.D. 155, 161-62 (N.D. Cal.

8    1992).   One of two standards applies depending upon whether the document is filed in

9    connection with a dispositive or non-dispositive motion.

10          Where a "sealed discovery document [is attached] to a non-dispositive motion," the

11   "usual presumption of the public's right of access is rebutted." *Kamakana v. City & Cnty. of*

12   *Honolulu*, 447 F.3d 1172, 1179-80 (9th Cir. 2006) (quoting *Phillips v. General Motors Corp.*,

13   307 F.3d 1206, 1213 (9th Cir. 2002)); *see In re Yahoo Mail Litig.*, 2015 WL 12990210, at *1

14   (N.D. Cal. June 8, 2015) (motion for class certification is a non-dispositive motion). Under these

15   circumstances, a particularized showing of "good cause" under Federal Rule of Civil Procedure

16   26(c) will suffice to maintain the information under seal. *Id.* at 1180 (citing *Foltz v. State Farm*

17   *Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).   The party must simply show that

18   "specific prejudice or harm will result" from disclosure of the information. *Phillips ex rel.*

19   *Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002); *see CreAgri, Inc.*

20   *v. Pinnaclife Inc.*, 2014 WL 27028, at *2 (N.D. Cal. Jan. 2, 2014) (granting motion to seal

21   portion of document that would "not further the public's understanding of the reasoning

22   underlying the Court's decisions" when there was "some interest . . . in maintaining the

23   confidentiality" of the sealed material).

24          In comparison, a party seeking to seal dispositive motion papers must show that the

25   motion to seal is supported by "compelling reasons." *Kamakana*, 447 F.3d at 1179.  Under the

26   heightened standard, "[t]he protection of proprietary business information and prospective

27

28

business plans is a compelling reason to permit the filing of documents under seal." *Morawski v. Lightstorm Entm't, Inc.*, 2013 WL 12122289, at *2 (C.D. Cal. Jan. 14, 2013); *Bauer Bros. LLC v. Nike, Inc.*, 2012 WL 1899838, *2 (S.D. Cal. May 24, 2012) (same). "Where a party shows that its documents contain sources of business information that might harm its competitive standing, the need for public access to the records is lessened." *Algarin v. Maybelline, LLC*, 2014 WL 690410, at *3 (S.D. Cal. Feb. 21, 2014) (granting motion to seal under "compelling reasons" standard). A court may order the sealing of records under the compelling reasons standard when they contain sensitive business information, such as trade secrets. *Herron v. Best Buy Stores, LP*, 2015 WL 5330271, at *3 (E.D. Cal. Sept. 10, 2015); *Rich v. Shrader*, 2013 WL 6190895, at *2 (S.D. Cal. Nov. 26, 2013). This type of information is regularly sealed. *See Apple, Inc. v. Samsung Elecs. Co.*, 2013 WL 3855529, at *2 (N.D. Cal. July 24, 2013) (permitting the sealing of proprietary data and noting that the potential competitive harm outweighed the public's interest in accessing raw data).

The sealing requests associated with Facebook's motion for summary judgment are evaluated under the heightened compelling reasons standard. In comparison, the sealing requests associated with plaintiffs' motions for class certification and plaintiff Gullen's motion for leave to file a first amended complaint are evaluated under the good-cause standard.

## II.   REQUESTS TO SEAL

Generally, the information that Facebook seeks to seal contains either confidential and commercially sensitive information about Facebook's network architecture and Facebook's facial-recognition technology, or confidential personal information. Such information has been produced and designated by Facebook as either "Confidential," "Highly Confidential – Attorneys' Eyes Only" or "Highly Confidential – Source Code" under the Protective Order entered in this case. *See* Nadolenco Sealing Decl. ¶ 4.

**A.**     **Facebook's Motion For Summary Judgment**

**1.**     **Portions Of The Yadan Declaration**

Facebook requests to seal confidential information contained in the redacted portions of the Declaration of Omry Yadan in Support of Facebook's Motion for Summary Judgment ("Yadan Declaration"). *Facebook Biometric* Dkt. 257-9, *Gullen* Dkt. 105-9. Omry Yadan is a software engineer with extensive knowledge about Facebook's network architecture and Facebook's facial-recognition technology. The Yadan Declaration discusses trade secrets and commercially sensitive information, the disclosure of which would cause Facebook competitive harm. "A trade secret may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (internal citations and quotations omitted). "One factor that weighs in favor of sealing documents is when the release of the documents will cause competitive harm to a business." *Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1221 (Fed. Cir. 2013); *see also Nat'l Labor Relations v. CEMEX, Inc.*, 2009 WL 5184695, at *2 (D. Ariz. Dec. 22, 2009), *as amended* (Feb. 1, 2010); *Morawski v. Lightstorm Entm't, Inc.*, 2013 WL 12122289, at *2 (C.D. Cal. Jan. 14, 2013) ("The protection of proprietary business information . . . is a compelling reason to permit the filing of documents under seal").

