1  ROBBINS GELLER RUDMAN
   & DOWD LLP
2  SHAWN A. WILLIAMS (213113)
JOHN H. GEORGE (292332)
3  One Montgomery Street, Suite 1800
San Francisco, CA  94104
4  Telephone:  415/288-4545
415/288-4534 (fax)
5  shawnw@rgrdlaw.com
jgeorge@rgrdlaw.com
6      – and –
PAUL J. GELLER (*pro hac vice*)
7  STUART A. DAVIDSON (*pro hac vice*)
CHRISTOPHER C. GOLD (*pro hac vice*)
8  120 East Palmetto Park Road, Suite 500
Boca Raton, FL  33432
9  Telephone:  561/750-3000
561/750-3364 (fax)
10  pgeller@rgrdlaw.com
sdavidson@rgrdlaw.com
11  cgold@rgrdlaw.com

12  LABATON SUCHAROW LLP          EDELSON PC
JOEL H. BERNSTEIN (*pro hac vice*)   JAY EDELSON (*pro hac vice*)
13  CORBAN S. RHODES (*pro hac vice*)  RAFEY BALABANIAN (*pro hac vice*)
140 Broadway                    350 North LaSalle Street, Suite 1300
14  New York, NY  10005          Chicago, IL  60654
Telephone:  212/907-0700     Telephone:  312/589-6370
15  212/818-0477 (fax)          312/589-6378 (fax)
jbernstein@labaton.com        jedelson@edelson.com
16  crhodes@labaton.com          rbalabanian@edelson.com

17  Attorneys for Plaintiffs

18                UNITED STATES DISTRICT COURT
           NORTHERN DISTRICT OF CALIFORNIA
19                 SAN FRANCISCO DIVISION

20  In re FACEBOOK BIOMETRIC     )  Master File No. 3:15-cv-03747-JD
INFORMATION PRIVACY LITIGATION  )
21                          )  <u>CLASS ACTION</u>
                        )
22  This Document Relates To:        )  PLAINTIFFS' NOTICE OF MOTION AND
                        )  MOTION TO EXCLUDE THE TESTIMONY
23       ALL ACTIONS.          )  OF DEFENDANT'S PROPOSED EXPERT
                        )  MATTHEW TURK, PH.D.;
24                          )  MEMORANDUM OF POINTS AND
                        )  AUTHORITIES IN SUPPORT THEREOF
25                           DATE:      May 17, 2018
                         TIME:      10:00 a.m.
26                           CTRM:     11, 19th Floor
                         JUDGE:    Hon. James Donato
27                    **[REDACTED]**

28

1389783_1

1

## TABLE OF CONTENTS

2
**Page**

3   I.      INTRODUCTION ...........................................................................................1

4   II.     LEGAL STANDARDS ....................................................................................3

5   III.    ARGUMENT ..................................................................................................4

6         A.      Dr. Turk's Opinions Are Not Helpful or Relevant Because ███████
███████████████████, a Position Contrary to BIPA and
7               Rejected by the Court............................................................................4

8         B.      Dr. Turk's Testimony Should be Excluded Because It Ignores Directly
Contrary Evidence ..............................................................................6
9

        C.      Dr. Turk's Opinions Should Be Excluded Because ██████████
10               ██████████████████████████.........................................8

11         D.      The Court Should Exclude Dr. Turk's Testimony Regarding the Detection
and Alignment Phases of Facebook's Face Recognition System Because
12               They Are Entirely Unfounded ..............................................................10

13         E.      Dr. Turk's Opinions Regarding ████████████████████
Should Be Excluded Because ███████████████████████
14               ██████████████████████████.........................................12

15         F.      The Court Should Exclude Dr. Turk's Opinion Regarding Disabling
Facebook's Recognition System Because It Is Based on No Analysis .................13
16

17   IV.    CONCLUSION...............................................................................................14

18

19

20

21

22

23

24

25

26

27

28

1389783_1

PLAINTIFFS' NOTICE OF MOTION AND MOTION TO EXCLUDE THE TESTIMONY OF
DEFENDANT'S PROPOSED EXPERT MATTHEW TURK, PH. D. - 3:15-cv-03747-JD

