1  ROBBINS GELLER RUDMAN
     & DOWD LLP
2  SHAWN A. WILLIAMS (213113)
   JOHN H. GEORGE (292332)
3  One Montgomery Street, Suite 1800
   San Francisco, CA 94104
4  Telephone: 415/288-4545
   415/288-4534 (fax)
5  shawnw@rgrdlaw.com
   jgeorge@rgrdlaw.com
6      – and –
   PAUL J. GELLER (*pro hac vice*)
7  STUART A. DAVIDSON (*pro hac vice*)
   CHRISTOPHER C. GOLD (*pro hac vice*)
8  120 East Palmetto Park Road, Suite 500
   Boca Raton, FL 33432
9  Telephone: 561/750-3000
   561/750-3364 (fax)
10 pgeller@rgrdlaw.com
   sdavidson@rgrdlaw.com
11 cgold@rgrdlaw.com

12 LABATON SUCHAROW LLP              EDELSON PC
   JOEL H. BERNSTEIN (*pro hac vice*)    JAY EDELSON (*pro hac vice*)
13 CORBAN S. RHODES (*pro hac vice*)    RAFEY BALABANIAN (*pro hac vice*)
   140 Broadway                      350 North LaSalle Street, Suite 1300
14 New York, NY 10005               Chicago, IL 60654
   Telephone: 212/907-0700          Telephone: 312/589-6370
15 212/818-0477 (fax)               312/589-6378 (fax)
   jbernstein@labaton.com           jedelson@edelson.com
16 crhodes@labaton.com              rbalabanian@edelson.com

17 Attorneys for Plaintiffs

18              UNITED STATES DISTRICT COURT
             NORTHERN DISTRICT OF CALIFORNIA
19              SAN FRANCISCO DIVISION

20 In re FACEBOOK BIOMETRIC          )  Master File No. 3:15-cv-03747-JD
   INFORMATION PRIVACY LITIGATION    )  CLASS ACTION
21 _____ )
                                      )  PLAINTIFFS' NOTICE OF MOTION AND
22 This Document Relates To:         )  MOTION TO EXCLUDE THE TESTIMONY
                                      )  OF DEFENDANT'S PROPOSED EXPERT
23     ALL ACTIONS.                  )  MATTHEW TURK, PH.D.;
   _____ )  MEMORANDUM OF POINTS AND
24                                       AUTHORITIES IN SUPPORT THEREOF

25                                    DATE:   May 17, 2018
                                      TIME:   10:00 a.m.
26                                    CTRM:   11, 19th Floor
                                      JUDGE:  Hon. James Donato
27                    **[REDACTED]**

28

1389783_1

# TABLE OF CONTENTS

Page

I.    INTRODUCTION ........................................................................................1

II.    LEGAL STANDARDS ..............................................................................3

III.    ARGUMENT ............................................................................................4

    A.    <u>Dr. Turk's Opinions Are Not Helpful or Relevant Because</u> ████ ███████████████, a Position Contrary to BIPA and Rejected by the Court...........................................................................4

    B.    Dr. Turk's Testimony Should be Excluded Because It Ignores Directly Contrary Evidence .................................................................6

    C.    <u>Dr. Turk's Opinions Should Be Excluded Because</u> ████ ████████████████.............................................................8

    D.    The Court Should Exclude Dr. Turk's Testimony Regarding the Detection and Alignment Phases of Facebook's Face Recognition System Because They Are Entirely Unfounded ...............................................................10

    E.    Dr. Turk's Opinions Regarding ████ Should Be Excluded Because ██████████████████████████................................................12

    F.    The Court Should Exclude Dr. Turk's Opinion Regarding Disabling Facebook's Recognition System Because It Is Based on No Analysis ................13

IV.    CONCLUSION........................................................................................14

1389783_1

PLAINTIFFS' NOTICE OF MOTION AND MOTION TO EXCLUDE THE TESTIMONY OF DEFENDANT'S PROPOSED EXPERT MATTHEW TURK, PH. D. - 3:15-cv-03747-JD

- i -

**CASES**

*Abarca v. Franklin Cty. Water Dist.*,
    761 F. Supp. 2d 1007 (E.D. Cal. 2011)................................................6, 8

*Apple, Inc. v. Samsung Elecs. Co.*,
    2012 U.S. Dist. LEXIS 90877 (N.D. Cal. June 30, 2012) .......................6

*Daubert v. Merrell Dow Pharms., Inc.*,
    509 U.S. 579 (1993)...............................................................................3, 4

*EMC Corp. v. Pure Storage, Inc.*,
    154 F. Supp. 3d 81 (D. Del. 2016) ........................................................10

