MAYER BROWN LLP
John Nadolenco (SBN 181128)
350 South Grand Avenue
25th Floor
Los Angeles, CA 90071-1503
Telephone: (213) 229-9500
jnadolenco@mayerbrown.com

Lauren R. Goldman (*pro hac vice*)
1221 Avenue of the Americas
New York, NY 10020
Telephone: (212) 506-2647
lrgoldman@mayerbrown.com

*Counsel for Defendant Facebook, Inc.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE FACEBOOK BIOMETRIC INFORMATION PRIVACY LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS<br>_____<br><br>FREDERICK WILLIAM GULLEN, on behalf of himself and all others similarly situated,<br><br>          Plaintiff,<br><br>  v.<br><br>FACEBOOK, INC.,<br><br>          Defendant. | **FACEBOOK'S MOTION TO STRIKE AND/OR EXCLUDE THE EXPERT REPORT OF JEFFREY S. DUNN**<br><br>Master Docket No.: 3:15-CV-03747-JD<br><br>Date: May 17, 2018<br>Time: 10:00 a.m.<br>Location: Courtroom 11<br><br>Hon. James Donato<br><br>*[Proposed Order and Declaration of John Nadolenco filed concurrently herewith]*<br><br>Case No. 3:16-cv-00937-JD<br><br>**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED** |

# **TABLE OF CONTENTS**

INTRODUCTION ............................................................................................................................. 1

BACKGROUND ............................................................................................................................. 2

    A.    Facebook's Facial-Recognition Technology ............................................................ 2

    B.    The Parties' Expert Disclosures ................................................................................ 4

        1.    Initial Expert Disclosures .............................................................................. 4

        2.    Plaintiffs' Motions For Class Certification And Facebook's Oppositions. ..................................................................................................... 5

        3.    Mr. Dunn's "Rebuttal" Opinions .................................................................. 5

ARGUMENT ................................................................................................................................... 7

I.    THIS COURT SHOULD STRIKE MR. DUNN'S UNTIMELY REPORT. ....................... 7

    A.    Mr. Dunn's Opinions Are Outside The Scope Of Rebuttal And Are Therefore Untimely Disclosed. ................................................................................. 7

        1.    Mr. Dunn's New Opinions Are Central To Plaintiffs' Case-In-Chief. ............................................................................................................. 8

        2.    Mr. Dunn's Opinions Go Beyond A Rebuttal Of Dr. Turk's Report. ........................................................................................................... 8

    B.    Plaintiffs Cannot Prove That Their Failure To Comply With Rule 26 And This Court's Scheduling Order Is Substantially Justified Or Harmless. ............... 9

II.    THIS COURT SHOULD EXCLUDE MR. DUNN'S TESTIMONY AND REPORT UNDER FEDERAL RULE OF EVIDENCE 702. ........................................... 10

    A.    Mr. Dunn's Opinion About Whether Facebook's Technology Collects "Biometric Identifiers" Is Irrelevant And Inadmissible. ...................................... 10

    B.    Both Of Mr. Dunn's Opinions Lack A Reliable And Relevant Basis. ................. 11

        1.    Mr. Dunn's Analysis Of Facebook's Internal Documents Will Not Assist The Jury. ......................................................................................... 11

        2.    Mr. Dunn's Analysis Of Facebook's Facial-Recognition Technology Is Unreliable. ........................................................................... 12

    C.    Mr. Dunn's Critiques Of Dr. Turk's Conclusions Are Not Reliable. .................. 13

        1.    Mr. Dunn's Claim That Facebook Performs A "Feature-Based Analysis" Is Not Reliable. ........................................................................ 13

        2.    Mr. Dunn's Critique Of Dr. Turk's Opinion Regarding The Security Of Facebook's Technology Is Not Reliable. ............................. 14

CONCLUSION .............................................................................................................................. 15

i

FACEBOOK'S MOTION TO STRIKE AND/OR EXCLUDE THE EXPERT REPORT OF JEFFREY S. DUNN
CASE NO. 3:15-CV-03747-JD & CASE NO. 3:16-CV-00937-JD

