ROBBINS GELLER RUDMAN
  & DOWD LLP
SHAWN A. WILLIAMS (213113)
JOHN H. GEORGE (292332)
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
shawnw@rgrdlaw.com
jgeorge@rgrdlaw.com
         – and –
PAUL J. GELLER (*pro hac vice*)
STUART A. DAVIDSON (*pro hac vice*)
CHRISTOPHER C. GOLD (*pro hac vice*)
120 East Palmetto Park Road, Suite 500
Boca Raton, FL  33432
Telephone:  561/750-3000
561/750-3364 (fax)
pgeller@rgrdlaw.com
sdavidson@ rgrdlaw.com
cgold@rgrdlaw.com


LABATON SUCHAROW LLP                          EDELSON PC
JOEL H. BERNSTEIN (*pro hac vice*)            JAY EDELSON (*pro hac vice*)
CORBAN S. RHODES (*pro hac vice*)             RAFEY BALABANIAN (*pro hac vice*)
140 Broadway                                  350 North LaSalle Street, Suite 1300
New York, NY  10005                           Chicago, IL  60654
Telephone:  212/907-0700                      Telephone:  312/589-6370
212/818-0477 (fax)                            312/589-6378 (fax)
jbernstein@labaton.com                        jedelson@edelson.com
crhodes@labaton.com                           rbalabanian@edelson.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| In re FACEBOOK BIOMETRIC INFORMATION PRIVACY LITIGATION | ) ) ) ) |
| This Document Relates To: | ) ) ) ) ) ) ) |
| ALL ACTIONS. | ) ) |

Master File No. 3:15-cv-03747-JD

CLASS ACTION

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

DATE:  May 17, 2018
TIME:  10:00 a.m.
CTRM:  11, 19th floor
JUDGE:  Hon. James Donato

**[REDACTED]**

1383217_1

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION AND BACKGROUND ........................................................1

II.   STATEMENT OF MATERIAL AND UNDISPUTABLE FACTS...................................3

III.  RELEVANT PROCEDURAL HISTORY ........................................................5

IV.  ARGUMENT .........................................................................6

    A.    Legal Standard ..............................................................6

    B.    Facebook Undisputedly Collects and Stores Biometric Identities Without Prior Consent in Violation of BIPA.........................................7

        1.    Facebook Undisputedly Conducts Scans of Every Face in Uploaded Photos ..................................................8

        2.    Facebook's Technical Paper "DeepFace" Further Confirms the Collection of Biometric Identifiers Through Scans of Face Geometry...............................................10

        3.    Facebook Has Admitted to ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ European Regulators that It Collects Biometric Identifiers Through Scans of Face Geometry .............................................12

        4.    All Parties and Their Proposed Experts Agree that Facebook Uses Face Geometry from Uploaded Pictures to Drive Its Facial Recognition System .................................................13

        5.    ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.............15

    C.    It Is Undisputed that Facebook Did Not Obtain Written Releases from Plaintiffs Prior to Collecting Biometric Data........................................16

    D.    There Is No Dispute that Facebook Failed to Publish a Retention Schedule, as Required by BIPA, §15(a) ..............................................19

    E.    The Undetermined Damages that Plaintiffs Are Entitled to Under the Statute Does Not Prevent Summary Judgment on Facebook's Liability for Violating BIPA ..............................................................19

V.    CONCLUSION.......................................................................20

1383217_1

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF - 3:15-cv-03747-JD

- i -

# TABLE OF AUTHORITIES

Page

## CASES

*Anderson v. Liberty Lobby, Inc.*,
    477 U.S. 255-56 (1986) .................................................................................6, 7

*Benson v. Terhune*,
    304 F.3d 874 (9th Cir. 2002) ..............................................................................16

*Brickman v. Fitbit*,
    2017 U.S. Dist. LEXIS 202568
    (N.D. Cal. Dec. 8, 2017) .......................................................................................6

*C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*,
    213 F.3d 474 (9th Cir. 2000) ................................................................................7

*Celotex Corp. v. Catrett*,
    477 U.S. 317 (1986).............................................................................................6, 7

*Jung Jae Lee v. Fed. St. L.A., LLC*,
    2016 U.S. Dist. LEXIS 59423
    (C.D. Cal. May 3, 2016) ........................................................................................4

*Maljack Prods., Inc. v. Goodtimes Home Video Corp.*,
    81 F.3d 881 (9th Cir. 1996) ..................................................................................4

*McCollough v. Smarte Carte, Inc.*,
    2016 WL 4077108
    (N.D. Ill. Aug. 1, 2016)........................................................................................18

*Orr v. Bank of Am., NT & SA*,
    285 F.3d 764 (9th Cir. 2002) ................................................................................4

*Spokeo, Inc. v. Robins*,
    _U.S._, 136 S. Ct. 1540 (2016)............................................................................5

*Valladon v. City of Oakland*,
    2009 U.S. Dist. LEXIS 97485
    (N.D. Cal. Oct. 20, 2009)......................................................................................19

*Vigil v. Take-Two Interactive Software, Inc.*,
    235 F. Supp. 3d 499 (S.D.N.Y. 2017),
    *aff'd in part and vacated in part sub. nom*
    *Santana v. Take-Two Interactive Software, Inc.*,
    2017 U.S. App. LEXIS 23446 (2d Cir. 2017) ....................................................18

