CAREY RODRIGUEZ MILIAN GONYA, LLP
David P. Milian*
1395 Brickell Avenue, Suite 700
Miami, Florida 33131
Telephone:   (305) 372-7474
Facsimile:   (305) 372-7475
Email:       dmilian@careyrodriguez.com

**Pro Hac Vice* Application Forthcoming

*Counsel for Plaintiff Clayton P. Zellmer
in Case No. 18-cv-1880-JD*

BOTTINI & BOTTINI, INC.
Albert Y. Chang (SBN 296065)
7817 Ivanhoe Avenue, Suite 102
La Jolla, California 92037
Telephone:   (858) 914-2001
Facsimile:   (858) 914-2002
Email:       achang@bottinilaw.com

*Local Counsel for Plaintiff Clayton P. Zellmer
in Case No. 18-cv-1880-JD*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE FACEBOOK BIOMETRIC INFORMATION PRIVACY LITIGATION<br><br>This document relates to:<br><br>ALL ACTIONS. | Case No. 15-cv-3747-JD<br><br>Class Action<br><br>**Plaintiff's Notice of Motion and Motion to Consolidate Related Cases; Memorandum of Law in Support of Motion to Consolidate**<br><br>Date:       May 24, 2018<br>Time:       10:00 a.m.<br>Courtroom:  11 (19th Floor)<br>Judge:      Honorable James Donato |
| CLAYTON P. ZELLMER, on behalf of himself and all others similarly situated,<br><br>                          Plaintiff,<br><br>            vs.<br><br>FACEBOOK, INC.,<br><br>                          Defendant. | Case No. 18-cv-1880-JD<br><br>Class Action |

### NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that on May 24, 2018, at 10:00 a.m., or as soon thereafter as counsel may be heard, before the Honorable James Donato in Courtroom 11, 19th Floor of the Philip Burton Federal Building, United States District Court for the Northern District of California, located at 450 Golden Gate Avenue, San Francisco, California 94102, plaintiff Clayton P. Zellmer will and hereby does move this Court for an order under Federal Rule of Civil Procedure 42(a), consolidating this action, *Zellmer v. Facebook, Inc.*, No. 18-cv-1880-JD, with *In re Facebook Biometric Information Privacy Litigation*, No. 15-cv-3747-JD (the "User Action").

In support of this motion, plaintiff Zellmer submits the accompanying proposed order and the following Memorandum of Points and Authorities and relies on all papers and proceedings in the related action, *Gullen v. Facebook, Inc.*, No. 16-cv-0937-JD.

### MEMORANDUM OF POINTS AND AUTHORITIES

### I.   STATEMENT OF ISSUES TO BE DECIDED

*Gullen* and the User Action proceeded side-by-side for two years. In coordination, among the parties and counsel, voluminous discovery has been completed in both actions. So has briefing for the motions for class certification. Defendant Facebook, Inc. ("Facebook") attacked the *Gullen* plaintiff's standing in a summary-judgment motion, arguing that his photo uploaded to a business account did not undergo facial recognition. Prior to the Court's summary judgment ruling in *Gullen*, and to ensure that the nonuser class's claim can go forward, plaintiff Zellmer, a Facebook nonuser whose photos were uploaded from Illinois users' personal Facebook account, joined the litigation by filing a new complaint that is substantially identical to the *Gullen* complaint. Because of the extensive discovery and briefing previously conducted in *Gullen*, including receipt of hundreds of thousands of pages of documents, exchange of expert reports and analysis, and fact and expert witness depositions that need not be duplicated here, *Zellmer* can become trial-ready in short order with minimal discovery.

The issue to be decided here is whether, in light of the common issues in these actions and the efficiency resulting from a joint trial, *Zellmer* and the User Action should be consolidated for all purposes, including trial.

## II. PROCEDURAL BACKGROUND

On January 26, 2016, plaintiff Frederick William Gullen filed his action in California state court. On February 25, 2016, Facebook removed *Gullen* to this Court.

On July 27, 2016, fact discovery commenced in *Gullen* and the User Action. This Court consolidated *Gullen* and the User Action for discovery and motion-briefing purposes.

