| | |
|---|---|
| 1 | MAYER BROWN LLP |
| | John Nadolenco (SBN 181128) |
| 2 | 350 South Grand Avenue |
| | 25th Floor |
| 3 | Los Angeles, CA 90071-1503 |
| | Telephone: (213) 229-9500 |
| 4 | jnadolenco@mayerbrown.com |
| 5 | Lauren R. Goldman (*pro hac vice*) |
| | Michael Rayfield (*pro hac vice*) |
| 6 | 1221 Avenue of the Americas |
| | New York, NY 10020 |
| 7 | Telephone: (212) 506-2500 |
| | lrgoldman@mayerbrown.com |
| 8 | mrayfield@mayerbrown.com |
| 9 | *Counsel for Defendant Facebook, Inc.* |

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE FACEBOOK BIOMETRIC INFORMATION PRIVACY LITIGATION | **FACEBOOK'S MOTION FOR STAYS** |
| | Master Docket No.: 3:15-CV-03747-JD |
| THIS DOCUMENT RELATES TO: | Date: June 14, 2018 |
| ALL ACTIONS | Time: 10:00 a.m. |
| | Location: Courtroom 11 |
| | Hon. James Donato |
| | [*Declaration of John Nadolenco and Proposed Order filed concurrently herewith*] |

## NOTICE OF MOTION & MOTION

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT, on June 14, 2018, at 10:00 a.m., before the Honorable James Donato, defendant Facebook, Inc. ("Facebook") will and hereby does move this Court for (1) a stay of any rulings on summary judgment pending dissemination of class notice and the conclusion of the class opt-out period; and (2) a stay of all proceedings pending resolution of Facebook's requested interlocutory appeal of the Court's class certification order pursuant to Federal Rule of Civil Procedure 23(f). Facebook's motion is based on this notice of motion and motion, the accompanying declaration of John Nadolenco, the memorandum of points and authorities that follows, the pleadings, papers, and other documents on file in these actions, and such other evidence and argument presented to the Court at or prior to any hearing in this matter.

**TABLE OF CONTENTS**

INTRODUCTION ................................................................................................................................ 1

ARGUMENT ...................................................................................................................................... 2

I. THIS COURT SHOULD STAY ANY RULING ON PENDING SUMMARY JUDGMENT MOTIONS UNTIL AFTER CLASS NOTICE IS DISSEMINATED AND THE OPT-OUT PROCESS HAS CONCLUDED .................................................. 2

II. THIS COURT SHOULD STAY ALL PROCEEDINGS IN THIS CASE PENDING RESOLUTION OF FACEBOOK'S RULE 23(f) APPEAL ........................... 3

    A. There Is A Fair Prospect That Facebook's Petition Will Succeed On The Merits, And The Petition Raises Serious Legal Questions .................................. 4

        1. There Is A Fair Prospect That The Ninth Circuit Will Agree With Facebook's Position On BIPA's "Aggrieved" Requirement ..................... 5

        2. There Is A Fair Prospect That The Ninth Circuit Will Agree With Facebook's Position On The Impact Of Illinois' Extraterritoriality Doctrine .................................................................................................. 6

    B. Facebook Will Suffer Irreparable Injury Absent A Stay ....................................... 8

    C. Plaintiffs Will Not Suffer Substantial Injury From A Stay ................................... 8

    D. The Public Interest Favors A Stay ........................................................................ 9

CONCLUSION ................................................................................................................................... 9

# TABLE OF AUTHORITIES

**Cases**

*Altamura v. L'Oreal USA, Inc.*,
  2013 WL 4537175 (C.D. Cal. Aug. 26, 2013) .................................................................... 4

*Avery v. State Farm Mut. Auto. Ins. Co.*,
  216 Ill. 2d 100 (2005) ....................................................................................................... 7

*Brown v. Wal-Mart Stores, Inc.*,
  2012 WL 5818300 (N.D. Cal. Nov. 15, 2012) ........................................................... 4, 8, 9

*Campbell v. Facebook, Inc.*,
  315 F.R.D. 250 (N.D. Cal. 2016) ....................................................................................... 6

