MAYER BROWN LLP
John Nadolenco (SBN 181128)
350 South Grand Avenue, 25th Floor
Los Angeles, CA 90071-1503
Telephone: (213) 229-9500
jnadolenco@mayerbrown.com

Lauren R. Goldman (*pro hac vice*)
Michael Rayfield (*pro hac vice*)
1221 Avenue of the Americas
New York, NY 10020
Telephone: (212) 506-2647
lrgoldman@mayerbrown.com
mrayfield@mayerbrown.com

*Counsel for Defendant Facebook, Inc.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE FACEBOOK BIOMETRIC INFORMATION PRIVACY LITIGATION | **OMNIBUS ADMINISTRATIVE MOTION TO FILE UNDER SEAL** |
| | Master Docket No.: 3:15-CV-03747-JD |
| THIS DOCUMENT RELATES TO: | [*Declaration of John Nadolenco and Proposed Order filed concurrently herewith*] |
| ALL ACTIONS | |

# TABLE OF CONTENTS

**Page(s)**

I.     LEGAL STANDARD ................................................................................................ 1

II.    REQUESTS TO SEAL ........................................................................................... 3

     A.     Facebook's Motion For Summary Judgment ......................................... 3

           1.     Declaration of Omry Yadan .......................................... 3

           2.     Declaration of Benjamin Strahs ..................................... 4

           3.     Expert Reports .............................................................. 5

           4.     Excerpts from the Taigman and Yadan Depositions ............... 6

           5.     Excerpts from the Hashmi and Dunn Depositions ................... 6

           6.     Certain Exhibits to Facebook's Motion ........................ 7

           7.     Portions of Facebook's Motion..................................... 8

     B.     Plaintiffs' Opposition to Facebook's Motion For Summary Judgment ................ 8

           1.     Expert Reports .............................................................. 8

           2.     Excerpts From the Taigman and Yadan Depositions ............... 8

           3.     Excerpts from the Hashmi, Turk, and Dunn Depositions ............ 9

           4.     Certain Exhibits to Plaintiffs' Opposition.................... 9

           5.     Portions of Facebook's Discovery Responses ........................ 10

           6.     Portions of Plaintiffs' Opposition ............................ 11

     C.     Facebook's Reply in Support of its Motion For Summary Judgment ................ 11

     D.     Facebook's Motion to Exclude Portions of the Expert Report, Opinions, and Testimony of Dr. Atif Hashmi ...................................... 11

           1.     Expert Reports .............................................................. 11

           2.     Excerpts from Certain Deposition Transcripts ...................... 12

           3.     Portions of Facebook's Motion.......................................... 12

     E.     Plaintiffs' Opposition to Facebook's Motion to Exclude Portions of the Expert Report, Opinions, and Testimony of Dr. Atif Hashmi ............................ 12

           1.     Excerpts from Certain Deposition Transcripts ...................... 12

           2.     Portions Of Plaintiffs' Opposition .......................... 13

     F.     Facebook's Reply in Support of Its Motion to Exclude Portions of the Expert Report, Opinions, and Testimony of Dr. Atif Hashmi ............................ 13

     G.     Facebook's Motion to Strike and/or Exclude the Expert Report of Jeffrey S. Dunn .......................................................................... 13

           1.     Expert Reports .............................................................. 13

           2.     Excerpts from Certain Deposition Transcripts ...................... 13

           3.     Portions of Facebook's Motion.......................................... 14

i

**TABLE OF CONTENTS**
(continued)

Page(s)

H.    Plaintiffs' Opposition to Facebook's Motion to Strike and/or Exclude the
      Expert Report of Jeffrey S. Dunn ................................................................... 14

I.    Facebook's Reply in Support of Its Motion to Strike and/or Exclude the
      Expert Report of Jeffrey S. Dunn ................................................................... 14

J.    Plaintiffs' Motion for Partial Summary Judgment............................................ 15

      1.    Expert Reports ........................................................................................ 15

      2.    Excerpts from the Turk and Taigman Deposition Transcripts................. 15

      3.    Certain Exhibits to Plaintiffs' Motion for Partial Summary
            Judgment................................................................................................. 15

      4.    Portions of Plaintiffs' Motion for Partial Summary Judgment............... 16

K.    Facebook's Opposition to Plaintiffs' Motion for Partial Summary
      Judgment ......................................................................................................... 16

      1.    Expert Reports ........................................................................................ 16

      2.    Excerpts from Certain Deposition Transcripts ...................................... 16

      3.    The Yadan Declaration ........................................................................... 16

      4.    Certain Exhibits to Facebook's Opposition ........................................... 16

      5.    Portions of Facebook's Opposition........................................................ 17

L.    Plaintiffs' Reply in Support of Their Motion for Partial Summary
      Judgment ......................................................................................................... 17

      1.    The Yadan and Barak Deposition Transcripts ....................................... 17

      2.    Certain Exhibits to Plaintiffs' Reply...................................................... 18

      3.    Portions of Plaintiffs' Reply .................................................................. 18

M.    Plaintiffs' Motion to Exclude the Testimony of Defendants' Proposed
      Expert Matthew Turk, Ph.D.............................................................................. 18

      1.    Expert Report and Notes ........................................................................ 18

      2.    Excerpt from the Turk Deposition Transcript......................................... 19

      3.    Certain Exhibits to Plaintiff's Motion.................................................... 19

      4.    Portions of Plaintiffs' Motion ................................................................ 19

N.    Facebook's Opposition to Plaintiffs' Motion to Exclude the Testimony of
      Defendants' Proposed Expert Matthew Turk, Ph.D. ......................................... 19

      1.    Expert Reports ........................................................................................ 19

      2.    Excerpt from the Turk Deposition Transcript......................................... 20

      3.    Portions of Facebook's Opposition........................................................ 20

O.    Plaintiffs' Reply in Support of Their Motion to Exclude the Testimony of
      Defendants' Proposed Expert Matthew Turk, Ph.D. ......................................... 20

ii

**TABLE OF CONTENTS**
(continued)

**Page(s)**

1.    Expert Reports ......................................................................................... 20

2.    Excerpts of the Hashmi and Dunn Deposition Transcripts..................... 20

3.    Certain Exhibits to Plaintiffs' Reply...................................................... 21

4.    Portions of Plaintiffs' Reply .................................................................. 21

P.    Exhibits That May Be Unsealed ........................................................................... 21

III.   CONCLUSION........................................................................................................... 22

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Adobe Sys., Inc., Sec. Litig.*,
141 F.R.D. 155 (N.D. Cal. 1992) ............................................................................. 2

*Algarin v. Maybelline, LLC*,
2014 WL 690410 (S.D. Cal. Feb. 21, 2014) ........................................................... 3

*Apple, Inc. v. Samsung Elecs. Co.*,
2013 WL 3855529 (N.D. Cal. July 24, 2013) ...................................................... 3, 4

*Bauer Bros. LLC v. Nike, Inc.*,
2012 WL 1899838 (S.D. Cal. May 24, 2012) .............................................. 2, 10, 16

