MAYER BROWN LLP
John Nadolenco (SBN 181128)
350 South Grand Avenue
25th Floor
Los Angeles, CA 90071-1503
Telephone: (213) 229-9500
jnadolenco@mayerbrown.com

Lauren R. Goldman (*pro hac vice*)
1221 Avenue of the Americas
New York, NY 10020
Telephone: (212) 506-2500
lrgoldman@mayerbrown.com

*Counsel for Defendant Facebook, Inc.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE FACEBOOK BIOMETRIC INFORMATION PRIVACY LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | **FACEBOOK, INC.'S OPPOSITION TO PLAINTIFFS' MOTION TO EXCLUDE THE TESTIMONY OF DEFENDANT'S PROPOSED EXPERT MATTHEW TURK, PH.D**<br><br>Master Docket No.: 3:15-CV-03747-JD<br><br>Date: May 3, 2018<br>Time: 10:00 a.m.<br>Location: Courtroom 11<br><br>Hon. James Donato<br><br>*[Declaration of John Nadolenco filed concurrently herewith]* |

**REDACTED VERSION SOUGHT TO BE SEALED**

**TABLE OF CONTENTS**

INTRODUCTION ................................................................................................................ 1

BACKGROUND ................................................................................................................. 2

     A.     Facebook's Expert Disclosure ............................................................... 2

          1.     Background On Facial Recognition And Machine Learning .................... 2

          2.     Analysis Of Facebook's Facial-Recognition Technology ........................ 4

          3.     Conclusions And Opinions ......................................................... 5

     B.     Facebook's Rebuttal Expert Disclosure ................................................ 5

ARGUMENT ...................................................................................................................... 6

I.     DR. TURK'S OPINION ███████████████████████████ IS RELEVANT AND BASED ON FULLY DISCLOSED, RELIABLE METHODS AND ANALYSES. .................................................................. 7

     A.     Dr. Turk's Testimony Bears On One Of The Key Issues In These Cases. ............ 7

     B.     Dr. Turk's Opinions Rest On Reliable Methods. ......................................... 9

     C.     Dr. Turk Properly Disclosed His ██████████████████ ███████████████████████████ ..................... 11

     D.     Dr. Turk's Opinion About ███████████████████ Are Based On Thorough And Fully-Disclosed Analysis ........................................ 13

II.     DR. TURK IS QUALIFIED TO OPINE ON ███████████████ ████████████████████ ........................................ 14

III.     DR. TURK'S OPINION THAT ████████████████████ ████████████████ IS SUPPORTED BY RELIABLE METHODS. ............................................................. 15

CONCLUSION ................................................................................................................. 15

**TABLE OF AUTHORITIES**

**Cases**

*Butler v. Home Depot, Inc.*,
   984 F. Supp. 1257 (N.D. Cal. 1997) ................................................................. 10

*Daubert v. Merrell Dow Pharms., Inc.*,
   509 U.S. 579 (1993) ................................................................................. 6, 9

*Daubert v. Merrell Dow Pharms., Inc.*,
   43 F.3d 1311 (9th Cir. 1995) ......................................................................... 9

*EMC Corporation v. Pure Storage Inc.*,
   154 F. Supp. 3d 81 (D. Del. 2016) .................................................................. 12

*Freeny v. Murphy Oil Corp.*,
   2015 U.S. Dist. LEXIS 118736 (E.D. Tex. June 4, 2015) ....................................... 12

*Herrera v. Eli Lilly & Co.*,
   2015 WL 12743696 (C.D. Cal. July 31, 2015) .................................................... 10

*Iplearn, LLC v. Blackboard Inc.*,
   2014 WL 4954462 (D. Del. Sept. 29, 2014) ...................................................... 13

*Isola USA Corp. v. Taiwan Union Tech. Corp.*,
   2015 WL 1255874 (D. Ariz. Aug. 13, 2015) ...................................................... 12

*JIPC Mgmt., Inc. v. Incredible Pizza Co.*,
   2009 WL 8591607 (C.D. Cal. July 14, 2009) ..................................................... 10

*Johnson v. Mead Johnson Co.*,
   2012 U.S. Dist. LEXIS 195104 (D. Minn. Aug. 13, 2012) ...................................... 12