In his declaration, Mr. Yadan addresses Facebook's network architecture and the way in which those systems interact with and support Facebook's facial-recognition technology. Mr. Yadan also describes how Facebook's facial-recognition technology works, and how that technology is applied to photographs uploaded to Facebook. Facebook has designated this information "Confidential" or "Highly Confidential – Attorneys' Eyes Only" under the Protective Order. Nadolenco Sealing Decl. ¶ 9. Moreover, Facebook has otherwise maintained this sealed information as confidential and has safeguarded this information from public disclosure. *See* Yadan Decl. ¶ 34. Its public release would cause Facebook harm by providing competitors—particularly those who also use facial recognition—with insight into how

4

Facebook designs its computer systems and its proprietary facial-recognition technology.  *Id.*
Further, public disclosure of information related to Facebook's network architecture and how its
architecture is used in connection with facial recognition could put Facebook and the people who
use Facebook at increased risk of cyber attack by malicious actors.  *Id.*  For these reasons, among
others, Facebook takes steps to ensure that the information set forth in the Yadan Declaration is
not disclosed to competitors or otherwise made publicly known.  *Id.*  Thus, the requested
portions of the Yadan Declaration should be maintained under seal.

### 2.    Certain Exhibits To The Yadan Declaration

Facebook also seeks to seal Exhibits 2, 3, 4, 5, and 6 to the Yadan Declaration.  Exhibit 2
to the Yadan Declaration contains the names and Facebook user IDs associated with individuals
who are not parties to this lawsuit and have not consented to the public disclosure of their
personal information related to their use of Facebook.  Yadan Decl. ¶ 29; Nadolenco Sealing
Decl. ¶ 9.  Facebook considers the information contained in Exhibit 2 that identifies Facebook
users and their activities on Facebook to be non-public information, and takes steps to prevent
such information from becoming publicly available or available to people outside of Facebook.
Yadan Decl. ¶ 29; Nadolenco Sealing Decl. ¶ 9.  Thus, Exhibit 2 to the Yadan Declaration
should remain under seal.

Exhibit 3 to the Yadan Declaration contains confidential information related to both (a)
the network architecture of Facebook's computer systems, and (b) the way in which those
systems interact with and support Facebook's facial-recognition technology.  Yadan Decl.
¶ 35(a).  Exhibit 4 to the Yadan Declaration contains confidential information regarding research
and development work being performed by Facebook's Applied Machine Learning ("AML")
team.  *Id.* ¶ 35(b).  Exhibit 5 to the Yadan Declaration references details about Facebook's image
processing system that are considered proprietary and confidential.  *Id.* ¶ 35(c).  Exhibit 6 to the
Yadan Declaration references details about Facebook's photo tagging system that are considered
proprietary and confidential.  *Id.* ¶ 35(d).  Facebook has maintained this information as

confidential and has safeguarded this information from public disclosure.  *See* Yadan Decl. ¶ 34; Nadolenco Sealing Decl. ¶ 11.  Accordingly, Exhibits 3, 4, 5, and 6 to the Yadan Declaration should remain under seal.

### 3.    Excerpts From The Taigman And Yadan Depositions

Facebook's motion for summary judgment also attached excerpts from the deposition transcripts of Facebook witnesses Yaniv Taigman and Omry Yadan.  Mr. Taigman and Mr. Yadan testified about Facebook's proprietary facial-recognition technology, its network architecture and the way in which Facebook's systems interact with and support Facebook's facial-recognition technology.  *See* Nadolenco Sealing Decl. ¶ 18.  Mr. Taigman and Mr. Yadan further testified concerning how Facebook applies its facial-recognition technology to photographs uploaded to Facebook.  *Id.*  This information has been designated "Highly Confidential – Attorneys' Eyes Only" in accordance with the Protective Order and has not been disclosed to third parties.  *Id.*  The disclosure of this information would cause competitive harm to Facebook by providing direct insight into highly confidential, proprietary, and competitively sensitive aspects of Facebook's proprietary technology and its internal business processes and strategies.  Yadan Decl. ¶ 34; Nadolenco Sealing Decl. at ¶ 19.  Public release of this information would cause Facebook harm by providing competitors—particularly those who also use facial recognition—with insight into how Facebook designs its computer systems and its proprietary facial-recognition technology.  Yadan Decl. ¶ 34; Nadolenco Sealing Decl. at ¶ 19.  Further, public disclosure of information related to the details of Facebook's network architecture could put Facebook and the people who use Facebook at increased risk of cyber attack by malicious actors.  Yadan Decl. ¶ 34; Nadolenco Sealing Decl. at ¶ 19.  Accordingly, the Court should seal the relevant portions of the Taigman and Yadan deposition transcripts filed in connection with Facebook's motion for summary judgment.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**4.     Portions Of Facebook's Motion For Summary Judgment And Supplemental Brief**

In accordance with Local Rule 79-5, Facebook has narrowly redacted portions of its motion for summary judgment and its supplemental brief in support of its motion for summary judgment in *Gullen v. Facebook, Inc.* that reference or quote from confidential information contained in the Yadan Declaration, the exhibits thereto, and the deposition testimony that Facebook seeks to maintain under seal (discussed above at A.1-3).  Nadolenco Sealing Decl. ¶¶ 22-23.