- i -

1

**TABLE OF AUTHORITIES**

2

**Page**

3

**CASES**

4

*Abarca v. Franklin Cty. Water Dist.*,

5

    761 F. Supp. 2d 1007 (E.D. Cal. 2011)...................................................................6, 8

6

*Apple, Inc. v. Samsung Elecs. Co.*,

    2012 U.S. Dist. LEXIS 90877 (N.D. Cal. June 30, 2012) ......................................6

7

*Daubert v. Merrell Dow Pharms., Inc.*,

8

    509 U.S. 579 (1993)...............................................................................................3, 4

9

*EMC Corp. v. Pure Storage, Inc.*,

    154 F. Supp. 3d 81 (D. Del. 2016)..........................................................................10

10

*Freeny v. Murphy Oil Corp.*,

11

    2015 U.S. Dist. LEXIS 118736 (E.D. Tex. June 3, 2015) ......................................10

12

*Fujifilm Corp. v. Motorola Mobility LLC*,

13

    2015 U.S. Dist. LEXIS 21413 (N.D. Cal. Feb. 20, 2015) ......................................11

14

*In re Rezulin Prods. Liab. Litig.*,

15

    369 F. Supp. 2d 398 (S.D.N.Y. 2005)....................................................................6, 7

16

*Jack Henry & Assocs. v. BSC, Inc.*,

    487 F. App'x 246 (6th Cir. 2012) ...........................................................................11

17

*Johnson v. Mead Johnson & Co., LLC*,

18

    2012 U.S. Dist. LEXIS 195104 (D. Minn. Aug. 13, 2012) ......................................8

19

*Kumho Tire Co. v. Carmichael*,

20

    526 U.S. 137 (1999)....................................................................................................3

21

*Lauzon v. Senco Prods.*,

    270 F.3d 681 (8th Cir. 2001) .....................................................................................3

22

*Lust By & Through Lust v. Merrell Dow Pharms., Inc.*,

23

    89 F.3d 594 (9th Cir. 1996) .......................................................................................3

24

*Mullins v. Premier Nutrition Corp.*,

    178 F. Supp. 3d 867 (N.D. Cal. 2016) ...................................................................12

25

*Newkirk v. Conagra Foods, Inc.*,

26

    727 F. Supp. 2d 1006 (E.D. Wash. 2010),

27

    *aff'd*, 438 F. App'x 607 (9th Cir. 2011)................................................................13

28

PLAINTIFFS' NOTICE OF MOTION AND MOTION TO EXCLUDE THE TESTIMONY OF
DEFENDANT'S PROPOSED EXPERT MATTHEW TURK, PH. D. - 3:15-cv-03747-JD

1

2                                                                                          **Page**

3

*Nichols v. Am. Nat'l Ins. Co.*,
    154 F.3d 875 (8th Cir. 1998) .................................................................3

*Open Text S.A. v. Box, Inc.*,
    2015 U.S. Dist. LEXIS 8783 (N.D. Cal. Jan. 23, 2015) ....................................11, 13

*Primiano v. Cook*,
    598 F.3d 558 (9th Cir. 2010) .............................................................4, 5

*SEC v. Capital Consultants, LLC*,
    397 F.3d 733 (9th Cir. 2005) ...................................................................6

*United Food & Commercial Workers Local 1776 v. Teikoku Pharma USA*,
    2017 U.S. Dist. LEXIS 182940 (N.D. Cal. Nov. 3, 2017)...........................3, 6, 13

*United States v. Gonzalez-Maldonado*,
    115 F.3d 9 (2009) ...............................................................................4

*United States v. Redlightning*,
    624 F.3d 1090 (9th Cir. 2010) ...............................................................3

**STATUTES, RULES AND REGULATIONS**

Federal Rules of Civil Procedure
    Rule 26...............................................................................8, 9
    Rule 26(a)(2)(B)(ii)...........................................................6, 8

Federal Rules of Evidence
    Rule 401 ...................................................................................1
    Rule 403 ...............................................................................1, 4
    Rule 702...........................................................................1, 3, 4
    Rule 702(a)........................................................................5, 13

Rule 26(a)(2)(B)(i).................................................................11

1389783_1

PLAINTIFFS' NOTICE OF MOTION AND MOTION TO EXCLUDE THE TESTIMONY OF
DEFENDANT'S PROPOSED EXPERT MATTHEW TURK, PH. D. - 3:15-cv-03747-JD                    - iii -

1

### NOTICE OF MOTION AND MOTION

2   TO:    ALL PARTIES AND THEIR ATTORNEYS OF RECORD

3          PLEASE TAKE NOTICE that on May 17, 2018 at 10:00 a.m., before the Honorable James

4 Donato, United States District Judge, at the United States District Court, Northern District of

5 California, San Francisco Division, 450 Golden Gate Avenue, Courtroom 11, 19th Floor, San

6 Francisco, California 94102, plaintiffs Adam Pezen, Nimesh Patel, and Carlo Licata will move this

7 Court for an order, pursuant to Federal Rules of Evidence 401, 403 and 702 on the grounds that Dr.

8 Matthew Turk's ("Dr. Turk") opinions are unreliable, would serve to mislead and confuse the jury,

9 and will not assist the trier of fact to understand the evidence or determine a fact at issue.  This

10 Motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities in

11 Support Thereof, the Declaration of Shawn A. Williams and the [Proposed] Order filed herewith, all

12 pleadings and papers filed herein, arguments of counsel, and any other matters properly before the

13 Court.

14

### ISSUE TO BE DECIDED

15      Whether Dr. Turk should be excluded from testifying at trial under the Federal Rules of

16 Evidence, including Rules 401, 403 and 702.

17

### MEMORANDUM OF POINTS AND AUTHORITIES

18 **I.**    **INTRODUCTION**

19      In an increasingly desperate effort to escape compelling evidence of liability, including

20 admissions that Facebook's facial recognition system scans face geometry in photos uploaded to its

21 platform, thereby collecting biometric identifiers, Facebook disclosed the report of Dr. Turk, who

22 ████████████████████████████████

23 █████████████████████

24     The unreliability of Dr. Turk's report is not limited to his ███████

25 ████████████████████████████████

26 ████████████████ ██ ████████████████

27 ████████████████████████████████

28 ████████████████████████████████

1  ██████████████████████;[1] Ex. 2 at 2.  Dr. Turk's entire analysis appears to be ███████████