*Freeny v. Murphy Oil Corp.*,
    2015 U.S. Dist. LEXIS 118736 (E.D. Tex. June 3, 2015) ......................10

*Fujifilm Corp. v. Motorola Mobility LLC*,
    2015 U.S. Dist. LEXIS 21413 (N.D. Cal. Feb. 20, 2015) ......................11

*In re Rezulin Prods. Liab. Litig.*,
    369 F. Supp. 2d 398 (S.D.N.Y. 2005)..................................................6, 7

*Jack Henry & Assocs. v. BSC, Inc.*,
    487 F. App'x 246 (6th Cir. 2012) ..........................................................11

*Johnson v. Mead Johnson & Co., LLC*,
    2012 U.S. Dist. LEXIS 195104 (D. Minn. Aug. 13, 2012) ......................8

*Kumho Tire Co. v. Carmichael*,
    526 U.S. 137 (1999)..................................................................................3

*Lauzon v. Senco Prods.*,
    270 F.3d 681 (8th Cir. 2001) ...................................................................3

*Lust By & Through Lust v. Merrell Dow Pharms., Inc.*,
    89 F.3d 594 (9th Cir. 1996) .....................................................................3

*Mullins v. Premier Nutrition Corp.*,
    178 F. Supp. 3d 867 (N.D. Cal. 2016) ...................................................12

*Newkirk v. Conagra Foods, Inc.*,
    727 F. Supp. 2d 1006 (E.D. Wash. 2010),
    *aff'd*, 438 F. App'x 607 (9th Cir. 2011).................................................13

1389783_1

PLAINTIFFS' NOTICE OF MOTION AND MOTION TO EXCLUDE THE TESTIMONY OF
DEFENDANT'S PROPOSED EXPERT MATTHEW TURK, PH. D. - 3:15-cv-03747-JD

- ii

|  |  | Page |
|---|---|---|

*Nichols v. Am. Nat'l Ins. Co.*,
  154 F.3d 875 (8th Cir. 1998) ..................................................................3

*Open Text S.A. v. Box, Inc.*,
  2015 U.S. Dist. LEXIS 8783 (N.D. Cal. Jan. 23, 2015) ....................................11, 13

*Primiano v. Cook*,
  598 F.3d 558 (9th Cir. 2010) ..................................................................4, 5

*SEC v. Capital Consultants, LLC*,
  397 F.3d 733 (9th Cir. 2005) ..................................................................6

*United Food & Commercial Workers Local 1776 v. Teikoku Pharma USA*,
  2017 U.S. Dist. LEXIS 182940 (N.D. Cal. Nov. 3, 2017) ..............................3, 6, 13

*United States v. Gonzalez-Maldonado*,
  115 F.3d 9 (2009) ..................................................................4

*United States v. Redlightning*,
  624 F.3d 1090 (9th Cir. 2010) ..................................................................3

**STATUTES, RULES AND REGULATIONS**

Federal Rules of Civil Procedure
  Rule 26 ..................................................................8, 9
  Rule 26(a)(2)(B)(ii) ..................................................................6, 8

Federal Rules of Evidence
  Rule 401 ..................................................................1
  Rule 403 ..................................................................1, 4
  Rule 702 ..................................................................1, 3, 4
  Rule 702(a) ..................................................................5, 13

Rule 26(a)(2)(B)(i) ..................................................................11

1389783_1

PLAINTIFFS' NOTICE OF MOTION AND MOTION TO EXCLUDE THE TESTIMONY OF
DEFENDANT'S PROPOSED EXPERT MATTHEW TURK, PH. D. - 3:15-cv-03747-JD

- iii -

**NOTICE OF MOTION AND MOTION**

TO:    ALL PARTIES AND THEIR ATTORNEYS OF RECORD

    PLEASE TAKE NOTICE that on May 17, 2018 at 10:00 a.m., before the Honorable James Donato, United States District Judge, at the United States District Court, Northern District of California, San Francisco Division, 450 Golden Gate Avenue, Courtroom 11, 19th Floor, San Francisco, California 94102, plaintiffs Adam Pezen, Nimesh Patel, and Carlo Licata will move this Court for an order, pursuant to Federal Rules of Evidence 401, 403 and 702 on the grounds that Dr. Matthew Turk's ("Dr. Turk") opinions are unreliable, would serve to mislead and confuse the jury, and will not assist the trier of fact to understand the evidence or determine a fact at issue.  This Motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities in Support Thereof, the Declaration of Shawn A. Williams and the [Proposed] Order filed herewith, all pleadings and papers filed herein, arguments of counsel, and any other matters properly before the Court.