# **TABLE OF AUTHORITIES**

**Cases**

*AFMS LLC v. UPS Co.*,
  2014 WL 12515335 (C.D. Cal. Feb. 5, 2014)...................................................................11

*Am. Key Corp. v. Cole Nat'l Corp.*,
  762 F.2d 1569 (11th Cir. 1985) ........................................................................................12

*Cholakyan v. Mercedes-Benz, USA, LLC*,
  281 F.R.D. 534 (C.D. Cal. 2012) ...............................................................................12, 13

*Clear-View Techs., Inc. v. Rasnick*,
  2015 WL 3509384 (N.D. Cal. Jun. 3, 2015) ......................................................................7

*Cooper v. Brown*,
  510 F.3d 870 (9th Cir. 2007) ............................................................................................10

*Crescenta Valley Water Dist. v. Exxon Mobile Corp.*,
  2013 WL 12120533 (C.D. Cal. Mar. 14, 2013) ................................................................13

*Daubert v. Merrell Dow Pharms., Inc.*,
  509 U.S. 579 (1993)......................................................................................................1, 10

*Daubert v. Merrell Dow Pharms., Inc.*,
  43 F.3d 1311 (9th Cir. 1995) ............................................................................................11

*Herrera v. Eli Lilly & Co.*,
  2015 WL 12743696 (C.D. Cal. July 31, 2015) ...........................................................11, 12

*In re Imperial Credit Indus. Inc. Sec. Litig.*,
  252 F. Supp. 2d 1005 (C.D. Cal. 2003) ............................................................................12

*JIPC Mgmt., Inc. v. Incredible Pizza Co.*,
  2009 WL 8591607 (C.D. Cal. July 14, 2009) ..................................................................11

*Matthew Enters., Inc. v. Chrysler Grp. LLC*,
  2016 WL 4272430 (N.D. Cal. Aug. 15, 2016) ...................................................................7

*Myers for Myers v. United States*,
  2005 WL 8147424 (S.D. Cal. Apr. 22, 2005) ..................................................................12

*People v. Kinder Morgan Energy Partners, L.P.*,
  159 F. Supp. 3d 1182 (S.D. Cal. 2016).....................................................................7, 8, 9

*Plumley v. Mockett*,
  836 F. Supp. 2d 1053 (C.D. Cal. 2010) .............................................................................7

*R & O Const. Co. v. Rox Pro Int'l Grp.*,
  2011 WL 2923703 (D. Nev. July 18, 2011) ................................................................... 7-8

*In re Rezulin Prods. Liab. Litig.*,
  309 F. Supp. 2d 531 (S.D.N.Y. 2004)...............................................................................11

*United States v. Cervantes*,
    2016 WL 491599 (N.D. Cal. Feb. 9, 2016) ..................................................................10

*United States v. Geanakos*,
    2017 WL 4883294 (E.D. Cal. Oct. 30, 2017) ...............................................................14

*United States v. Vallejo*,
    237 F. 3d 1008 (9th Cir. 2001) .....................................................................................10

*Wong v. Regents of the Univ. of Calif.*,
    410 F.3d 1052 (9th Cir. 2005) ........................................................................................9

*Yeti by Molly Ltd. v. Deckers Outdoor Corp.*,
    259 F.3d 1101 (9th Cir. 2001) ........................................................................................7

**Statutes**

740 ILCS 14/10 .................................................................................................................6, 10

**Other Authorities**

Fed. R. Civ. P. 26 ....................................................................................................................7

Fed. R. Evid. 702 ..............................................................................................................1, 10