1383217_1

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF - 3:15-cv-03747-JD          - ii -

1

2                                                                                          **Page**

3
**STATUTES, RULES AND REGULATIONS**

4
Federal Rules of Civil Procedure

5       Rule 36.................................................................................................................15

6       Rule 56(c)..........................................................................................................1, 6
        Rule 56(e).............................................................................................................7

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1383217_1

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF - 3:15-cv-03747-JD                    - iii -

**NOTICE OF MOTION AND MOTION**

TO:     ALL PARTIES AND THEIR ATTORNEYS OF RECORD

PLEASE TAKE NOTICE that on May 17, 2018, at 10:00 a.m., before the Honorable James Donato, United States District Judge, at the United States District Court, Northern District of California, San Francisco Division, 450 Golden Gate Avenue, Courtroom 11, 19th Floor, San Francisco, California 94102, plaintiffs Adam Pezen ("Pezen"), Nimesh Patel ("Patel"), and Carlo Licata ("Licata") will move this Court for an order, pursuant to Federal Rule of Civil Procedure 56(c), for partial summary judgment against defendant Facebook, Inc. ("Facebook" or the "Company") for violation of the Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.* ("BIPA").  This Motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities in Support Thereof, the Declaration of Shawn A. Williams and the [Proposed] Order filed herewith, all pleadings and papers filed herein, arguments of counsel, and any other matters properly before the Court.

**ISSUES TO BE DECIDED**

1.      Did Facebook, through the execution of its facial recognition technology, collect and/or store biometric identifiers prior to informed consent in violation of BIPA, 740 ILCS 14/1, *et seq*?

2.      Pursuant to Federal Rule of Civil Procedure 56(c), are plaintiffs entitled to partial summary judgment on Facebook's violation of BIPA?

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.      INTRODUCTION AND BACKGROUND**

BIPA, passed into law in 2008, manifests Illinois' substantial policy of protecting its citizens' right to privacy in their personal biometric data.  *See* 740 ILCS 14/5(f)-(g), 14/15.  BIPA reflects the Illinois legislature's stated concerns about the use of new technology by "[m]ajor national corporations" to collect personal biometric data.  *Id*. at 14/5(b).  The Illinois legislature expressly found for example, that: (1) "Biometrics are unlike other unique identifiers . . . [and] are biologically unique to the individual; therefore, once compromised, the individual has no recourse, is at heightened risk for identity theft, and is likely to withdraw from biometric-facilitated transactions"

1    (*id.* at 14/5(c)); and (2) "[t]he public welfare, security, and safety will be served by regulating the

2    collection, use, safeguarding, handling, storage, retention, and destruction of biometric identifiers

3    and information" (*id.* at 14/5(g)).

4          Based on these findings, the legislature implemented a series of safeguards intended to

5    protect the privacy of personal biometric data.  Specifically, §15(b) of BIPA expressly prohibits the

6    collection of a person's biometric data without prior written consent: Absent prior notice and written

7    release "[n]o private entity may collect, capture, purchase, receive through trade, or otherwise obtain

8    a person's or a customer's biometric identifier or biometric information[.]"  *Id.* at 14/15(b).[1]

9    "Biometric identifier," as defined under the statute, includes a "scan of . . . face geometry."  *Id.* at

10   14/10;[2] *see also id.* at 14/15(b).

11         Section 15(a) of BIPA also requires any private entity in possession of biometric data to

12   "develop a written policy, made available to the public, establishing a retention schedule and

13   guidelines for permanently destroying biometric data when the initial purpose for collecting or

14   obtaining such data has been satisfied or within 3 years of the individual's last interaction with the

15   private entity, whichever occurs first."  *Id.* at 14/15(a).

16         To date, Facebook's litigation positions have been replete with obfuscation and contradiction.

17   ████████████████████████████████████████████████████

18   ████████████████████████████████████████████████████

19   ████████████████████████████████████████████████████

20   ████████████████████████████████████████████████████

21

22

---

23   [1]    BIPA further bans the sale or trade of personal biometric information for profit.  740 ILCS
     14/15(c).  And it provides for a private right of action to "[a]ny person aggrieved by a violation" of
24   the statute.  *Id.* at 14/20.

25   [2]    An entity is liable under BIPA if it collects or captures one's biometric identifier *or* biometric
     information.  *See, e.g.*, 740 ILCS 14/15(a) ("A private entity in possession of biometric identifiers *or*
26   biometric information must develop a written policy . . . ."); 740 ILCS 14/15(b) ("No private entity
     may collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's
27   biometric identifier *or* biometric information, unless it first . . . .").  This case concerns Facebook's
     collection of biometric identifiers.  All emphasis added and citations and footnotes omitted unless
28   otherwise indicated.

1    ███████████████████████[3] Facebook has nevertheless sought to inject that knowing

2    obfuscation and avoidance of terms and their meanings into this litigation.  But as set forth below,

3    the undisputed facts establish that Facebook, through the execution of its facial recognition

4    technology, collects and stores biometric identifiers, without prior informed consent, in violation of

5    BIPA.  It is also undisputed that Facebook has also failed to develop and make public the retention

6    schedule and destruction guidelines required by BIPA.  Accordingly, plaintiffs are entitled to

7    judgment as a matter of law on Facebook's violation of BIPA.