From July 27, 2016 through the close of discovery on November 17, 2017, counsel in *Gullen* and the User Action served wide-ranging discovery concerning every aspect of the cases, including requests for production concerning Facebook's practices of applying its facial recognition technology to user-uploaded photographs. During this period, plaintiffs took the depositions of Facebook's Rule 30(b)(6) representative, as well as several Facebook employees who work on projects associated with Facebook's facial recognition technology. Plaintiffs also deposed Facebook's proposed expert on the subject of computer vision technology. Plaintiffs collectively received and reviewed hundreds of thousands of pages of documents. Plaintiffs also retained expert witnesses who reviewed thousands of lines of Facebook's computer source code.

By order dated March 29, 2018, this Court set the User Action for trial for July 9, 2018. User Action Dkt. No. 316.

Plaintiff Zellmer filed his action on March 27, 2018. On April 3, 2018, the Court granted plaintiff Zellmer's Civil Local Rule 3-12(b) motion, finding that *Zellmer* is related to *Gullen*. *Gullen* Dkt. No. 164.

On April 3, 2018, this Court entered its order on Facebook's Motion for Summary Judgment in *Gullen*. *Gullen* Dkt. No. 161.

///

Motion to Consolidate;                              2                              No. 15-cv-3747-JD
Memorandum of Points and Authorities                                               No. 18-cv-1880-JD

## III. ARGUMENT

Rule 42 grants district courts "broad discretion" to consolidate cases. *Investors Research Co. v. U.S. Dist. Ct.*, 877 F.2d 777, 777 (9th Cir. 1989). Under the rule, consolidation is proper "[i]f actions before the court involve a common question of law or fact." FED. R. CIV. P. 42(a)(2). The purpose of consolidation is to enhance court efficiency (*i.e.*, to avoid unnecessary duplication of evidence and procedures) and to avoid substantial danger of inconsistent adjudications (*i.e.*, different results because cases are tried before different juries or judges). *E.E.O.C. v. HBE Corp.*, 135 F.3d 543, 551 (8th Cir. 1998); *see also Team Enters., LLC v. W. Inv. Real Estate Trust*, Nos. 08-cv-0872-LJO-SMS *et seq.*, 2008 U.S. Dist. LEXIS 91676, at *4 (E.D. Cal. Oct. 20, 2008) (citing *HBE Corp.*, 135 F.3d at 551).

To qualify for consolidation, the actions need not be identical. *Takeda v. Turbodyne Techs., Inc.*, 67 F. Supp. 2d 1129, 1133 (C.D. Cal. 1999). "Rather, in deciding whether to consolidate actions under Rule 42(a), a court must balance the savings of time and effort consolidation will produce against any inconvenience, delay, confusion, or prejudice that may result." *Id.*

In this case, consolidation is appropriate for four reasons. First, *Zellmer* (like *Gullen*) and the User Action indisputably share common questions of law and fact. Second, consolidation will promote convenience of the parties, witnesses, and counsel. Third, consolidation would conserve judicial resources, as well as the resources of the parties. Finally, Facebook will suffer no prejudice from consolidation.

### A. Consolidation Is Appropriate Because *Zellmer* and the User Action Share Multiple Common Questions of Law and Fact

Both actions are brought against Facebook on behalf of those — Facebook users and nonusers — who are aggrieved by Facebook's application of facial-recognition technology on their photos uploaded from Illinois IP addresses without their informed consent. Both actions allege that Facebook violated BIPA. Both actions rely on the same body of evidence previously produced by Facebook in discovery and rely upon the same

1 expert opinions and testimony previously offered in the *Gullen* and *In re Facebook*
2 *Biometric Information Privacy Litigation* cases.

3     These actions arise from common facts, are brought under the same statutory
4 scheme against the same defendant, and are supported by the same evidence developed
5 during discovery in the consolidated *Gullen* action, and, therefore, consolidation here is
6 likewise appropriate. *See Nat'l R.R. Passenger Corp. v. Camargo Trucking,* No. 12-cv-
7 0775 AWI–BAM *et seq.*, 2013 U.S. Dist. LEXIS 3143, at *8 (E.D. Cal. Jan. 8, 2013)
8 ("consolidation may be proper in instances where numerous lawsuits arise from the
9 same common nucleus of operative facts"); *Team Enters.*, 2008 U.S. Dist. LEXIS 91676,
10 at **6–7 (consolidating two actions involving "the same property …, the same or similar
11 parties, and similar claims," and where "the two actions share the factual issues of
12 determining the identity, and the extent of the responsibility, of the parties
13 responsible").