*Comcast Corp. v. Behrend*,
  569 U.S. 27 (2013) ............................................................................................................ 6

*In re Facebook Biometric Info. Privacy Litig.*,
  2018 WL 1794295 (N.D. Cal. Apr. 16, 2018) ........................................................ 5, 6, 7, 9

*Gomez v. Rossi Concrete, Inc.*,
  2011 WL 666888 (S.D. Cal. Feb. 17, 2011) ..................................................................... 3

*Graham v. Gen. U.S. Grant Post*,
  43 Ill. 2d 1 (1969) ............................................................................................................. 7

*Gray v. Golden Gate Nat'l Recreational Area*,
  2011 WL 6934433 (N.D. Cal. Dec. 29, 2011) ........................................................... 4, 8, 9

*Hackett v. BMW of N. Am., LLC*,
  2011 WL 2647991 (N.D. Ill. June 30, 2011) ..................................................................... 7

*Landau v. CAN Fin. Corp.*,
  381 Ill. App. 3d 61 (2008) ................................................................................................. 7

*Leiva-Perez v. Holder*,
  640 F.3d 962 (9th Cir. 2011) ......................................................................................... 1, 4

*McCollough v. Smarte Carte, Inc.*,
  2016 WL 4077108 (N.D. Ill. Aug. 1, 2016) ...................................................................... 5

*Murray v. Fin. Visions, Inc.*,
  2008 WL 4850328 (D. Ariz. Nov. 7, 2008) ....................................................................... 6

*Oppenheimer Fund, Inc. v. Sanders*,
  437 U.S. 340 (1978) .......................................................................................................... 2

*Reyes v. Educ. Credit Mgmt. Corp.*,
  2018 WL 1316129 (S.D. Cal. Mar. 13, 2018) ..................................................................3

*Rosenbach v. Six Flags Entm't Corp.*,
  __ N.E.3d __, 2017 IL App (2d) 170317 (Dec. 21, 2017) ..........................................5, 6

*Schwarzschild v. Tse*,
  69 F.3d 293 (9th Cir. 1995) ..................................................................................1, 2, 3

*Stafford v. Brink's, Inc.*,
  2016 WL 6583046 (C.D. Cal. Mar. 8, 2016) ...................................................................2

*Stearns v. Ticketmaster Corp.*,
  655 F.3d 1013 (9th Cir. 2011) .........................................................................................6

*Valley Air Serv. v. Southaire, Inc.*,
  2009 WL 1033556 (N.D. Ill. Apr. 16, 2009) ...................................................................7

*Vigil v. Take-Two Interactive Software, Inc.*,
  235 F. Supp. 3d 499 (S.D.N.Y. 2017) ..............................................................................5

*Vulcan Golf, LLC v. Google Inc.*,
  552 F. Supp. 2d 752 (N.D. Ill. 2008) ...............................................................................7

*Ward v. United Airlines, Inc.*,
  2016 WL 1161504 (N.D. Cal. Mar. 23, 2016) .................................................................3

*Washington v. Miller*,
  81 F.3d 171 (9th Cir. 1996) .............................................................................................2

*Willcox v. Lloyds TSB Bank, PLC*,
  2016 WL 917893 (D. Haw. Mar. 7, 2016) ...................................................................4, 8

**Statutes**

740 ILCS 14/20 .........................................................................................................................5

**Other Authorities**

Federal Rule of Civil Procedure 23 .......................................................................................2, 4

**INTRODUCTION**

Facebook respectfully requests two stays in this case. First, the Court should stay any ruling on pending summary judgment motions until after class notice has been disseminated and the class opt-out period has concluded. Under Circuit precedent, such stays are granted to avoid the problem of unfair "one-way intervention," whereby class plaintiffs are able to wait and see how the merits of the case turn out before deciding whether to be a part of the class and bound by the judgment. *Schwarzschild v. Tse*, 69 F.3d 293, 295 (9th Cir. 1995).