*CreAgri, Inc. v. Pinnaclife Inc.*,
2014 WL 27028 (N.D. Cal. Jan. 2, 2014) ............................................................ 2, 9

*In re Elec. Arts, Inc.*,
298 F. App'x 568 (9th Cir. 2008) ........................................................................... 4

*Foltz v. State Farm Mut. Auto. Ins. Co.*,
331 F.3d 1122 (9th Cir. 2003) ................................................................................ 2

*Herron v. Best Buy Stores, LP*,
2015 WL 5330271 (E.D. Cal. Sept. 10, 2015) ....................................................... 3

*Kamakana v. City & Cnty. of Honolulu*,
447 F.3d 1172 (9th Cir. 2006) ................................................................................ 2

*Morawski v. Lightstorm Entm't, Inc.*,
2013 WL 12122289 (C.D. Cal. Jan. 14, 2013) .................................................... 2, 4

*Nat'l Labor Relations v. CEMEX, Inc.*,
2009 WL 5184695 (D. Ariz. Dec. 22, 2009) .......................................................... 4

*Phillips v. General Motors Corp.*,
307 F.3d 1206 (9th Cir. 2002) ................................................................................ 2

*Rich v. Hewlett-Packard Co.*,
2009 WL 10628294 (N.D. Cal. Dec. 14, 2009) ............................................... 10, 16

*Rich v. Shrader*,
2013 WL 6190895 (S.D. Cal. Nov. 26, 2013) ........................................................ 3

iv

# TABLE OF AUTHORITIES
(continued)

**Page(s)**

*In re Yahoo Mail Litig.*,
   2015 WL 12990210 (N.D. Cal. June 8, 2015) .............................................................................2

**Rules**

Fed. R. Civ. P. 26 ..........................................................................................................................2

Local Rule 79-5 ................................................................................................. *passim*

1    Pursuant to Civil Local Rules 7-11 and 79-5, the Stipulated Protective Order in this

2    action (Dkt. 88), the Court's Standing Order for Civil Cases, and the Court's January 2, 2018 and

3    February 2, 2018 orders (Dkt. 276; Dkt. 286), defendant Facebook, Inc. ("Facebook") files this

4    omnibus administrative motion to maintain under seal certain documents filed in connection with

5    the following motions: Facebook's motion for summary judgment, Facebook's motion to

6    exclude portions of the expert opinions, and testimony of Dr. Atif Hashmi (Dkt. 303);

7    Facebook's motion to strike and/or exclude the expert report of Jeffrey S. Dunn (Dkt. 305);

8    plaintiffs' motion for partial summary judgment (Dkt. 307); and plaintiffs' motion to exclude the

9    testimony of defendant's proposed expert Matthew Turk, Ph.D. (Dkt. 301).

10    Plaintiffs do not seek to maintain under seal any materials designated as "Confidential"

11    by plaintiffs that were filed provisionally under seal by Facebook.  *See* Declaration of John

12    Nadolenco in Support of the Omnibus Administrative Motion to Seal ("Nadolenco Sealing

13    Decl.") ¶ 26.  Accordingly, these materials may be unsealed, as further delineated below.

14    The Nadolenco Sealing Declaration, filed concurrently with this motion, identifies the

15    documents that Facebook seeks to maintain under seal and the bases for sealing.  In accordance

16    with Paragraph 28 of the Court's Standing Order and Local Rule 79-5(d)(1), redacted and

17    unredacted versions of the documents that Facebook seeks to maintain partially under seal are

18    attached to this motion if those documents differ from the versions that were submitted

19    provisionally under seal in connection with the filings subject to this omnibus motion.[1]

20    Facebook also submits herewith separate proposed order in the tabular format required by Local

21    Rule 79-5(d)(1)(B) that include the reasons for sealing the material outlined below.

22    **I.    LEGAL STANDARD**

23    Filings under seal are "the primary means by which the courts ensure full disclosure of

24    relevant information, while still preserving the parties' (and third parties') legitimate expectation

---

25    [1]    Specifically, the documents attached hereto fall into two categories: (1) documents filed

26    by plaintiffs, for which Facebook seeks more narrow sealing than as originally filed; and

27    (2) briefs filed by Facebook that had included provisionally redacted references to the deposition
transcripts of the named plaintiffs, which plaintiffs do not request to maintain under seal.

28

1   that confidential business information, proprietary technology and trade secrets will not be

2   publicly disseminated." *In re Adobe Sys., Inc., Sec. Litig.*, 141 F.R.D. 155, 161-62 (N.D. Cal.

3   1992). One of two standards applies depending upon whether the document is filed in

4   connection with a dispositive or non-dispositive motion.

5       Where a "sealed discovery document [is attached] to a non-dispositive motion," the

6   "usual presumption of the public's right of access is rebutted." *Kamakana v. City & Cnty. of*

7   *Honolulu*, 447 F.3d 1172, 1179-80 (9th Cir. 2006) (quoting *Phillips v. General Motors Corp.*,

8   307 F.3d 1206, 1213 (9th Cir. 2002)); *see In re Yahoo Mail Litig.*, 2015 WL 12990210, at *1

9   (N.D. Cal. June 8, 2015) (motion for class certification is a non-dispositive motion). Under these

10  circumstances, a particularized showing of "good cause" under Federal Rule of Civil Procedure

11  26(c) will suffice to maintain the information under seal. *Id.* at 1180 (citing *Foltz v. State Farm*

12  *Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). The party must simply show that

13  "specific prejudice or harm will result" from disclosure of the information. *Phillips ex rel.*

14  *Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002); *see CreAgri, Inc.*

15  *v. Pinnaclife Inc.*, 2014 WL 27028, at *2 (N.D. Cal. Jan. 2, 2014) (granting motion to seal

16  portion of document that would "not further the public's understanding of the reasoning

17  underlying the Court's decisions" when there was "some interest . . . in maintaining the

18  confidentiality" of the sealed material).

19      In comparison, a party seeking to seal dispositive motion papers must show that the

20  motion to seal is supported by "compelling reasons." *Kamakana*, 447 F.3d at 1179. Under the

21  heightened standard, "[t]he protection of proprietary business information and prospective

22  business plans is a compelling reason to permit the filing of documents under seal." *Morawski v.*

23  *Lightstorm Entm't, Inc.*, 2013 WL 12122289, at *2 (C.D. Cal. Jan. 14, 2013); *Bauer Bros. LLC*

24  *v. Nike, Inc.*, 2012 WL 1899838, *2 (S.D. Cal. May 24, 2012) (same). "Where a party shows

25  that its documents contain sources of business information that might harm its competitive

26  standing, the need for public access to the records is lessened." *Algarin v. Maybelline, LLC*,

27

28

2

2014 WL 690410, at *3 (S.D. Cal. Feb. 21, 2014) (granting motion to seal under "compelling reasons" standard).  A court may order the sealing of records under the compelling reasons standard when they contain sensitive business information, such as trade secrets.  *Herron v. Best Buy Stores, LP*, 2015 WL 5330271, at *3 (E.D. Cal. Sept. 10, 2015); *Rich v. Shrader*, 2013 WL 6190895, at *2 (S.D. Cal. Nov. 26, 2013).  This type of information is regularly sealed.  *See Apple, Inc. v. Samsung Elecs. Co.*, 2013 WL 3855529, at *2 (N.D. Cal. July 24, 2013) (permitting the sealing of proprietary data and noting that the potential competitive harm outweighed the public's interest in accessing raw data).  The sealing requests associated with the motions in the *Facebook Biometric* actions are evaluated under the compelling reasons standard.