*Kaur v. City of Lodi*,
   2016 WL 98752 (E.D. Cal. Jan. 8, 2016) .......................................................... 11

*Meeker v. Meeker*,
   2004 WL 2457793 (N.D. Cal. July 6, 2004) ...................................................... 10

*Primiano v. Cook*,
   598 F.3d 558 (9th Cir. 2010) .......................................................................... 9

*In re Rezulin Prods. Liability Litig.*,
   309 F. Supp. 2d 531 (S.D.N.Y. 2004) .............................................................. 10

*In re Rezulin Prods. Liability Litig.*,
   369 F. Supp. 2d 398 (S.D.N.Y. 2005) .............................................................. 10

i

*United States v. Hankey*,
    203 F.3d 1160 (9th Cir. 2000) ................................................................................ 14

*Wendell v. GlaxoSmith Kline LLC*,
    858 F.3d 1227 (9th Cir. 2017) .................................................................................. 6

**Other Authorities**

Fed. R. Civ. P. 26 ....................................................................................................... 6, 11

Fed. R. Evid. 702 ............................................................................................................ 6

FACEBOOK'S OPPOSITION TO PLAINTIFFS' MOTION TO EXCLUDE THE TESTIMONY OF
DEFENDANT'S PROPOSED EXPERT MATTHEW TURK, PH.D; CASE NO. 3:15-CV-03747-JD

**INTRODUCTION**

Facebook's expert Dr. Matthew Turk is the Chair and Professor of the Computer Science Department at the University of California, Santa Barbara, and one of the most renowned researchers in the field of facial recognition.  Dr. Turk intends to testify that: ███

███████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████   Dr. Turk also intends to rebut the testimony of plaintiffs' expert Dr. Atif Hashmi.

In a bid to avoid having their proposed experts— ██████████████████████████

██████████████████████████████████████████████████████████████████████

███████████████████████████ —go up against Dr. Turk, plaintiffs seek to exclude the entirety of Dr. Turk's testimony under Federal Rule of Evidence 702 and Federal Rule of Civil Procedure 26.  Plaintiffs claim that Dr. Turk's initial opinions are limited to ████

████████████████████████████████████████████████; that he did not consider sufficient evidence in reaching those opinions; that he did not disclose the bases of his opinions or support his opinions with analysis; and that he opines on matters that are irrelevant and outside of his expertise.[1]  Even a cursory review of Dr. Turk's report reveals that none of these characterizations is remotely accurate.  Dr. Turk's report concerns a key issue in this litigation:  Whether Facebook's facial-recognition technology obtains "scans of face geometry" under BIPA.  ████████████████████████████████████

███████████████████████████████████████████████████████████████████████

██████████████████████████████   It rests on several other *wholly independent* grounds, including Dr. Turk's conclusions that ██████████████████████████████████████

███████████████████████████████████████████████████████████████████████

---

[1]   Plaintiffs do not even address Dr. Turk's rebuttal testimony, much less provide a basis for excluding it.

1    ███████████████████████.  As his report clearly discloses, these opinions and

2    conclusions are based on ████████████████████████████████████████████

3    ████████████████████████████████████████████████████████████████████████

4    ████████████████████████████████████████████████████████████████████████

5    ████████  All of this is well within Dr. Turk's expertise.

6        Dr. Turk's report and opinions are more than sufficient to satisfy the threshold

7    admissibility requirements of Rule 702 and Rule 26.  Plaintiffs' motion should be denied.

8                                   **BACKGROUND**

9    **A.    Facebook's Expert Disclosure**

10       On December 22, 2017, Facebook disclosed Dr. Matthew Turk as an expert and

11   submitted a report containing his opinions and bases for them.  ███████████████████

12   ████████████████████████████████████████████████████████████████████████

13   ████████████████████████████████████████████████████████████████████████

14   ████████████████████████████████████████████████████████████████████████

15   ████████████████████████████████████████████████████████████████████████

16   ████████████████████████████████████████████████████████████████████████

17   ████████████████████████████████████████████████████████████████████████

18       In his report, Dr. Turk provides an overview of facial-recognition and machine-

19   learning concepts and approaches.  He then analyzes Facebook's facial-recognition

20   technology.  Finally, he sets forth the opinions he formed based on that analysis.  ████