**B.     Plaintiffs' Opposition To Facebook's Motion For Summary Judgment**

**1.     Certain Exhibits To Plaintiffs' Opposition**

Facebook seeks to seal Exhibits 2, 6 through 8, 10, 12, 13, 15, 17, and 22 through 28, or portions thereof, to the *Facebook Biometric* and *Gullen* plaintiffs' combined opposition to Facebook's motion for summary judgment.  These exhibits are copies of Facebook business records that discuss: (i) how Facebook's proprietary facial-recognition technology works and the way in which Facebook's computer systems interact with and support Facebook's facial-recognition technology (Exhibits 2, 6, 27); (ii) confidential information regarding Facebook's business rules for creating, modifying, and deleting data associated with facial-recognition (Exhibits 7, 8); (iii) confidential details about Facebook's strategic plan for the Tag Suggestions feature (Exhibit 10, 12, 13, 22, 26, 28); (iv) confidential details about a potential application of facial-recognition technology that is not publicly known (Exhibit 15); (v) communications with government entities concerning its facial-recognition technology, which are maintained as confidential by both sides to the communication (Exhibits 17); (vi) confidential details regarding Tag Suggestions privacy decisions (Exhibit 23); (vii) confidential information regarding product launch strategies (Exhibits 24, 25).  Nadolenco Sealing Decl. ¶ 11.  Each of these documents has been produced by Facebook in this litigation and designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Protective Order.  *Id.*

Facebook's good cause to seal these records is detailed in paragraph 34 of the Yadan Declaration, namely, that public release of this information would cause Facebook harm by providing competitors with insight into how Facebook designs its computer systems and its proprietary facial-recognition technology. *See* Yadan Decl. ¶ 34.

### 2.   Excerpts From The Taigman, Yadan, Sherman, and Barak Depositions

The Court should seal the relevant portions of the Taigman and Yadan deposition transcripts  (Exhibits 3 and 4) for the reasons described above at A.3.  The Court should also seal the attached excerpts from the deposition transcripts of Facebook witnesses Robert Sherman and Dan Barak (Exhibits 5 and 11) for similar reasons.  Like Mr. Taigman and Mr. Yadan, Mr. Sherman and Mr. Barak also testified about Facebook's proprietary facial-recognition technology, its network architecture and the way in which Facebook's systems interact with and support Facebook's facial-recognition technology.  *See* Nadolenco Sealing Decl. ¶ 18.  Mr. Sherman and Mr. Barak further testified concerning how Facebook applies its facial-recognition technology to photographs uploaded to Facebook.  *Id.*  This information has been designated "Highly Confidential – Attorneys' Eyes Only" in accordance with the Protective Order and has not been disclosed to third parties.  *Id.*  The disclosure of this information would cause competitive harm to Facebook by providing direct insight into highly confidential, proprietary, and competitively sensitive aspects of Facebook's proprietary technology and its internal business processes and strategies.  Yadan Decl. ¶ 34; Nadolenco Sealing Decl. at ¶ 19.  Public release of this information would cause Facebook harm by providing competitors—particularly those who also use facial recognition—with insight into how Facebook designs its computer systems and its proprietary facial-recognition technology.  Yadan Decl. ¶ 34; Nadolenco Sealing Decl. at ¶ 19.  Further, public disclosure of information related to the details of Facebook's network architecture could put Facebook and the people who use Facebook at increased risk of cyber attack by malicious actors.  Yadan Decl. ¶ 34; Nadolenco Sealing Decl. at ¶ 19.

1    Accordingly, the Court should seal the relevant portions of the Sherman and Barak deposition

2    transcripts filed in connection with Facebook's motion for summary judgment.

3         **3.**  **Portions Of The Hall And Milian Declarations**

4       In accordance with Local Rule 79-5, Facebook has redacted narrow portions of the

5    declarations of David W. Hall and David P. Milian (Exhibits 29 and 30). The redacted portions

6    of these declarations reference or quote information contained in the portions of the deposition

7    transcript of Omry Yadan that Facebook seeks to seal, and should be sealed for the same reasons.

8    Nadolenco Sealing Decl. ¶¶ 22-23.

9         **4.**  **Portions Of Plaintiffs' Opposition**

10      Facebook also has narrowly redacted certain portions of plaintiffs' opposition to

11   Facebook's motion for summary judgment that reference or quote from confidential information

12   contained in the exhibits, deposition testimony, and declarations that Facebook seeks to maintain

13   under seal (discussed above at B.1-3).  Nadolenco Sealing Decl. ¶¶ 22-23.