2  ██████████████████████████  ████[2] ████████████████████████████████████████

3  *Compare* ECF No. 120 ("MTD Order") at 21-22 *with* Ex. 3, ¶3.[3] ███████████████████████

4  ████████████████████████████████████████████████████████████████████████

5  ████████████████████████████████████████████████████████████████████████

6  ███████████████████████████████████

7         Separately, Dr. Turk's opinions rely in part on ████████████████████████████

8  ████████, a Facebook software engineer and research scientist, who co-founded and sold

9  Face.com to Facebook.  *See id.* at B-1.  Dr. Turk testified that █████████████████████

10 █████████████████████████████████  *See* Ex. 4 at 63:10-19; 78:11-16.  Apart from the

11 circular and curious nature of an expert opinion being confirmed by the defendant, Dr. Turk

12 produced no useful information about ████████████████ and plaintiffs were therefore unable to

13 effectively cross-examine Dr. Turk regarding their influence on his opinions.  Indeed, Dr. Turk

14 ████████████████████████████████████████████████████████████████████████

15 *id.* at 62:19-63:19.  Dr. Turk did produce █████████████████████████████████████████

16 ████████████████████████████████████████████████████████████████████████

17 ████████████        *Id.*  This absolute failure to provide the underlying material on which his opinions

18 are based also warrants exclusion of Dr. Turk's testimony.

19         Finally, the Court should exclude Dr. Turk's conclusory, baseless and unscientific opinions

20 that ███████████████████████████████████████████████████████████████████

21 ████████████████████████████████████████████████████████████████████████

22 ████████████████████████████████████.  ¶¶114, 118-121, 128.  Not one of

23 these opinions is based on any actual analysis or methodology that can be tested; and, as Dr. Turk

[1]  All "Ex. _" references herein are to the Declaration of Shawn A. Williams in Support of Plaintiffs' Motion to Exclude the Testimony of Defendant's Proposed Expert Matthew Turk Ph.D., filed concurrently herewith.

[2]  Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.*

[3]  ████████████████████████████████████████████

1389783_1

PLAINTIFFS' NOTICE OF MOTION AND MOTION TO EXCLUDE THE TESTIMONY OF
DEFENDANT'S PROPOSED EXPERT MATTHEW TURK, PH. D. - 3:15-cv-03747-JD                    - 2 -

1   readily admitted, █████████████████████████████████████████████████████

2   ████████████████████████████████████████████████████████████████████████

3   ██████████

4          As detailed further below, the Court should exclude all of Dr. Turk's proposed testimony as it

5   unreliable and will do nothing to assist the jury in assessing the actual issues in dispute.

6   **II.    LEGAL STANDARDS**

7          Trial courts must perform a "gatekeeping function" to ensure expert testimony satisfies the

8   "reliable and relevant" prongs of Rule 702 of the Federal Rules of Evidence.  *United States v.*

9   *Redlightning*, 624 F.3d 1090, 1111 (9th Cir. 2010); *see also Daubert v. Merrell Dow Pharms., Inc.*,

10  509 U.S. 579, 589 (1993) (expert testimony must be "not only relevant, but reliable").  The party

11  proffering the expert has the burden of proving – by a preponderance of the evidence – that the

12  expert's testimony is admissible under Rule 702.  *United Food & Commercial Workers Local 1776*

13  *v. Teikoku Pharma USA*, 2017 U.S. Dist. LEXIS 182940, at *98 (N.D. Cal. Nov. 3, 2017) (citing

14  *Lust By & Through Lust v. Merrell Dow Pharms., Inc.*, 89 F.3d 594, 598 (9th Cir. 1996)).

15         Rule 702 and *Daubert* apply "not only to testimony based on 'scientific' knowledge, but also

16  to testimony based on 'technical' and 'other specialized' knowledge."  *Kumho Tire Co. v.*

17  *Carmichael*, 526 U.S. 137, 141, 147-48 (1999).[4]  Expert opinion testimony is appropriate only where

18  the trier of fact would not ordinarily be able to resolve a factual issue without technical or

19  specialized assistance.  *Daubert*, 509 U.S. at 591; *Kumho Tire*, 526 U.S. at 156.  *Lauzon v. Senco*

20  *Prods.*, 270 F.3d 681, 686 (8th Cir. 2001) ("[E]vidence based on scientific, technical, or other

21  specialized knowledge must be useful to the finder of fact in deciding the ultimate issue of fact. . . .

22  This is the basic rule of relevancy.").

23         If a jury is capable of drawing its own inferences from the available evidence, expert

24  testimony is not "helpful to the trier of fact."  *Nichols v. Am. Nat'l Ins. Co.*, 154 F.3d 875, 883 (8th

25  Cir. 1998).  In fact, such opinion testimony can result in unfair prejudice to the opposing party by

26  confusing the issues or misleading the jury.  *See United States v. Gonzalez-Maldonado*, 115 F.3d 9,

27

28  ------------------------------------
    [4]    All citations and footnotes omitted and emphasis added, unless otherwise indicated.

PLAINTIFFS' NOTICE OF MOTION AND MOTION TO EXCLUDE THE TESTIMONY OF
DEFENDANT'S PROPOSED EXPERT MATTHEW TURK, PH. D. - 3:15-cv-03747-JD                     - 3 -

1    17-18 (2009) ("'By appearing to put the expert's stamp of approval on [a] theory, such testimony

2    might unduly influence the jury's own assessment of the inference that is being urged.'").