**ISSUE TO BE DECIDED**

    Whether Dr. Turk should be excluded from testifying at trial under the Federal Rules of Evidence, including Rules 401, 403 and 702.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    INTRODUCTION**

    In an increasingly desperate effort to escape compelling evidence of liability, including admissions that Facebook's facial recognition system scans face geometry in photos uploaded to its platform, thereby collecting biometric identifiers, Facebook disclosed the report of Dr. Turk, who

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

    The unreliability of Dr. Turk's report is not limited to his convenient ▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

██████████████████████████████ ;[1] Ex. 2 at 2.  Dr. Turk's entire analysis appears to be ████████████

████████████████████████████ ███ [2] ██████████████████████████████████

*Compare* ECF No. 120 ("MTD Order") at 21-22 *with* Ex. 3, ¶3.[3] ████████████████████

███████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████

████████████████████████████████████

Separately, Dr. Turk's opinions rely in part on █████████████████████████████

████████, a Facebook software engineer and research scientist, who co-founded and sold

Face.com to Facebook.  *See id.* at B-1.  Dr. Turk testified that ██████████████████████

█████████████████████████ *See* Ex. 4 at 63:10-19; 78:11-16.  Apart from the

circular and curious nature of an expert opinion being confirmed by the defendant, Dr. Turk

produced no useful information about ████████████████ and plaintiffs were therefore unable to

effectively cross-examine Dr. Turk regarding their influence on his opinions.  Indeed, Dr. Turk

███████████████████████████████████████████████████████████████████

*id.* at 62:19-63:19.  Dr. Turk did produce ████████████████████████████████████████

███████████████████████████████████████████████████████████████████

████████████ *Id.*  This absolute failure to provide the underlying material on which his opinions

are based also warrants exclusion of Dr. Turk's testimony.

Finally, the Court should exclude Dr. Turk's conclusory, baseless and unscientific opinions

that ███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████

████████████████████████████████████ .  ¶¶114, 118-121, 128.  Not one of

these opinions is based on any actual analysis or methodology that can be tested; and, as Dr. Turk

---

[1]  All "Ex. _" references herein are to the Declaration of Shawn A. Williams in Support of Plaintiffs' Motion to Exclude the Testimony of Defendant's Proposed Expert Matthew Turk Ph.D., filed concurrently herewith.

[2]  Biometric Information Privacy Act, 740 ILCS 14/1, *et seq*.

[3]  ████████████████████████████████

1389783_1

PLAINTIFFS' NOTICE OF MOTION AND MOTION TO EXCLUDE THE TESTIMONY OF
DEFENDANT'S PROPOSED EXPERT MATTHEW TURK, PH. D. - 3:15-cv-03747-JD

- 2 -

1  readily admitted, ██████████████████████████████████████████

2  ████████████████████████████████████████████████████████████

3  █████████

4       As detailed further below, the Court should exclude all of Dr. Turk's proposed testimony as it

5  unreliable and will do nothing to assist the jury in assessing the actual issues in dispute.

6  **II.    LEGAL STANDARDS**

7       Trial courts must perform a "gatekeeping function" to ensure expert testimony satisfies the

8  "reliable and relevant" prongs of Rule 702 of the Federal Rules of Evidence.  *United States v.*

9  *Redlightning*, 624 F.3d 1090, 1111 (9th Cir. 2010); *see also Daubert v. Merrell Dow Pharms., Inc.*,

10  509 U.S. 579, 589 (1993) (expert testimony must be "not only relevant, but reliable").  The party

11  proffering the expert has the burden of proving – by a preponderance of the evidence – that the

12  expert's testimony is admissible under Rule 702.  *United Food & Commercial Workers Local 1776*

13  *v. Teikoku Pharma USA*, 2017 U.S. Dist. LEXIS 182940, at *98 (N.D. Cal. Nov. 3, 2017) (citing

14  *Lust By & Through Lust v. Merrell Dow Pharms., Inc.*, 89 F.3d 594, 598 (9th Cir. 1996)).

15       Rule 702 and *Daubert* apply "not only to testimony based on 'scientific' knowledge, but also

16  to testimony based on 'technical' and 'other specialized' knowledge."  *Kumho Tire Co. v.*

17  *Carmichael*, 526 U.S. 137, 141, 147-48 (1999).[4]  Expert opinion testimony is appropriate only where

18  the trier of fact would not ordinarily be able to resolve a factual issue without technical or

19  specialized assistance.  *Daubert*, 509 U.S. at 591; *Kumho Tire*, 526 U.S. at 156.  *Lauzon v. Senco*

20  *Prods.*, 270 F.3d 681, 686 (8th Cir. 2001) ("[E]vidence based on scientific, technical, or other

21  specialized knowledge must be useful to the finder of fact in deciding the ultimate issue of fact. . . .