Fed. R. Evid. 702 advisory committee's note to 1972 amendment .......................................11

| | |
|---|---|
| 1 | **NOTICE OF MOTION & MOTION** |
| 2 | TO ALL PARTIES AND THEIR COUNSEL OF RECORD: |
| 3 | PLEASE TAKE NOTICE THAT, on May 17, 2018, at 10:00 a.m., or as soon thereafter |
| 4 | as the matter can be heard, in Courtroom 11 of this Court, located at 450 Golden Gate Avenue, |
| 5 | San Francisco, California, 94102, before the Honorable James Donato, defendant Facebook, Inc. |
| 6 | ("Facebook") will and hereby does move the Court for an order granting this Motion to Strike |
| 7 | and/or Exclude the Expert Report of Mr. Jeffrey Dunn. This motion is made pursuant to Federal |
| 8 | Rule of Civil Procedure 26 and 32 and Federal Rule of Evidence 702. Good cause exists to grant |
| 9 | this motion: |
| 10 |     1.    Mr. Dunn's report was not timely disclosed; |
| 11 |     2.    Mr. Dunn does not have a reliable and relevant basis for his opinions. |
| 12 | This motion is based on this Notice of Motion and Motion; the attached Memorandum of |
| 13 | Points and Authorities; the accompanying Declaration of John Nadolenco; the pleadings and |
| 14 | documents on file in this lawsuit; and any other arguments that may be raised at the hearing in |
| 15 | this matter. |

# INTRODUCTION

Since plaintiffs filed their complaints in 2015, their theory of the case has been that Facebook's use of facial-recognition software violates the Illinois Biometric Information Privacy Act by obtaining their "biometric identifiers," specifically "scan[s] of face geometry." Plaintiffs chose not to disclose any opinions on this issue by the December 22, 2017 deadline for expert disclosures. Instead, plaintiffs waited until *after* Facebook made its initial expert disclosure and filed its oppositions to their class certification motions to disclose a so-called "rebuttal" report on February 2, 2018. That report offered new opinions from a new expert, Jeffrey Dunn, that Facebook stores "biometric identifiers" (as Mr. Dunn personally defines that term) and obtains "scans of face geometry."

That tactic was manifestly improper. Mr. Dunn's report was not a *rebuttal* report: Mr. Dunn admitted that his opinions are affirmative opinions that go to the very heart of plaintiffs' claims. They accordingly belong in an *initial* expert report—the deadline for which had long since passed. Plaintiffs' untimely disclosure of Mr. Dunn violates Federal Rule of Civil Procedure 26 and this Court's scheduling order, and renders this testimony inadmissible under Rule 37.

Mr. Dunn's report and anticipated testimony also are inadmissible under Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), which require that an expert's opinions be relevant and based on reliable methods. Mr. Dunn's are neither. Mr. Dunn's opinion that Facebook stores "biometric identifiers" is not even based on BIPA's definition of that term, but rather on his own, entirely irrelevant *personal* definition. And to reach both that opinion and his opinion that Facebook obtains "scans of face geometry," Mr. Dunn did not use any scientifically valid method. Mr. Dunn never even reviewed Facebook's source code. Instead, he simply summarizes public sources, record documents, and Dr. Hashmi's report. This is not the kind of *expert* analysis that would assist the jury in resolving the issues in this case. Accordingly, his report should be excluded.

**BACKGROUND**

**A.     Facebook's Facial-Recognition Technology[1]**

Facebook's Tag Suggestions feature simplifies the tagging of photos. When a person uploads a photo, Facebook will sometimes, but not always, employ facial-recognition technology to determine whether certain of the uploader's Facebook friends appear in the photo; if so, Facebook may prompt the uploader to tag those friends. To determine whether one of those friends appears in the photo, Facebook conducts four processes: detection, alignment, representation, and classification. Yadan Dep. (Ex. 2) at 84; Taigman Dep. (Ex. 3) at 128-29.

1. *Face detection*: ████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████

2. *Alignment*: █████████████████████████████████████████
█████████████████████████████████

3. *Representation*: ██████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
███████████████████████ A neural network is a collection of computational units ("nodes") that are combined to produce the ability to represent and recognize complex patterns, such as images, voices, or music. *See* J. Schmidhuber, *Deep Learning in Neural Networks: An Overview* 4 (2014) (Ex. 4). A "deep neural network" is a network with many layers of nodes. *Id.*

DNNs use a form of machine learning, which is the science of designing computers to learn from data. Instead of being explicitly programmed with instructions on how to represent

---

[1]     Facebook's technology is described in more detail in its contemporaneously filed motion for summary judgment.