8    **II.    STATEMENT OF MATERIAL AND UNDISPUTABLE FACTS**

9            Facebook operates the largest social network in the world, with reportedly over one billion

10   active users. ██████████████████████████████████

11   ███████████████████████████████████████████████

12   ███████████████████████████████████████████████

13   ███████████████████████████████████████████████

14   ██████████████████████████████████████████

15          From 2010 to 2012, Facebook licensed facial recognition software from the Israeli facial

16   recognition technology startup company Face.com[4] to power Tag Suggestions.  In 2012, Facebook

17   acquired Face.com to obtain its state-of-the-art facial recognition technology used to scan all user

18   uploaded photographs, extract biometric data and match faces against its database of billions of

19   photographs.  Ex. 4. ████████████████████████████████

20   ███████████████████████████████████████████████

21   ████████████████████████████████████████

22           ███████████████████████████████████████

23   ████████████████████████

24   _____

[3]    All "Ex. _" references herein are to the Declaration of Shawn A. Williams in Support of

25   Plaintiffs' Motion for Partial Summary Judgment, filed concurrently herewith, unless otherwise
     indicated.

26   [4]    Face.com was founded by Gil Hirsch ("Hirsch"), Moti Shniberg, and Yaniv Taigman

27   ("Taigman").  Ex. 4.  Facebook purchased Face.com primarily for the acquisition of facial
     recognition software which powered Facebook's facial recognition technology even prior to the

28   acquisition.  *Id.*; Exs. 27-28.

1383217_1

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF - 3:15-cv-03747-JD          - 3 -



5   Bates-stamped documents produced by Facebook during discovery are properly authenticated and may be considered by the Court in plaintiffs' Motion. *See Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 777 n.20 (9th Cir. 2002) ("'Authentication can also be accomplished through judicial admissions such as . . . production of items in response to . . . [a] discovery request.'") (ellipses in original) (quoting 31 *Federal Practice & Procedure: Evidence* §7105, at 39); *Maljack Prods., Inc. v. Goodtimes Home Video Corp.*, 81 F.3d 881, 889 n.12 (9th Cir. 1996) (documents bearing party's letterhead that were produced during the course of discovery deemed authentic when offered by the party-opponent); *Jung Jae Lee v. Fed. St. L.A., LLC*, 2016 U.S. Dist. LEXIS 59423, at *21 n.9 (C.D. Cal. May 3, 2016) ("Documents that are produced in response to discovery requests and that contain certain indicia of reliability may be deemed authentic when later offered by a party-opponent.").

6   *See* Ex. 7 at 9; Ex. 2 at 15.

1 ███████████████████████████████████████████████████████████  ██████████

2 ██████████████

3       Finally, expert analyses and opinions conclusively establish the absence of any genuine

4 disputes of fact. ██████████████████████████████████████████████████████████

5 █████████████████████████████████████████████████████████████████████

6 █████████████████████████████████████████████████████████████████████

7 █████████████████████████████████████████████████████████████████████

8 █████████████████████████████████████████████████████████████████████

9 █████████████████████████████████████████████████████████████████████

10 █████████████████████████████████████████████████████████████████████

11 ██████████████████████████████████    In sum, even without plaintiffs' experts' opinions, the

12 undisputed facts demonstrate that Facebook collects, obtains and stores biometric identifiers through

13 its scans of face geometry in every uploaded photo.

14 **III.   RELEVANT PROCEDURAL HISTORY**

15       On August 28, 2015, plaintiffs filed the Complaint alleging violations of BIPA.  ECF No. 40.

16       On October 9, 2015, Facebook filed a motion to dismiss the Complaint.  ECF Nos. 68-69.

17       On December 16, 2015, the Court held an evidentiary and summary judgment hearing on the

18 applicability of Facebook's choice of law provision in its terms of service agreements.  ECF No. 85.

19       On May 5, 2016, the Court issued an Order denying Facebook's motion to dismiss and

20 motion for summary judgment.  ECF No. 120 ("MTD Order").  Among other things, the Court's

21 MTD Order rejected Facebook's contention that the language of BIPA's prohibitions limit liability

22 to "in-person" scans of face geometry and recognized that plaintiffs' allegation that "Facebook scans

23 user-uploaded photographs to create a 'unique digital representation of the face . . . based on

24 geometric relationship of their facial features' . . . falls within the scan of face geometry stated in the

25 statute."  MTD Order at 20-21 (first alteration in original).

26       On September 28, 2017, Facebook filed a renewed motion to dismiss the Complaint for

27 failure to allege subject matter jurisdiction, specifically asserting that the Supreme Court's decision

28 in *Spokeo, Inc. v. Robins*, _U.S._, 136 S. Ct. 1540 (2016) compelled the dismissal of the Complaint

1383217_1

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF - 3:15-cv-03747-JD          - 5 -

1    because plaintiffs had purportedly failed to allege concrete injury in fact.  ECF No. 227 ("Renewed

2    MTD").

3           On December 8, 2017, Facebook filed a motion for summary judgment based on Illinois'

4    extraterritoriality doctrine and the dormant commerce clause arguing that even if its facial

5    recognition software collects/stores biometric data, that BIPA does not apply because even if photos

6    are uploaded in Illinois, the facial recognition processing occurs only on servers outside of Illinois.