### B.  Consolidation Is Appropriate Because It Serves the Convenience of the Parties, Witnesses, and Counsel

Consolidation is appropriate because it would promote the convenience of the parties, witnesses, and counsel. Plaintiff Zellmer is represented by the same counsel as in *Gullen*. Facebook is represented by the same counsel in both actions. *Id.* Thus, consolidation would be in the best interests of all parties and counsel. Moreover, at trial, both *Zellmer* and the User Action would involve the same witnesses, exhibits and rely on the same experts. Thus, consolidation would serve the convenience of the witnesses and greatly preserve the parties' resources because witnesses and experts would be required to appear in Court only once.

### C.  Consolidation Is Appropriate Because It Promotes Judicial Economy

Consolidation would significantly reduce the expenditure of judicial resources and the resources of the parties. *Zellmer* and the User Action are likely to require resolution of numerous complicated, overlapping legal and factual issues. Having the

Motion to Consolidate;                              4                              No. 15-cv-3747-JD
Memorandum of Points and Authorities                                               No. 18-cv-1880-JD

Court decide each issue only once, instead of twice, would greatly conserve both the resources of the parties as well as the resources of the Court. Accordingly, consolidation is appropriate. *See Team Enters.*, 2008 U.S. Dist. LEXIS 91676, at *4 (consolidation is appropriate to avoid "unnecessary duplication of evidence and procedures" and to avoid "inconsistent adjudications").

### D. Consolidation Is Appropriate Because There Will Be No Prejudice to Facebook

Consolidation would not result in any prejudice to Facebook. In fact, Facebook has on multiple occasions sought dismissal of both *Gullen* and the User Action based on the same or similar arguments (Article III Standing; Whether Facebook's practice of applying facial recognition technology to photos uploaded to user accounts constitutes the collection of "biometric identifiers" as defined under BIPA; whether BIPA's application implicates the dormant commerce clause or extraterritoriality concerns). As this Court is aware, these issues have either already been ruled upon by this Court or are currently before the Court now. Thus, there can be no dispute that *Zellmer* and the User Action share common issues of fact and law.

Nor would consolidation result in any undue inconvenience, delay, or confusion that would outweigh "the savings of time and effort consolidation will produce." *See Takeda*, 67 F. Supp. 2d at 1133. On the contrary, there will be no undue delay because with the benefit of all the discovery and briefing completed in *Gullen*, any discovery specific to *Zellmer* is minimal and can be completed within a matter of weeks. Indeed, beyond the taking of the deposition of plaintiff Zellmer and production of his photos,[1] the parties will not need any additional discovery in this case. Consolidation would in fact promote the convenience of the parties, witnesses, and counsel as well as judicial efficiency.

---

[1] Plaintiff Zellmer is available to be deposed on reasonable notice during the month of May. For context, the deposition of Plaintiff Gullen was completed in less than three hours; there is every reason to believe Zellmer's deposition will take no longer than Gullen's.

| Motion to Consolidate; | 5 | No. 15-cv-3747-JD |
| Memorandum of Points and Authorities | | No. 18-cv-1880-JD |

## IV. CONCLUSION

For the reasons set forth above, the Court should grant this motion and consolidate *Zellmer* with the User Action.

Dated: April 16, 2018

Respectfully submitted,

BOTTINI & BOTTINI, INC.
Albert Y. Chang (SBN 296065)

s/ Albert Y. Chang
Albert Y. Chang

7817 Ivanhoe Avenue, Suite 102
La Jolla, California 92037
Telephone:   (858) 914-2001
Facsimile:   (858) 914-2002
Email:         achang@bottinilaw.com

*Local Counsel for Plaintiff Clayton P. Zellmer in Zellmer v. Facebook, Inc., No. 18-cv-1880-JD*

CAREY RODRIGUEZ MILIAN GONYA, LLP
David P. Milian
1395 Brickell Avenue, Suite 700
Miami, Florida 33131
Telephone:   (305) 372-7474
Facsimile:   (305) 372-7475
Email:         dmilian@careyrodriguez.com

*Counsel for Plaintiff Clayton P. Zellmer in Zellmer v. Facebook, Inc., No. 18-cv-1880-JD*