Second, Facebook respectfully requests a stay of all proceedings in this case pending the Ninth Circuit's resolution of Facebook's Rule 23(f) petition for interlocutory review of this Court's order certifying a class ("Petition"), and any resulting appellate proceedings. District courts in this Circuit routinely stay proceedings while a 23(f) petition is pending if the eventual outcome of the petition may significantly impact the continuing course of the litigation. That is plainly the case here: A trial in which plaintiffs are seeking billions of dollars is scheduled to begin in just over two months, on July 9, 2018. If the case is not stayed, the Petition may effectively be mooted in the interim, and extensive costs and judicial resources will have been expended without important guidance from the Ninth Circuit on fundamental issues relating to the propriety of class certification.

The relevant factors weigh heavily in favor of a stay: (1) the Petition raises "serious legal questions" on which Facebook has a "fair prospect" of success; (2) Facebook will be "irreparably injured" if the proceedings are not stayed; (3) plaintiffs will not be "substantially injured" by a minor delay in these proceedings; and (4) the "public interest" weighs in favor of a stay—it would promote judicial economy and prevent needless litigation costs. *Leiva-Perez v. Holder*, 640 F.3d 962, 964 (9th Cir. 2011).

## ARGUMENT

### I. THIS COURT SHOULD STAY ANY RULING ON PENDING SUMMARY JUDGMENT MOTIONS UNTIL AFTER CLASS NOTICE IS DISSEMINATED AND THE OPT-OUT PROCESS HAS CONCLUDED.

The Court should stay any rulings on the pending summary judgment motions until after class notice has been disseminated and class members have been given an opportunity to opt out.

Rule 23(c)(2), which governs notice for Rule 23(b)(3) classes like the one certified in this case, explains that the Court "must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Such notice must explain "that the court will exclude from the class any member who requests exclusion." Fed. R. Civ. P. 23(c)(2)(B)(v). The burden is on the plaintiffs to initiate this process by proposing both the content and the appropriate means of notice: "The general rule must be that the representative plaintiff should perform the tasks [necessary to send the class notice], for it is he who seeks to maintain the suit as a class action and to represent other members of his class." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 356 (1978). Plaintiffs have not yet offered a proposal for how class notice should be disseminated and what it should say. Once they do, Facebook must be afforded an opportunity to provide its views before the Court issues an order establishing the notice and opt-out process. *See Stafford v. Brink's, Inc.*, 2016 WL 6583046, at *1 (C.D. Cal. Mar. 8, 2016). Once the Court has determined the appropriate content and means of class notice, it will likely take at least 60 days for the notice period to conclude; based on our research, notice periods in large consumer class actions in this District normally vary between 60 and 90 days. Before summary judgment (and well before trial), class members must be given an opportunity to respond to the notice.

The Ninth Circuit has held that "the purpose of Rule 23(c)(2) is to ensure that the plaintiff class receives notice of the action well *before* the merits of the case are adjudicated," including any rulings on "summary judgment." *Schwarzschild*, 69 F.3d at 295; *see also Washington v. Miller*, 81 F.3d 171 (9th Cir. 1996) (same). The Rule "was adopted to prevent 'one-way intervention'—that is, the intervention of a plaintiff in a class action after an adjudication

2

favoring the class had taken place." *Schwarzschild*, 69 F.3d at 295. Such intervention "is termed one-way because the plaintiff would not otherwise be bound by an adjudication in favor of the defendant." *Id.* It is unfair to allow prospective class members to decide whether to join a class *after* the court has decided key issues on the merits, including summary judgment, because such class members would not have been bound by a decision *adverse* to the class. *See id.*

Accordingly, it is "appropriate to postpone ruling on a [party's] motion for summary judgment until after . . . notice has been given, and the period for class members to exclude themselves has expired, in order to protect the defendant from absent class members opting in or out depending upon the outcome on the merits." *Gomez v. Rossi Concrete, Inc.*, 2011 WL 666888, at *1 (S.D. Cal. Feb. 17, 2011); *see also Ward v. United Airlines, Inc.*, 2016 WL 1161504, at *6 (N.D. Cal. Mar. 23, 2016) (motions for summary judgment "shall not be heard until after class notice has been disseminated and the deadline to opt-out has passed"). The same rule applies to motions for partial summary judgment. *See Gomez*, 2011 WL 666888, at *1.[1]

In order to avoid the one-way intervention problem, this Court should stay any ruling on the pending summary judgment motions until after class notice has been disseminated and the opt-out period has concluded.