## II.   REQUESTS TO SEAL

Generally, the information that Facebook seeks to seal contains either confidential and commercially sensitive information about Facebook's network architecture and Facebook's facial-recognition technology, or confidential personal information.  Such information has been produced and designated by Facebook as either "Confidential," "Highly Confidential – Attorneys' Eyes Only" or "Highly Confidential – Source Code" under the Protective Order entered in this case.  *See* Nadolenco Sealing Decl. ¶ 4.

### A.   Facebook's Motion For Summary Judgment

#### 1.   Declaration of Omry Yadan

Facebook requests to seal confidential information contained in the redacted portions of the January 25, 2018 Declaration of Omry Yadan in Support of Facebook's Motion for Summary Judgment ("1/25/18 Yadan Declaration") (Exhibit 10 to the Nadolenco MSJ Declaration).  Omry Yadan is a software engineer with extensive knowledge about Facebook's network architecture and Facebook's facial-recognition technology.  The 1/25/18 Yadan Declaration discusses trade secrets and commercially sensitive information, the disclosure of which would cause Facebook competitive harm.  "A trade secret may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an

advantage over competitors who do not know or use it." *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (internal citations and quotations omitted). "One factor that weighs in favor of sealing documents is when the release of the documents will cause competitive harm to a business." *Apple Inc.*, 727 F.3d at 1221; *see also Nat'l Labor Relations v. CEMEX, Inc.*, 2009 WL 5184695, at *2 (D. Ariz. Dec. 22, 2009), *as amended* (Feb. 1, 2010); *Morawski v. Lightstorm Entm't, Inc.*, 2013 WL 12122289, at *2 (C.D. Cal. Jan. 14, 2013) ("The protection of proprietary business information . . . is a compelling reason to permit the filing of documents under seal").

In his declaration, Mr. Yadan addresses Facebook's network architecture and the way in which those systems interact with and support Facebook's facial-recognition technology. Mr. Yadan also describes how Facebook's facial-recognition technology works, and how that technology is applied to photographs uploaded to Facebook. Facebook has designated this information "Confidential" or "Highly Confidential – Attorneys' Eyes Only" under the Protective Order. Nadolenco Sealing Decl. ¶¶ 4, 9. Moreover, Facebook maintains the details of how its facial-recognition technology works as a trade secret, including the details in Mr. Yadan's declaration regarding the percentage of faces in uploaded photos that are detected and the percentage of detected faces that are "recognizable." 1/25/18 Yadan Declaration ¶ 13. Its public release would cause Facebook harm by providing competitors—particularly those who also use facial recognition—with insight into how Facebook designs its computer systems and its proprietary facial-recognition technology. *Id.* Further, public disclosure of information related to Facebook's network architecture and how its architecture is used in connection with facial recognition could put Facebook and the people who use Facebook at increased risk of cyber attack by malicious actors. *See Facebook Biometric* Dkt. 257-9 ("12/7/17 Yadan Decl.") ¶ 34. Thus, the requested portions of the 1/25/18 Yadan Declaration should be maintained under seal.

### 2.    Declaration of Benjamin Strahs

Facebook requests to seal confidential information contained in the redacted portions of

4

the January 25, 2018 Declaration of Benjamin Strahs (Exhibit 16 to the Nadolenco MSJ Declaration) ("Strahs Decl."). The redacted information references and discusses the information contained in Exhibit 1 thereto, which Facebook seeks to seal because it contains confidential information related the *Facebook Biometric* plaintiffs' account settings. Nadolenco Sealing Decl. ¶ 4, 10. Facebook considers this information about its users to be non-public and takes steps to prevent the information from becoming publicly available or available to people outside of Facebook. 12/2/17 Yadan Decl. ¶ 29; Strahs Decl. ¶ 5.

### 3. Expert Reports

The Court should seal the December 22, 2017 Expert Report of Matthew Turk, Ph.D., (Exhibit 3 to the Declaration of John Nadolenco in Support of Facebook's Motion for Summary Judgment ("Nadolenco MSJ Declaration")), the February 2, 2018 Rebuttal Expert Report of Matthew Turk, Ph.D. (Exhibit 4 to the Nadolenco MSJ Declaration), the February 2, 2018 Expert Report of Jeffrey S. Dunn (Exhibit 7 to the Nadolenco MSJ Declaration), and the December 22, 2017 Expert Report of Dr. Atif Hashmi (Exhibit 9 to the Nadolenco MSJ Declaration), because each of these reports contains a detailed analysis of Facebook source code and other internal documents relating to Facebook's facial-recognition technology, which Facebook has designated as "Confidential," "Highly Confidential – Attorneys' Eyes Only," or "Highly Confidential – Source Code" pursuant to the Protective Order. Nadolenco Sealing Decl. ¶ 19. Its public release would cause Facebook harm by providing competitors—particularly those who also use facial recognition—with insight into how Facebook designs its computer systems and its proprietary facial-recognition technology. *See* 12/2/17 Yadan Decl. ¶ 34. Further, public disclosure of information related to Facebook's network architecture and how its architecture is used in connection with facial recognition could put Facebook and the people who use Facebook at increased risk of cyber attack by malicious actors. *Id.* For these reasons, among others, Facebook takes steps to ensure that the information set forth in Dr. Turk's expert report is not disclosed to competitors or otherwise made publicly known. *Id.*

### 4.     Excerpts from the Taigman and Yadan Depositions

Facebook's motion for summary judgment also attached excerpts from the deposition transcripts of Facebook witnesses Yaniv Taigman and Omry Yadan.  Mr. Taigman and Mr. Yadan testified about Facebook's proprietary facial-recognition technology, its network architecture and the way in which Facebook's systems interact with and support Facebook's facial-recognition technology.  *See* Nadolenco Sealing Decl. ¶ 16.  Mr. Taigman and Mr. Yadan further testified concerning how Facebook applies its facial-recognition technology to photographs uploaded to Facebook.  *Id.*  This information has been designated "Highly Confidential – Attorneys' Eyes Only" in accordance with the Protective Order and has not been disclosed to third parties.  *Id.*  The disclosure of this information would cause competitive harm to Facebook by providing direct insight into highly confidential, proprietary, and competitively sensitive aspects of Facebook's proprietary technology and its internal business processes and strategies.  12/7/17 Yadan Decl. ¶ 34; Nadolenco Sealing Decl. ¶ 17.  Public release of this information would cause Facebook harm by providing competitors—particularly those who also use facial recognition—with insight into how Facebook designs its computer systems and its proprietary facial-recognition technology.  12/7/17 Yadan Decl. ¶ 34; Nadolenco Sealing Decl. ¶ 8, 17.  Further, public disclosure of information related to the details of Facebook's network architecture could put Facebook and the people who use Facebook at increased risk of cyber attack by malicious actors.  12/7/17 Yadan Decl. ¶ 34; Nadolenco Sealing Decl. ¶¶ 8, 17.  Accordingly, the Court should seal the relevant portions of the October 18, 2019 Taigman deposition and the October 26, 2017 Yadan deposition transcript excerpts filed in connection with Facebook's motion for summary judgment.