21   ████████████████████████████████████████████████████████████████████████

22   ████████████████████████████████████████████████████████████████████████

23   ████████████████████████████████████████████████████████████████████████

24   ████████████████████████████████████████████████████████████████████████

25   ███████████████████████████████████████

26           **1.    Background On Facial Recognition And Machine Learning**

27   ████████████████████████████████████████████████████████████████████████

28   ████████████████████████████████████████████████████████████████████████

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28



FACEBOOK'S OPPOSITION TO PLAINTIFFS' MOTION TO EXCLUDE THE TESTIMONY OF
DEFENDANT'S PROPOSED EXPERT MATTHEW TURK, PH.D; CASE NO. 3:15-CV-03747-JD



### 2. Analysis Of Facebook's Facial-Recognition Technology

Dr. Turk then analyzes how Facebook's facial-recognition technology works.

4

1 ████████████████████████████████████████████████

2 ████████████████████████████████████

### 3.    Conclusions And Opinions

Based on his analysis, Dr. Turk concludes that ████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

██████████.

### B.    Facebook's Rebuttal Expert Disclosure

On February 2, 2018, Dr. Turk submitted a rebuttal report in response to plaintiffs' initial expert disclosure of Dr. Atif Hashmi.  *See* Turk Rebuttal Rpt. (Ex. 2).  Dr. Hashmi opined that ████████████████████████████████████████████████

████████████████████████████████████████████████ Dr. Turk's rebuttal report refutes this opinion, explaining that ████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

5

1 ███████████████████████████████████████████████████████████████

2 ████████████████████████████████████.   Turk Rebuttal Rpt. ¶¶ 25-57.   Dr. Turk also

3 refutes Dr. Hashmi's opinion that █████████████████████████████████████

4 ███████████████████████████████████████████████████████████████

5 ███████████████████████████████████████████████████████████████

6 ███████████████████████████████████████████████████████████████

7 ███████████████████████████████████████████████████████████████

8 ███████████████████████████████████████████████████████████████

9 ██████████████████████████████████████████████████████████████.

10 Plaintiffs do not challenge Dr. Turk's rebuttal report in their motion.

11 **ARGUMENT**

12 Under Federal Rule of Evidence 702, expert testimony is admissible if the expert is

13 qualified and the testimony is "relevant and reliable."   *Wendell v. GlaxoSmith Kline LLC*,

14 858 F.3d 1227, 1232 (9th Cir. 2017); *see also Daubert v. Merrell Dow Pharm., Inc.*, 509

15 U.S. 579, 589 (1993) ("*Daubert I*").   Federal Rule of Civil Procedure 26 also requires a

16 retained expert to submit a report containing, among other things, "a complete statement of

17 all opinions the witness will express and the basis and reasons for them" and "the facts or

18 data considered by the witness in forming them."   Fed. R. Civ. P. 26(a)(2)(B).

19 There is no basis for excluding Dr. Turk's anticipated testimony as disclosed in his

20 initial expert report.   That testimony goes to several of the key issues in this litigation and

21 is based on Dr. Turk's independent analysis of ██████████████████████████

22 ███████████████████████████████████████████████████████████████

23 ██████████████████████████████████████████████████████—all of

24 which were adequately disclosed in his report.   Plaintiffs' claims to the contrary are based

25 on gross mischaracterizations of Dr. Turk's report and the relevant law.[2]

26 _____

27 [2]    At a bare minimum, Dr. Turk may testify as a rebuttal expert if plaintiffs' expert, Dr. Hashmi, testifies because plaintiffs do not raise *any* challenge to Dr. Turk's anticipated rebuttal testimony.   *But see* Dkt. 303 (explaining why Dr. Hashmi's testimony should be

28 excluded).

**I.     DR. TURK'S OPINION THAT** ████████████████████████████
████████████ **IS RELEVANT AND BASED ON FULLY DISCLOSED, RELIABLE METHODS AND ANALYSES.**

**A.     Dr. Turk's Testimony Bears On One Of The Key Issues In These Cases.**

Plaintiffs argue that Dr. Turk's entire proposed testimony is irrelevant because his

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

██████████████████████████████████. That argument is premised on a blatant

misrepresentation of Dr. Turk's opinions and on a misunderstanding of the relevant issues.