14      **C.**  **Facebook's Reply In Support Of Its Motion For Summary Judgment**

15        **1.**  **Certain Exhibits To Facebook's Reply**

16      Facebook seeks to seal portions of Exhibit 1 to the declaration of Matthew Provance in

17   support of Facebook's motion for summary judgment ("Provance MSJ Declaration").  Exhibit1

18   is a copy of a Facebook business record that discusses information about how Facebook's

19   proprietary facial-recognition technology works that is not disclosed to the public and has been

20   produced by Facebook in this litigation and designated as "Highly Confidential – Attorneys'

21   Eyes Only" pursuant to the Protective Order.  Nadolenco Sealing Decl. ¶ 11.  Facebook's

22   compelling reason to seal this record is detailed in paragraph 34 of the Yadan Declaration,

23   namely, that public release of this information would cause Facebook harm by providing

24   competitors with insight into how Facebook designs its computer systems and its proprietary

25   facial-recognition technology.  *See* Yadan Decl. ¶ 34.

26

27

28

UNOPPOSED OMNIBUS MOTION TO FILE UNDER SEAL;
MASTER CASE NO. 3:15-CV-03747-JD & CASE NO. 3:16-CV-00937-JD

### 2. Expert Report Of Dr. Atif Hashmi

The December 22, 2017 report submitted by plaintiffs' expert Dr. Atif Hashmi (Exhibit 2 to the Provance MSJ Declaration) contains a detailed analysis of source code relating to Facebook's facial-recognition technology, which Facebook has designated as "Confidential," "Highly Confidential – Attorneys' Eyes Only," or "Highly Confidential – Source Code" pursuant to the Protective Order. Nadolenco Sealing Decl. ¶ 20. Its public release would cause Facebook harm by providing competitors—particularly those who also use facial recognition—with insight into how Facebook designs its computer systems and its proprietary facial-recognition technology. *See* Yadan Decl. ¶ 34. Further, public disclosure of information related to Facebook's network architecture and how its architecture is used in connection with facial recognition could put Facebook and the people who use Facebook at increased risk of cyber attack by malicious actors. *Id.* For these reasons, among others, Facebook takes steps to ensure that the information set forth in Dr. Hashmi's expert report is not disclosed to competitors or otherwise made publicly known. *Id.*

### 3. Excerpts From The Taigman And Yadan Depositions

The Court should seal portions of the Taigman and Yadan deposition transcripts (Exhibits 3 and 4 to the Provance MSJ Declaration) for the reasons described above at A.3.

### 4. Portions Of Facebook's Reply Brief

In accordance with Local Rule 79-5, Facebook has narrowly redacted certain portions of its reply brief that reference or quote from confidential information contained in the exhibits, expert report, and excerpts of deposition testimony that Facebook seeks to maintain under seal (discussed above at C.1-3). Nadolenco Sealing Decl. ¶¶ 22-23.

### D. Consolidated Plaintiffs' Motion For Class Certification

### 1. Certain Exhibits To Plaintiffs' Motion

Exhibits 3, 6-9, 11, 17, and 20 to plaintiffs' motion for class certification are identical to the following summary judgment exhibits, which are discussed above at B.1:

- Exhibit 3 is identical to Exhibit 2 to plaintiffs' opposition to Facebook's motion for summary judgment;

- Exhibit 6 is identical to Exhibit 6 to plaintiffs' opposition to Facebook's motion for summary judgment;

- Exhibit 7 is identical to Exhibit 7 to plaintiffs' opposition to Facebook's motion for summary judgment;

- Exhibit 8 is identical to Exhibit 26 to plaintiffs' opposition to Facebook's motion for summary judgment;

- Exhibit 9 is identical to Exhibit 8 to plaintiffs' opposition to Facebook's motion for summary judgment;

- Exhibit 11 is identical to Exhibit 10 to plaintiffs' opposition to Facebook's motion for summary judgment;

- Exhibit 17 is identical to Exhibit 22 to plaintiffs' opposition to Facebook's motion for summary judgment; and

- Exhibit 20 is identical to Exhibit 23 to plaintiffs' opposition to Facebook's motion for summary judgment.

Exhibit 19 to plaintiffs' motion is a summary of information related to photos uploaded to Facebook by plaintiff Carlo Licata, which identifies, among other things: (i) plaintiff Licata's personal email and home telephone number; and (ii) IP address information and other information associated with Licata's Facebook user activity.   Facebook considers this information about its users to be non-public and takes steps to prevent the information from becoming publicly available or available to people outside of Facebook.  Yadan Decl. ¶ 29.

Exhibits 12 and 21-24 to plaintiffs' motion are copies of Facebook business records that discuss: (i) communications with government entities concerning its facial-recognition technology, which are maintained as confidential by both sides to the communication (Exhibits 12, 22); (ii) confidential information regarding product launch strategies (Exhibit 21); and (iii)

confidential plans for potential future uses of facial-recognition technology that are not publicly known and have not been announced (Exhibits 23, 24). Nadolenco Sealing Decl. ¶ 11. Each of these documents has been produced by Facebook in this litigation and designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Protective Order. *Id.*

Good cause to seal these records is detailed in paragraph 34 of the Yadan Declaration, namely, that public release of this information would cause Facebook harm by providing competitors with insight into how Facebook designs its computer systems and its proprietary facial-recognition technology. *See* Yadan Decl. ¶ 34.