3         "Rule 702 sets forth the overarching requirement of reliability, and an analysis of the

4    sufficiency of the expert's basis cannot be divorced from the ultimate reliability of the expert's

5    opinion." Fed. R. Evid. 702 advisory committee notes to 2000 amendments.  An expert opinion is

6    reliable "'if the knowledge underlying it has a reliable basis in the knowledge and experience of the

7    relevant discipline.'"  *Primiano v. Cook*, 598 F.3d 558, 565 (9th Cir. 2010).  The trial court must

8    consider whether the testimony: (1) is "based on sufficient facts or data"; (2) is "the product of

9    reliable principles and methods"; and (3) applies "the principles and methods to the facts of the

10   case." Fed. R. Evid. 702.  The knowledge underlying the expert's opinion must also have a valid

11   connection to the pertinent inquiry.  *Primiano*, 598 F.3d at 565.

12        Courts should exclude an expert's proffered testimony under Federal Rule of Evidence 403 if

13   its "probative value is substantially outweighed by a danger of one or more of the following: unfair

14   prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly

15   presenting cumulative evidence." *See* Fed. R. Evid. 403.  "'Expert evidence can be both powerful

16   and quite misleading because of the difficulty in evaluating it.  Because of this risk, the judge in

17   weighing possible prejudice against probative force under Rule 403 of the present rules exercises

18   more control over experts than over lay witnesses.'"  *Daubert*, 509 U.S. at 595.

19   **III.    ARGUMENT**

20        **A.    Dr. Turk's Opinions Are Not Helpful or Relevant Because** ███████
21              ███████████████████████████**, a Position Contrary to**
             **BIPA and Rejected by the Court**

22        In the MTD Order, the Court rejected Facebook's argument that BIPA's definition of "scan"

23   is limited to in-person scans:

24              Facebook argues that the only way to reconcile the statute's inclusion of
         "scan" and exclusion of "photographs" is to read the word "scan" to mean ***in-person***
25       scan.  But this cramped interpretation is not stated in BIPA and cannot be squared
         with the statute's purpose.

26   MTD Order at 21-22.  The Court explained that BIPA is an informed-consent privacy law

27   specifically addressing the collection and use of personal biometric identifiers at a time when

28

PLAINTIFFS' NOTICE OF MOTION AND MOTION TO EXCLUDE THE TESTIMONY OF
DEFENDANT'S PROPOSED EXPERT MATTHEW TURK, PH. D. - 3:15-cv-03747-JD          - 4 -

1   biometric technology was beginning to be widely deployed and "to cabin this purpose within a

2   specific in-person data collection technique has no support in the words and structure of the statute,

3   and is antithetical to its broad purpose of protecting privacy in the face of emerging biometric

4   technology." *Id.* ████████████████████████████████████████████████████████

5   ████████████████████████████████████████████████████████████████████████

6   ████████████████████████████████████████████

7            For example, immediately after describing his assignment, ████████████████████████

8   ████████████████████████████████████████████████████████████████████████

9   ████████████████████████████████████████████████████████████████████████

10  ██████████████████████████████████████████████████████████ According

11  to Dr. Turk, ████████████████████████████████████████████████████████████████

12  ████████████████████████████ ¶39.  In fact, Dr. Turk's main conclusion is ████████████

13  ████████████████████████████████████████████████████████████████████████

14  ████████████████████████████████████████████████████████████████████████

15  ████████████████████████████████████████████████████████████████████████

16  ████████████████████████████████████████████ Thus, Dr. Turk's entire

17  opinion regarding ████████████████████████████████████████████████████████████

18  ████████████████████████████████████████████████████████████████████████

19  ████████████████████████████████████████████

20            Dr. Turk's conclusion that ████████████████████████████████████████████

21  ████████████████████████████████ because Dr. Turk is ████████████████████████

22  ████████████████████████████████████████ *Primiano*, 598 F.3d

23  at 565.  Thus, even if Dr. Turk's opinion ████████████████████████████████████

24  ████████████████████████████████████████████████████████████████████████

25  ████     Fed. R. Evid. 702(a) (requiring that the expert's knowledge assist the trier of fact "to

26  determine ***a fact in issue***").  Accordingly, Dr. Turk's opinions ████████████████████████

27  ████████████████████████████████████████████ should be excluded.  *Teikoku Pharma*, 2017

28  U.S. Dist. LEXIS 182940, at *117 (excluding expert opinion on topics irrelevant to elements of

1389783_1

PLAINTIFFS' NOTICE OF MOTION AND MOTION TO EXCLUDE THE TESTIMONY OF
DEFENDANT'S PROPOSED EXPERT MATTHEW TURK, PH. D. - 3:15-cv-03747-JD                - 5 -

antitrust claims); *Apple, Inc. v. Samsung Elecs. Co.*, 2012 U.S. Dist. LEXIS 90877, at *31 (N.D. Cal. June 30, 2012) (excluding expert opinions that are "contrary to law" and therefore not helpful to the jury).  His opinions are also wholly irrelevant to the Court's interpretation of BIPA.  *See SEC v. Capital Consultants, LLC*, 397 F.3d 733, 749 (9th Cir. 2005) ("Experts may interpret and analyze factual evidence but may not testify about the law.").