22  This is the basic rule of relevancy.").

23       If a jury is capable of drawing its own inferences from the available evidence, expert

24  testimony is not "helpful to the trier of fact."  *Nichols v. Am. Nat'l Ins. Co.*, 154 F.3d 875, 883 (8th

25  Cir. 1998).  In fact, such opinion testimony can result in unfair prejudice to the opposing party by

26  confusing the issues or misleading the jury.  *See United States v. Gonzalez-Maldonado*, 115 F.3d 9,

27

28  _____
[4]    All citations and footnotes omitted and emphasis added, unless otherwise indicated.

PLAINTIFFS' NOTICE OF MOTION AND MOTION TO EXCLUDE THE TESTIMONY OF
DEFENDANT'S PROPOSED EXPERT MATTHEW TURK, PH. D. - 3:15-cv-03747-JD          - 3 -

17-18 (2009) ("'By appearing to put the expert's stamp of approval on [a] theory, such testimony might unduly influence the jury's own assessment of the inference that is being urged.'").

"Rule 702 sets forth the overarching requirement of reliability, and an analysis of the sufficiency of the expert's basis cannot be divorced from the ultimate reliability of the expert's opinion." Fed. R. Evid. 702 advisory committee notes to 2000 amendments. An expert opinion is reliable "'if the knowledge underlying it has a reliable basis in the knowledge and experience of the relevant discipline.'" *Primiano v. Cook*, 598 F.3d 558, 565 (9th Cir. 2010). The trial court must consider whether the testimony: (1) is "based on sufficient facts or data"; (2) is "the product of reliable principles and methods"; and (3) applies "the principles and methods to the facts of the case." Fed. R. Evid. 702. The knowledge underlying the expert's opinion must also have a valid connection to the pertinent inquiry. *Primiano*, 598 F.3d at 565.

Courts should exclude an expert's proffered testimony under Federal Rule of Evidence 403 if its "probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." *See* Fed. R. Evid. 403. "'Expert evidence can be both powerful and quite misleading because of the difficulty in evaluating it. Because of this risk, the judge in weighing possible prejudice against probative force under Rule 403 of the present rules exercises more control over experts than over lay witnesses.'" *Daubert*, 509 U.S. at 595.

## III.    ARGUMENT

### A.    Dr. Turk's Opinions Are Not Helpful or Relevant Because ███ ██████████████████████████, a Position Contrary to BIPA and Rejected by the Court

In the MTD Order, the Court rejected Facebook's argument that BIPA's definition of "scan" is limited to in-person scans:

> Facebook argues that the only way to reconcile the statute's inclusion of "scan" and exclusion of "photographs" is to read the word "scan" to mean ***in-person*** scan. But this cramped interpretation is not stated in BIPA and cannot be squared with the statute's purpose.

MTD Order at 21-22. The Court explained that BIPA is an informed-consent privacy law specifically addressing the collection and use of personal biometric identifiers at a time when

biometric technology was beginning to be widely deployed and "to cabin this purpose within a specific in-person data collection technique has no support in the words and structure of the statute, and is antithetical to its broad purpose of protecting privacy in the face of emerging biometric technology." *Id.* ███████████████████████████████████████████████

███████████████████████████████████████████████████████████████████████

███████████████████████████████████████████

For example, immediately after describing his assignment, ███████████████████████

███████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████ According

to Dr. Turk, ███████████████████████████████████████████████████

███████████████████████ ¶39. In fact, Dr. Turk's main conclusion is ███████████

███████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████████

███████████████████████████████████ Thus, Dr. Turk's entire

opinion regarding ████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████████

█████████████████████████████████████

Dr. Turk's conclusion that ██████████████████████████████████████████

██████████████████████████ because Dr. Turk is ██████████████████████████

█████████████████████████████████████████ *Primiano*, 598 F.3d

at 565. Thus, even if Dr. Turk's opinion ████████████████████████████████████

███████████████████████████████████████████████████████████████████████

████ Fed. R. Evid. 702(a) (requiring that the expert's knowledge assist the trier of fact "to

determine *a fact in issue*"). Accordingly, Dr. Turk's opinions ████████████████████████

███████████████████████████████████████ should be excluded. *Teikoku Pharma*, 2017

U.S. Dist. LEXIS 182940, at *117 (excluding expert opinion on topics irrelevant to elements of

1389783_1

PLAINTIFFS' NOTICE OF MOTION AND MOTION TO EXCLUDE THE TESTIMONY OF
DEFENDANT'S PROPOSED EXPERT MATTHEW TURK, PH. D. - 3:15-cv-03747-JD

- 5

antitrust claims); *Apple, Inc. v. Samsung Elecs. Co.*, 2012 U.S. Dist. LEXIS 90877, at *31 (N.D. Cal. June 30, 2012) (excluding expert opinions that are "contrary to law" and therefore not helpful to the jury). His opinions are also wholly irrelevant to the Court's interpretation of BIPA. *See SEC v. Capital Consultants, LLC*, 397 F.3d 733, 749 (9th Cir. 2005) ("Experts may interpret and analyze factual evidence but may not testify about the law.").