[2] ████████████████████████████████████████████████████████
████████████████ Mr. Dunn does not address the pre-2014 method in his report.

and recognize patterns, the network is designed to learn for itself what "features" of the input data are useful for representing and recognizing those patterns. *See* Christopher M. Bishop, PATTERN RECOGNITION AND MACHINE LEARNING 1-3, 226 (2006) (Ex. 5). ███████████
████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████
█████████████████████████████████████████████████
█████ ███████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████

**4.** *Classification*: ██████████████████████████████████████
████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████
█████████████████.

---

[3] Each location in a digital image is a pixel. In a color photo, each pixel is expressed in terms of three numerical values: the R value (red value), the G value (the green value), and the B value (the blue value).

**B.     The Parties' Expert Disclosures**

This Court's September 11, 2017 Amended Scheduling Order required the parties to serve "Expert disclosures" on December 22, 2017, and then to serve "Rebuttal expert disclosures" on February 2, 2018.  Dkt. 223.[4]  These deadlines dovetailed with the deadlines set for briefing on class certification:  The deadline for the initial round of expert disclosures was before the deadline for Facebook's class certification opposition briefs—thereby enabling Facebook to respond to any expert evidence that might be marshaled in support of class certification.

**1.     Initial Expert Disclosures**

On December 22, 2017, Facebook served the opening report of its expert, Dr. Matthew Turk, and plaintiffs served the opening report of their expert, Dr. Atif Hashmi. ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

---

[4]     Unless otherwise indicated, all docket entries refer to the *Facebook Biometric* docket.

4

FACEBOOK'S MOTION TO STRIKE AND/OR EXCLUDE THE EXPERT REPORT OF JEFFREY S. DUNN
CASE NO. 3:15-CV-03747-JD & CASE NO. 3:16-CV-00937-JD

[redacted]

**2. Plaintiffs' Motions For Class Certification And Facebook's Oppositions.**

In their motions for class certification, plaintiffs argued that [redacted]

**3. Mr. Dunn's "Rebuttal" Opinions**

On February 2, 2018, plaintiffs served what they styled as an expert "rebuttal" report authored by a previously undisclosed witness, Jeffrey Dunn. [redacted]



In their reply in support of class certification, plaintiffs cited Mr. Dunn's report—served after Facebook's opposition brief—to suggest a new argument that a photo-by-photo analysis of

each class member will be unnecessary because the mere *upload* of a photo with faces in it, or the mere *detection* of faces in a photo, constitutes a "scan of face geometry." Dkt. 293-22 at 7.

## ARGUMENT

## I. THIS COURT SHOULD STRIKE MR. DUNN'S UNTIMELY REPORT.

Federal Rule of Civil Procedure 26(a)(2) requires parties to disclose their experts "at the times and in the sequence that the court orders." "Rule 37(c)(1) gives teeth to these requirements by forbidding the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed," unless the disclosing party proves that its failure is substantially justified or harmless. *Yeti by Molly Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001).

Mr. Dunn is not a *rebuttal* expert. Accordingly, under this Court's scheduling order and Rule 26, plaintiffs were required to disclose him during the initial round of expert disclosures on December 22, 2017. Because they did not, and because their late disclosure was not substantially justified or harmless, this Court should strike Mr. Dunn's report.