7    ECF No. 257 ("MSJ")[7].

8           On December 8, 2017, plaintiffs filed their motion for class certification.  ECF No. 255.[8]

9           On February 26, 2018, this Court issued an Order regarding defendant's Renewed MTD

10   finding that Illinois, with the purpose and terms of BIPA, codified a right to privacy in the personal

11   biometric information of Illinois residents.  The Court also found that the alleged violation of BIPA

12   was sufficient to alleged "concrete injury" where a procedural violation presents a real risk to that

13   concrete intent.  ECF No. 294 ("Renewed MTD Order") at 9.

## IV.   ARGUMENT

### A.   Legal Standard

16          Summary judgment is proper where there is no genuine issue as to any material fact and the

17   moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); *Celotex Corp. v.*

18   *Catrett*, 477 U.S. 317, 324 (1986).  A genuine issue of material fact exists if the evidence would

19   allow a reasonable trier of fact to find the underlying fact in favor of the party opposing the motion.

20   *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 255-56 (1986).  The Court is authorized to grant partial

21   summary judgment to dispose of less than the entire case or even just portions of the claim or

22   defense.  Fed. R. Civ. P. 56(c); *Brickman v. Fitbit*, 2017 U.S. Dist. LEXIS 202568, at *4 (N.D. Cal.

---

[7]    Facebook's December 8, 2017 motion for summary judgment is a remarkable and indeed sudden about face as it asserts that even if its facial recognition technology collects and stores biometric identifiers, and even if that collection occurs in Illinois, facial recognition happens on servers outside of Illinois.  *See generally* ECF No. 257.  However in 2016, when plaintiffs served interrogatories seeking the locations of Facebook servers, ████████████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████████████

[8]    The Court is scheduled to hear oral argument on plaintiffs' motion for class certification and defendant's motion for summary judgment on extraterritoriality on March 29, 2018.  ECF No. 281.

1383217_1

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF - 3:15-cv-03747-JD          - 6 -

1   Dec. 8, 2017) (Donato, J.).  The moving party bears the initial burden of demonstrating that no

2   genuine issue of material fact exists.  *Celotex*, 477 U.S. at 323.  Where the moving party also bears

3   the burden of proof at trial, it can meet this initial burden by "'com[ing] forward with evidence

4   which would entitle it to a directed verdict if the evidence were uncontroverted at trial.'"  *C.A.R.*

5   *Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000).

6         Once a party has met its burden of showing that no reasonable jury could find for the non-

7   moving party as to all essential elements of its claim, "'the burden then moves to the opposing party,

8   who must present significant probative evidence tending to support its claim or defense.'"  *Id.*  The

9   non-moving party must then present some significant, probative evidence indicating that a genuine

10  issue of material fact exists as to each element of that claim.  *Anderson*, 477 U.S. at 256-57; Fed. R.

11  Civ. P. 56(e).  A mere scintilla of evidence is not enough.  *Anderson*, 477 U.S. at 252.  If the Court

12  concludes that a fair-minded jury could not return a verdict in favor of the non-moving party based

13  on the evidence presented, summary judgment is warranted.  *Id.* at 251-52.

14      **B.**    **Facebook Undisputedly Collects and Stores Biometric Identities**
                     **Without Prior Consent in Violation of BIPA**

15

16        Section 15(b) of BIPA makes it unlawful for any private entity to collect, capture, purchase,

17  receive through trade, or otherwise obtain a person's biometric identifiers.  740 ILCS 14/15(b).

18        Under BIPA, companies may not "collect, capture, purchase, receive through trade, or

19  otherwise obtain a person's or a customer's biometric identifier . . . unless it first:

20       (1)    informs the subject . . . in writing that a biometric identifier . . . is being
         collected or stored;

21       (2)    informs the subject . . . in writing of the specific purpose and length of term
22       for which a biometric identifier . . . is being collected, stored, and used; and

23       (3)    receives a written release executed by the subject of the biometric
         identifier . . . ."

24  *Id.*

25        "Biometric identifier[s]" include "a retina or iris scan, fingerprint, voiceprint, or scan of hand

26  or face geometry."  *Id.* at 14/10.

27        As detailed herein, there is no genuine dispute of material fact that: (i) Facebook, a private

28  entity as defined by BIPA, through the execution of its facial recognition technology, collects and

1383217_1

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF - 3:15-cv-03747-JD     - 7 -

stores biometric identifiers through scans of face geometry;[9] and (ii) prior to collection of biometric identifiers, Facebook did not obtain written release from plaintiffs. Separately, Facebook did not make available a written policy establishing a retention schedule and guidelines for permanently destroying the biometric identifiers it collects publicly available. Because these facts are uncontroverted, plaintiffs are entitled to summary judgment as a matter of law for Facebook's violation of BIPA, §15(a)-(b).

**1.    Facebook Undisputedly Conducts Scans of Every Face in Uploaded Photos**

Facebook's facial recognition technology, among other things, scans face geometry from all faces in uploaded photos. ████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

███████████████████████████████████[10]█████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

---

[9]    By admitting that Facebook is a "Delaware corporation" in its amended answer to the Complaint (ECF No. 169, ¶62) Facebook admits that it is a "private entity" under BIPA, which is defined as "any individual, partnership, corporation, limited liability company, association, or other group, however organized." 740 ILCS 14/10.