## II. THIS COURT SHOULD STAY ALL PROCEEDINGS IN THIS CASE PENDING RESOLUTION OF FACEBOOK'S RULE 23(f) APPEAL.

A Rule 23(f) petition for interlocutory appeal of a class certification order "does not stay proceedings in the district court unless the district judge or the court of appeals so orders." Fed. R. Civ. P. 23(f). However, district courts often grant such stays as a matter of discretion.[2]

---

[1] Facebook filed its first motion for summary judgment on extraterritoriality (Dkt. 257) prior to plaintiffs' motion for class certification; as to this motion alone, Facebook was initially willing to waive the protection against one-way intervention to obtain an early ruling on the threshold question raised by its motion. But because the Court certified the class before ruling on Facebook's motion, Facebook is no longer willing to waive this protection. In any event, Facebook's *second* motion for summary judgment was filed after plaintiffs moved to certify the class, so Facebook indisputably never waived the protection against one-way intervention as to this motion. And obviously, Facebook could not have waived this protection as to *plaintiffs'* partial motion for summary judgment—which Facebook did not file.

[2] *See, e.g., Reyes v. Educ. Credit Mgmt. Corp.*, 2018 WL 1316129, at *1 (S.D. Cal. Mar. 13, 2018) (granting motion to stay pending resolution of 23(f) petition); *Willcox v. Lloyds TSB*

The issuance of a stay turns on the same four factors that the Ninth Circuit has established for stay requests in other contexts: (1) whether there is a "fair prospect" that the appeal will succeed on the merits and/or the appeal raises "serious legal questions"; (2) whether the defendant would be "irreparably injured" in the absence of a stay; (3) whether the plaintiff would be "substantially injured" if a stay is granted; and (4) "where the public's interest lies." *Gray v. Golden Gate Nat'l Recreational Area*, 2011 WL 6934433, at *1 (N.D. Cal. Dec. 29, 2011) (citing *Leiva-Perez*, 640 F.3d at 964-70). These factors are examined on a flexible "continuum," and "the elements . . . are balanced, so that a stronger showing of one element may offset a weaker showing of another." *Brown v. Wal-Mart Stores, Inc.*, 2012 WL 5818300, at *2 (N.D. Cal. Nov. 15, 2012). Each of these factors weighs heavily in favor of a stay here.

### A. There Is A Fair Prospect That Facebook's Petition Will Succeed On The Merits, And The Petition Raises Serious Legal Questions.

Facebook's Petition argues that Rule 23(b)(3)'s predominance requirement precludes class certification because (1) the "aggrieved" provision in BIPA's private right of action requires an individualized showing of actual injury beyond the alleged statutory violation; and (2) under Illinois' extraterritoriality doctrine, each plaintiff must prove that the circumstances related to his individual claim occurred "primarily and substantially" in Illinois. Petition (Ex. 1). Facebook respectfully submits that there is a "fair prospect" that the Ninth Circuit will grant review and resolve these questions in its favor. And at minimum, these are "serious legal questions" that would benefit from appellate guidance before the parties begin a multi-week trial in which the plaintiffs seek billions of dollars.[3]

---

*Bank, PLC*, 2016 WL 917893, at *8 (D. Haw. Mar. 7, 2016) (same); *Altamura v. L'Oreal USA, Inc.*, 2013 WL 4537175, at *3 (C.D. Cal. Aug. 26, 2013) (same); *Brown v. Wal-Mart Stores, Inc.*, 2012 WL 5818300, at *5 (N.D. Cal. Nov. 15, 2012) (same); *Gray v. Golden Gate Nat'l Recreational Area*, 2011 WL 6934433, at *3 (N.D. Cal. Dec. 29, 2011) (same).

[3] Facebook has been informed that the Chamber of Commerce will be filing an amicus brief in support of Facebook's Rule 23(f) petition; that brief is due today.

4

### 1. There Is A Fair Prospect That The Ninth Circuit Will Agree With Facebook's Position On BIPA's "Aggrieved" Requirement.