### 5.     Excerpts from the Hashmi and Dunn Depositions

Facebook attached to its motion for summary judgment excerpts from the February 23, 2018 deposition testimony of Dr. Atif Hashmi (Exhibit 8 to the Nadolenco Declaration) and the February 26, 2018 deposition testimony of Jeffrey S. Dunn (Exhibit 11 to the Nadolenco MSJ

1    Declaration), both of whom testified in detail regarding their analyses of Facebook's network

2    architecture and its facial-recognition technology, based on discovery material that Facebook has

3    designated as "Confidential," "Highly Confidential – Attorneys' Eyes Only," or "Highly

4    Confidential – Source Code" pursuant to the Protective Order.  Nadolenco Sealing Decl. ¶ 20.

5    The public release of this information would cause Facebook harm by providing competitors—

6    particularly those who also use facial recognition—with insight into how Facebook designs its

7    computer systems and its proprietary facial-recognition technology.  *See* 12/7/17 Yadan Decl.

8    ¶ 34.  Further, public disclosure of information related to Facebook's network architecture and

9    how its architecture is used in connection with facial recognition could put Facebook and the

10   people who use Facebook at increased risk of cyber attack by malicious actors.  *Id.*  For these

11   reasons, among others, Facebook takes steps to ensure that the information set forth in Dr. Turk's

12   expert report is not disclosed to competitors or otherwise made publicly known.  *Id.*

13                          **6.      Certain Exhibits to Facebook's Motion**

14        Facebook seeks to seal Exhibits 14 and 15 to the March 15, 2018 Declaration of Robert

15   Sherman ("Sherman Declaration"), Exhibit 2 to the March 14, 2018 Declaration of Yaniv

16   Taigman ("Taigman Declaration"), and Exhibit 1 to the March 13, 2018 Declaration of Dan

17   Barak submitted in support of Facebook's motion for summary judgment in *Facebook Biometric*.

18   These exhibits are copies of Facebook business records that discuss how Facebook's proprietary

19   facial-recognition technology works and the way in which Facebook's computer systems interact

20   with and support Facebook's facial-recognition technology.   Nadolenco Sealing Decl. ¶ 11.

21   Facebook also seeks to seal Exhibit 12 to the Sherman Declaration, which reflects internal drafts

22   and communications regarding Facebook's position on proposed Australian privacy law reforms.

23   *Id.*  Each of these documents has been produced by Facebook in this litigation and designated as

24   "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Protective

25   Order.  *Id.*  Facebook's good cause to seal these records is detailed in paragraph 34 of the Yadan

26   Declaration, namely, that public release of this information would cause Facebook harm by

27

28

providing competitors with insight into how Facebook designs its computer systems and its proprietary facial-recognition technology.  *See* 12/7/17 Yadan Decl. ¶ 34; Sherman Decl. ¶ 20; Taigman Decl. ¶ 3; Barak Decl. 3.

### 7.    Portions of Facebook's Motion

In accordance with Local Rule 79-5, Facebook has narrowly redacted portions of its motions for summary judgment that reference or quote from confidential information contained in the expert reports, confidential deposition testimony, and exhibits that Facebook seeks to maintain under seal.  Nadolenco Sealing Decl. ¶ 24-25.

### B.    Plaintiffs' Opposition to Facebook's Motion For Summary Judgment

### 1.    Expert Reports

Exhibits 27 and 30, 31, and 32  to the Declaration of Shawn A. Williams in Support of Plaintiffs' Opposition to Facebook's Motion for Summary Judgment ("Williams MSJ Opp. Decl.") are copies of the same expert reports appearing at Exhibits 4, 7, 3, and 9 to the Nadolenco MSJ Declaration, respectively.  The Court should seal these exhibits for the reasons identified above at II.A.3.

### 2.    Excerpts From the Taigman and Yadan Depositions

Facebook seeks to seal the deposition transcripts from the October 18, 2016 deposition of Yaniv Taigman (Exhibit 14 to the Williams MSJ Opp. Declaration) and the October 26, 2017 deposition of Omry Yadan (Exhibit 33 to the Williams MSJ Opp. Declaration).[2]  The compelling reasons to seal Mr. Taigman's and Mr. Yadan's deposition testimony are described above at A.4.

---

[2]      In some instances, plaintiffs submitted complete copies of deposition transcripts rather than excerpts reflecting pages cited in their briefing.  Facebook respectfully submits that the non-cited pages have no bearing on the issues to be decided on the motions to which they relate and should be sealed for this additional reason.  *See CreAgri, Inc.*, 2014 WL 27028, at *2 (granting motion to seal portion of document that would "not further the public's understanding of the reasoning underlying the Court's decisions").   Nadolenco Sealing Decl. ¶¶ 18, 21.   As attachments to this motion, Facebook is submitting sealed and public-redacted versions of the transcripts (Exhibits 14, 15, 28, 33, and 34 to the Williams MSJ Opp. Declaration) that exclude non-cited pages.  Facebook requests that the copies of the full transcripts as initially submitted by plaintiffs remain entirely under seal.

### 3.     Excerpts from the Hashmi, Turk, and Dunn Depositions

Facebook seeks to seal the deposition transcripts from the February 23, 2018 deposition of Dr. Atif Hashmi (Exhibit 15 to the Williams MSJ Opp. Declaration) and the February 26, 2018 deposition of Jeffrey S. Dunn (Exhibit 34 to the Williams MSJ Opp. Declaration).  The compelling reasons to seal Dr. Hashmi's and Mr. Dunn's deposition testimony are described above at II.A.5.  Facebook also seeks to seal the deposition transcripts from the February 28, 2018 deposition of Dr. Matthew Turk (Exhibit 28 to the Williams MSJ Opp. Decl.), because Dr. Turk's deposition testimony because—like Dr. Hashmi and Mr. Dunn—Dr. Turk testified in detail regarding their analyses of Facebook's network architecture and its facial-recognition technology, the underlying documents for which Facebook has designated as "Confidential," "Highly Confidential – Attorneys' Eyes Only," or "Highly Confidential – Source Code" pursuant to the Protective Order.  Nadolenco Sealing Decl. ¶ 19.  Public release of this information would cause Facebook harm by providing competitors—particularly those who also use facial recognition—with insight into how Facebook designs its computer systems and its proprietary facial-recognition technology.  *See* 12/7/17 Yadan Decl. ¶ 34.