Dr. Turk's opinion that ████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████ Plaintiffs rely on two selectively-quoted excerpts out

of Dr. Turk's 47-page report to suggest otherwise; but those excerpts belie their argument.

Plaintiffs assert that Dr. Turk opined that ████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████

Plaintiffs' attempted sleight of hand is even more obvious when the cited sentences

of Dr. Turk's report are read in full:

| Plaintiff's Motion | Dr. Turk's Report |
|---|---|
| ████████████████████ | ████████████████████ |



This is confirmed by the rest of Dr. Turk's report, which plaintiffs ignore.  Dr. Turk spends fifteen pages explaining how Facebook's facial-recognition technology works; only a single line ███████████. *See* Turk Rpt. at 24-38.  And although he then spends half a page explaining his conclusion that ████████████████████, the next five pages are devoted to his conclusions that █████████████████ ███████████████████████████████████████████████████ ███████████████████████████████████████████████████ ████████████████████████████████ *See id.* at 39-43.  The overwhelming majority of Dr. Turk's findings and conclusions have *nothing to do with in-* ██████████, and plaintiffs do not even attempt to argue that these opinions are irrelevant. Thus, even if the testimony about █████████ were not admissible, that certainly would not justify excluding the entirety of Dr. Turk's testimony.

But in any event, the portion of Dr. Turk's report concluding that █████████ ████████████████████████████████████████████████████ *is* relevant and admissible.  Although at the pleading stage this Court did not accept

Facebook's argument that "scan" in BIPA is limited to an in-person scan based on the structure of the statute, it recognized that "[a]s the facts develop, it may be that 'scan' and 'photograph' with respect to Facebook's practices take on technological dimensions that might affect the BIPA claims."  Dkt. 120 at 22. ███████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

███████████████████████████████████████  This testimony bears directly on the issues that this Court has recognized are relevant to these cases.

**B.**      **Dr. Turk's Opinions Rest On Reliable Methods.**

Plaintiffs next claim that Dr. Turk's testimony should be excluded as unreliable under Rule 702 because Dr. Turk allegedly "ignored" certain evidence—specifically, a paper authored by Mr. Taigman and other Facebook employees (the *DeepFace* paper) and ██████████████████████████████████████████████

████████████████  Mot. at 6-7.  These arguments are both factually and legally meritless.

As a threshold matter, plaintiffs' claim that Dr. Turk "ignores" the *DeepFace* paper is demonstrably false. ███████████████████████████████████████████

██████████████████████████████████████████████

███████████████████████████

More fundamentally, plaintiffs' complaint that Dr. Turk did not address alleged inconsistencies between his opinions and other materials in the record is not a basis for excluding his testimony.  Rule 702's reliability requirement tests the *admissibility*, not the weight or credibility, of an expert's opinion:  The test "'is not the correctness of the expert's conclusions but the soundness of his methodology.'"  *Primiano v. Cook,* 598 F.3d 558, 564–65 (9th Cir. 2010) (quoting *Daubert v. Merrell Dow Pharms., Inc.*, 43 F.3d 1311, 1318 (9th Cir. 1995)).  Thus, any challenge "must be [focused] solely on principles and methodology, not on the conclusions they generate."  *Daubert I*, 509 U.S. at 595.

9

1    Plaintiffs' argument is nothing more than a challenge to the *correctness* of Dr. Turk's

2    opinions: they contend that he should have reached a different conclusion based on

3    allegedly "contrary evidence."  And their attempt to conceal this shortcoming by framing

4    their challenge as going merely to Dr. Turk's *consideration* of evidence is fruitless.

5    Arguments about the "scope" of evidence considered or that an expert "failed to

6    thoroughly analyze the data gathered . . . go to the weight of the . . . evidence and not its

7    admissibility."  *Meeker v. Meeker*, 2004 WL 2457793, at *11 (N.D. Cal. July 6, 2004).

8    These objections should be aired through "vigorous cross-examination, presentation of

9    contrary evidence, and requests for limiting instructions"—not by excluding the expert's

10    testimony.  *Butler v. Home Depot, Inc.*, 984 F. Supp. 1257, 1265 (N.D. Cal. 1997).