### 2. Excerpts From The Taigman, Yadan, And Sherman Depositions

The Court should seal the relevant portions of the Yadan, Taigman, and Sherman deposition transcripts (Exhibits 2, 4, 5) for the reasons described above at A.3 and B.3.

### 3. Portions Of Plaintiffs' Motion

In accordance with Local Rule 79-5, Facebook has narrowly redacted certain portions of consolidated plaintiffs' motion for class certification that reference or quote from confidential information contained in the exhibits and deposition testimony that Facebook seeks to maintain under seal (discussed above at D.1-2). Nadolenco Sealing Decl. ¶¶ 22-23.

### E. Plaintiff Gullen's Motion For Class Certification

### 1. Certain Exhibits To Plaintiff Gullen's Motion

Exhibit 1 to plaintiff Gullen's motion reflects a prior version of Facebook's Help Center page, which was publicly available. Facebook does not seek to maintain this portion of the document under seal. However, Exhibit 1 also appends one page from a different document produced by Facebook during discovery (FBBIPA_00009275-79), which reflects an internal strategy document prepared by Face.com, a facial-recognition technology company that Facebook acquired in 2012. Nadolenco Sealing Decl. ¶ 11. This document reflects confidential information and, moreover, it appears to have been appended to Exhibit 1 inadvertently and

therefore has no bearing on the issues to be decided on plaintiff's class certification motion. *See CreAgri*, 2014 WL 27028, at *2 (granting motion to seal portion of document that would "not further the public's understanding of the reasoning underlying the Court's decisions"). Facebook previously submitted (*Gullen* Dkt. 117-1) a replacement version of Exhibit 1—containing just the Help Center document—that may be filed publicly.

Exhibits 3 and 5 to plaintiff Gullen's motion are copies of Facebook business records that discuss: (i) how Facebook's proprietary facial-recognition technology works (Exhibit 3); and (ii) confidential details of an internal product launch strategy (Exhibit 5). Nadolenco Sealing Decl. ¶ 11. Each document was produced by Facebook and designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Protective Order. *Id.*

Facebook's good cause to seal these records is detailed in paragraph 34 of the Yadan Declaration, namely, that public release of this information would cause Facebook harm by providing competitors with insight into how Facebook designs its computer systems and its proprietary facial-recognition technology. *See* Yadan Decl. ¶ 34.

### 2.     Excerpts From The Taigman Deposition

The Court should seal the relevant portions of the Taigman deposition transcript (Exhibit 2) for the reasons described above at A.3. Further, *plaintiff's motion for class certification attaches a full 364 pages of Mr. Taigman's deposition transcript, but cites the transcript only once*, referencing just over one page's worth of testimony. As a result, more than 99 percent of Mr. Taigman's testimony has no bearing on the issues to be decided in plaintiff's class certification motion and should be sealed for this additional reason. *See CreAgri, Inc.*, 2014 WL 27028, at *2 (granting motion to seal portion of document that would "not further the public's understanding of the reasoning underlying the Court's decisions"). Rather than redact confidential information from the 364-page transcript, Facebook previously filed (*Gullen* Dkt. 117-3) an alternative version of Exhibit 2 to be filed under seal in its entirety, which contains

only the cover page and the single page of the "minuscript" cited by plaintiff.  If the Court prefers a redacted version of the entire transcript, Facebook will submit one.

### 3.    Portions Of Plaintiff Gullen's Motion

In accordance with Local Rule 79-5(d)(1), Facebook has narrowly redacted certain portions of plaintiff Gullen's motion for class certification that reference or quote from confidential information contained in the exhibits and deposition testimony of Yaniv Taigman that Facebook seeks to maintain under seal (discussed above at E.1-2).[3]  Nadolenco Sealing Decl. ¶¶ 22-23.

### F.    Facebook's Opposition To Consolidated Plaintiffs' Motion For Class Certification

### 1.    Portions Of Facebook's Declarations

The Court should seal the designated portions of the January 25, 2018 Declaration of Omry Yadan ("2d Yadan Declaration"), the Declaration of Benjamin Strahs, and the Declaration of Qizhen Ruan submitted with Facebook's opposition.  The designated portions of the 2d Yadan Declaration contain information relating to the details of Facebook's network architecture and its facial-recognition technology, which Facebook has designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Protective Order.  Nadolenco Sealing Decl. ¶ 15.  Facebook maintains the details of how its facial-recognition technology works as a trade secret, particularly the details described in the 2d Yadan Declaration concerning the percentage of faces in uploaded photos that are detected and the percentage of detected faces that are "recognizable."  2d Yadan Decl. ¶ 13.  Public release of this information would cause Facebook harm by providing competitors—particularly those who also use facial recognition—with insight