### B.   Dr. Turk's Testimony Should be Excluded Because It Ignores Directly Contrary Evidence

Expert opinion is unreliable if the expert fails to consider contrary evidence and instead cherry-picks his support.  *In re Rezulin Prods. Liab. Litig.*, 369 F. Supp. 2d 398, 425 (S.D.N.Y. 2005).[5]  Further, "if the relevant scientific literature contains evidence tending to refute the expert's theory and the expert does not acknowledge or account for that evidence, the expert's opinion is unreliable."  *Id.*; *see also Abarca v. Franklin Cty. Water Dist.*, 761 F. Supp. 2d 1007, 1066 n.60 (E.D. Cal. 2011) ("'A scientist might well pick data from many different sources to serve as circumstantial evidence for a particular hypothesis, but a reliable expert would not ignore contrary data.'").

Here, Dr. Turk concludes that ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ extraterritoriality summary judgment motion (ECF No. 257).  The DeepFace paper is the most comprehensive literature describing how Facebook's current facial recognition system works.  *See* Ex. 5.[6]  Importantly, in his report, Dr. Turk ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████

---

[5]   Plaintiffs presume that as required by Rule 26(a)(2)(B)(ii) of the Federal Rules of Civil Procedure, Dr. Turk included in his report all facts and data considered by the witness in forming his opinion.

[6]   Even worse, ████████████████████████████████████████████████████████████

1 ████████████████████ ██ ████████████████████████████

2 ████████████████████████████████████████████████████

3 ████████████████████████████████████████████████ As

4 the DeepFace paper makes abundantly clear, processing human facial features in different places is

5 exactly how Facebook's system operates:

6       These layers [of the deep neural network comprising the representation phase] are able to capture correlations between **features** captured in **distant parts** of the face

7       images, *e.g.*, **position and shape of eyes and position and shape of mouth**.

8 Ex. 5 at FBBIPA_00001217.  Dr. Turk ████████████████████████

9 ████████████████████████████████████████████████████

10 ████████████████████████████████████████████████████

11 ████████████████████████████████████████████████████

12 ████████████████████████████████████████████████████

13 ████████████████████████████████████████████████████

14 ████████████████████████████████████████████████████

15 ████████████████████████████████ *Rezulin*, 369 F. Supp. 2d at 425.

16 ████████████████████████████████████████████████

17 ████████████████████████████████████████████████████

18 ████████████████████████████████████████████████████

19 ████████████████████████████████████████████████████

20 ████████████████████████████████████████████████████

21 ████████████████████████████████████████████████████

22 ████████████████████████████████████████████████████

23 ████████████████████████████████████████████████████

24 ████████████████████████████████████████████████████

25 ████████████████████████████████████████████████████

26 ████████████████████████████████████████████████████

27 [7]   Nowhere in the DeepFace paper does ████████████████████████████████████

28 ████████████████████████████████████

PLAINTIFFS' NOTICE OF MOTION AND MOTION TO EXCLUDE THE TESTIMONY OF
DEFENDANT'S PROPOSED EXPERT MATTHEW TURK, PH. D. - 3:15-cv-03747-JD     

1 ███████████████████████████████████████████████████

2 ███████████████████████████████████████████████████

3 ███████████████████████████████████████████████████

4 ███████████████████████████████████████████████████

5 ███████████████████████████████████████████████████

6 ███████████████████████████████████████████████████

7 ███████████████████████████████████████████████████

8 ████████████████████████ *Abarca*, 761 F. Supp. 2d at 1066 n.60.

9      **C.**        **Dr. Turk's Opinions Should Be Excluded Because** ████████████

10 ███████████████████████████

11       Federal Rule of Civil Procedure 26(a)(2)(B)(ii) requires an expert to disclose "the facts or data considered by the witness in forming" his opinions.  Fed. R. Civ. P. 26(a)(2)(B)(ii).  The purpose of this Rule is to provide the opposing party a "reasonable opportunity to prepare for effective cross examination and perhaps arrange for expert testimony from other witnesses." Fed. R. Civ. P. 26 (advisory committee notes to 1993 amendment).  Without the information and materials considered by an expert in forming his opinions, the opposing party is deprived of the opportunity on effectively cross-examining the expert.  *Id.*; *see also Johnson v. Mead Johnson & Co., LLC*, 2012 U.S. Dist. LEXIS 195104, at *10-*11 (D. Minn. Aug. 13, 2012) ("'useful cross examination and possible impeachment can only be accomplished by gaining access to all of the information that shaped or potentially influenced the expert witness's opinion'").

20 ███████████████████████████████████████████████████

21 ███████████████████████████████████████████████████

22 ███████████████████████████████████████████████████

23 ███████████████████████████████████████████████████

24 ███████████████████████████████████████████████████

25 ███████████████████████████████████████████████████

26      In response, on February 26, 2018,

27 Facebook ████████████████████████████████████████████

1389783_1

PLAINTIFFS' NOTICE OF MOTION AND MOTION TO EXCLUDE THE TESTIMONY OF
DEFENDANT'S PROPOSED EXPERT MATTHEW TURK, PH. D. - 3:15-cv-03747-JD     - 8

1

2

3    In his deposition,

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24                                                                                          *See*

25   *Freeny v. Murphy Oil Corp.*, 2015 U.S. Dist. LEXIS 118736, at *5-6 (E.D. Tex. June 3, 2015)

26   _____

27   [8]

28



1389783_1

PLAINTIFFS' NOTICE OF MOTION AND MOTION TO EXCLUDE THE TESTIMONY OF
DEFENDANT'S PROPOSED EXPERT MATTHEW TURK, PH. D. - 3:15-cv-03747-JD                      - 9 -

1  (excluding expert report to the extent that it relied on conversations with witness where plaintiff was

2  prevented from taking discovery on conversations from witness before fact discovery cutoff).