**B.    Dr. Turk's Testimony Should be Excluded Because It Ignores Directly Contrary Evidence**

Expert opinion is unreliable if the expert fails to consider contrary evidence and instead cherry-picks his support. *In re Rezulin Prods. Liab. Litig.*, 369 F. Supp. 2d 398, 425 (S.D.N.Y. 2005).[5] Further, "if the relevant scientific literature contains evidence tending to refute the expert's theory and the expert does not acknowledge or account for that evidence, the expert's opinion is unreliable." *Id.*; *see also Abarca v. Franklin Cty. Water Dist.*, 761 F. Supp. 2d 1007, 1066 n.60 (E.D. Cal. 2011) ("'A scientist might well pick data from many different sources to serve as circumstantial evidence for a particular hypothesis, but a reliable expert would not ignore contrary data.'").

Here, Dr. Turk concludes that ███████████████████████████████████████████████ ███████████████████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████████████████ ████████████████████████████████████ extraterritoriality summary judgment motion (ECF No. 257). The DeepFace paper is the most comprehensive literature describing how Facebook's current facial recognition system works. *See* Ex. 5.[6] Importantly, in his report, Dr. Turk ███████████████████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████████████████

---

[5]    Plaintiffs presume that as required by Rule 26(a)(2)(B)(ii) of the Federal Rules of Civil Procedure, Dr. Turk included in his report all facts and data considered by the witness in forming his opinion.

[6]    Even worse, ███████████████████████████████████████████████████████████ ████████████████████████████████████

1389783_1

PLAINTIFFS' NOTICE OF MOTION AND MOTION TO EXCLUDE THE TESTIMONY OF
DEFENDANT'S PROPOSED EXPERT MATTHEW TURK, PH. D. - 3:15-cv-03747-JD                    - 6 -

As the DeepFace paper makes abundantly clear, processing human facial features in different places is exactly how Facebook's system operates:

> These layers [of the deep neural network comprising the representation phase] are able to capture correlations between **features** captured in **distant parts** of the face images, *e.g.*, **position and shape of eyes and position and shape of mouth**.

Ex. 5 at FBBIPA_00001217.  Dr. Turk

*Rezulin*, 369 F. Supp. 2d at 425.

---

[7]   Nowhere in the DeepFace paper does

1389783_1

PLAINTIFFS' NOTICE OF MOTION AND MOTION TO EXCLUDE THE TESTIMONY OF
DEFENDANT'S PROPOSED EXPERT MATTHEW TURK, PH. D. - 3:15-cv-03747-JD

- 7 -

1  ████████████████████████████████████████████████████

2  ████████████████████████████████████████████████████

3  ████████████████████████████████████████████████████

4  ████████████████████████████████████████████████████

5  ████████████████████████████████████████████████████

6  ████████████████████████████████████████████████████

7  ████████████████████████████████████████████████████

8  ████████████████████████ *Abarca*, 761 F. Supp. 2d at 1066 n.60.

9  **C.    Dr. Turk's Opinions Should Be Excluded Because** ████████

10  ████████████████████████████

Federal Rule of Civil Procedure 26(a)(2)(B)(ii) requires an expert to disclose "the facts or data considered by the witness in forming" his opinions. Fed. R. Civ. P. 26(a)(2)(B)(ii). The purpose of this Rule is to provide the opposing party a "reasonable opportunity to prepare for effective cross examination and perhaps arrange for expert testimony from other witnesses." Fed. R. Civ. P. 26 (advisory committee notes to 1993 amendment). Without the information and materials considered by an expert in forming his opinions, the opposing party is deprived of the opportunity on effectively cross-examining the expert. *Id.*; *see also Johnson v. Mead Johnson & Co., LLC*, 2012 U.S. Dist. LEXIS 195104, at *10-*11 (D. Minn. Aug. 13, 2012) ("'useful cross examination and possible impeachment can only be accomplished by gaining access to all of the information that shaped or potentially influenced the expert witness's opinion'").