### A. Mr. Dunn's Opinions Are Outside The Scope Of Rebuttal And Are Therefore Untimely Disclosed.

The scope of rebuttal testimony is narrow: It includes only expert testimony that is "intended *solely* to contradict or rebut evidence on the same subject matter identified by" an initial expert witness. Fed. R. Civ. P. 26(a)(2) (emphasis added). Rebuttal opinion has two defining limitations: First, it cannot for the first time "speak[] directly to an issue" on which the disclosing party bears "the burden of proof." *Clear-View Techs., Inc. v. Rasnick*, 2015 WL 3509384, at *3 (N.D. Cal. Jun. 3, 2015); *see also People v. Kinder Morgan Energy Partners, L.P.*, 159 F. Supp. 3d 1182, 1193 (S.D. Cal. 2016) (expert opinion and testimony that address for the first time issues which "are essential to proving the [plaintiffs'] case-in-chief . . . are not proper rebuttal"); *Plumley v. Mockett*, 836 F. Supp. 2d 1053, 1066 (C.D. Cal. 2010). Second, rebuttal testimony must be limited to "address[ing] the initial experts' assertions by questioning their assumptions and methods, not by presenting new facts" or arguments. *Matthew Enters., Inc. v. Chrysler Grp. LLC*, 2016 WL 4272430, at *2, *4 (N.D. Cal. Aug. 15, 2016); *see also R &*

7
FACEBOOK'S MOTION TO STRIKE AND/OR EXCLUDE THE EXPERT REPORT OF JEFFREY S. DUNN
CASE NO. 3:15-CV-03747-JD & CASE NO. 3:16-CV-00937-JD

*O Const. Co. v. Rox Pro Int'l Grp.*, 2011 WL 2923703, at *2 (D. Nev. July 18, 2011) (collecting cases). Mr. Dunn's opinions violate both of these rules.

### 1. Mr. Dunn's New Opinions Are Central To Plaintiffs' Case-In-Chief.

Mr. Dunn's opinions— —address for the first time an issue that has indisputably been a "key part of th[e] litigation from its inception," and on which plaintiffs indisputably have the burden of proof. *Kinder*, 159 F. Supp. 3d at 1191-92. Plaintiffs alleged in their complaint that their "face geometry [is a] 'biometric identifier[],'" which Facebook "collected, used, and stored" in violation of BIPA. Dkt. 34, ¶¶ 63-66; *see also* Case No. 16-cv-00937, Dkt. 1 Ex. 1 ¶¶ 22-25, 43-48. Just as in *Kinder*, the claim that a witness whose opinions are core to the plaintiffs' case-in-chief is "a mere rebuttal expert seems to be disingenuous, at best." *See* 159 F. Supp. 3d at 1192.

### 2. Mr. Dunn's Opinions Go Beyond A Rebuttal Of Dr. Turk's Report.

Mr. Dunn's assignment was not limited to addressing and critiquing Dr. Turk's opinions and methods.

Mr. Dunn's report bears this out:

Plaintiffs' characterization of Mr. Dunn's opinion as a "rebuttal" is particularly specious.

███████████████████████████████████████████████████████████████ Thus, Mr. Dunn's opinion on "biometric identifiers" plainly does not rebut any testimony of Dr. Turk.[5]

### B. Plaintiffs Cannot Prove That Their Failure To Comply With Rule 26 And This Court's Scheduling Order Is Substantially Justified Or Harmless.

Plaintiffs cannot possibly justify their untimely disclosure by claiming ignorance of the fact that they would have to present evidence about whether Facebook's facial-recognition technology obtains scans of face geometry in their case-in-chief. These issues were raised in their complaints, and they have been the subject of numerous briefs and discovery requests.

Nor can plaintiffs prove that their tactic was harmless. "When a party fails to identify an expert witness and provide the disclosures required by Rule 26(a)(2) in accordance with the court's scheduling order, '[d]isruption to the schedule of the court and other parties in that manner is not harmless'" except in exceptional circumstances. *Kinder*, 159 F. Supp. 3d at 1193 (quoting *Wong v. Regents of the Univ. of Calif.*, 410 F.3d 1052, 1062 (9th Cir. 2005)). Here, the prejudice is especially concrete: Plaintiffs gained a triple advantage. They deprived Facebook of the opportunity to present expert evidence rebutting Mr. Dunn's opinions. They sandbagged Facebook during the class certification briefing—revealing for the first time on reply the groundless argument, based on Mr. Dunn's opinions, that a "scan of face geometry" may occur upon the mere *upload* of a photo with a face in it and upon the *detection* of an unidentified face. And they deprived Facebook of half the time allotted by this Court's scheduling order to counter Mr. Dunn's opinions in a summary judgment motion. Mr. Dunn's opinions should be stricken. At a minimum, Facebook should be permitted to serve a sur-rebuttal report responding to Mr. Dunn's opinions.