[10]    Despite Turk's acknowledgement of certain facts not credibly in dispute, as detailed in Plaintiffs' Notice of Motion and Motion to Exclude the Testimony of Defendant's Proposed Expert Matthew Turk, Ph.D.; Memorandum of Points and Authorities in Support Thereof (filed concurrently), Turk's report is irrelevant and unhelpful because among other things, he fails to consider Facebook internal documents relevant to its facial recognition processes that directly contradict his opinions.

1383217_1

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF - 3:15-cv-03747-JD                - 8 -



PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF - 3:15-cv-03747-JD

2.      **Facebook's Technical Paper "DeepFace" Further Confirms the Collection of Biometric Identifiers Through Scans of Face Geometry**

In 2014, Taigman, along with colleagues at Facebook Artificial Intelligence, published a research paper titled "DeepFace: Closing the Gap to Human-Level Performance in Face Verification." Ex. 13.  The DeepFace paper discussed Facebook's DeepFace facial recognition system which, according to Facebook, "closed the . . . gap in the most popular benchmark in unconstrained face recognition, and is now at the brink of human level accuracy." *Id.* at FBBIPA_00001214.  Facebook distinguished its DeepFace system from other facial recognition systems because it utilizes "deep learning," using large data sets of photographs to train the system to recognize faces.  Ex. 13 at FBBIPA_00001214.  The DeepFace paper and, by association Facebook, admits that what Facebook describes as its Face alignment pipeline, particularly the "face detection" tier, is dependent on a scan of face geometry from uploaded photographs.  *Id.* at FBBIPA_00001215.  According to the DeepFace paper, "[Facebook's] alignment is based on using fiducial point detectors to direct the alignment process." *Id.*  Each time the fiducial point detector is applied, "fiducial points are extracted by a Support Vector Regressor (SVR) trained to predict point configurations from an image descriptor." *Id.* at FBBIPA_00001216.  ████████████████

███████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████

███████████████████████████████████████ Ex. 13 at FBBIPA_00001216 (describing "6 fiducial points" identified in first step of alignment phase as "center of the eyes, tip of the nose and mouth locations");  ███████████████████████████████████████

███████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████

1383217_1

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF - 3:15-cv-03747-JD          - 10 -

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20    And, Facebook's DeepFace paper confirms that the

21    "network architecture is based on the assumption that once the alignment is completed, the location

22    of each facial region is fixed at the pixel level," and provides the following illustration of the

23    detection and location (not recognition) portions of the DeepFace architecture:

24

25

26

27

28



1383217_1

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF - 3:15-cv-03747-JD     - 11 -

 



Calista Flockhart 002.jpg detection and localization

Ex. 13 at FBBIPA_00001214-17.

███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
████████████████████████████████████

**3.    Facebook Has Admitted to** ████████████████
████████████ **European Regulators that It Collects**
**Biometric Identifiers Through Scans of Face Geometry**

In 2011, the Irish Data Protection Commissioner ("IDPC") launched an audit of Facebook's facial recognition feature and Tag Suggestions for Facebook's failure to get the consent of European users before collecting biometric data.  Ex. 16.  During the course of the investigation into Facebook's facial recognition technology by the European Union ("EU") and the IDPC, Facebook admitted, through the submission of documents to IDPC authorities that described how its facial recognition technology performs, that it does, in fact, "scan" photos to create a unique identifier *based* upon the distance between the eyes, nose and ears (*i.e.*, face geometry):

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF - 3:15-cv-03747-JD          - 12

***We are able to suggest that your friend tag you in a picture by scanning and comparing your friend's pictures to information*** we've put together from the other photos you've been tagged in.[12]

\*          \*          \*

We currently use facial recognition software that uses an algorithm to calculate a unique number ("template") ***based on someone's facial features, like the distance between the eyes, nose and ears***.  This template is ***based*** on photos you've been tagged in . . . .[13]

*See* Ex. 17 at 2; ██████████████████████████.  Unable to convince European regulators that its facial recognition technology was harmless, in October 2012, Facebook turned off the automatic facial recognition feature for all European users following the IDPC probe and was forced to delete all corresponding biometric data templates from the Company's databases.  Ex. 18; ██████

█████████████████████████████████████████████████████

███████████████████████████

### 4.    All Parties and Their Proposed Experts Agree that Facebook Uses Face Geometry from Uploaded Pictures to Drive Its Facial Recognition System

As established above, Facebook scans all photos to collect data on each person's facial features, including the distance between the eyes, nose and ears, *i.e.*, the geometry of fiducial points/facial features, in order to drive its facial recognition process.  In addition, the parties' proposed experts agree that information collected and used by Facebook is in fact the user's face geometry. ███████████████████████████████████████████████

█████████████████████████████████████████████████████

█████████████████████████████████████████████████████

█████████████████████████████████████████████████████

█████████████████████████████████████████████████████

████████████████████████████████████

██████████████████████████████████████████████████████

█████████████████████████████████████████████████████

██████████████████████████████████████████████████████

███████████████████████████████████████████

1383217_1

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF - 3:15-cv-03747-JD                    - 13 -



1

2

3

4

5

6

7

8

9

10

11

12                              *        *        *

13

14

15                              *        *        *

16

17

18

19

20

21

22

23

24                              There is no ***genuine*** dispute that Facebook scans face geometry and

25   therefore collects and obtains biometric identifiers by detecting and aligning faces using fiducial

26   points, which is a necessary prerequisite to the identification stage of Facebook's face recognition

27   system.