Facebook respectfully submits that there is at least room for reasonable disagreement regarding whether BIPA's "aggrieved" provision defeats predominance. BIPA provides a private right of action only to someone who is "aggrieved by a violation of this Act." 740 ILCS 14/20. The Illinois Appellate Court, three Illinois state trial courts, and two federal courts have held that a plaintiff may satisfy this requirement only by making an inherently individualized showing of "actual injury" beyond the collection of his biometric data without notice and consent; a plaintiff is not aggrieved "when the only injury he or she alleges is a violation" of BIPA. *Rosenbach v. Six Flags Entm't Corp.*, __ N.E.3d __, 2017 IL App (2d) 170317, ¶¶ 15, 28 (Dec. 21, 2017); *see also Rottner* Order (Ex. 1 to Petition); *Yeske* Order (Ex. 2 to Petition); *Sekura* Order (Ex. 3 to Petition); *Vigil v. Take-Two Interactive Software, Inc.*, 235 F. Supp. 3d 499, 519 (S.D.N.Y. 2017), *aff'd in part, rev'd in part on other grounds*, 717 F. App'x 12 (2d Cir. 2017); *McCollough v. Smarte Carte, Inc.*, 2016 WL 4077108, at *4 (N.D. Ill. Aug. 1, 2016).

In its order on class certification, this Court recognized *Rosenbach*'s holding that a party is not aggrieved if "the only injury alleged . . . [is] a violation of [BIPA's] notice and consent requirements." *In re Facebook Biometric Info. Privacy Litig.*, 2018 WL 1794295, at *6 (N.D. Cal. Apr. 16, 2018) ("*Facebook Biometric II*") (quoting *Rosenbach*, 2017 IL (App 2d) 170317, ¶ 18). But the Court determined that "*Rosenbach* would find that injury to a privacy right is enough to make a person aggrieved under BIPA," and that plaintiffs could attempt to prove this claimed injury on a *class-wide* basis. *Id.* Facebook respectfully maintains that there is a "fair prospect" the Ninth Circuit might interpret the governing law differently.

First, the Ninth Circuit may interpret *Rosenbach* to require more than an "injury to a privacy right." *See* Petition at 8-12. This Court relied on a footnote in *Rosenbach* saying that the plaintiff "did not allege in her complaint any harm or injury to a privacy right." *Id.* (quoting *Rosenbach*, 2017 IL (App 2d) 170317, ¶ 20 n. 1). But Ms. Rosenbach *did* make that argument on appeal, and the Illinois Appellate Court (aware that she could amend her complaint) rejected it on the merits: "Although plaintiff asserts . . . that Alexander's right to privacy is a 'personal

5

FACEBOOK'S MOTION FOR STAYS,
CASE NO. 3:15-CV-03747-JD

right' or a 'legal right' that has been 'adversely affected,' . . . there must be an actual injury, adverse effect, or harm in order for the person to be 'aggrieved.'" *Rosenbach*, 2017 Il App (2d) 170317, ¶ 20.  An Illinois trial court more recently dismissed a BIPA claim under *Rosenbach* where the plaintiff expressly alleged an "injury to a privacy right." *Rottner* Order at 2.  The Ninth Circuit may adopt the same reading.

Second, even if BIPA's "aggrieved" requirement could be satisfied by an "injury to a privacy right," the Ninth Circuit may part company with this Court's conclusion that plaintiffs can prove that injury through "evidence that [is] common to the class rather than individual to its members." *Comcast Corp. v. Behrend*, 569 U.S. 27, 30 (2013); *see* Petition at 13-15.  Other courts in this Circuit have determined that "invasion of privacy claims require highly individualized determinations of fact and law that make class certification under Rule 23(b)(3) inappropriate." *Murray v. Fin. Visions, Inc.*, 2008 WL 4850328, at *5 (D. Ariz. Nov. 7, 2008); *see also Campbell v. Facebook, Inc.*, 315 F.R.D. 250, 268 (N.D. Cal. 2016) (no predominance where "[t]he extent of any intrusion into the plaintiff's privacy would depend on [ ] facts" specific to a "given class member").  For example, some class members may not believe that their privacy has been invaded by Tag Suggestions; and others may allege a privacy invasion but concede Facebook's use of facial recognition was apparent from its disclosures.  The Ninth Circuit's decisions indicate that such variations would defeat predominance.  *See, e.g.*, *Stearns v. Ticketmaster Corp.*, 655 F.3d 1013, 1022, 1024 (9th Cir. 2011) (because statute at issue required plaintiffs to show that deceptive conduct "caused them harm" and there were "myriad reasons" why someone "who was not misled" might have "intentionally signed up" for the defendant's rewards program, "the class could not be certified").