### 4.     Certain Exhibits to Plaintiffs' Opposition

Plaintiffs' opposition to Facebook's motion for summary judgment attached certain documents that reveal Facebook's trade secrets and confidential business information.  Exhibits 1, 3, 8, 16, and 35 contain confidential information relating to the details of Facebook's network architecture and its facial recognition technology, which Facebook has designated as "Confidential" or "Highly Confidential—Attorneys' Eyes Only" pursuant to the Protective Order.  Public release of this information would cause Facebook harm by providing competitors with insight into how Facebook designs its computer systems and its proprietary facial-recognition technology.  Further, public disclosure of information related to Facebook's network architecture and how its architecture is used in connection with facial recognition could put

Facebook and the people who use Facebook at increased risk of cyber attack by malicious actors. 12/7/17 Yadan Decl. ¶ 34; Nadolenco Sealing Decl. ¶ 11.

Exhibits 24, 25, and 26 identify the personal email addresses, home telephone numbers, and IP addresses and other information associated with plaintiffs' activity on Facebook. Facebook considers this information about its users to be non-public and takes steps to prevent the information from becoming publicly available or available to people outside of Facebook. 12/7/17 Yadan Decl. ¶¶ 28-29; Nadolenco Sealing Decl. ¶ 13.

Exhibit 36 contains confidential information and discussions relating to Facebook's product and marketing strategies. Because public release of this information would cause Facebook harm by providing its competitors with insight into Facebook's product and marketing strategies, this exhibit should be sealed. *See, e.g.*, *Bauer Bros. LLC v. Nike, Inc.*, 2012 WL 1899838, at *2 (S.D. Cal. May 24, 2012) (risk of "improper use by business competitors seeking to replicate Nike's business practices and circumvent the considerable time and resources necessary in product and marketing development" "outweigh the public's interest in disclosure" of Nike's "marketing strategies" and "product development plans"); *Rich v. Hewlett-Packard Co.*, 2009 WL 10628294, at *1 (N.D. Cal. Dec. 14, 2009) ("sensitive and proprietary" nature of "marketing and disclosure strategies" are a compelling reason to seal).

Finally, Exhibit 38 reflects communications between Facebook and Senate Judiciary Subcommittee on Privacy, Technology & the Law ("Subcommittee") concerning an inquiry by the Subcommittee about Facebook's facial-recognition technology. Facebook's communications with the Subcommittee occurred under a mutual understanding that they would be kept confidential. Sherman Decl. ¶ 20; Nadolenco Sealing Decl. ¶ 11. For these reasons, Facebook requests that the Court maintain the seal on Exhibits 1, 3, 8, 16, 24-26, 35, 36, and 38 to the Williams MSJ Opp. Declaration.

**5.** **Portions of Facebook's Discovery Responses**

The Court should seal the designated portions of Facebook's Amended and Supplemental

Response to Plaintiffs' Second Set of Interrogatories (Exhibit 19 to the Williams MSJ Opp. Declaration), which contain information relating to the details of Facebook's technological capabilities to determine IP-address information associated with photographs uploaded to Facebook, and its ability to associate those IP-addresses with geographic locations.  Nadolenco Sealing Decl. ¶ 23.  Facebook's good cause to seal these records is detailed in the 12/7/17 Yadan Declaration (at ¶ 34), namely, that public release of this information would cause Facebook harm by providing competitors with insight into location capabilities and how Facebook designs its computer systems and its proprietary facial-recognition technology.

### 6.     Portions of Plaintiffs' Opposition

In accordance with Local Rule 79-5, Facebook has narrowly redacted certain portions of plaintiffs' opposition to Facebook's motion for summary judgment that reference or quote from confidential information contained in the exhibits, deposition testimony, and declarations that Facebook seeks to maintain under seal.  Nadolenco Sealing Decl. ¶ 24-25.

### C.     **Facebook's Reply in Support of its Motion For Summary Judgment**

Facebook also seeks to seal those portions of its reply in support of its motion for summary judgment that reference or quote from confidential information contained in the exhibits, deposition testimony, and declarations that Facebook seeks to maintain under seal. Facebook has submitted a narrowly redacted version of the brief pursuant to Local Rule 79-5. Nadolenco Sealing Decl. ¶ 24-25.

### D.     **Facebook's Motion to Exclude Portions of the Expert Report, Opinions, and Testimony of Dr. Atif Hashmi**

#### 1.     Expert Reports

Exhibits 1 and 9 to the Declaration of John Nadolenco in Support of Facebook's motion to exclude portions of the expert report, opinions, and testimony of Dr. Atif Hashmi ("Nadolenco Hashmi Decl.") are copies of the same expert reports appearing at Exhibits 9 and 1 to the Nadolenco MSJ Declaration, respectively.  The Court should seal these exhibits for the reasons identified above at II.A.3.

### 2.    Excerpts from Certain Deposition Transcripts

Facebook seeks to seal the transcripts from the October 26, 2017 deposition of Omry Yadan (Exhibit 3 to the Nadolenco Hashmi Declaration) and the October 18, 2016 deposition of Yaniv Taigman (Exhibit 4 to the Nadolenco Hashmi Declaration).  The compelling reasons to seal Mr. Taigman's and Mr. Yadan's deposition testimony are described above at A.4.  Facebook also seeks to seal the transcript from the February 23, 2018 deposition of Dr. Atif Hashmi (Exhibit 2 to the Nadolenco Hashmi Declaration)  for the reasons described above at II.A.5.

### 3.    Portions of Facebook's Motion

In accordance with Local Rule 79-5, Facebook has narrowly redacted portions of its motion to exclude portions of the expert report, opinions, and testimony of Dr. Atif Hashmi that reference or quote from confidential information contained in the material that Facebook seeks to maintain under seal.  Nadolenco Sealing Decl. ¶ 24-25.

### E.    Plaintiffs' Opposition to Facebook's Motion to Exclude Portions of the Expert Report, Opinions, and Testimony of Dr. Atif Hashmi

### 1.    Excerpts from Certain Deposition Transcripts

Facebook seeks to seal the transcripts from the February 23, 2018 deposition of Dr. Atif Hashmi (Exhibit 2 to the Declaration of Corban S. Rhodes in opposition to Facebook's motion to exclude portions of the expert report, opinions, and testimony of Dr. Atif Hashmi ("Rhodes Decl.")) and the February 26, 2018 deposition of Jeffrey S. Dunn (Exhibit 10 to the Rhodes Decl.) for the reasons described above at II.A.5.  Facebook seeks to seal the transcript from the February 28, 2018 deposition of Dr. Matthew Turk (Exhibit 8 to the Rhodes Decl.) for the reasons described above at II.B.3. Finally, Facebook seeks to seal the transcript from the October 26, 2017 deposition of Omry Yadan  for the reasons described above at II.A.4.[3]

---

[3]    As noted above, plaintiffs submitted complete copies of these deposition transcripts rather than excerpts reflecting pages cited in their briefing.  As attachments to this motion, Facebook is submitting sealed and public-redacted versions of the transcripts (Exhibits 2, 8, and 10 to the Rhodes Declaration) that exclude non-cited pages.  Facebook requests that the copies of the full transcripts as initially submitted by plaintiffs remain entirely under seal.