11        Plaintiffs' reliance on *In re Rezulin Products Liability Litigation*, 369 F. Supp. 2d

12    398 (S.D.N.Y. 2005), is misplaced.  *Rezulin* explained that when an expert's opinion is

13    based solely on a review of scientific research, "a factor" to consider in the *Daubert*

14    analysis is whether "the *relevant scientific literature* contains evidence tending to refute the

15    expert's theory and the expert does not acknowledge or account for that evidence."  *Id.* at

16    408-10, 425 (emphasis added).  As discussed above, Dr. Turk's opinion is not based solely

17    on a review of scientific research; *Rezulin* is inapposite on that basis alone.  And in any

18    event, plaintiffs do not identify any *scientific literature* that Dr. Turk *failed to consider*.

19    He *did* consider the *DeepFace* paper.  The other documents cited by plaintiffs are not

20    scientific literature; ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

21    ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

22    ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Dr. Turk had no obligation to consider such

23    irrelevant, non-scientific documents.[3]

24    _____

[3]        Indeed, in another decision in the *Rezulin* litigation, the court explained that what

25    people or corporations meant by the words they wrote in "documents produced in

26    discovery" has "no basis in any relevant body of knowledge or expertise," and therefore is

27    *not* a proper subject of expert opinion.  *In re Rezulin Prods. Liability Litig.,* 309 F. Supp.

2d 531, 546-47 (S.D.N.Y. 2004); *see also Herrera v. Eli Lilly & Co.,* 2015 WL 12743696,

at *8 (C.D. Cal. July 31, 2015); *JIPC Mgmt., Inc. v. Incredible Pizza Co.,* 2009 WL

28    8591607, at *9 (C.D. Cal. July 14, 2009).

1

**C.      Dr. Turk Properly Disclosed** ███████████████████
███████████████████████████████████.

2

Plaintiffs also argue that Dr. Turk's entire testimony should be excluded under

3

Federal Rule of Civil Procedure 26(a)(2)(B)(ii) based on ███████████████████████

4

████████████████████████████████████ Plaintiffs do not

5

(and cannot) assert that it was improper ███████████████████████████████

6

███████████████████████████████████████████████████████

7

███████████████████████████████████████████████████████

8

█████████████████  Instead, they complain that Dr. Turk's notes and recollections of

9

those conversations are insufficient.  That complaint is meritless and could not in any event

10

support exclusion of Dr. Turk's testimony.

11

Rule 26(a)(2)(B)(ii) requires that an expert's report contain "the facts or data

12

considered by the witness in forming them."  Dr. Turk disclosed ██████████████████

13

███████████████████████████████████████████████████████

14

███████████████████████████████████████████████████████

15

███████████████████████████████████████████████████████

16

████████████████████████████████████████████████  Plaintiffs

17

questioned Dr. Turk about those discussions at his deposition, and will have the

18

opportunity to cross-examine him at trial.  Plaintiffs do not dispute any of these points.

19

Instead, they complain that Dr. Turk should have taken *more and better* notes and that he

20

should have been able to testify in more *detail* about his conversations.  Mot. at 8-10.  But

21

Rule 26 does not address an expert's notes or testimony, much less dictate their contents; if

22

plaintiffs believe that either is deficient, that is a subject for cross-examination, not a basis

23

for exclusion.  *Cf. Kaur v. City of Lodi*, 2016 WL 98752, at *2-3 (E.D. Cal. Jan. 8, 2016).