---

[3]      Facebook also has redacted a portion of the footnote located on page 5 of Mr. Gullen's motion, at lines 19-23, which references an "Exhibit 6" that was not attached to the motion.  The footnote appears to reference a document that has been attached to the consolidated plaintiffs' motion for class certification as Exhibit 21. (*See Facebook Biometric* Dkt. 254-24.)  Facebook has requested sealing of that document in its entirety for the reasons described above at D.1.  For the same reasons, Facebook requests that the redacted portions of Mr. Gullen's motion that reference the confidential information contained in that exhibit also remain under seal.

into Facebook's proprietary facial-recognition technology. *Id.* Facebook takes steps to ensure that such information is not disclosed to competitors or otherwise made publicly known. *Id.* Thus, the requested portions of the Yadan Declaration should be maintained under seal.

The designated portion of the Strahs Declaration should be sealed because it references and discusses the information contained in Exhibit 1 thereto, which Facebook seeks to seal because it contains confidential information related the *Facebook Biometric* plaintiffs' privacy settings. Nadolenco Sealing Decl. ¶ 14. Facebook considers this information about its users to be non-public and takes steps to prevent the information from becoming publicly available or available to people outside of Facebook. Yadan Decl. ¶ 29.

The designated portion of the Ruan Declaration contains confidential information related to the proprietary dataset by which Facebook can assign a geographic region to many IP addresses. Nadolenco Sealing Decl. ¶ 16. Facebook's good cause to seal these records is detailed in paragraph 34 of the Yadan Declaration, namely, that public release of this information would cause Facebook harm by providing competitors with insight into how Facebook designs its computer systems and its proprietary facial-recognition technology. *See* Yadan Decl. ¶ 34.

### 2.   Certain Exhibits To Facebook's Opposition

Exhibits 3 and 4 to the Declaration of Omry Yadan in support of Facebook's opposition to plaintiffs' motion for class certification ("2d Yadan Declaration") are identical to the following summary judgment exhibits, which are discussed above at A.2:

- Exhibit 3 to the 2d Yadan Declaration is identical to Exhibit 6 to the Yadan Declaration in support of Facebook's motion for summary judgment; and

- Exhibit 4 to the 2d Yadan Declaration is identical to Exhibit 2 to the Yadan Declaration in support of Facebook's motion for summary judgment.

Exhibit 1 to the Declaration of John Nadolenco in support of Facebook's opposition to plaintiffs' motion for class certification ("Nadolenco Class Cert. Declaration") is a copy of the

1    Yadan Declaration in support of Facebook's motion for summary judgment, which is discussed

2    above at A.1.

3         Exhibit 1 to the Strahs Declaration is a copy of a Facebook business record that reflects

4    the *Facebook Biometric* plaintiffs' privacy settings associated with their Facebook accounts.

5    Nadolenco Sealing Decl. ¶ 14.  Facebook considers this information about its users to be non-

6    public and takes steps to prevent the information from becoming publicly available or available

7    to people outside of Facebook.  Yadan Decl. ¶ 29.

8         Exhibits 1 and 2 to the 2d Yadan Declaration are copies of Facebook business records

9    that reflect: (i) confidential details concerning the percentage of faces in uploaded photos that are

10   detected and the percentage of detected faces that are "recognizable" (Exhibit 1 to 2d Yadan

11   Declaration); and (ii) confidential details regarding the nature of the templates associated with

12   Facebook's facial-recognition technology (Exhibit 2 to 2d Yadan Declaration).  2d Yadan Decl.

13   ¶ 13; Nadolenco Sealing Decl. ¶¶ 11, 15.  Each of these documents has been produced by

14   Facebook in this litigation and designated as "Confidential" or "Highly Confidential – Attorneys'

15   Eyes Only" pursuant to the Protective Order.  *Id.*  Facebook's good cause to seal these records is

16   detailed in paragraph 34 of the Yadan Declaration, namely, that public release of this information

17   would cause Facebook harm by providing competitors with insight into how Facebook designs

18   its computer systems and its proprietary facial-recognition technology.  *See* Yadan Decl. ¶ 34.

19             **3.    Excerpts From The Yadan And Taigman Deposition Transcripts**

20        The Court should seal the relevant portions of the Yadan and Taigman deposition

21   transcripts  (Exhibits 2 and 3 to the Nadolenco Class Cert. Declaration) for the reasons described

22   above at A.3.