3  ████████████████████████████████████████████████████████████████

4  ████████████████████████████████████████████████████████████████

5  ████████████████████████████████████████████████████████████████

6  ████████████████████████████████████████████████████████████████

7  ████████████████████████████████████████████████████████████████

8  ████████████████████████████████████████████████████████████████

9  ██████████████████████████████████████  Because there is no way for plaintiffs to

10  reasonably inquire into ████████████████████████████████████████████

11  ███████████████████████████, the Court should entirely exclude his testimony. *See*

12  *Freeny*, 2015 U.S. Dist. LEXIS 118736 at *5-*6 (E.D. Tex. June 4, 2015); *compare EMC Corp. v.*

13  *Pure Storage, Inc.*, 154 F. Supp. 3d 81, 116 (D. Del. 2016) (allowing opinions where expert

14  disclosed "the substance of the discussions in enough detail to permit [plaintiff] to conduct

15  meaningful cross examination and other discovery").

16        **D.**    **The Court Should Exclude Dr. Turk's Testimony Regarding** ████

17            ████████ **Because They Are Entirely Unfounded**

18      As an afterthought to his unreliable opinions ████████████████████

19  ████████████████████████████████████████████████████████████████

20  ████████████████████████████████████████████████████████████████

21  ████████████  The entirety of the "analysis" for this conclusion comprises five sentences and

22  includes no evidentiary or literary support. *See* ¶¶115-116.  Also missing is any basis or reasoning

23  as required by Rule 26(a)(2)(B)(i) behind how Dr. Turk arrived at his conclusions. *Id.*  For example,

24  the whole analysis supporting the conclusion that ████████████████████████

25  ███████████████

26      ████████████████████████████████████████████

27  ████████████████████████████████████████████████████████████████

28

PLAINTIFFS' NOTICE OF MOTION AND MOTION TO EXCLUDE THE TESTIMONY OF
DEFENDANT'S PROPOSED EXPERT MATTHEW TURK, PH. D. - 3:15-cv-03747-JD     

1  ¶115.[9] ████████████████████████████████████████████████████████

2  ████████████████████████████████████ Again, no support is

3  provided and no attempt is made to explain how or why ████████████████

4  ████████████████████████████████████████ The absence of

5  meaningful analysis alone is enough to warrant excluding Dr. Turk's opinions regarding ██

6  ████████████████████████ *See Open Text S.A. v. Box, Inc.*, 2015 U.S. Dist. LEXIS 8783, at

7  *20-*21 (N.D. Cal. Jan. 23, 2015) (excluding testimony where the "link, if any, between" the

8  documents considered and the expert's conclusions were "written in invisible ink").

9       But Dr. Turk's conclusions regarding ████████████████████ reveal a further

10  flaw in his analysis – he fails ████████████████ and only refers to it in exclusionary terms.

11  Throughout the report, Dr. Turk only mentions ████████████████████████████████

12  ████████████████████████████████████ This is particularly

13  true in his "analysis" of ████████████████████████████████████

14  ████████████████████ By not explaining what ████████████████ his

15  opinions are based on, Dr. Turk offers no assistance to a trier of fact. *See Jack Henry & Assocs. v.*

16  *BSC, Inc.*, 487 F. App'x 246, 256 (6th Cir. 2012) (affirming exclusion of expert testimony where

17  expert failed to define key term in report).  Without a definition ████████████████████

18  ████████████████████████████████████████████████████, or

19  to meaningfully cross-examine Dr. Turk on those questions.  Dr. Turk's deposition, ████████

20  ████████████████████████████████████████████████████████████

21  ████████████████████████, his conclusions do not assist a trier of fact seeking to

_____

22  [9] ████████████████████████████████████████████████████████

23  ████████████████████████████████████████████████████████

24  ████████████████████████ *See Fujifilm Corp. v. Motorola Mobility LLC*, 2015 U.S. Dist. LEXIS

25  21413, at *87 (N.D. Cal. Feb. 20, 2015) ("Where expert testimony 'simply rehash[es] otherwise admissible evidence about which [the expert] has no personal knowledge, such evidence – taken on

26  its own – is inadmissible.'") (alterations in original);

27  ████████████████████████████████████████████████████████

28  ████████████████████████████████████████████████████████

PLAINTIFFS' NOTICE OF MOTION AND MOTION TO EXCLUDE THE TESTIMONY OF
DEFENDANT'S PROPOSED EXPERT MATTHEW TURK, PH. D. - 3:15-cv-03747-JD



1  ██████████████████████████████████████████████

2  ██████████████████████████████████████████████

3  ██████████████████████████████████████████████

4  ██████████████████████████████████████████████

5  ██████████████████████████████████████████████

6  ████████████████████████████████

7       **E.**       **Dr. Turk's Opinions Regarding** ██████████████████

8                          **Should Be Excluded Because He** ████████

9       By his own admission, ████████████████████████████

10 ██████████████████████████████████████████████

11 ██████████████████████████████████████████████

12 ██████████████████████████████████████████████

13 ██████████████████████████████████████████████

14 ██████████████████████████████████████████████

15 ██████████████████████████████████████████████

16 ████████████████████ *See Mullins v. Premier Nutrition Corp.*, 178 F. Supp. 3d 867, 901

17 (N.D. Cal. 2016) (excluding orthopedic professor's testimony regarding effectiveness of dietary

18 supplement).