20  ████████████████████████████████████████████████

21  ████████████████████████████████████████████████████

22  ████████████████████████████████████████████████████

23  ████████████████████████████████████████████████████

24  ████████████████████████████████████████████████████

25  ████████████████████████████████████████████████████

26  ████████████████████████████████████████████████████

27  ████████████████████████████ In response, on February 26, 2018,

28  Facebook ██████████████████████████████████████████████

1389783_1

PLAINTIFFS' NOTICE OF MOTION AND MOTION TO EXCLUDE THE TESTIMONY OF
DEFENDANT'S PROPOSED EXPERT MATTHEW TURK, PH. D. - 3:15-cv-03747-JD                - 8 -

In his deposition,

*See*

*Freeny v. Murphy Oil Corp.*, 2015 U.S. Dist. LEXIS 118736, at *5-6 (E.D. Tex. June 3, 2015)

8

1389783_1

PLAINTIFFS' NOTICE OF MOTION AND MOTION TO EXCLUDE THE TESTIMONY OF
DEFENDANT'S PROPOSED EXPERT MATTHEW TURK, PH. D. - 3:15-cv-03747-JD

- 9 -

(excluding expert report to the extent that it relied on conversations with witness where plaintiff was prevented from taking discovery on conversations from witness before fact discovery cutoff).

████████████████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████████████████████

██████████████████████████████████████████████ Because there is no way for plaintiffs to reasonably inquire into ████████████████████████████████████████████████████, the Court should entirely exclude his testimony. *See Freeny*, 2015 U.S. Dist. LEXIS 118736 at \*5-\*6 (E.D. Tex. June 4, 2015); *compare EMC Corp. v. Pure Storage, Inc.*, 154 F. Supp. 3d 81, 116 (D. Del. 2016) (allowing opinions where expert disclosed "the substance of the discussions in enough detail to permit [plaintiff] to conduct meaningful cross examination and other discovery").

**D.** **The Court Should Exclude Dr. Turk's Testimony Regarding** ████████ **Because They Are Entirely Unfounded**

As an afterthought to his unreliable opinions █████████████████████████████

█████████████████████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████████████████████

████████████████████ The entirety of the "analysis" for this conclusion comprises five sentences and includes no evidentiary or literary support. *See* ¶¶115-116. Also missing is any basis or reasoning as required by Rule 26(a)(2)(B)(i) behind how Dr. Turk arrived at his conclusions. *Id.* For example, the whole analysis supporting the conclusion that ████████████████████████████████

████████████

████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████

1389783_1

PLAINTIFFS' NOTICE OF MOTION AND MOTION TO EXCLUDE THE TESTIMONY OF
DEFENDANT'S PROPOSED EXPERT MATTHEW TURK, PH. D. - 3:15-cv-03747-JD

- 10 -

¶115.[9] ███████████████████████████████████████████████████

███████████████████████████████████ Again, no support is

provided and no attempt is made to explain how or why ███████████

███████████████████████████ The absence of

meaningful analysis alone is enough to warrant excluding Dr. Turk's opinions regarding ██

█████████████████ *See Open Text S.A. v. Box, Inc.*, 2015 U.S. Dist. LEXIS 8783, at

*20-*21 (N.D. Cal. Jan. 23, 2015) (excluding testimony where the "link, if any, between" the

documents considered and the expert's conclusions were "written in invisible ink").

But Dr. Turk's conclusions regarding █████████████████ reveal a further

flaw in his analysis – he fails █████████████ and only refers to it in exclusionary terms.

Throughout the report, Dr. Turk only mentions █████████████████████

█████████████████████ This is particularly

true in his "analysis" of █████████████████████████

█████████████ By not explaining what █████████████ his

opinions are based on, Dr. Turk offers no assistance to a trier of fact. *See Jack Henry & Assocs. v.*

*BSC, Inc.*, 487 F. App'x 246, 256 (6th Cir. 2012) (affirming exclusion of expert testimony where

expert failed to define key term in report). Without a definition ████████████████

█████████████████████████████████, or

to meaningfully cross-examine Dr. Turk on those questions. Dr. Turk's deposition, ████████

█████████████████████████████████

███████████████████, his conclusions do not assist a trier of fact seeking to

---

[9] ████████████████████████████████████

███████████████████████████████████

███████████████████████████████████

███████████████████████ *See Fujifilm Corp. v. Motorola Mobility LLC*, 2015 U.S. Dist. LEXIS
21413, at *87 (N.D. Cal. Feb. 20, 2015) ("Where expert testimony 'simply rehash[es] otherwise
admissible evidence about which [the expert] has no personal knowledge, such evidence – taken on
its own – is inadmissible.'") (alterations in original); ███████████████████