---

[5] ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ If he had not, that too is a subject on which Dr. Turk did not opine and therefore not a proper subject of rebuttal testimony.

9

## II. THIS COURT SHOULD EXCLUDE MR. DUNN'S TESTIMONY AND REPORT UNDER FEDERAL RULE OF EVIDENCE 702.

Mr. Dunn's opinions would be inadmissible under Federal Rule of Evidence 702 even if they had been timely disclosed. For expert testimony to be admissible, it "must be both relevant and reliable." *United States v. Vallejo*, 237 F. 3d 1008, 1019 (9th Cir. 2001); *see also Daubert*, 509 U.S. at 589-92. Relevant evidence is evidence that "logically advance[s] a material aspect of the [proposing] party's case." *Cooper v. Brown*, 510 F.3d 870, 942 (9th Cir. 2007). "Encompassed in the determination of whether expert testimony is relevant is whether it is helpful to the jury." *Id.* Reliable evidence is "(1) based on sufficient facts or data, (2) the product of reliable principles and methods, and (3) the result of applying those principles and methods reliably to the facts of the case." *United States v. Cervantes*, 2016 WL 491599, at *3 (N.D. Cal. Feb. 9, 2016) (internal quotation marks omitted).

Mr. Dunn's opinion that Facebook collects "biometric identifiers," as he personally understands the term, is simply irrelevant to the issues before the jury. Both that opinion and his opinion about "scans of face geometry" rest on irrelevant and unreliable methods. And Mr. Dunn's method for critiquing two of Dr. Turk's conclusions is unreliable.

### A. Mr. Dunn's Opinion About Whether Facebook's Technology Collects "Biometric Identifiers" Is Irrelevant And Inadmissible.

Mr. Dunn's opinion that Facebook collects "biometric identifiers" is simply irrelevant to the facts and issues to be determined in this case. The question in this case is whether Facebook collects "biometric identifiers" *as that term is defined in BIPA*.

bears no resemblance to BIPA's definition, which is limited to a specified list of items: "a retina or iris scan, fingerprint, voiceprint, or scan of hand or face geometry." 740 ILCS 14/10. The statute also expressly excludes several items, including photographs, from its coverage. *See id.*

[REDACTED] This testimony, which squarely conflicts with the statute itself, would be wildly misleading to a jury.

**B.     Both Of Mr. Dunn's Opinions Lack A Reliable And Relevant Basis.**

[REDACTED] Neither of these bases satisfies Rule 702.

   **1.     Mr. Dunn's Analysis Of Facebook's Internal Documents Will Not Assist The Jury.**

[REDACTED] That is a blatant and impermissible attempt to cloak a lay opinion in the "powerful and quite misleading" clothes of expert testimony. *Daubert v. Merrell Dow Pharms., Inc.*, 43 F.3d 1311, 1321 n.17 (9th Cir. 1995).

"It is well established that expert testimony is not helpful if it simply addresses lay matters which the jury is capable of understanding and deciding without the expert's help." *AFMS LLC v. UPS Co.*, 2014 WL 12515335, at *4 (C.D. Cal. Feb. 5, 2014); *see also* Fed. R. Evid. 702 advisory committee's note to 1972 amendment. The meaning and intent of a document's author is a paradigmatic example of such a lay matter. *See, e.g., Herrera v. Eli Lilly & Co.*, 2015 WL 12743696, at *8 (C.D. Cal. July 31, 2015); *JIPC Mgmt., Inc. v. Incredible Pizza Co.*, 2009 WL 8591607, at *9 (C.D. Cal. July 14, 2009). "[O]pinions of [expert] witnesses on the intent, motives or states of mind of . . . others have no basis in any relevant body of knowledge or expertise." *In re Rezulin Prods. Liab. Litig.*, 309 F. Supp. 2d 531, 546 (S.D.N.Y. 2004). Mr.