28

1383217_1

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF - 3:15-cv-03747-JD        - 14 -

1    **5.**    ███████████████████████████████
2    ████████
3    █████████████████████████████████████████████
4    ███████████████████████████████████████████████
5    ████████████████████████ ██████████████████████
6    ███████████████████████████████████████████████
7    ███████████████████████████████████████████████
8    ███████████████████████████████████████████████
9    ███████████████████████████████████████████████
10   ████
11   ████████████████████████████████████████
12   ██████████████████████████████████████████████
13   ███████████████████████████████
14   █ ████████████████████████████████████████████
15   ███████████████████████████████████████████████
16   ███████████████████████████████████████████████
17   ███████████████████████████████████████████████
18   ███████████████████████████████████████████████
19   ███████████████████████████████████████████████
20   █████████████████████████████████

21       Thus, there is no genuine dispute of material fact that with its facial recognition technology,

22   Facebook collects, uses, and stores biometric identifiers including through scans of face geometry in

23   all uploaded pictures.

24   █ ████████████
25   █ ████████████████████████████████████████████
26   ████████████████████████████████████████████████
27   ████████████████████████████████████████████████
28   ███████████████████████████████████

1

**C.    It Is Undisputed that Facebook Did Not Obtain Written Releases from Plaintiffs Prior to Collecting Biometric Data**

2

3      As noted above, BIPA requires entities that collect biometric identifiers to first obtain a

4   "written release" from the subject prior to such collection.  740 ILCS 14/15(b).  There is no genuine

    issue of material fact as to whether Facebook failed to comply with this provision of the statute.

5
       BIPA defines a written release as "***informed*** written consent."  *Id*. at 14/10.  This means that

6   a Facebook user cannot consent to Facebook's biometric collection practices unless Facebook

7   actually informs them that it collects biometric data.  *See, e.g.*, *Benson v. Terhune*, 304 F.3d 874, 883

8   (9th Cir. 2002) (in Miranda rights waiver context, informed or knowing consent requires "'a full

9   awareness of both the nature of the right being abandoned and the consequences of the decision to

10  abandon it'").  ███████████████████████████████████████████████████

11  ████████████████████████  They cannot now credibly contend that the Company in fact informs

12  users that it collects their biometric data.

13
       Facebook has also failed to produce any evidence that it, in fact, obtained users' informed

14  written consent prior to collecting their biometric data.  At best, Facebook has pointed to its Data

15  Policy dated January 30, 2015 ("Data Policy"), which contains the following ambiguous language

16  intended to avoid using the term "biometric data":

17
          "We also use ***information*** we have to provide shortcuts and suggestions to you.  For
18        example, we are able to suggest that your friend tag you in a picture ***by comparing
          your friend's picture to information we've put together from your profile pictures
19        and the other photos in which you've been tagged***."

20  Renewed MTD, Ex. B at 10-11; Ex. 22 at 1.

21     No reasonable jury could find from these vague references to "information . . . put together

22  . . . from your pictures" in conjunction with Facebook's admission that its users were meaningfully

23  informed that Facebook collects, stores, and uses their biometric data.  Indeed, during a hearing

24  before the Senate Judiciary Committee, former Senator Al Franken took issue with Facebook's lack

25  of transparency on this issue and questioned how a user could make an informed decision if

26  Facebook does not actually tell them that it uses facial recognition:

27        Nowhere on this screen or on the screen that you get when you click "Learn More"
          do you see the words "facial recognition" or anything that describes facial
28        recognition. . . .

1
*How can users make an informed decision about facial recognition in their privacy settings if you do not actually tell them in their privacy settings you are using facial recognition?*

2

3
Ex. 23 at 27; Ex. 29.

4
Moreover, even assuming *arguendo* that this language somehow informs users about

5
Facebook's biometric data practices (although it certainly does not), Facebook has produced no

6
evidence to show that this unsatisfactory language existed in the Data Policy prior to January 30,

7
2015.  In fact, during the 2012 hearing before the Senate Judiciary Committee, Senator Franken

8
noted that Facebook's discussion of its biometric data practices appeared on Facebook's ***"Help***

9
***Center"*** page (not its Data Policy), which was said to be located ***six clicks away*** from a user's

10
"privacy settings" page. Ex. 23 at 27.  No reasonable jury could find that such information buried

11
deep within Facebook's website informed users about Facebook's collection, use, and storage of

12
their biometric data.  And because users were not informed, they were incapable of providing

13
Facebook with ***informed*** written consent, as BIPA requires.

14
Furthermore, Facebook has also failed to produce any evidence to show that it provided users

15
with a meaningful to consent to its collection, use, and storage of their biometric data (informed or

16
otherwise) prior to execution of its facial recognition software. █████████████████

17
████████████████████████████████████████████

18
████████████████████████████████████████████

19
████████████████████████████████████████████

20
████████████████████████████████████████ █ ████

21
████████████████████████████████████████████

22
████████████████████████████████████████████

23
████████████████████████████████████████████

24
████████████████████████████████████████████

25
████████████████████████████████████████████

26
████████████████████████████████████████████

27
[16]  All "¶_" references herein are to the Consolidated Class Action Complaint (ECF No. 40)

28
("Complaint"), unless otherwise indicated.