### 2. There Is A Fair Prospect That The Ninth Circuit Will Agree With Facebook's Position On The Impact Of Illinois' Extraterritoriality Doctrine.

There is also grounds for reasonable disagreement about the legal standard established by Illinois' extraterritoriality doctrine.  As this Court has explained, "BIPA does not have extraterritorial reach." *Facebook Biometric II*, 2018 WL 1794295, at *8.  Accordingly, to invoke

BIPA, a plaintiff must prove that the alleged violation took place "primarily and substantially" in Illinois: "the majority of circumstances related to the alleged violation" must occur there. *Landau v. CAN Fin. Corp.*, 381 Ill. App. 3d 61, 63-65 (2008). In its ruling on class certification, the Court concluded that the extraterritoriality test did not present an individualized issue because "[t]he named plaintiffs are located in Illinois along with all of the proposed class members." *Facebook Biometric II*, 2018 WL 1794295, at *8.

Again, the Ninth Circuit may disagree, because the Illinois courts have rejected a residence-based extraterritoriality test. In the seminal case in this area, the Illinois Supreme Court dismissed a suit under the State's Dram Shop Act based on injuries from a drunk-driving accident where the plaintiff, drunk driver, and the defendant liquor stores were *all* "residents of Illinois," because "the automobile accident"—a "necessary element of liability"—"occurred in Wisconsin." *Graham v. Gen. U.S. Grant Post*, 43 Ill. 2d 1, 2-4 (1969). More recently, the Supreme Court confirmed that the test is not "based on the residency of the plaintiff" but on whether the facts related to the alleged violation "occur primarily and substantially" within Illinois. *Avery v. State Farm Mut. Auto. Ins. Co.*, 216 Ill. 2d 100, 182, 186 (2005).[4]

If the Ninth Circuit concludes that more than residency is required, it will likely hold that the extraterritoriality doctrine precludes class treatment. Each plaintiff may claim a different Illinois connection beyond residency: One may claim that he was in Illinois when he signed up for Facebook, another may claim he was there when his template was created, and a third might claim that a photo of him was taken and uploaded in Illinois. And as this Court acknowledged in its class-certification order, "the claims of some class members may only be peripherally related to Illinois." *Facebook Biometric II*, 2018 WL 1794295, at *9. The Ninth Circuit may conclude

---

[4] *See also, e.g.*, *Vulcan Golf, LLC v. Google Inc.*, 552 F. Supp. 2d 752, 775 (N.D. Ill. 2008) (dismissing class action alleging that plaintiffs were residents who conducted business in Illinois because they failed to allege "that the purported deceptive . . . scheme occurred primarily and substantially in Illinois"); *Valley Air Serv. v. Southaire, Inc.*, 2009 WL 1033556, at *12 (N.D. Ill. Apr. 16, 2009) (*Avery* considered residency test but "went on to adopt an entirely different test"; dismissing claim by "Illinois citizen" who "communicated with [the defendant] from Illinois" and "felt injury in Illinois," because the circumstances "at the heart of the claim" "occurred in Arkansas"); *Hackett v. BMW of N. Am., LLC*, 2011 WL 2647991, at *2 (N.D. Ill. June 30, 2011).

that this possibility precludes class treatment. And it is likely to consider this issue important, particularly because of its implications for Facebook and numerous other Internet-based companies that apply facial-recognition technology to photos. Petition at 20.