### 2.    Portions Of Plaintiffs' Opposition

In accordance with Local Rule 79-5, Facebook has narrowly redacted certain portions of plaintiffs' opposition to Facebook's motion that reference or quote from confidential information contained in the exhibits, deposition testimony, and declarations that Facebook seeks to maintain under seal.  Nadolenco Sealing Decl. ¶ 24-25.

### F.    Facebook's Reply in Support of Its Motion to Exclude Portions of the Expert Report, Opinions, and Testimony of Dr. Atif Hashmi

Facebook requests to seal two exhibits to the declaration of John Nadolenco filed in support of its reply in support of its motion ("Supplemental Nadolenco Hashmi Decl.").  Exhibit 14 is a copy of Exhibit 1 to the Nadolenco MSJ Declaration and should be sealed for the reasons described above at II.A.3.  Exhibit 16 is an excerpt from transcript of the February 23, 2018 deposition of Dr. Atif Hashmi; the compelling reasons to seal this document are described above at II.A.5.  Finally, Facebook requests to seal those portions of its reply that reference or discuss the information contained in materials that it seeks to maintain under seal.  Facebook has submitted a narrowly redacted version of the brief pursuant to Local Rule 79-5.  Nadolenco Sealing Decl. ¶ 24-25.

### G.    Facebook's Motion to Strike and/or Exclude the Expert Report of Jeffrey S. Dunn

#### 1.    Expert Reports

Facebook seeks to seal the expert reports of Mr. Dunn, Dr. Turk, and Dr. Hasmi, attached as Exhibits 1, 7, and 8, respectively, to the declaration of John Nadolenco in support of Facebook's motion to strike and/or exclude the expert report of Jeffrey S. Dunn ("Nadolenco Dunn Declaration").  These documents are copies of Exhibits 7, 3, and 9 to the Nadolenco MSJ Declaration, respectively, and should be sealed for the reasons described above in II.A.3.

#### 2.    Excerpts from Certain Deposition Transcripts

Facebook requests to seal the excerpts from the October 26, 2017 deposition of Omry Yadan, the October 18, 2016 deposition of Yaniv Taigman, the February 23, 2018 deposition of Dr. Atif Hashmi, and the February 26, 2018 deposition of Jeffrey S. Dunn, submitted as Exhibits

2, 3, 6, and 9 to the Nadolenco Dunn Declaration, respectively.  The compelling reasons to seal Exhibits 2 and 3 are described above in II.A.4, and the compelling reasons to seal Exhibits 6 and 9 are described above in II.A.5.

### 3.     Portions of Facebook's Motion

In accordance with Local Rule 79-5, Facebook has narrowly redacted portions of its motion that reference or quote from confidential information contained in the expert reports, confidential deposition testimony, and exhibits that Facebook seeks to maintain under seal. Nadolenco Sealing Decl. ¶ 24-25.

### H.     Plaintiffs' Opposition to Facebook's Motion to Strike and/or Exclude the Expert Report of Jeffrey S. Dunn

In support of their opposition to Facebook's motion, plaintiffs attached as Exhibits 2, 8, 9 and 10 to the declaration of Corban S. Rhodes excerpts from the transcripts of the February 23, 2018 deposition of Dr. Atif Hashmi; the February 28, 2018 deposition of Dr. Matthew Turk; the October 26, 2017 deposition of Omry Yadan; and the February 26, 2018 deposition of Jeffrey S. Dunn.   The compelling reasons to seal the Hashmi and Dunn deposition transcripts are described above at II.A.5, and the compelling reasons to seal the Turk and Yadan deposition transcripts are described above at II.B.3 and II.A.4, respectively.  Facebook also requests to seal those portions of plaintiffs' opposition that describe and/or reference the confidential information contained in the materials that Facebook seeks to maintain under seal.  Nadolenco Decl. ¶¶ 24-25.

### I.     Facebook's Reply in Support of Its Motion to Strike and/or Exclude the Expert Report of Jeffrey S. Dunn

Facebook requests to seal exhibit 11 to the declaration of John Nadolenco filed in support of its reply in support of its motion, which contains additional excerpts from the February 28, 2018 deposition of Jeffrey S. Dunn.  The compelling reasons for sealing exhibit 11 are discussed above in II.A.5.   Facebook also seeks to maintain under seal the portions of its reply that reference or quote from confidential information contained in the expert reports, confidential

deposition testimony, and other exhibits that Facebook seeks to maintain under seal.  Nadolenco Sealing Decl. ¶¶ 24-25.

### J.   Plaintiffs' Motion for Partial Summary Judgment

#### 1.   Expert Reports

Facebook seeks to seal the expert reports of Dr. Hashmi, Mr. Dunn, and Dr. Turk, attached as exhibits 10, 11, and 12, respectively, to the declaration of Shawn Williams in support of plaintiffs' motion for partial summary judgment ("Williams MSJ Decl.").  The compelling reasons to seal each of these expert reports is described above at II.A.3.

#### 2.   Excerpts from the Turk and Taigman Deposition Transcripts

Facebook also seeks to seal the transcripts from the February 28, 2018 deposition of Dr. Matthew Turk and the October 18, 2016 deposition of Yaniv Taigman, attached as exhibits 9 and 21 to the Williams MSJ Declaration, respectively, for the reasons described above at II.B.3 (Turk) and at II.A.4 (Taigman).[4]

#### 3.   Certain Exhibits to Plaintiffs' Motion for Partial Summary Judgment

Plaintiffs' motion for partial summary judgment attached certain of Facebook's business records which should be sealed because they reveal Facebook's trade secrets and confidential business information.  Exhibit 3 reflects Facebook's communications with a government entity concerning its facial-recognition technology, which are maintained as confidential by both sides to the communication.  *See* Sherman Decl. ¶ 20.  Exhibits 1, 6, 8, 14, 19, 20 and 30 reference or discuss confidential details about Facebook's network architecture and its facial recognition and other technologies, the pubic release of which would harm Facebook by providing competitors with insight into how Facebook designs its computer systems and its proprietary facial-recognition technology.   12/7/17 Yadan Decl. ¶ 34; Nadolenco Sealing Decl. ¶¶ 11-12.

---

[4]    As noted above, plaintiffs submitted complete copies of these deposition transcripts rather than excerpts reflecting pages cited in their briefing.  As attachments to this motion, Facebook is submitting sealed and public-redacted versions of the transcripts (Exhibits 9 and 21 to the Williams MSJ Declaration) that exclude non-cited pages.  Facebook requests that the copies of the full transcripts as initially submitted by plaintiffs remain entirely under seal.