24

25

[4] ████████████████████████████████████████████████████████

26

███████████████████████████████████████████████████████

27

███████████████████████████████████████████████████████

28

██████████████████

1    Plaintiffs' cited cases confirm that Dr. Turk's disclosures and production of his
2    notes fully satisfy Rule 26(a)(2)(B)(ii).  In *EMC Corporation v. Pure Storage Inc.*, 154 F.
3    Supp. 3d 81 (D. Del. 2016) (cited at Pl. Mot. 10),  the court rejected the argument that an
4    expert "impermissibly relied on undisclosed and unexplained conversations," holding that
5    he satisfied Rule 26 by citing in his report "both the identities of the persons [with whom
6    he conversed] and the substance of the discussions."  *Id.* at 116.  That is exactly what Dr.
7    Turk did:  ████████████████████████████████████████████████████████
8    ████████████████████████████████████████████████████████████████
9    ████████████████████████████████████████████████████████████████
10   ████████████████████████████████████████████████████████████████
11   ██████   There is thus no basis for plaintiffs' hyperbolic assertion that they are "at a total
12   loss" as ████████████████████████████████████.  Mot. at 9.  Rather, this "common
13   practice" of "cit[ing] to discussions with clearly identified knowledgeable persons . . .
14   sufficiently disclosed the basis for [his] opinions."  *EMC*, 154 F. Supp. 3d at 117.
15   Nor is plaintiffs' argument supported by *Freeny v. Murphy Oil Corp.*, 2015 U.S.
16   Dist. LEXIS 118736 (E.D. Tex. June 4, 2015) (cited at Pl. Mot. 9-10), where the court
17   struck portions of an expert report regarding conversations with a witness because the
18   disclosing party had not disclosed the witness prior to the fact discovery deadline.  *Id.* at
19   *5-6.[6]  ████████████████████████████████████████████████████████
20   ████████████████████████████████████████████████████.  Defendant
21   Facebook, Inc.'s Supplemental Rule 26(a)(1) Disclosures (July 15, 2016) (Ex. 7).[7]

---

22   [5] ████████████████████████████████████████████████████████████████
23   ████████████████   Plaintiffs did not ask Dr. Turk about these topics at his deposition.
24   [6]    Notably, a court in *this* circuit has *rejected* the argument that "a party must disclose
25   under Rule 26(a)(1)(A)(i) . . . every person consulted by an expert witness prior to the
     disclosure of the expert's report."  *Isola USA Corp. v. Taiwan Union Tech. Corp.*, 2015
26   WL 1255874, at *2 (D. Ariz. Aug. 13, 2015).
27   [7]    The only other case cited by plaintiffs is *Johnson v. Mead Johnson Co.*, 2012 U.S.
     Dist. LEXIS 195104 (D. Minn. Aug. 13, 2012), in which the District of Minnesota held
28   that a disclosing party was required to produce emails between the party's expert and third-

12

1    Finally, even if Dr. Turk's disclosure of ███████████████████

2    ███████████████████████████████████████████████████████

3    ███████████ not for excluding his testimony.  Because Dr. Turk's analysis and opinions

4    are based on numerous *other* sources—which plaintiffs concede were adequately

5    disclosed—he would still be entitled to testify about those other bases for his opinions.

6    **D.    Dr. Turk's Opinion About ███████████████████ Are
         Based On Thorough And Fully-Disclosed Analysis.**

7    Plaintiffs next seek to exclude Dr. Turk's opinion that ███████████████

8    ███████████████████████████████████under Federal Rule of Evidence

9    702 and Federal Rule of Civil Procedure 26, arguing that Dr. Turk provides inadequate

10   support for this opinion and fails to ███████████████ Mot. at 10-12.  These

11   arguments are squarely contradicted by Dr. Turk's report and deposition testimony.

12   Plaintiffs' claim that this opinion lacks sufficient "evidentiary or literary support"

13   and reasoning is based on yet another mischaracterization of Dr. Turk's report.  Mot. at 10-

14   11.  ███████████████████████████████████████████████████

15   ███████████████████████.  Plaintiffs attempt to dismiss this discussion

16   ███████████████████████████████████████████████████████

17   ███████████████████████████████████████████████████████

18   ███████████████████.  This argument is frivolous:  as the report's citations show, ██

19   ███████████████████████████████████████████████████████

20   ███████████████████████████████████████████████████████

21   ███████████████████████████████████████████. *See, e.g.,*

22   *Iplearn, LLC v. Blackboard Inc.*, 2014 WL 4954462, at *2 (D. Del. Sept. 29, 2014)

23   (expert's review of source code and other materials, including technical documents and

24   deposition transcripts, was reliable method sufficient to satisfy Rule 702).

parties, which potentially influenced the expert's opinion.  That case is wholly inapposite:
Unlike the party in that case, Facebook has not refused to turn over any materials.