23             **4.    Expert Report Of Dr. Matthew Turk**

24        The Court should seal the December 22, 2017 report submitted by Facebook's expert Dr.

25   Matthew Turk (Exhibit 4 to the Nadolenco Class Cert. Declaration) because it contains a detailed

26   analysis of Facebook source code and other internal documents relating to Facebook's facial-

27

28

recognition technology, which Facebook has designated as "Confidential," "Highly Confidential – Attorneys' Eyes Only," or "Highly Confidential – Source Code" pursuant to the Protective Order.  Nadolenco Sealing Decl. ¶¶ 20.  Its public release would cause Facebook harm by providing competitors—particularly those who also use facial recognition—with insight into how Facebook designs its computer systems and its proprietary facial-recognition technology. *See* Yadan Decl. ¶ 34.  Further, public disclosure of information related to Facebook's network architecture and how its architecture is used in connection with facial recognition could put Facebook and the people who use Facebook at increased risk of cyber attack by malicious actors. *Id.*  For these reasons, among others, Facebook takes steps to ensure that the information set forth in Dr. Turk's expert report is not disclosed to competitors or otherwise made publicly known. *Id.*

### 5.    Portions Of Facebook's Discovery Responses

The Court should seal the designated portions of Facebook's Amended and Supplemental Response to Plaintiffs' Second Set of Interrogatories (Exhibit 5 to the Nadolenco Class Cert. Declaration), which contain information relating to the details of Facebook's technological capabilities to determine IP-address information associated with photographs uploaded to Facebook, and its ability to associate those IP-addresses with geographic locations.  Nadolenco Sealing Decl. ¶ 21.  Facebook's good cause to seal these records is detailed in paragraph 34 of the Yadan Declaration, namely, that public release of this information would cause Facebook harm by providing competitors with insight into location capabilities and how Facebook designs its computer systems and its proprietary facial-recognition technology. *See* Yadan Decl. ¶ 34.

### 6.    Portions Of Facebook's Opposition

In accordance with Local Rule 79-5(d)(1), Facebook has narrowly redacted certain portions of its opposition to the consolidated plaintiffs' motion for class certification that reference or quote from confidential information contained in the declarations, exhibits,

deposition transcripts, expert report, and discovery responses that Facebook seeks to maintain under seal (discussed above at F.1-5).  Nadolenco Sealing Decl. ¶¶ 22-23.

**G.      Facebook's Opposition To Plaintiff Gullen's Motion For Class Certification**

In accordance with Local Rule 79-5(d)(1), Facebook has narrowly redacted certain portions of its opposition to Mr. Gullen's motion for class certification that reference or quote from confidential information contained in the Yadan Declarations and the exhibits Facebook seeks to maintain under seal (discussed above at D.1, E.1, and F.1-2).

**H.      Consolidated Plaintiffs' Reply In Support Of Their Motion For Class Certification**

**1.      Excerpts From The Taigman Deposition**

The Court should seal the relevant portions of the Taigman deposition transcript  (Exhibit 4) for the reasons described above at A.3.

**2.      Expert Report of Jeffrey Dunn**

The Court should seal the February 2, 2017 report submitted by plaintiffs' expert Jeffrey Dunn (Exhibit 5) because it contains a detailed analysis of Facebook's facial-recognition technology, the underlying sources for which Facebook has designated as "Confidential," "Highly Confidential – Attorneys' Eyes Only," or "Highly Confidential – Source Code" pursuant to the Protective Order.  Nadolenco Sealing Decl. ¶ 20.  Its public release would cause Facebook harm by providing competitors—particularly those who also use facial recognition—with insight into how Facebook designs its computer systems and its proprietary facial-recognition technology.  *See* Yadan Decl. ¶ 34.  Further, public disclosure of information related to Facebook's network architecture and how its architecture is used in connection with facial recognition could put Facebook and the people who use Facebook at increased risk of cyber attack by malicious actors.  *Id.*  For these reasons, among others, Facebook takes steps to ensure that the information set forth in the Dunn Rebuttal Expert Report is not disclosed to competitors or otherwise made publicly known.  *Id.*

**3.      Portions Of Consolidated Plaintiffs' Reply**

1       In accordance with Local Rule 79-5(d)(1), Facebook has narrowly redacted certain

2   portions of consolidated plaintiffs' reply that reference or quote from confidential information

3   contained in the exhibits Facebook seeks to seal, the deposition testimony of Omry Yadan, and

4   the confidential information in the Declaration of Benjamin Strahs (discussed above at F.1-3).

5   Nadolenco Sealing Decl. ¶¶ 22-23.

6   **I.      Plaintiff Gullen's Reply In Support Of His Motion For Class Certification**

7       Mr. Gullen's reply in support of his motion for class certification initially was filed

8   publicly, without redacting references to discovery material produced by Facebook on a

9   "Confidential" and "Highly Confidential – Attorney's Eyes Only" basis (*Gullen* Dkt. 136). Mr.

10  Gullen subsequently filed a noticed of errata and a redacted copy of his reply (*Gullen* Dkt. 138,

11  139). Facebook respectfully asks that the Court seal the unredacted version that is currently

12  available on the public docket. The redactions in the subsequent copy reflect confidential

13  information contained in the class certification exhibits that Facebook seeks to seal, including the

14  confidential deposition testimony of Omry Yadan and Yaniv Taigman (discussed above at F.2-

15  3). Nadolenco Sealing Decl. ¶¶ 22-23. Public release of this information would cause Facebook

16  harm by providing competitors with insight into how Facebook designs its computer systems and

17  its proprietary facial-recognition technology. *See* Yadan Decl. ¶ 34; Nadolenco Sealing Decl.