19      Moreover, whether a person's identity can or cannot be stolen from Facebook using its face

20 recognition technology is not an element of liability under BIPA and therefore is not an issue in

21 dispute.  Plaintiffs need not prove anything regarding identity theft to establish a violation of BIPA,

22 and there is no defense available to Facebook involving a lack of identity theft.  *See* 740 ILCS 14/15.

23 ██████████████████████████████████████████████

24 ███████████████████████████████████ Fed. R. Evid. 702(a) (to be

25 admissible, expert must assist the trier of fact "to determine ***a fact in issue***"); *Teikoku Pharma*, 2017

26 U.S. Dist. LEXIS 182940, at *117.

27      Finally, Dr. Turk's opinion is self-contradictory. ████████████████

28 ██████████████████████████████████████████████

1389783_1

PLAINTIFFS' NOTICE OF MOTION AND MOTION TO EXCLUDE THE TESTIMONY OF
DEFENDANT'S PROPOSED EXPERT MATTHEW TURK, PH. D. - 3:15-cv-03747-JD     - 12

1 ██████████████████████████████████████████████████████████████████

2 ██████████████████████████████████████████████████████████████████

3 ████████  ████████████████ Given this striking contradiction, ████████████████████

4 ████████████████████████████████, there is no question that Dr. Turk's testimony on the

5 topic will only serve to confuse the jury and offer no relevant assistance. *See Newkirk v. Conagra*

6 *Foods, Inc.*, 727 F. Supp. 2d 1006, 1027 (E.D. Wash. 2010) (excluding expert opinion that was

7 contradicted by studies relied on in report), *aff'd*, 438 F. App'x 607 (9th Cir. 2011).

8     **F.**    **The Court Should Exclude Dr. Turk's Opinion** ████████████████████

9                                           ████████████████████ **Because It Is Based on No Analysis**

    Dr. Turk's opinion ████████████████████████████████████████████████████

10 ██████████████████████████████████████████████████████████████████

11 ██████████████████████████████████████████████████████████████████

12 ██████████████████████████████████████████████████████████████████

This, of course, is entirely insufficient and should be excluded. *See Open Text*, 2015 U.S. Dist.

13 LEXIS 8783, at *20-*21.

14     Moreover, Dr. Turk's opinion is wrong and deeply misleading because Facebook has, in fact,

15 turned off its facial recognition system for all European users. Exs. 10-11. If, as Dr. Turk posits, ████

16 ██████████████████████████████████████████████████████████████████

17 ██████████████████████████████████████████████████ Finally, as with several other opinions,

18 ████████████████████████████████████████████████████████████████ but they

19 have nothing to do with the actual issues in dispute in this case and will not assist the jury.

20 Therefore, they should be excluded.

21

22

23

24

25

---

26 [10]  Dr. Turk's deposition testimony ████████████████████████████████████████

27 ██████████████████████████████████████████████████████████████████

28 ████████████████████████████████████████████

PLAINTIFFS' NOTICE OF MOTION AND MOTION TO EXCLUDE THE TESTIMONY OF
DEFENDANT'S PROPOSED EXPERT MATTHEW TURK, PH. D. - 3:15-cv-03747-JD    - 13 -

1

## IV.    CONCLUSION

2          For the reasons stated above the Court should exclude Dr. Turk's testimony.

3     DATED:  March 16, 2018                    Respectfully submitted,

4                                               ROBBINS GELLER RUDMAN
                                                   & DOWD LLP
5                                               SHAWN A. WILLIAMS
                                                JOHN H. GEORGE
6

7
                                                        s/ Shawn A. Williams
8                                                    SHAWN A. WILLIAMS

9                                               Post Montgomery Center
                                                One Montgomery Street, Suite 1800
10                                              San Francisco, CA  94104
                                                Telephone:  415/288-4545
11                                              415/288-4534 (fax)

12                                              ROBBINS GELLER RUDMAN
                                                   & DOWD LLP
13                                              PAUL J. GELLER*
                                                STUART A. DAVIDSON*
14                                              CHRISTOPHER C. GOLD*
                                                120 East Palmetto Park Road, Suite 500
15                                              Boca Raton, FL  33432
                                                Telephone:  561/750-3000
16                                              561/750-3364 (fax)

17                                              LABATON SUCHAROW LLP
                                                JOEL H. BERNSTEIN*
18                                              CORBAN S. RHODES*
                                                140 Broadway
19                                              New York, NY  10005
                                                Telephone:  212/907-0700
20                                              212/818-0477 (fax)

21                                              EDELSON PC
                                                JAY EDELSON*
22                                              RAFEY BALABANIAN*
                                                350 North LaSalle Street, Suite 1300
23                                              Chicago, IL  60654
                                                Telephone:  312/589-6370
24                                              312/589-6378 (fax)