███████████████████████████████████

█████████████████████████

1389783_1

PLAINTIFFS' NOTICE OF MOTION AND MOTION TO EXCLUDE THE TESTIMONY OF
DEFENDANT'S PROPOSED EXPERT MATTHEW TURK, PH. D. - 3:15-cv-03747-JD

- 11 -

**E. Dr. Turk's Opinions Regarding** ████████ ████████ **Should Be Excluded Because He** ████

By his own admission, ████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████ *See Mullins v. Premier Nutrition Corp.*, 178 F. Supp. 3d 867, 901 (N.D. Cal. 2016) (excluding orthopedic professor's testimony regarding effectiveness of dietary supplement).

Moreover, whether a person's identity can or cannot be stolen from Facebook using its face recognition technology is not an element of liability under BIPA and therefore is not an issue in dispute. Plaintiffs need not prove anything regarding identity theft to establish a violation of BIPA, and there is no defense available to Facebook involving a lack of identity theft. *See* 740 ILCS 14/15.

████████████████████████████████████

████████████████████████████ Fed. R. Evid. 702(a) (to be admissible, expert must assist the trier of fact "to determine *a fact in issue*"); *Teikoku Pharma*, 2017 U.S. Dist. LEXIS 182940, at *117.

Finally, Dr. Turk's opinion is self-contradictory. ████████████████

████████████████████████████████████

1389783_1

PLAINTIFFS' NOTICE OF MOTION AND MOTION TO EXCLUDE THE TESTIMONY OF DEFENDANT'S PROPOSED EXPERT MATTHEW TURK, PH. D. - 3:15-cv-03747-JD

- 12

█████████████████████████████████████████████████████

█████████████████████████████████████████████████████

████ █████████████████ Given this striking contradiction, ████████████████

███████████████████████████████, there is no question that Dr. Turk's testimony on the

topic will only serve to confuse the jury and offer no relevant assistance. *See Newkirk v. Conagra*

*Foods, Inc.*, 727 F. Supp. 2d 1006, 1027 (E.D. Wash. 2010) (excluding expert opinion that was

contradicted by studies relied on in report), *aff'd*, 438 F. App'x 607 (9th Cir. 2011).

    **F.**    **The Court Should Exclude Dr. Turk's Opinion** ██████████████
██████████████████████████ **Because It Is Based on No Analysis**

    Dr. Turk's opinion ████████████████████████████████████████

█████████████████████████████████████████████████████

█████████████████████████████████████████████████████

█████████████████████████████████████████████████████

This, of course, is entirely insufficient and should be excluded. *See Open Text*, 2015 U.S. Dist.

LEXIS 8783, at \*20-\*21.

    Moreover, Dr. Turk's opinion is wrong and deeply misleading because Facebook has, in fact,

turned off its facial recognition system for all European users. Exs. 10-11. If, as Dr. Turk posits, ██

█████████████████████████████████████████████████████

████████████████████████████████ Finally, as with several other opinions,

███████████████████████████████████████████ but they

have nothing to do with the actual issues in dispute in this case and will not assist the jury.

Therefore, they should be excluded.

---

[10]  Dr. Turk's deposition testimony ███████████████████████████████

█████████████████████████████████████████████████████

█████████████████████████████████████████

1389783_1

PLAINTIFFS' NOTICE OF MOTION AND MOTION TO EXCLUDE THE TESTIMONY OF
DEFENDANT'S PROPOSED EXPERT MATTHEW TURK, PH. D. - 3:15-cv-03747-JD

- 13 -

# IV. CONCLUSION

For the reasons stated above the Court should exclude Dr. Turk's testimony.

DATED: March 16, 2018

Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
SHAWN A. WILLIAMS
JOHN H. GEORGE


s/ Shawn A. Williams
SHAWN A. WILLIAMS

Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA 94104
Telephone: 415/288-4545
415/288-4534 (fax)

ROBBINS GELLER RUDMAN
  & DOWD LLP
PAUL J. GELLER*
STUART A. DAVIDSON*
CHRISTOPHER C. GOLD*
120 East Palmetto Park Road, Suite 500
Boca Raton, FL 33432
Telephone: 561/750-3000
561/750-3364 (fax)

LABATON SUCHAROW LLP
JOEL H. BERNSTEIN*
CORBAN S. RHODES*
140 Broadway
New York, NY 10005
Telephone: 212/907-0700
212/818-0477 (fax)

EDELSON PC
JAY EDELSON*
RAFEY BALABANIAN*
350 North LaSalle Street, Suite 1300
Chicago, IL 60654
Telephone: 312/589-6370
312/589-6378 (fax)

Attorneys for Plaintiffs

* = appearance *pro hac vice*

1389783_1

PLAINTIFFS' NOTICE OF MOTION AND MOTION TO EXCLUDE THE TESTIMONY OF
DEFENDANT'S PROPOSED EXPERT MATTHEW TURK, PH. D. - 3:15-cv-03747-JD

- 14 -

1

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 16, 2018, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on March 16, 2018.