1  Dunn did not participate in creating the documents he purports to analyze, so is in no better position than the jury to interpret or understand their contents. ▮▮▮

▮▮▮ If anything is squarely "within the average layperson's ability," it is reading and understanding words "as a matter of the English language." *Herrera*, 2015 WL 12743696, at *8 .

### 2.  Mr. Dunn's Analysis Of Facebook's Facial-Recognition Technology Is Unreliable.

▮▮▮

Even if Dr. Hashmi's analyses and opinions about how Facebook's facial-recognition technology works are themselves reliable,[6] Mr. Dunn's "primary reliance on the opinions of other experts raises serious reliability questions." *Cholakyan v. Mercedes-Benz, USA, LLC*, 281 F.R.D. 534, 544 (C.D. Cal. 2012); *see also Am. Key Corp. v. Cole Nat'l Corp.*, 762 F.2d 1569, 1580 (11th Cir. 1985) ("Expert opinions ordinarily cannot be based upon the opinions of others whether those opinions are in evidence or not."). That is particularly true where, as here, "an expert . . . rel[ies] upon excerpts from opinions developed by another expert for the purposes of litigation." *In re Imperial Credit Indus. Inc. Sec. Litig.*, 252 F. Supp. 2d 1005, 1012 (C.D. Cal.

---

[6] They are not, as set forth in the contemporaneously filed motion to exclude the opinions of Dr. Hashmi. If the Court grants that motion, Mr. Dunn's opinions fall with Dr. Hashmi's. *See, e.g., Myers for Myers v. United States*, 2005 WL 8147424, at *21-22 (S.D. Cal. Apr. 22, 2005) (excluding portions of expert's testimony that were based on sources where the "reliability and accuracy [of the sources] are suspect").

2003); *see also Crescenta Valley Water Dist. v. Exxon Mobile Corp.*, 2013 WL 12120533, at *2 n.4 (C.D. Cal. Mar. 14, 2013).

To be sure, "an expert can appropriately rely on the opinions of others if other evidence supports his opinion and the record demonstrates that the expert conducted an independent evaluation of that evidence." *Cholakyan*, 281 F.R.D. at 544. Those conditions are not satisfied here. ▇▇▇

▇▇▇ These citations do not demonstrate an independent evaluation of Facebook's detection and representation algorithms; indeed, it is clear that Mr. Dunn does not *understand* how those algorithms work. ▇▇▇

Thus, neither of the asserted bases of Mr. Dunn's opinions satisfies Rule 702's requirements; his opinions should be excluded.

**C. Mr. Dunn's Critiques Of Dr. Turk's Conclusions Are Not Reliable.**

    **1. Mr. Dunn's Claim That Facebook Performs A "Feature-Based Analysis" Is Not Reliable.**

▇▇▇

[REDACTED]⁷ But simply looking at whether *other* people have expressly characterized the technology as holistic—especially in contexts where there is no reason for them to opine on that question—is far from a method that displays the "hallmarks of scientific rigor: peer-reviewed research, studies, or experiments." *United States v. Geanakos*, 2017 WL 4883294, at *3 (E.D. Cal. Oct. 30, 2017). Accordingly, Mr. Dunn's conclusion that Facebook conducts a feature-based, and not holistic, analysis is inadmissible.

### 2. Mr. Dunn's Critique Of Dr. Turk's Opinion Regarding The Security Of Facebook's Technology Is Not Reliable.

[REDACTED]

All Mr. Dunn does is speculate [REDACTED]

---

⁷ [REDACTED]

[REDACTED]

In short, Mr. Dunn's critique of Dr. Turk's conclusions about whether Facebook's face signatures or templates could be misused is not based on *any* method, much less a reliable one, and as a result, there are no facts or data supporting it. It should be excluded.

**CONCLUSION**

The Court should grant Facebook's motion to strike and/or exclude Mr. Dunn's report.

Dated: March 16, 2018

                                      MAYER BROWN LLP

                                      By: */s/ John Nadolenco*
                                              John Nadolenco
                                              Lauren R. Goldman

                                      *Counsel for Defendant Facebook, Inc.*