1

2

3

4

5

6

7

8

9      Finally, to the extent Facebook takes the position that plaintiffs assented to the language in

10 the Data Policy by continuing to use the site after Facebook updated its user agreement, as of

11 January 30, 2015, that argument would fail as a matter of law. Under the plain language of BIPA,

12 the requisite informed consent must be **written**. BIPA 740 ILCS 14/15 §15b. As noted, any

13 purported consent through conduct was neither informed nor written and, thus, could not satisfy

14 BIPA's requirements.[17] Indeed, Facebook has previously produced purported copies of each version

15 of the user agreement in effect during 2009, when plaintiffs Patel and Licata joined Facebook, and a

16 purported copy of the user agreement in effect on August 22, 2005, when plaintiff Pezen joined.

17 ECF No. 20, ¶8.

18      Because there is no evidence from which a reasonable jury could find that Facebook obtained

19 plaintiffs' informed written consent prior to collecting, using, and storing their biometric data, partial

20 summary judgment should be entered in plaintiffs' favor.

21

22

23 _____

[17]   Other BIPA cases previously relied on by Facebook do not alter the analysis. Both *Vigil v. Take-*

24 *Two Interactive Software, Inc.*, 235 F. Supp. 3d 499, 513 (S.D.N.Y. 2017), *aff'd in part and vacated in part sub. nom Santana v. Take-Two Interactive Software, Inc.*, 2017 U.S. App. LEXIS 23446 (2d

25 Cir. 2017), and *McCollough v. Smarte Carte, Inc.*, 2016 WL 4077108 (N.D. Ill. Aug. 1, 2016) held only that the plaintiffs had failed to allege Article III standing. This Court has already held that

26 plaintiffs here have standing. Unlike *Vigil* and *McCollough*, which involved "circumstances that are a far cry from the ones alleged here," in which the plaintiffs each had "sufficient notice to make a

27 meaningful decision about whether to permit the data collection," this Court has noted that the Complaint here alleges "that Facebook afforded plaintiffs no notice and no opportunity to say no."

28 Renewed MTD Order at 9.

1

### D. There Is No Dispute that Facebook Failed to Publish a Retention Schedule, as Required by BIPA, §15(a)

There is no genuine issue of material fact that, if Facebook collected, used, and/or stored biometric identifiers, Facebook never "develop[ed] a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers" as required by BIPA. 740 ILCS 14/15(a). As noted above, Facebook cannot rely on its Data Policy because Facebook claims (falsely) that it does not even collect biometric data. There is also no evidence that the Data Policy existed during the entirety of the relevant time period.

Accordingly, because there is no genuine dispute of material fact that Facebook failed to publicly disclose a retention schedule or guidelines for destroying the biometric data that it collects, summary judgement on plaintiffs' §15(a) claim should be entered in plaintiffs' favor.

### E. The Undetermined Damages that Plaintiffs Are Entitled to Under the Statute Does Not Prevent Summary Judgment on Facebook's Liability for Violating BIPA

Once liability is established under BIPA, plaintiffs are entitled to statutory damages, injunctive relief, and reasonable attorneys' fees. 740 ILCS 14/20(1)-(4).[18] BIPA provides for damages of $1,000 for any negligent violation of BIPA's provisions, and $5,000 for an intentional or reckless violation. *Id.* at 14/20(1)-(2). Facebook ***intentionally*** collected biometric identifiers – its facial recognition system was designed to do so and could not function effectively otherwise. Thus, Facebook's BIPA violation, ***at a minimum, was negligent***. To date, the exact number of face scans Facebook extracted from plaintiffs is unknown. Facebook users reportedly uploaded hundreds of millions of photos each day. That does not, however, prevent this Court from granting summary judgment in plaintiffs' favor on Facebook's liability. *See Valladon v. City of Oakland*, 2009 U.S. Dist. LEXIS 97485, at *11 (N.D. Cal. Oct. 20, 2009) (Recognizing that even when there is "a dispute regarding the exact amount of the ***damages*** to which plaintiffs may be entitled, that dispute does not preclude summary judgment on the issue of defendant's ***liability***") (emphases in original).

---

[18]   Damages are not an element of a BIPA violation. Rather, the improper collection or retention of biometric data may result in an award of damages. 740 ILCS 14/15, 14/20.

1383217_1

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF - 3:15-cv-03747-JD   - 19 -

1  **V.      CONCLUSION**

2        For all the above stated reasons, plaintiffs are entitled to summary judgment on Facebook's

3  violation of BIPA, §15(a)-(b).