### B. Facebook Will Suffer Irreparable Injury Absent A Stay.

Facebook will suffer irreparable injury in the absence of a stay: If Facebook is "forced to incur the expense of litigation before [its] appeal is heard, the appeal will be moot, and [Facebook's] right to appeal will be meaningless." *Gray*, 2011 WL 6934433 at *3; *see id.* ("Defendants have shown that they would suffer substantial harm" if they are compelled to spend "substantial time and resources" on litigation "and the Court is later reversed on the issue of class certification"); *Brown v. Wal-Mart Stores, Inc.*, 2012 WL 5818300, at *4 (N.D. Cal. Nov. 15, 2012) ("Forcing Defendant to incur potentially substantial fees . . . that may ultimately be unnecessary constitutes at least some harm to Defendant."). This risk of irreparable injury is especially acute when, as here, *trial* is imminent. *See Willcox v. Lloyds TSB Bank, PLC*, 2016 WL 917893, at *6 (D. Haw. Mar. 7, 2016) (finding "persuasive" defendant's contention "that without a stay it will be forced to spend a significant amount of time and resources preparing for a trial *only two and a half months out from now*" (emphasis added)). And where *billions* of dollars will potentially be at stake, the need for immediate interlocutory review is at its apex.

### C. Plaintiffs Will Not Suffer Substantial Injury From A Stay.

Plaintiffs, by contrast, will suffer no "substantial injury" from a stay. *Gray*, 2011 WL 6934433 at *1. Courts in this Circuit have routinely held that a simple delay in proceedings does not constitute a substantial injury to plaintiffs. *See, e.g.*, *Brown*, 2012 WL 5818300, at * 4 ("The potential delay in Plaintiff's ability to recover penalties . . . does not constitute a substantial injury."); *Willcox*, 2016 WL 917893, at *7 ("[I]t makes little sense to say that a decision by this Court to briefly stay proceedings while the Ninth Circuit considers the Rule 23(f) Petition will cause [plaintiffs] prejudice."). That is particularly true where, as here, plaintiffs "stipulated to a stay of litigation" earlier in this case. *Gray*, 2011 WL 6934433 at *3; *see* Dkt. 199 (stipulating to

three-month stay). The delay in this case would be quite minor when considered in the context of this entire litigation.

In fact, there is a risk of injury to the *absent* class members if a stay is *not* granted. "[T]he parties risk generating confusion among class members" if they "disseminate class notice" and the Ninth Circuit then "modif[ies] or decertif[ies] the class after class notice has issued." *Brown*, 2012 WL 5818300, at *4. If class notice is disseminated and the Ninth Circuit then grants review and rules in Facebook's favor, "[s]uch a result would require the issuance of a second curative notice to the class." *Id.* Indeed, in *Brown*, the court determined that such a notice would likely be ineffective for a class of *22,000*, *see id.*, a fraction of the class that the Court estimated to exist in this case, *see Facebook Biometric II*, 2018 WL 1794295, at *4.

### D. The Public Interest Favors A Stay.

A stay would be in the public's interest for all the reasons discussed above. "The public interest lies in proper resolution of the important issues in this case, and issuance of a stay would avoid wasting resources on a class action litigation which might be changed in scope on appeal." *Gray*, 2011 WL 6934433, at *3. "A stay . . . will help to ensure the proper resolution of the important issues raised in this case by preventing potentially wasteful work on the part of the court and the parties while the Ninth Circuit considers [Facebook's] Rule 23(f) petition." *Brown*, 2012 WL 5818300 at *5. Particularly because of the stakes of this litigation and its implications for numerous technology companies like Facebook (*see* Petition at 20), the Ninth Circuit should have a chance to resolve the fundamental issues presented by Facebook's Petition before this case goes to trial. All of the relevant factors weigh in favor of a stay of these proceedings pending Facebook's Rule 23(f) appeal.

### CONCLUSION

Facebook's motion for the two stays should be granted.

|  |  |
|---|---|
| 1 | Dated: May 7, 2018 |
| 2 | |

MAYER BROWN LLP

By: */s/ John Nadolenco*
    John Nadolenco
    Lauren R. Goldman
    Michael Rayfield

*Counsel for Defendant Facebook, Inc.*