Additional exhibits should be sealed because they discuss confidential details about Facebook's strategic plans for the Tag Suggestions feature (Exhibits 15, 24, and 28) or regarding potential future uses of facial-recognition technology (Exhibits 25-26).  *See, e.g.*, *Bauer Bros. LLC*, 2012 WL 1899838, at *2 (sealing "marketing strategies" and "product development plans"); *Rich*, 2009 WL 10628294, at *1 (sealing "marketing and disclosure strategies").

### 4.      Portions of Plaintiffs' Motion for Partial Summary Judgment

In accordance with Local Rule 79-5, Facebook has narrowly redacted certain portions of plaintiffs' motion for partial summary judgment that reference or quote from confidential information contained in the exhibits, deposition testimony, and declarations that Facebook seeks to maintain under seal.  Nadolenco Sealing Decl. ¶¶ 24-25.

## K.      Facebook's Opposition to Plaintiffs' Motion for Partial Summary Judgment

### 1.      Expert Reports

Facebook seeks to seal the expert reports of Dr. Turk and Dr. Hashmi attached as exhibits 3, 6, and 7, respectively, to the declaration of John Nadolenco in support of Facebook's opposition to plaintiffs' motion for partial summary judgment  ("Nadolenco MSJ Opp. Declaration").  The compelling reasons to seal these reports are described above at II.A.3.

### 2.      Excerpts from Certain Deposition Transcripts

Facebook also seeks to seal the excerpts from the transcripts of the February 23, 2018 deposition of Dr. Atif Hshmi; the February 26, 2018 deposition of Jeffrey S. Dunn; and the February 28, 2018 deposition of Dr. Matthew Turk.  The compelling reasons to seal these transcripts are described above at II.A.5 (Hashmi and Dunn) and II.B.3 (Turk).

### 3.      The Yadan Declaration

Exhibit 8 to the Nadolenco MSJ Opp. Declaration—the January 25, 2018 Declaration of Omry Yadan—is a copy of Exhibit 10 the Nadolenco MSJ Declaration.  The compelling reasons for sealing this declaration are described above at II.A.1.

### 4.      Certain Exhibits to Facebook's Opposition

Facebook attached to its opposition certain business records which should be sealed because they reveal Facebook's trade secrets and confidential business information regarding: (i) Facebook's facial-recognition technology (Exhibits 9 and 19); and (ii) Facebook's strategic plan for the Tag Suggestions feature, including confidential statistics regarding use of the feature (Exhibit 16). Public release of this information would cause Facebook harm by providing competitors with insight into how Facebook implements its proprietary facial-recognition technology. 12/7/17 Yadan Decl. ¶ 34; Nadolenco Sealing Decl. ¶¶ 11-12.

### 5.   Portions of Facebook's Opposition

In accordance with Local Rule 79-5, Facebook has narrowly redacted certain portions of its opposition that reference or quote from confidential information contained in the exhibits, deposition testimony, and declarations that Facebook seeks to maintain under seal. Nadolenco Sealing Decl. ¶¶ 24-25.

### L.   Plaintiffs' Reply in Support of Their Motion for Partial Summary Judgment

### 1.   The Yadan and Barak Deposition Transcripts

Facebook seeks to seal the designated portions of the transcripts to the February 28, 2018 deposition of Omry Yadan and the October 10, 2017 deposition of Dan Barak, attached as exhibits 35 and 37, respectively, to the declaration of Shawn Williams in support of plaintiffs' reply in support of their motion for partial summary judgment ("Supplemental Williams MSJ Declaration"). The compelling reasons for sealing the Yadan deposition transcript are described above at II.A.4. Additionally, Mr. Barak testified in detail about Facebook's network architecture, how Facebook's proprietary facial-recognition technology works, the way in which Facebook's computer systems interact with and support Facebook's facial recognition technology, and Facebook's strategic plan for the Tag Suggestions feature. These portions of Mr. Barak's deposition have been designated by Facebook as "Highly Confidential – Attorneys' Eyes Only" pursuant to the Protective Order. Public release of this information would cause Facebook harm by providing competitors with insight into how Facebook designs its computer

systems and its proprietary facial-recognition technology.  12/7/17 Yadan Decl. ¶ 34; Nadolenco Sealing Decl. ¶¶ 8, 16-17.[5]

### 2.    Certain Exhibits to Plaintiffs' Reply

Exhibits 32, 34, 36, 42, 43, and 47 to plaintiffs' reply in support of their motion for partial summary judgment should be maintained under seal because they reflect Facebook's confidential business information regarding: (i) communications with a government entity about Facebook's facial-recognition technology, which are maintained as confidential by both sides to the communication (Exhibit 34; *see* Sherman Decl. ¶ 20); (ii) confidential details about Facebook's network architecture and facial-recognition and other proprietary technologies (Exhibits 36, 42, and 47; *see* 12/7/17 Yadan Decl. ¶ 34); and (ii) confidential details regarding Facebook's strategic plan, including its marketing and communication strategies, for its Tag Suggestions feature.  Nadolenco Sealing Decl. ¶¶ 11-12.

### 3.    Portions of Plaintiffs' Reply

In accordance with Local Rule 79-5, Facebook has narrowly redacted certain portions of plaintiffs' reply in support of its motion for partial summary judgment that reference or quote from confidential information contained in the exhibits, deposition testimony, and declarations that Facebook seeks to maintain under seal.  Nadolenco Sealing Decl. ¶¶ 24-25.

### M.    Plaintiffs' Motion to Exclude the Testimony of Defendants' Proposed Expert Matthew Turk, Ph.D.

### 1.    Expert Report and Notes

The Court should seal the Expert Report of Dr. Matthew Turk (Exhibit 3 to the declaration of Shawn A. Williams in support of plaintiffs' motion to exclude the testimony of defendants' proposed expert Matthew Turk, Ph.D. ("Williams Turk Declaration")) for the

---

[5]    As noted above, plaintiffs submitted complete copies of these deposition transcripts rather than excerpts reflecting pages cited in their briefing.  As attachments to this motion, Facebook is submitting sealed and public-redacted versions of the transcripts (Exhibits 35 and 37 to the Supplemental Williams Declaration) that exclude non-cited pages.  Facebook requests that the copies of the full transcripts as initially submitted by plaintiffs remain entirely under seal.

reasons described above in II.A.3.  Facebook also requests that the Court seal the notes taken by Dr. Turk in connection with his engagement (Exhibit 9 to the Williams Turk Declaration) because those notes contain information relating to the details of Facebook's network architecture and its facial recognition technology as addressed in Dr. Turk's reports, and Facebook has designated the notes "Highly Confidential – Attorneys' Eyes Only" pursuant to the Protective Order.  12/2/17 Yadan Decl. ¶ 34; Nadolenco Sealing Decl. ¶¶ 8, 22.

### 2.    Excerpt from the Turk Deposition Transcript

Facebook seeks to maintain under seal Exhibit 4 to the Williams Turk Declaration, which contains excerpts of the February 28, 2018 deposition of Dr. Matthew Turk.  The compelling reasons to maintain that document under seal are described above at II.B.3.