13

1    Plaintiffs' argument that Dr. Turk's analysis is unhelpful because he does not

2  ████████████████ is similarly meritless.  Contrary to plaintiffs' assertions (Mot. at

3  11), Dr. Turk *did* ███████████████████████████████████████████████████

4  █████████████████████████████████████████████████████████████████████

5  ███████████████████████████████  This definition mirrors the one

6  he gave in his report, where he explained that ████████████████████████

7  █████████████████████████████████████████████████████████████████████

8  █████████████████████████████████████████████████████████████████████

9  █████████████████████████████████████████████████████████████████████

10  ██████████████████████████████████.  The basis for Dr. Turk's

11  opinion will be abundantly clear to a trier of fact.

## II.    DR. TURK IS QUALIFIED TO OPINE ON ██████████████████████

13  ███████████████████████.

14    Plaintiffs seek to exclude Dr. Turk's opinion that ████████████████

15  ████████████████████████████  because (1) he is not a computer

16  security expert and (2) it is irrelevant.  Mot. at 12.  They are wrong on both counts.

17    Whether Dr. Turk is an expert in computer security is irrelevant:  In addressing an

18  opinion under Rule 702, the question is whether the expert has "appropriate qualifications .

19  . . *on that subject matter*."  *United States v. Hankey*, 203 F.3d 1160, 1168 (9th Cir. 2000)

20  (emphasis added).  The subject matter of Dr. Turk's opinion is not ██████████████

21  █████████████████████████████████████████████████████████████████████

22  █████████████████████████████████████████████████████████████████████

23  █████████████████████████████████████████████████████████████████████

24  ██████████.  That opinion is based on ███████████████████████████████

─────────────────────────────

[8]  ████████████████████████████████████████████████████████████████████

26  █████████████████████████████████████████████████████████████████████

27  █████████████████████████████████████████████████████████████████████

28  █████████████████████████████████████████████████████████████

14

FACEBOOK'S OPPOSITION TO PLAINTIFFS' MOTION TO EXCLUDE THE TESTIMONY OF
DEFENDANT'S PROPOSED EXPERT MATTHEW TURK, PH.D; CASE NO. 3:15-CV-03747-JD

1 ███████████████████████████████████████████████████████

2 ███████████████████████████████████████████████████████

3 ███████    Plaintiffs do not dispute that Dr. Turk is qualified to opine on that topic.

4     And his opinion is relevant to the key issue of whether Facebook's face signatures

5 and templates are "scans of face geometry." ████████████████████████

6 ███████████████████████████████████████████████████████

7 ███████████████████████████████████████████████████████

8 ███████████████████████████████████████████████████████

9 ███████████████████████████████████████████████████████

10 ██████████████████████████████████████████████ provides

11 further technological depth as to why Illinois's legislature would have chosen to regulate

12 only feature-based "scans of face geometry," and not holistic systems like Facebook's.

13 **III.     DR. TURK'S OPINION THAT** ████████████████████████

14 ████████████ **IS SUPPORTED BY RELIABLE METHODS.**

15     Finally, plaintiffs reprise their groundless argument that Dr. Turk conducted no

16 analysis—this time in relation to his opinion ████████████████████████

17 ████████████████████████. Mot. at 13. Plaintiffs again fail to account for Dr.

18 Turk's 13 pages of analysis of ████████████. Turk Rpt. 26-38. That analysis

19 showed ██████████████████████████████████████████████

20 ███████████████████████████████████████████████████████

21 ████████████████████████████████ The relevance of this

22 analysis and opinion is clear:  They show that plaintiffs' proposed interpretation of BIPA

23 as requiring Facebook to disable even the creation of face signatures without obtaining

24 prior notice and consent would make compliance with BIPA impossible.

25                              **CONCLUSION**

26     Plaintiffs' motion to exclude the testimony of Dr. Matthew Turk should be denied.

27

28

1

Dated:  April 16, 2018

MAYER BROWN LLP

2

By: */s/ John Nadolenco*
                    John Nadolenco

3

                    Lauren R. Goldman
*Counsel for Defendant Facebook, Inc.*

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FACEBOOK'S OPPOSITION TO PLAINTIFFS' MOTION TO EXCLUDE THE TESTIMONY OF
DEFENDANT'S PROPOSED EXPERT MATTHEW TURK, PH.D; CASE NO. 3:15-CV-03747-JD