18  ¶¶ 11, 19.

19  **J.      Plaintiff Gullen's Motion For Leave To File A First Amended Complaint**

20      **1.      Exhibit F To Plaintiff Gullen's Motion**

21      Exhibit F to Mr. Gullen's motion is identical to Exhibit 2 to plaintiffs' opposition to

22  Facebook's motion for summary judgment, described above at B.1.

23      **2.      Excerpts From The Taigman And Yadan Depositions**

24      The Court should seal portions of the Taigman and Yadan deposition transcripts

25  (Exhibits E and H) for the reasons described above at A.3.

26

27

28
19

### 3.     Portions Of Plaintiff Gullen's Motion

In accordance with Local Rule 79-5(d)(1), Facebook has narrowly redacted certain portions of plaintiff Gullen's motion that reference or discuss confidential information contained in the Yadan Declaration, Exhibit F, and the deposition testimony of Omry Yadan and Yaniv Taigman that Facebook seeks to maintain under seal (discussed above at J.1-2).    Nadolenco Sealing Decl. ¶¶ 22-23.

### K.    Facebook's Opposition To Plaintiff Gullen's Motion For Leave To File A First Amended Complaint

### 1.     Portions Of The Yadan Declaration

Exhibit 6 to the Declaration of Matthew Provance in Support of Facebook's Opposition to Plaintiff's Motion for Leave ("Provance Leave Declaration") is a copy of the Yadan Declaration in Support of Facebook's Motion for Summary Judgment, along with Exhibit 2 thereto, portions of which should be sealed for the reasons discussed above at A.1-2.

### 2.     Excerpts From The Taigman And Yadan Depositions

The Court should seal confidential portions of the Taigman and Yadan deposition transcripts (Exhibits 1 and 5 to the Provance Leave Declaration) for the reasons described above at A.3.

### 3.     Portions Of Facebook's Opposition

In accordance with Local Rule 79-5(d)(1), Facebook has redacted certain portions of its opposition to Mr. Gullen's motion for leave to file a first amended complaint.  The redacted portions of the motion reference or quote from confidential information contained in the materials identified above that Facebook seeks to maintain under seal.  Nadolenco Sealing Decl. ¶¶ 22-23.

### L.    Portions Of Mr. Gullen's Reply In Support Of His Motion For Leave To File A First Amended Complaint

Mr. Gullen's reply in support of his motion for leave to file a first amended complaint initially was filed publicly (*Gullen* Dkt. 137), without redacting references to discovery material produced by Facebook on a "Confidential" and "Highly Confidential – Attorney's Eyes Only"

basis.   Mr. Gullen subsequently filed a noticed of errata containing a redacted copy of Mr. Gullen's reply (*Gullen* Dkt. 138, 139).   Facebook respectfully asks that the Court seal the unredacted version that is currently available on the public docket.   The redactions in the subsequent copy reflect information contained in the exhibits to Mr. Gullen's motion that Facebook seeks to maintain under seal, including the confidential deposition testimony of Omry Yadan and Yaniv Taigman (discussed above at J.1-2).   Nadolenco Sealing Decl. ¶¶ 22-23. Public release of this information would cause Facebook harm by providing competitors with insight into how Facebook designs its computer systems and its proprietary facial-recognition technology. *See* Yadan Decl. ¶ 34; Nadolenco Sealing Decl. ¶¶ 11, 19.

### M.   Exhibits That May Be Unsealed

Facebook does not seek to maintain under seal any of the following documents filed by plaintiffs provisionally under seal in accordance with Local Rule 79-5(e):

- Exhibits 1, 13-16, or 18 to plaintiffs' motion for class certification; and

- Exhibits 1, 9, 14, 16, or 18-21 to plaintiffs' opposition to Facebook's motion for summary judgment; and

- Exhibits G and I to plaintiff Gullen's motion for leave to file a first amended class action complaint.

Similarly, Facebook understands that plaintiffs do not seek to maintain under seal any of the following documents filed by Facebook provisionally under seal in accordance with Local Rule 79-5(e):

- Exhibits 2, 3, and 4 to Facebook's reply in support of its renewed motion to dismiss;

- Redacted portions of Facebook's reply in support of its renewed motion to dismiss;

- Exhibit 7 to Facebook's motion for summary judgment;

- Exhibits 8, 9, 10, and 14 to the declaration of John Nadolenco in support of Facebook's opposition to plaintiffs' motion for class certification; and

- Exhibit 2 to the declaration of Matthew Provance in support of Facebook's opposition to plaintiff's motion for leave to amend.

**III.   <u>CONCLUSION</u>**

Facebook respectfully requests that the Court grant its unopposed motion.

Dated: February 23, 2018                          MAYER BROWN LLP

By: */s/ John Nadolenco*
John Nadolenco
Lauren R. Goldman

*Counsel for Defendant Facebook, Inc.*

22