25                                              Attorneys for Plaintiffs

26                                              * = appearance *pro hac vice*

27

28

PLAINTIFFS' NOTICE OF MOTION AND MOTION TO EXCLUDE THE TESTIMONY OF
DEFENDANT'S PROPOSED EXPERT MATTHEW TURK, PH. D. - 3:15-cv-03747-JD                    - 14 -

1

<u>CERTIFICATE OF SERVICE</u>

2      I hereby certify that on March 16, 2018, I authorized the electronic filing of the foregoing

3 with the Clerk of the Court using the CM/ECF system which will send notification of such filing to

4 the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I

5 caused to be mailed the foregoing document or paper via the United States Postal Service to the non-

6 CM/ECF participants indicated on the attached Manual Notice List.

7      I certify under penalty of perjury under the laws of the United States of America that the

8 foregoing is true and correct.  Executed on March 16, 2018.

9                                   s/ Shawn A. Williams
                                   SHAWN A. WILLIAMS
10                                  ROBBINS GELLER RUDMAN
                                        & DOWD LLP
11                                  Post Montgomery Center
                                   One Montgomery Street, Suite 1800
12                                  San Francisco, CA  94104
                                   Telephone:  415/288-4545
13                                  415/288-4534 (fax)
                                   E-mail:  shawnw@rgrdlaw.com

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1389783_1

**Mailing Information for a Case 3:15-cv-03747-JD In re Facebook Biometric Information Privacy Litigation**

**Electronic Mail Notice List**

The following are those who are currently on the list to receive e-mail notices for this case.

- **Rafey Sarkis Balabanian**
  rbalabanian@edelson.com,docket@edelson.com

- **James E Barz**
  jbarz@rgrdlaw.com

- **Joel H. Bernstein**
  jbernstein@labaton.com,JGardner@labaton.com,kgutierrez@labaton.com,cvillegas@labaton.com,RKamhi@labaton.com,1375722420@filings.docketbird.com,electro

- **Stuart Andrew Davidson**
  sdavidson@rgrdlaw.com,5147990420@filings.docketbird.com,jdennis@rgrdlaw.com,e_file_sd@rgrdlaw.com,e_file_fl@rgrdlaw.com

- **Mark Dearman**
  mdearman@rgrdlaw.com,9825585420@filings.docketbird.com,e_file_sd@rgrdlaw.com,e_file_fl@rgrdlaw.com

- **Mark J. Dearman**
  mdearman@rgrdlaw.com

- **Jay Edelson**
  jedelson@edelson.com,docket@edelson.com

- **Amanda M. Frame**
  aframe@rgrdlaw.com

- **Paul J. Geller**
  pgeller@rgrdlaw.com,jalperstein@rgrdlaw.com,swinkles@rgrdlaw.com,e_file_fl@rgrdlaw.com

- **Paul Jeffrey Geller**
  pgeller@rgrdlaw.com

- **John Hamilton George**
  jgeorge@rgrdlaw.com

- **Christopher Chagas Gold**
  cgold@rgrdlaw.com,4703056420@filings.docketbird.com,jdennis@rgrdlaw.com,e_file_sd@rgrdlaw.com,e_file_fl@rgrdlaw.com

- **Lauren R Goldman**
  lrgoldman@mayerbrown.com,mrayfield@mayerbrown.com,jmarsala@mayerbrown.com

- **Frank S Hedin**
  fhedin@hedinhall.com

- **Lily E. Hough**
  lhough@edelson.com,docket@edelson.com

- **Ross M Kamhi**
  rkamhi@labaton.com,kgutierrez@labaton.com,electroniccasefiling@labaton.com

- **David Philip Milian**
  DMilian@CareyRodriguez.com,ejimenez@careyrodriguez.com,ecf@careyrodriguez.com

- **John Nadolenco**
  jnadolenco@mayerbrown.com,rjohns@mayerbrown.com,los-docket@mayerbrown.com,jaustgen@mayerbrown.com,tstruwe@mayerbrown.com,gtmiller@mayerbrown.com

- **Alexander Nguyen**
  anguyen@edelson.com,docket@edelson.com

- **Archis A. Parasharami**
  aparasharami@mayerbrown.com

- **Archis Ashok Parasharami**
  aparasharami@mayerbrown.com,4085092420@filings.docketbird.com,wdc.docket@mayerbrown.com

- **Matthew David Provance**
  mprovance@mayerbrown.com,courtnotification@mayerbrown.com

- **Corban S Rhodes**
  crhodes@labaton.com,kgutierrez@labaton.com,3936743420@filings.docketbird.com,sauer@labaton.com,electroniccasefiling@labaton.com

- **Benjamin Harris Richman**
  brichman@edelson.com,docket@edelson.com

- **Frank Anthony Richter**
  frichter@rgrdlaw.com

- **Alexander Glenn Tievsky**
  atievsky@edelson.com,docket@edelson.com

- **Shawn A. Williams**
  shawnw@rgrdlaw.com,smorris@rgrdlaw.com,ptiffith@rgrdlaw.com,dhall@rgrdlaw.com,e_file_sd@rgrdlaw.com,nlai@rgrdlaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
Vincent        J. Connelly
Mayer Brown LLP
71 South Wacker Drive
Chicago, IL 60606

Facebook Inc.
Cooley LLP
3000 El Camino Real
Five Palo Alto Square
Palo Alto, CA 94306-2155
```