<u>s/ Shawn A. Williams</u>
SHAWN A. WILLIAMS
ROBBINS GELLER RUDMAN
    & DOWD LLP
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
E-mail:  shawnw@rgrdlaw.com

# Mailing Information for a Case 3:15-cv-03747-JD In re Facebook Biometric Information Privacy Litigation

### Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Rafey Sarkis Balabanian**
  rbalabanian@edelson.com,docket@edelson.com

- **James E Barz**
  jbarz@rgrdlaw.com

- **Joel H. Bernstein**
  jbernstein@labaton.com,JGardner@labaton.com,kgutierrez@labaton.com,cvillegas@labaton.com,RKamhi@labaton.com,1375722420@filings.docketbird.com,electro

- **Stuart Andrew Davidson**
  sdavidson@rgrdlaw.com,5147990420@filings.docketbird.com,jdennis@rgrdlaw.com,e_file_sd@rgrdlaw.com,e_file_fl@rgrdlaw.com

- **Mark Dearman**
  mdearman@rgrdlaw.com,9825585420@filings.docketbird.com,e_file_sd@rgrdlaw.com,e_file_fl@rgrdlaw.com

- **Mark J. Dearman**
  mdearman@rgrdlaw.com

- **Jay Edelson**
  jedelson@edelson.com,docket@edelson.com

- **Amanda M. Frame**
  aframe@rgrdlaw.com

- **Paul J. Geller**
  pgeller@rgrdlaw.com,jalperstein@rgrdlaw.com,swinkles@rgrdlaw.com,e_file_fl@rgrdlaw.com

- **Paul Jeffrey Geller**
  pgeller@rgrdlaw.com

- **John Hamilton George**
  jgeorge@rgrdlaw.com

- **Christopher Chagas Gold**
  cgold@rgrdlaw.com,4703056420@filings.docketbird.com,jdennis@rgrdlaw.com,e_file_sd@rgrdlaw.com,e_file_fl@rgrdlaw.com

- **Lauren R Goldman**
  lrgoldman@mayerbrown.com,mrayfield@mayerbrown.com,jmarsala@mayerbrown.com

- **Frank S Hedin**
  fhedin@hedinhall.com

- **Lily E. Hough**
  lhough@edelson.com,docket@edelson.com

- **Ross M Kamhi**
  rkamhi@labaton.com,kgutierrez@labaton.com,electroniccasefiling@labaton.com

- **David Philip Milian**
  DMilian@CareyRodriguez.com,ejimenez@careyrodriguez.com,ecf@careyrodriguez.com

- **John Nadolenco**
  jnadolenco@mayerbrown.com,rjohns@mayerbrown.com,los-docket@mayerbrown.com,jaustgen@mayerbrown.com,tstruwe@mayerbrown.com,gtmiller@mayerbrown.com

- **Alexander Nguyen**
  anguyen@edelson.com,docket@edelson.com

- **Archis A. Parasharami**
  aparasharami@mayerbrown.com

- **Archis Ashok Parasharami**
  aparasharami@mayerbrown.com,4085092420@filings.docketbird.com,wdc.docket@mayerbrown.com

- **Matthew David Provance**
  mprovance@mayerbrown.com,courtnotification@mayerbrown.com

- **Corban S Rhodes**
  crhodes@labaton.com,kgutierrez@labaton.com,3936743420@filings.docketbird.com,sauer@labaton.com,electroniccasefiling@labaton.com

- **Benjamin Harris Richman**
  brichman@edelson.com,docket@edelson.com

- **Frank Anthony Richter**
  frichter@rgrdlaw.com

- **Alexander Glenn Tievsky**
  atievsky@edelson.com,docket@edelson.com

- **Shawn A. Williams**
  shawnw@rgrdlaw.com,smorris@rgrdlaw.com,ptiffith@rgrdlaw.com,dhall@rgrdlaw.com,e_file_sd@rgrdlaw.com,nlai@rgrdlaw.com

### Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
Vincent        J. Connelly
Mayer Brown LLP
71 South Wacker Drive
Chicago, IL 60606

Facebook Inc.
Cooley LLP
3000 El Camino Real
Five Palo Alto Square
Palo Alto, CA 94306-2155
```