4  DATED:  March 16, 2018                    ROBBINS GELLER RUDMAN
                                                & DOWD LLP
5                                           SHAWN A. WILLIAMS
                                            JOHN H. GEORGE
6

7                                                   s/ Shawn A. Williams
8                                                 SHAWN A. WILLIAMS

9                                           Post Montgomery Center
                                            One Montgomery Street, Suite 1800
10                                          San Francisco, CA  94104
                                            Telephone:  415/288-4545
11                                          415/288-4534 (fax)

12                                          ROBBINS GELLER RUDMAN
                                                & DOWD LLP
13                                          PAUL J. GELLER*
                                            STUART A. DAVIDSON*
14                                          CHRISTOPHER C. GOLD*
                                            120 East Palmetto Park Road, Suite 500
15                                          Boca Raton, FL  33432
                                            Telephone:  561/750-3000
16                                          561/750-3364 (fax)

17                                          LABATON SUCHAROW LLP
                                            JOEL H. BERNSTEIN*
18                                          CORBAN S. RHODES*
                                            140 Broadway
19                                          New York, NY  10005
                                            Telephone:  212/907-0700
20                                          212/818-0477 (fax)

21                                          EDELSON PC
                                            JAY EDELSON*
22                                          RAFEY BALABANIAN*
                                            350 North LaSalle Street, Suite 1300
23                                          Chicago, IL  60654
                                            Telephone:  312/589-6370
24                                          312/589-6378 (fax)

25                                          Attorneys for Plaintiffs

26                                          * = appearance *pro hac vice*

27

28

1383217_1

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF - 3:15-cv-03747-JD        - 20 -

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 16, 2018, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on March 16, 2018.

s/ Shawn A. Williams
SHAWN A. WILLIAMS
ROBBINS GELLER RUDMAN
       & DOWD LLP
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
E-mail:  shawnw@rgrdlaw.com

**Mailing Information for a Case 3:15-cv-03747-JD In re Facebook Biometric Information Privacy Litigation**

**Electronic Mail Notice List**

The following are those who are currently on the list to receive e-mail notices for this case.

- **Rafey Sarkis Balabanian**
  rbalabanian@edelson.com,docket@edelson.com

- **James E Barz**
  jbarz@rgrdlaw.com

- **Joel H. Bernstein**
  jbernstein@labaton.com,JGardner@labaton.com,kgutierrez@labaton.com,cvillegas@labaton.com,RKamhi@labaton.com,1375722420@filings.docketbird.com,electro

- **Stuart Andrew Davidson**
  sdavidson@rgrdlaw.com,5147990420@filings.docketbird.com,jdennis@rgrdlaw.com,e_file_sd@rgrdlaw.com,e_file_fl@rgrdlaw.com

- **Mark Dearman**
  mdearman@rgrdlaw.com,9825585420@filings.docketbird.com,e_file_sd@rgrdlaw.com,e_file_fl@rgrdlaw.com

- **Mark J. Dearman**
  mdearman@rgrdlaw.com

- **Jay Edelson**
  jedelson@edelson.com,docket@edelson.com

- **Amanda M. Frame**
  aframe@rgrdlaw.com

- **Paul J. Geller**
  pgeller@rgrdlaw.com,jalperstein@rgrdlaw.com,swinkles@rgrdlaw.com,e_file_fl@rgrdlaw.com

- **Paul Jeffrey Geller**
  pgeller@rgrdlaw.com

- **John Hamilton George**
  jgeorge@rgrdlaw.com

- **Christopher Chagas Gold**
  cgold@rgrdlaw.com,4703056420@filings.docketbird.com,jdennis@rgrdlaw.com,e_file_sd@rgrdlaw.com,e_file_fl@rgrdlaw.com

- **Lauren R Goldman**
  lrgoldman@mayerbrown.com,mrayfield@mayerbrown.com,jmarsala@mayerbrown.com

- **Frank S Hedin**
  fhedin@hedinhall.com

- **Lily E. Hough**
  lhough@edelson.com,docket@edelson.com

- **Ross M Kamhi**
  rkamhi@labaton.com,kgutierrez@labaton.com,electroniccasefiling@labaton.com

- **David Philip Milian**
  DMilian@CareyRodriguez.com,ejimenez@careyrodriguez.com,ecf@careyrodriguez.com

- **John Nadolenco**
  jnadolenco@mayerbrown.com,rjohns@mayerbrown.com,los-docket@mayerbrown.com,jaustgen@mayerbrown.com,tstruwe@mayerbrown.com,gtmiller@mayerbrown.com

- **Alexander Nguyen**
  anguyen@edelson.com,docket@edelson.com

- **Archis A. Parasharami**
  aparasharami@mayerbrown.com

- **Archis Ashok Parasharami**
  aparasharami@mayerbrown.com,4085092420@filings.docketbird.com,wdc.docket@mayerbrown.com

- **Matthew David Provance**
  mprovance@mayerbrown.com,courtnotification@mayerbrown.com

- **Corban S Rhodes**
  crhodes@labaton.com,kgutierrez@labaton.com,3936743420@filings.docketbird.com,sauer@labaton.com,electroniccasefiling@labaton.com

- **Benjamin Harris Richman**
  brichman@edelson.com,docket@edelson.com

- **Frank Anthony Richter**
  frichter@rgrdlaw.com

- **Alexander Glenn Tievsky**
  atievsky@edelson.com,docket@edelson.com

- **Shawn A. Williams**
  shawnw@rgrdlaw.com,smorris@rgrdlaw.com,ptiffith@rgrdlaw.com,dhall@rgrdlaw.com,e_file_sd@rgrdlaw.com,nlai@rgrdlaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
Vincent          J. Connelly
Mayer Brown LLP
71 South Wacker Drive
Chicago, IL 60606

Facebook Inc.
Cooley LLP
3000 El Camino Real
Five Palo Alto Square
Palo Alto, CA 94306-2155
```