### 3.    Certain Exhibits to Plaintiff's Motion

Exhibits 1, 2, 7, and 11 to the Williams Turk Declaration should be maintained under seal because they contain confidential information about Facebook's network architecture and facial-recognition and other proprietary technologies (Exhibits 36, 42, and 47).  Public disclosure of such information could put Facebook and the people who use Facebook at increased risk of cyber attack by malicious actors.  12/7/17 Yadan Decl. ¶ 34; Nadolenco Sealing Decl. ¶¶ 11-12.

### 4.    Portions of Plaintiffs' Motion

In accordance with Local Rule 79-5, Facebook has narrowly redacted certain portions of plaintiffs' motion to exclude the testimony of defendants' proposed expert Matthew Turk, Ph.D. that reference or quote from confidential information contained in the exhibits, deposition testimony, and declarations that Facebook seeks to maintain under seal.  Nadolenco Sealing Decl. ¶¶ 24-25.

### N.    **Facebook's Opposition to Plaintiffs' Motion to Exclude the Testimony of Defendants' Proposed Expert Matthew Turk, Ph.D.**

### 1.    Expert Reports

The Court should seal the expert reports of Dr. Matthew Turk (Exhibits 1 and 2 to the declaration of John Nadolenco in support of Facebook's opposition to plaintiffs' motion to

OMNIBUS MOTION TO FILE UNDER SEAL;
MASTER CASE NO. 3:15-CV-03747-JD

exclude the testimony of defendants' proposed expert Matthew Turk, Ph.D ("Nadolenco Turk Opp. Decl.")" and Dr. Atif Hashmi (Exhibit 3 to the Nadolenco Turk Opp. Declaration) for the reasons described above in II.A.3.

### 2. Excerpt from the Turk Deposition Transcript

Facebook seeks to maintain the seal on Exhibit 6 to the Nadolenco Turk Opp. Declaration, which contains excerpts of the February 28, 2018 deposition of Dr. Matthew Turk. The compelling reasons to maintain that document under seal are described above at II.B.3.

### 3. Portions of Facebook's Opposition

In accordance with Local Rule 79-5, Facebook has narrowly redacted certain portions of its opposition that reference or quote from confidential information contained in the exhibits, deposition testimony, and declarations that Facebook seeks to maintain under seal.  Nadolenco Sealing Decl. ¶¶ 24-25.

### O. Plaintiffs' Reply in Support of Their Motion to Exclude the Testimony of Defendants' Proposed Expert Matthew Turk, Ph.D.

### 1. Expert Reports

The compelling reasons to seal the expert reports of Jeffrey S. Dunn and Dr. Atif Hashmi, attached as exhibits 12 and 13, respectively, to the declaration of Shawn Williams in support of plaintiffs' reply in support of their motion to exclude the testimony of defendants' proposed expert Dr. Matthew Turk ("Williams Turk Reply Declaration"), are described above at II.A.3.

### 2. Excerpts of the Hashmi and Dunn Deposition Transcripts

Facebook seeks to seal the excerpts from the transcripts of the February 23, 2018 deposition of Dr. Atif Hashmi and the February 26, 2018 deposition of Jeffrey S. Dunn, attached as exhibits 14 and 15, respectively, to the Williams Turk Reply Declaration, for the reasons described above at II.A.5.[6]

---

[6]      As noted above, plaintiffs submitted complete copies of these deposition transcripts rather than excerpts reflecting pages cited in their briefing.  As attachments to this motion, Facebook is submitting sealed and public-redacted versions of the transcripts (Exhibits 14 and 15 to the Williams Turk Reply Declaration) that exclude non-cited pages.  Facebook requests that

### 3. Certain Exhibits to Plaintiffs' Reply

Exhibits 16 and 18-20 to plaintiffs' reply in support of their motion to exclude the testimony of defendants' proposed expert Matthew Turk, Ph.D. should be maintained under seal because they reflect Facebook's confidential business information regarding: (i) communications with a government entity concerning its facial recognition technology, which are maintained as confidential by both sides to the communication (Exhibit 16; Sherman Decl. ¶ 20); (ii) the details of Facebook's network architecture and its facial recognition technology, which Facebook maintains as a trade secret (Exhibit 18; 12/2/17 Yadan Decl. ¶ 34); and (iii) confidential details of Facebook's marketing and product strategies, public release of which would harm Facebook by providing competitors with insight into how Facebook designs its computer systems and proprietary facial-recognition technology (Exhibit 19 and 20).  Nadolenco Sealing Decl. ¶¶ 11-12.

### 4. Portions of Plaintiffs' Reply

In accordance with Local Rule 79-5, Facebook has narrowly redacted certain portions of plaintiffs' reply that reference or quote from confidential information contained in the exhibits, deposition testimony, and declarations that Facebook seeks to maintain under seal.  Nadolenco Sealing Decl. ¶¶ 24-25.

### P. **Exhibits That May Be Unsealed**

Facebook does not seek to maintain under seal any of the following documents filed by plaintiffs provisionally under seal in accordance with Local Rule 79-5(e):

- Exhibit 18 to the declaration of Shawn Williams in support of plaintiffs' opposition to Facebook's motion for summary judgment;

- The Declaration of Shawn Williams in Support of Plaintiffs' Motion for Partial Summary Judgment;

---

the copies of the full transcripts as initially submitted by plaintiffs remain entirely under seal.

OMNIBUS MOTION TO FILE UNDER SEAL;
MASTER CASE NO. 3:15-CV-03747-JD

- Exhibits 2, 5, and 7 to the declaration of Shawn Williams in support of plaintiffs' motion for partial summary judgment;

- Exhibit 31 to the declaration of Shawn Williams in support of plaintiffs' reply in support of their motion for partial summary judgment;

- The Declaration of Shawn A. Williams in Support of Plaintiffs' Notice of Motion and Motion to Exclude the Testimony of Defendant's Proposed Expert Matthew Turk, Ph.D.; and

- Exhibit 8 to the declaration of Shawn Williams in support of plaintiffs' motion to exclude the testimony of defendant's proposed expert Matthew Turk, Ph.D.

Similarly, Facebook understands that plaintiffs do not seek to maintain under seal any of the following documents filed by Facebook provisionally under seal in accordance with Local Rule 79-5(e):

- Exhibits 13-15 to the declaration of John Nadolenco in support of Facebook's motion for summary judgment;

- Exhibit 21 to the declaration of John Nadolenco in support of Facebook's opposition to plaintiffs' motion for partial summary judgment; and

- Exhibits 4-5 to the declaration of John Nadolenco in support of Facebook's opposition to plaintiffs' motion to exclude the testimony of defendant's proposed expert Matthew Turk, Ph.D.

## III.   **CONCLUSION**

Facebook respectfully requests that the Court grant its motion.

Dated:  May 14, 2018                               MAYER BROWN LLP

                                                   By: */s/ John Nadolenco*
                                                       John Nadolenco
                                                       Lauren R. Goldman
                                                       Michael R. Rayfield

                                                   *Counsel for Defendant Facebook, Inc.*