# Exhibit 1

EDELSON PC
Jay Edelson (*pro hac vice*)
Benjamin H. Richman (*pro hac vice*)
Alexander G. Tievsky (*pro hac vice*)
350 North LaSalle Street, 14th Floor
Chicago, IL 60654
Telephone: (312) 589-6370
Fax: (312) 589-6379
jedelson@edelson.com

ROBBINS GELLER RUDMAN & DOWD LLP
Shawn A. Williams (213113)
John H. George (292332)
One Montgomery Street, Suite 1800
San Francisco, CA 94104
Telephone: (415) 288-4545
Fax: (415) 288-4534
shawnw@rgrdlaw.com

LABATON SUCHAROW LLP
Michael P. Canty (*pro hac vice*)
Corban S. Rhodes (*pro hac vice*)
140 Broadway
New York, NY 10005
Telephone:  (212) 907-0700
Fax: (212) 818-0477
mcanty@labaton.com

COOLEY LLP
Michael G. Rhodes (116127)
Whitty Somvichian (194463)
101 California Street, 5th Floor
San Francisco, CA 94111
Telephone: (415) 693-2000
Fax: (415) 693-2222
rhodesmg@cooley.com

MAYER BROWN LLP
Lauren R. Goldman (*pro hac vice*)
Michael Rayfield (*pro hac vice*)
1221 Avenue of the Americas
New York, NY 10020
Telephone: (212) 506-2500
lrgoldman@mayerbrown.com

John Nadolenco (181128)
350 South Grand Avenue, 25th Floor
Los Angeles, CA 90071
Telephone: (213) 229-9500
jnadolenco@mayerbrown.com

Counsel for the parties

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re FACEBOOK BIOMETRIC INFORMATION PRIVACY LITIGATION | Master File No. 3:15-cv-03747-JD |
| | CLASS ACTION |
| This Document Relates To: | STIPULATION OF CLASS ACTION SETTLEMENT |
| ALL ACTIONS. | |

This Stipulation of Class Action Settlement is entered into by and among Plaintiffs Nimesh Patel, Adam Pezen, and Carlo Licata (together "Plaintiffs") for themselves individually and as appointed representatives of the Class certified by the Court, and Defendant Facebook, Inc. ("Facebook" or "Defendant").[1] This Settlement Agreement is intended by the Plaintiffs and Facebook, (collectively, the "Parties") to fully, finally, and forever resolve, discharge, and settle the Released Claims upon and subject to the terms and conditions in this Agreement, and is subject to the approval of the Court.

## I.    RECITALS

1.    On April 1, 2015, Plaintiff Carlo Licata filed a putative class action complaint against Facebook in the Circuit Court of Cook County, Illinois, alleging violations of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.* ("BIPA"), related to the alleged unauthorized collection and storage of his biometric data, which Facebook removed to the United States District Court for the Northern District of Illinois. Shortly thereafter, Adam Pezen and Nimesh Patel brought similar claims in the United States District Court for the Northern District of Illinois.

2.    On July 1, 2015, Facebook moved to transfer venue to the United State District Court for the Northern District of California.  On July 29, 2015, the Pezen and Patel cases, along with the removed Licata case, were transferred to this Court, and consolidated into this Action. On August 28, 2015, the Parties filed a consolidated class action complaint against Facebook.

3.    On October 9, 2015, Facebook moved to dismiss the consolidated class action complaint. The Court converted a portion of defendant's motion to dismiss into a summary judgment motion under Rule 56. Following expedited discovery and an evidentiary hearing, the Court denied Defendants' motion on May 5, 2016.

4.    On June 29, 2016, Facebook filed a motion to dismiss under Rule 12(b)(6) and Rule 12(h)(3) for lack of subject matter jurisdiction under the Supreme Court's decision in <u>Spokeo, Inc.</u>

---

[1]    Unless otherwise specified, capitalized terms shall have the definitions ascribed to them in Section I, *infra*.

v. Robins, 136 S. Ct. 1540 (2016). On February 7, 2017, the Rules 12(b)(6) and 12(h)(3) motion was administratively terminated with leave to renew pending the Ninth Circuit's decision in Spokeo on remand from the Supreme Court.

5.      Subsequently, the Parties conducted significant fact and expert discovery, including a second round of depositions of all plaintiffs, the Parties' respective experts, and Facebook fact witnesses, bringing the total number of depositions taken and/or defended to eleven. The Parties filed three motions to compel and/or for protective orders. Additionally, Plaintiffs and their experts conducted seven weeks of on-site review of Facebook's source code relevant to the claims and defenses in the Action.

6.      On September 28, 2017, Facebook again renewed its motion to dismiss for lack of subject matter jurisdiction, which the Court denied on February 26, 2018.

7.      On December 8, 2017, Plaintiffs moved for class certification. On April 16, 2018, the Court granted Plaintiffs' motion for class certification, in part, by certifying a class consisting of: "Facebook users located in Illinois for whom Facebook created and stored a face template after June 7, 2011." The Court ordered that notice to the Class be provided to all persons present in Illinois sixty (60) continuous days by email through a third-party administrator as well as by jewel notification and the Facebook newsfeed by Facebook. On April 30, 2018, Facebook sought permission to appeal the class certification order under Rule 23(f) by the United States Court of Appeals for the Ninth Circuit ("Ninth Circuit").

8.      On December 8, 2017, Facebook moved for summary judgment based on Illinois' Extraterritoriality Doctrine and the Dormant Commerce Clause. On March 16, 2018, Facebook filed another motion for summary judgment raising statutory arguments under BIPA. Plaintiffs also moved for summary judgment that same day. On May 14, 2018, the Court denied the three outstanding summary judgment motions.

9.      The Action was scheduled for a jury trial set to begin on July 9, 2018. On May 17, 2018, eight Motions in *Limine* were exchanged by the Parties, pursuant to the Court's standing order.

10. On May 24, 2018, the Court issued an order stating that pre-trial class notice must be published no later than May 31, 2018. On May 29, 2018, the Court denied Facebook's motion for a stay. On May 25, 2018, Facebook made an emergency motion in the Ninth Circuit, asking that court to stay the district court proceedings pending consideration of its 23(f) petition. This motion was granted and the appeal proceeded in the Ninth Circuit.

11. Plaintiffs, Defendants, and multiple Amici Curiae briefed the issues for appeal and the Ninth Circuit held an oral argument on June 12, 2019. On August 8, 2019, the Ninth Circuit affirmed this Court's order granting class certification. On September 9, 2019, Facebook petitioned the Ninth Circuit for rehearing or rehearing *en banc*, which was denied. On December 2, 2019, Facebook filed a petition for a writ of certiorari with the Supreme Court of the United States. On Facebook's motion, the Ninth Circuit stayed issuance of its mandate pending the Supreme Court's resolution of its petition. On January 21, 2020 the Supreme Court denied Facebook's petition.

12. The Parties attempted to resolve this dispute through mediation three times during these proceedings. First, on May 16, 2017, the Parties exchanged statements and attended a private mediation with Judge Layn Phillips (ret.), but were unable to reach a resolution. On May 4, 2018, the Parties again participated in a Court-ordered mediation before Magistrate Judge Donna M. Ryu, but were unable to reach an agreement. On January 15, 2020, the Parties participated in a third mediation with Ambassador Jeff L. Bleich in San Francisco. After considerable arms-length negotiations, the Parties were able to reach an agreement to resolve this Action.

13. Plaintiffs and Class Counsel believe that the claims asserted in the Action have merit, that they would have ultimately succeeded at trial and on any subsequent appeal. But Plaintiffs and Class Counsel recognize that Facebook has raised relevant factual and legal defenses that pose risks to the Class, namely: (i) obstacles to an aggregate recovery for Class members; and (ii) issues of law would be reviewed de novo on appeal even after Plaintiffs prevailed at trial. Class Counsel have also taken into account the uncertain outcome and risks of any litigation, especially in complex actions, as well as the difficulty and delay inherent in such litigation and the appeals that would follow any judgment in favor of the Class. Class Counsel believe that this Agreement eliminates uncertainty in the outcome and presents an exceptional result for the Class, and one that

will be provided without delay.  Therefore, Plaintiffs believe that it is in the best interest of the Class to settle the Action and that the Released Claims be fully and finally compromised, settled, and resolved with prejudice, and barred pursuant to the terms and conditions set forth in this Settlement Agreement.

14.     Facebook denies all allegations of wrongdoing and liability and denies all material allegations in the consolidated complaint and strongly believes that it would prevail in any trial on the merits, but has similarly concluded that this Settlement Agreement is desirable to avoid the time, risk, and expense of defending protracted litigation, and to avoid the risk posed by the Class's claims for substantial damages. Facebook thus desires to resolve finally and completely resolve the pending claims of Plaintiffs and the Class.

15.     NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among Plaintiffs, the Class, and Defendant that, subject to the approval of the Court after a hearing as provided for in this Settlement, and in consideration of the benefits flowing to the Parties from the Settlement set forth herein, the Released Claims shall be fully and finally compromised, settled, and released, and the Action shall be dismissed with prejudice, upon and subject to the terms and conditions set forth in this Settlement Agreement.

## II.     AGREEMENT

### a.     Definitions

1.1     As used herein, in addition to any definitions set forth elsewhere in this Settlement Agreement, the following terms shall have the meanings set forth below:

1.2     "Action" means the consolidated case captioned <u>In re Facebook Biometric Information Privacy Litigation</u>, No. 3:15-cv-03747-JD (N.D. Cal.).

1.3     "Agreement" or "Settlement Agreement" means this Stipulation of Class Action Settlement.

1.4     "Approved Claim" means a Claim Form submitted by a Class Member that is timely and submitted in accordance with the directions on the Claim Form and the terms of this Agreement, or is otherwise accepted by the Court and satisfies the conditions of eligibility for a Settlement Payment as set forth in this Agreement.

1.5    "Claim Form" means the document substantially in the form attached hereto as Exhibit A, as approved by the Court. Class Members who wish to file a claim for a Settlement Payment must submit a Claim Form which will be available in paper and electronically, including the ability to click on a link directly within the jewel and newsfeed notices on Facebook.com and be taken to the Settlement Website. The Claim Form will require a claiming Class Member to provide the following information: (i) full name, (ii) current U.S. Mail address, (iii) the email address or telephone number associated with their Facebook account, and (iv) if necessary, to provide additional information about the time in which they were located in Illinois as well as their Facebook use. The electronic Claim Form will provide Class Members with the option of having their Settlement Payment transmitted to them electronically, through Automated Clearing House ("ACH") direct deposit, or other reliable means.

1.6    "Claims Deadline" means the date by which all Claim Forms must be postmarked or submitted electronically to be considered timely, and shall be set as a date no later than fifty six (56) calendar days following the Notice Date, subject to Court approval. The Claims Deadline shall be clearly set forth in the order preliminarily approving the Settlement, as well as in the Notice and the Claim Form.

1.7    "Class" means the class previously certified by the Court: Facebook users located in Illinois for whom Facebook created and stored a face template after June 7, 2011 up to the date of the Preliminary Approval Order. (Dkt. 333.) Excluded from the class: (1) any Judge, Magistrate, or mediator presiding over this Action and members of their immediate families, (2) the Defendant, Defendant's employees, Defendant's subsidiaries, parent companies, successors, predecessors, and any entity in which Facebook or its affiliates have a controlling interest, (3) persons who properly execute and file a timely request for exclusion from the Class, (4) Class Counsel, and (5) the legal representatives, successors or assigns of any such excluded persons.

1.8    "Class Counsel" means the law firms of Edelson PC; Robbins Geller Rudman & Dowd LLP; and Labaton Sucharow LLP.

1.9    "Class Member" means a person who falls within the definition of the Class and who does not submit a valid request for exclusion.

1     1.10   "Class Representatives" means Plaintiffs Carlo Licata, Nimesh Patel, and Adam

2    Pezen.

3     1.11   "Court" means the United States District Court for the Northern District of

4    California, San Francisco Division, the Honorable James Donato presiding, or any judge who shall

5    succeed him as the judge assigned to the Action.

6     1.12   "Defendant" or "Facebook" means Defendant Facebook, Inc., a Delaware

7    corporation.

8     1.13   "Defendant's Counsel" or "Facebook's Counsel" means the law firms of Cooley

9    LLP and Mayer Brown LLP.

10     1.14   "Escrow Account" means the separate, interest-bearing escrow account to be

11    established by Class Counsel, or by the Settlement Administrator under terms acceptable to Class

12    Counsel, at Citibank, N.A., which shall be the "Escrow Agent." The Settlement Amount shall be

13    deposited into the Escrow Account and the money shall be invested in the following types of

14    accounts and/or instruments and no other: (a) demand deposit accounts; (b) time deposit accounts

15    and certificates of deposit; (c) United States Treasury bills; or (d) other instruments backed by the

16    full faith and credit of the United States Government. The costs of establishing and maintaining

17    the Escrow Account shall be paid from the Settlement Fund.

18     1.15   "Fee Award" means the amount of attorneys' fees and expenses awarded to Class

19    Counsel by the Court to be paid out of the Settlement Fund.

20     1.16   "Final" means one business day after the latest of the following events: (i) the date

21    upon which the time expires for filing or noticing any appeal of the Court's Final Judgment

22    approving the Settlement Agreement; (ii) if there is an appeal or appeals, other than an appeal or

23    appeals solely with respect to the Fee Award, the date of completion, in a manner that finally

24    affirms and leaves in place the Final Judgment without any material modification, of all

25    proceedings arising out of the appeal or appeals (including, but not limited to, the expiration of all

26    deadlines for motions for reconsideration or petitions for review and/or certiorari, all proceedings

27    ordered on remand, and all proceedings arising out of any subsequent appeal or appeals following

28

1  decisions on remand); or (iii) the date of final dismissal of any appeal or the final dismissal of any

2  proceeding on certiorari.

3      1.17   "Final Approval Hearing" means the hearing before the Court where the Parties

4  will request that the Final Judgment be entered by the Court finally approving the Settlement as

5  fair, reasonable and adequate, and approving the Fee Award and the incentive awards to the Class

6  Representatives.

7      1.18   "Final Judgment" means the final judgment to be entered by the Court approving

8  the settlement of the Action in accordance with this Settlement Agreement after the Final Approval

9  Hearing.

10      1.19   "Net Settlement Fund" means the Settlement Fund, plus any interest or investment

11  income earned on the Settlement Fund, less any Fee Award, incentive awards to the Class

12  Representatives, Taxes and Tax Expenses, and Estimated Settlement Administration Expenses.

13      1.20   "Notice" means the notices of this proposed Settlement and Final Approval

14  Hearing, which are to be disseminated to the Class substantially in the manner set forth in this

15  Settlement Agreement and approved by the Court, fulfilling the requirements of Due Process and

16  Rule 23, and are substantially in the form of Exhibits C, D, E, F, and G attached hereto.

17      1.21   "Notice Date" means the date by which the Notice is disseminated to the Class,

18  which shall be a date no later than thirty five (35) calendar days after entry of Preliminary

19  Approval.

20      1.22   "Objection/Exclusion Deadline" means the date by which a written objection to the

21  Settlement or a request for exclusion by a person within the Class must be made, which shall be

22  designated as a date no later than fifty six (56) calendar days after the Notice Date and no sooner

23  than fourteen (14) calendar days after the request for the Fee Award is filed with the Court and

24  posted to the Settlement Website, or such other date as ordered by the Court.

25      1.23   "Plaintiffs" means Carlo Licata, Nimesh Patel, and Adam Pezen.

26      1.24   "Preliminary Approval" means that an order has been issued by the Court

27  ("Preliminary Approval Order") making each of the following rulings: (i) preliminarily approving

28  the Agreement and finding that the Settlement is within the range of potential final approval as

1    fair, reasonable, and adequate; (ii) confirming certification of the Class, for settlement purposes;

2    and (iii) approving the form and manner of the Notice and directing that Notice be sent to the

3    Class.

4        1.25    "Released Claims" means any and all claims or causes of action, whether known or

5    unknown (including "Unknown Claims" as defined below), arising from or related to Plaintiffs'

6    allegations regarding the alleged collection, storage, or dissemination of biometric data related to

7    facial recognition technology from people located in Illinois, including all claims and issues that

8    were litigated in the action or that could have been brought in the Action and claims for any

9    violation of the Illinois Biometric Information Privacy Act ("BIPA") or other Illinois statutory or

10   common law related to facial recognition. It is the Parties' expressly stated intent that the

11   Settlement will effectuate a complete and total release of Facebook from any and all liability to

12   the Class arising out of or related to its alleged unlawful implementation or use of facial recognition

13   technology to the greatest extent permitted by law.

14       1.26    "Released Parties" means Facebook, Inc., and its present or former administrators,

15   predecessors, successors, assigns, parents, subsidiaries, holding companies, investors, sister and

16   affiliated companies, divisions, associates, affiliated and related entities, employees, agents,

17   representatives, consultants, independent contractors, directors, managing directors, officers,

18   partners, principals, members, attorneys, vendors, accountants, fiduciaries, financial and other

19   advisors, investment bankers, insurers, reinsurers, employee benefit plans, underwriters,

20   shareholders lenders, auditors, investment advisors, and any and all present and former companies,

21   firms, trusts, corporations, officers, directors, other individuals or entities in which Facebook has

22   a controlling interest or are affiliated with any of them, or any other representatives of any of these

23   persons and entities, as well as all persons acting by, through, under, or in concert with any of

24   these persons or entities.

25       1.27    "Releasing Parties" means Plaintiffs and the Class Members and their respective

26   present or past heirs, executors, estates, administrators, trustees, assigns, agents, consultants,

27   independent contractors, insurers, attorneys, accountants, financial and other advisors, investment

28   bankers, underwriters, lenders, and any other representatives of any of these persons and entities.

1.28   "Settlement Administration Expenses" means the expenses incurred by the Settlement Administrator in providing Notice, processing claims, responding to inquiries from members of the Class, providing Settlement Payments, related services, and the costs of the Escrow Account. The Settlement Administrator anticipates the total cost of Settlement Administration to be approximately $1,654,195.00 ("Estimated Settlement Administration Expenses"), which will be set aside from the Settlement Fund.

1.29   "Settlement Administrator" means Gilardi & Co. LLC, subject to approval of the Court, which will provide certain aspects of the Notice, Settlement Website, as well as the processing of Approved Claims as Settlement Payments to Class Members as set forth in this Agreement.

1.30   "Settlement Fund" means the non-reversionary cash fund that shall be funded by Facebook in the total amount of five hundred fifty million US dollars ($550,000,000.00) (the "Settlement Amount") to be deposited into the Escrow Account, plus all interest earned thereon. The following shall be paid from the Settlement Fund: All Settlement Payments as a result of Approved Claims made by Class Members, Settlement Administration Expenses, Taxes and Tax Expenses, any incentive awards to the Class Representatives, and any Fee Award to Class Counsel. The Settlement Fund shall be kept in the Escrow Account until such time as the above-listed payments are made. The Settlement Fund includes all interest that shall accrue on the sums deposited in the Escrow Account. Class Counsel and/or the Settlement Administrator shall be responsible for all tax filings with respect to any earnings on the Settlement Fund and causing the payment of all Taxes that may be due on such earnings. The Settlement Fund represents the total extent of Facebook's monetary obligations under this Agreement. In no event shall Facebook's total monetary obligation with respect to this Agreement exceed or be less than five hundred fifty million dollars ($550,000,000.00). The Parties, the Escrow Agent, and the Settlement Administrator agree to treat the Settlement Fund as being at all times a "qualified settlement fund" within the meaning of Treas. Reg. §1.468B-1.  In addition, the Settlement Administrator shall timely make such elections as necessary or advisable to carry out this provision, including the "relation-back election" (as defined in Treas. Reg. §1.468B-1) back to the earliest permitted date.

Such elections shall be made in compliance with the procedures and requirements contained in such regulations. It shall be the responsibility of Class Counsel and/or the Settlement Administrator to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

1.31    "Settlement Payment" means the payments to be made in response to Approved Claims.  Each individual who submits an Approved Claim will receive a pro rata portion of the Net Settlement Fund.

1.32    "Settlement Website" means the website to be created, launched, and maintained by the Settlement Administrator, which will provide access to relevant case documents including the Notice, Claim Form, and other relevant documents.

1.33    "Taxes" means all federal, state, or local taxes of any kind on any income earned by the Settlement Fund and the expenses and costs incurred in connection with the taxation of the Settlement Fund (including, without limitation, interest, penalties and the reasonable expenses of tax attorneys and accountants). All (i) Taxes (including any estimated Taxes, interest or penalties) arising with respect to the income earned by the Settlement Fund, including any Taxes or tax detriments that may be imposed upon the Released Parties or their counsel with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a "qualified settlement fund" for federal or state income tax purposes, and (ii) expenses and costs incurred in connection with the operation and implementation of this Agreement (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in this Agreement ("Tax Expenses"), shall be paid out of the Settlement Fund; in all events the Released Parties and their counsel shall have no liability or responsibility for the Taxes or the Tax Expenses. Further, Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlement Fund and shall be timely paid by the Escrow Agent, as instructed by Class Counsel and/or the Settlement Administrator, out of the Settlement Fund without prior order from the Court and the Settlement Administrator shall be authorized (notwithstanding anything herein to the contrary) to withhold from distribution to Class Members with Approved Claims any funds

necessary to pay such amounts, including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treas. Reg. §1.468B-2(l)(2)); neither the Released Parties nor their counsel are responsible nor shall they have any liability for any Taxes or Tax Expenses. The Parties hereto agree to cooperate with the Settlement Administrator, the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this Agreement. For the purpose of §1.468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, Class Counsel shall be the "administrator."  Class Counsel and/or the Settlement Administrator shall timely and properly file all informational and other tax returns necessary or advisable with respect to the Settlement Fund and Escrow Account (including, without limitation, the returns described in Treas. Reg. §1.468B-2(k)). Such returns (as well as the election described in this Agreement) shall be consistent with this section and in all events shall reflect that all Taxes (including any estimated Taxes, interest or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided in this Agreement.

1.34    "Unknown Claims" means claims that could have been raised in the Action and that any or all of the Releasing Parties do not know or suspect to exist, which, if known by him or her, might affect his or her agreement to release the Released Parties or the Released Claims or might affect his or her decision to agree, object or not to object to the Settlement, or seek exclusion from the Class. Upon the Effective Date, the Releasing Parties shall be deemed to have, and shall have, expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights and benefits of § 1542 of the California Civil Code, which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

Upon the Effective Date, the Releasing Parties also shall be deemed to have, and shall have, waived any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, or the law of any jurisdiction outside of the United

1    States, which is similar, comparable or equivalent to § 1542 of the California Civil Code. The

2    Releasing Parties acknowledge that they may discover facts in addition to or different from those

3    that they now know or believe to be true with respect to the subject matter of this release, but that

4    it is their intention to finally and forever settle and release the Released Claims, notwithstanding

5    any Unknown Claims they may have, as that term is defined in this Paragraph.

6                                    **b.    Settlement Relief**

7           2.1     Facebook shall pay or cause to be paid into the Escrow Account the Settlement

8    Amount ($550,000,000.00) within fourteen (14) calendar days after the issuance of an order from

9    the Court finally approving the Settlement.

10          2.2     Class Members shall have until the Claims Deadline to submit a Claim Form. Each

11   Class Member with an Approved Claim shall be entitled to a Settlement Payment.

12          2.3     Within sixty (60) calendar days after the Effective Date, or such other date as the

13   Court may set, the Settlement Administrator shall send Settlement Payments from the Settlement

14   Fund by check or electronic deposit, as elected by the Class Member with an Approved Claim.

15          2.4     Each payment issued to a Class Member via check will state on the face of the

16   check that it will become null and void unless cashed within ninety (90) calendar days after the

17   date of issuance.

18          2.5     In the event that an electronic deposit to a Class Member is unable to be processed,

19   the Settlement Administrator shall attempt to contact the Class Member within thirty (30) calendar

20   days to correct the problem.

21          2.6     To the extent that a check issued to a Class Member is not cashed within ninety

22   (90) calendar days after the date of issuance or an electronic deposit is unable to be processed

23   within ninety (90) calendar days of the first attempt, such funds shall remain in the Settlement

24   Fund and shall be apportioned pro rata to participating Class Members in a second distribution, if

25   practicable. To the extent that any second distribution is impracticable or second-distribution funds

26   remain in the Settlement Fund after an additional ninety (90) calendar days, such funds shall revert

27   to the American Civil Liberties Union of Illinois, as approved by the Court.

28

2.7     No amount paid by Defendant into the Escrow Account shall revert to Defendant unless the Settlement is terminated in accordance with sections 7.1 or 4.6. In no event shall any such amount be paid to any Class Counsel except for the amount of an approved Fee Award.

2.8     Within twenty one (21) calendar days after the distributions referenced in this Section 2.1, the parties will file with the Court a Post-Distribution Accounting as contemplated in the Northern District of California Procedural Guidance for Class Action Settlements (https://www.cand.uscourts.gov/for=s/procedural-guidance-for-class-action-settlements/).

2.9     Prospective Relief:  Without admitting any liability or that it is required by law to do so, Facebook shall take the following steps in connection with this Settlement:

(a)     Except as provided below, Facebook will (i) set the Face Recognition setting for Class Members to "off" within ninety (90) calendar days of the Effective Date, and (ii) will delete existing face templates for Class Members unless Facebook obtains a Class Member's express consent to set their Face Recognition setting to "on" within one hundred eighty (180) calendar days of the Effective Date.  In obtaining express consent, Facebook will disclose how it will use the face templates that may be created for a Class Member, in a disclosure that is separate and apart from any existing "privacy policy," "data policy," "statement of rights and responsibilities" page, or other similar general document and substantially in the form attached as Exhibit B.  The disclosure specific to Face Recognition referenced in the foregoing sentence will allow Class Members to dismiss the disclosure without taking an affirmative action, but if a Class Member dismisses the disclosure without taking other action, their Face Recognition setting will remain "off" and their face template will be deleted as set forth above.  If, following the Final Approval Hearing, there is an appeal solely with respect to the Fee Award and no other issues, Facebook will implement the steps referenced in this Section 2.9(a) within ninety (90) calendar days of Final Approval.

(b)     The foregoing requirements will not apply to Class Members (1) who signed up for Facebook after September 3, 2019 or (2) who manually enabled Face Recognition for themselves, after Facebook had disabled it for those Class Members.

1  (c)  In addition, within ninety (90) calendar days of the Effective Date,

2  Facebook will delete the face templates of any Class Members who have had no activity on

3  Facebook for a period of three years as of the Effective Date, without going through the process

4  set forth in Section 2.9(a)(ii) above.

5  **c.  Release**

6  3.1  The obligations incurred pursuant to this Settlement Agreement shall be a full and

7  final disposition of the Action and any and all Released Claims, as against all Released Parties.

8  3.2  Upon the Effective Date, the Releasing Parties, and each of them, shall be deemed

9  to have, and by operation of the Final Judgment shall have, fully, finally, and forever released,

10  relinquished, and discharged all Released Claims against the Released Parties, and each of them.

11  3.3  Upon the Effective Date, the Released Parties shall by operation of the Final

12  Judgment have, fully, finally, and forever released, relinquished, and discharged all claims against

13  Plaintiffs, the Class, and Class Counsel that arise out of or relate in any way to the commencement,

14  prosecution, settlement or resolution of the Action, except for claims to enforce the terms of the

15  Settlement.

16  **d.  Notice To The Class**

17  4.1  Class Notice List. Within fourteen (14) calendar days of the Preliminary Approval

18  Order, Facebook will provide to the Settlement Administrator a list of the names and e-mail

19  addresses, or telephone numbers for all Facebook users who, based on Facebook's data, (1) had a

20  predicted home location in Illinois for one hundred eighty-three (183) or more consecutive days

21  between June 7, 2011 to the date of the Preliminary Approval Order, (2) identified themselves as

22  being the age of eighteen or over in the period when their predicted home location was in Illinois,

23  and (3) had six (6) or more days in which they were active on Facebook during the period when

24  their predicted home location was in Illinois (the "Class Notice List").  Facebook will provide

25  information, based on its available data, on whether Facebook has a record that a face template

26  existed for that person. The Settlement Administrator shall keep the Class Notice List and all

27  personal information obtained therefrom, including the identity, mailing, and e-mail addresses of

28  all persons strictly confidential. The Class Notice List may not be used by the Settlement

1  Administrator for any purpose other than advising specific individual Class Members of their

2  rights, mailing Settlement Payments, and otherwise effectuating the terms of the Settlement

3  Agreement or the duties arising thereunder, including the provision of Notice of the Settlement

4      4.2    The Notice shall be disseminated in the same manner as was approved by the Court

5  after class certification:

6          (a)    Email Notice by Settlement Administrator. No later than the Notice Date,

7  the Settlement Administrator shall send Notice via email substantially in the form attached as

8  Exhibit C, with a link to a Spanish language version to all Class Members to each email address

9  on the Class List.

10         (b)    Jewel and News Feed Notice by Facebook.  No later than the Notice Date,

11 Facebook shall, at its own cost, make Notice available via jewel notification and placement on the

12 News Feed of each person on the Class List, substantially in the form attached as Exhibits D and

13 E.

14         (c)    Reminder Notice. No later than date fourteen days before the Claims

15 Deadline the Settlement Administrator shall send reminder notice via email to all Class Members

16 to each email address on the Class List substantially in the form attached as Exhibit C, with a link

17 to a Spanish language version.

18         (d)    Publication Notice. No later than the Notice Date, the Settlement

19 Administrator shall arrange for the placement of ads in the following manner:  1x Chicago Tribune

20 (1/8th page; Classified) and 1x Chicago Sun-Times (1/4th tabloid page; Main News) in the forms

21 attached as Exhibit F.

22         (e)    Settlement Website. Expeditiously after preliminary approval of the

23 Settlement and the notice program, the Notice shall be provided on a website, which shall be

24 administered and maintained by the Settlement Administrator and shall include the ability to file

25 Claim Forms on-line. The Notice provided on the Settlement Website will be in English and

26 Spanish and shall be substantially in the form attached as Exhibit G. The Settlement Website will

27 be periodically updated to provide the estimated pro rata payment amount based on the number of

28

1   participating Class Members. The content of the Settlement Website and any materials posted on

2   the Settlement Website shall be subject to approval of Class Counsel and Defendant's Counsel.

3           (f)      CAFA Notice. Defendant will coordinate compliance with 28 U.S.C. § 1715

4   at its own cost.

5         4.3      The Notice shall advise the Class of their rights, including the right to be excluded

6   from the Class, comment upon, and/or object to the Settlement Agreement, any of its terms, or the

7   request for the Fee Award. The Notice shall specify that any objection to the Settlement Agreement

8   and/or the request for the Fee Award, and any papers submitted in support of said objection, shall

9   be considered by the Court at the Final Approval Hearing only if, on or before the

10   Objection/Exclusion Deadline approved by the Court and specified in the Notice, the Class

11   Member making the objection files copies of such papers he or she proposes to be submitted at the

12   Final Approval Hearing with the Clerk of the Court, or alternatively, if the objection is from a

13   Class Member represented by counsel, files any objection through the Court's CM/ECF system.

14         4.4      Any Class Member who intends to object to this Agreement and/or the request for

15   a Fee Award, must present the objection in writing only to the Court, which must be personally

16   signed by the objector, and must include: (1) the objector's name, address, and email; (2) an

17   explanation of the basis upon which the objector claims to be a Class Member; (3) whether the

18   objection applies only to the objector, a subset of the Class, or the entire Class; (4) all grounds for

19   the objection, including all citations to legal authority and evidence supporting the objection; (5)

20   the name and contact information of any and all attorneys representing, advising, or in any way

21   assisting the objector in connection with the preparation or submission of the objection or who

22   may profit from the pursuit of the objection, who must enter an appearance with the Court in

23   accordance with the Local Rules; and (6) a statement indicating whether the objector intends to

24   appear at the Final Approval Hearing (either personally or through counsel).

25         4.5      A Class Member may request to be excluded from the Class by sending a written

26   request that is received on or before the Objection/Exclusion Deadline approved by the Court and

27   specified in the Notice. To exercise the right to be excluded, a Class Member must timely send a

28   written request for exclusion to the Settlement Administrator providing his/her name, address and

email; a signature, the name and number of the Action, and a statement that he or she wishes to be excluded from the Class for purposes of this Settlement. In light of the COVID-19 pandemic, the Settlement Administrator shall create a dedicated e-mail address to receive exclusion requests electronically. A request to be excluded that does not include all of this information, or that is sent to an address other than that designated in the Notice, or that is not postmarked within the time specified, shall be invalid, and the person(s) serving such a request remain a member(s) of the Class and shall be bound as a Class Member by this Agreement, if approved. Any member of the Class who validly elects to be excluded from this Agreement shall not: (i) be bound by any orders or the Final Judgment; (ii) be entitled to relief under this Settlement Agreement; (iii) gain any rights by virtue of this Agreement; or (iv) be entitled to object to any aspect of this Agreement. The request for exclusion must be personally signed by the person requesting exclusion. So-called "mass" or "class" opt-outs shall not be allowed. To be valid, a request for exclusion must be postmarked or  received by the date specified in the Notice.

4.6     If the number of Class Members who request exclusion exceeds twenty five thousand  (25,000), then Facebook may, in its sole discretion, notify Class Counsel in writing that it has elected to terminate this Settlement Agreement.  Such notification of intent to terminate the Settlement Agreement must be provided a minimum of seven (7) calendar days before the filing deadline for the motion seeking Final Approval.  If this Settlement Agreement is terminated, it will be deemed null and void ab initio.

4.7     The Final Approval Hearing shall be no earlier than ninety (90) calendar days after the Notice described in Paragraph 4.2(d) is provided.

e.     **Settlement Administration**

5.1     The Settlement Administrator shall, under the supervision of the Court, administer the relief provided by this Settlement Agreement by providing Notice and processing Claim Forms in a reasonable, cost effective, and timely manner. The Settlement Administrator shall maintain reasonably detailed records of its activities under this Agreement. The Settlement Administrator shall maintain all such records as are required by applicable law in accordance with its normal business practices and such records will be made available to Class Counsel upon request. The

Settlement Administrator shall also provide reports and other information to the Court as the Court may require. Without limiting the foregoing, the Settlement Administrator shall:

(a)    Receive requests to be excluded from the Class and promptly provide Class Counsel and Defendant's Counsel copies thereof.  If the Settlement Administrator receives any exclusion forms after the deadline for the submission of such forms, the Settlement Administrator shall promptly provide copies thereof to Class Counsel and Defendant's Counsel;

(b)    Provide weekly reports to Class Counsel regarding the number of Claim Forms received and the categorization and description of Claim Forms rejected, in whole or in part, by the Settlement Administrator;

(c)    Make available for inspection by Class Counsel the Claim Forms received by the Settlement Administrator at any time upon reasonable notice; and

5.2    The Settlement Administrator shall be obliged to employ reasonable procedures to screen claims for abuse or fraud and deny Claim Forms where there is evidence of abuse or fraud, including by cross-referencing Approved Claims with the Class List. The Settlement Administrator shall determine whether a Claim Form submitted by a Class Member is an Approved Claim and shall reject Claim Forms that fail to (a) comply with the instructions on the Claim Form or the terms of this Agreement, or (b) provide full and complete information as requested on the Claim Form. In the event a person submits a timely Claim Form by the Claims Deadline but the Claim Form is not otherwise complete, then the Settlement Administrator shall give such person reasonable opportunity to provide any requested missing information, which information must be received by the Settlement Administrator no later than twenty-eight (28) calendar days after the Claims Deadline. In the event the Settlement Administrator receives such information more than twenty-eight (28) calendar days after the Claims Deadline, then any such claim shall be denied. The Settlement Administrator may contact any person who has submitted a Claim Form to obtain additional information necessary to verify the Claim Form. Class Counsel and Defendant's Counsel shall both have the right to challenge the acceptance or rejection of a Claim Form submitted by a Class Member by the Settlement Administrator. The Settlement Administrator shall follow any joint decisions of Class Counsel and Defendant's Counsel as to the validity of any

1  disputed submitted Claim Form. Where Class Counsel and Defendant's Counsel disagree as to the

2  validity of a submitted Claim Form, the Settlement Administrator will resolve the dispute and the

3  Claim Form will be treated in the manner designated by the Settlement Administrator.

4  **f.      Preliminary Approval And Final Approval**

5          6.1      Promptly after the execution of this Settlement Agreement, Class Counsel shall

6  submit this Agreement together with its Exhibits to the Court and shall move the Court for entry

7  of Preliminary Approval of the settlement set forth in this Agreement, which order shall set a Final

8  Approval Hearing date and approve the Notice and Claim Form for dissemination substantially in

9  the form of Exhibits A, C, D, E, and F hereto. The order granting Preliminary Approval shall also

10 authorize the Parties, without further approval from the Court, to agree to and adopt such

11 amendments, modifications and expansions of the Settlement Agreement and its implementing

12 documents (including all exhibits to this Agreement) so long as they are consistent in all material

13 respects with the terms of the Final Judgment set forth below and do not limit or impair the rights

14 of the Class.

15         6.2      After Notice is given, the Parties shall request and seek to obtain from the Court a

16 Final Judgment, which will (among other things):

17         (a)      find that the Court has personal jurisdiction over all Class Members and that

18 the Court has subject matter jurisdiction to approve the Agreement, including all exhibits thereto;

19         (b)      approve the Settlement Agreement and the proposed settlement as fair,

20 reasonable and adequate as to, and in the best interests of, the Class Members; direct the Parties

21 and their counsel to implement and consummate the Agreement according to its terms and

22 provisions; and declare the Agreement to be binding on, and have res judicata and preclusive effect

23 in all pending and future lawsuits or other proceedings maintained by or on behalf of Plaintiffs and

24 the Releasing Parties with respect to the Released Claims;

25         (c)      find that the Notice implemented pursuant to the Agreement (i) constitutes

26 the best practicable notice under the circumstances; (ii) constitutes notice that is reasonably

27 calculated, under the circumstances, to apprise Class Members of the pendency of the Action, their

28 right to object to the Settlement or exclude themselves from the Class, and to appear at the Final

Approval Hearing; (iii) is reasonable and constitutes due, adequate, and sufficient notice to all persons entitled to receive notice; and (iv) meets all applicable requirements of the Federal Rules of Civil Procedure, the Due Process Clause of the United States Constitution, and the rules of the Court;

(d)     find that the Class Representatives and Class Counsel adequately represent the Class for purposes of entering into and implementing the Agreement;

(e)     dismiss the Action (including all individual claims and Class claims presented thereby) on the merits and with prejudice, without fees or costs to any party except as provided in the Settlement Agreement;

(f)     incorporate the Releases set forth above, make the Releases effective as of the Effective Date, and forever discharge the Released Parties from the Released Claims as set forth herein;

(g)     permanently bar and enjoin all Class Members who have not properly sought exclusion from the Class from filing, commencing, prosecuting, intervening in, or participating (as class members or otherwise) in, any lawsuit or other action in any jurisdiction based on the Released Claims;

(h)     without affecting the finality of the Final Judgment for purposes of appeal, retain jurisdiction as to all matters relating to administration, consummation, enforcement, and interpretation of the Settlement Agreement and the Final Judgment, and for any other necessary purpose; and

(i)     incorporate any other provisions, as the Court deems necessary and just

6.3     The Parties shall, in good faith, cooperate, assist and undertake all reasonable actions and steps in order to accomplish these required events on the schedule set by the Court, subject to the terms of this Settlement Agreement.

### g.     Termination Of The Settlement Agreement

7.1     Subject to Paragraphs 9.1-9.3 below, Defendant or the Class Representatives on behalf of the Class, shall have the right to terminate this Agreement by providing written notice of the election to do so ("Termination Notice") to all other Parties hereto within twenty-one (21)

calendar days of any of the following events: (i) the Court's refusal to grant Preliminary Approval of this Agreement in any material respect or a ruling conditionally approving this Agreement subject to proposed changes to, or additions of, material terms (including, but not limited to, changes or additions to the Prospective Relief set forth in Section 2.9, the notice provisions of Section 4.2, and the definition of "Released Claims"); (ii) the Court's refusal to grant final approval of this Agreement in any material respect; (iii) the Court's refusal to enter the Final Judgment in this Action in any material respect; (iv) the date upon which the Final Judgment is modified or reversed in any material respect by the Court of Appeals or the Supreme Court; (v) the date upon which an Alternative Judgment, as defined in Paragraph 9.1(d) of this Agreement is modified or reversed in any material respect by the Court of Appeals or the Supreme Court; or (vi) the date Facebook terminates the Settlement Agreement pursuant to Paragraph 4.6 above.

### h.   Incentive Awards And Class Counsel's Attorneys' Fees And Payment Of Expenses

8.1     Defendant agrees to pay Class Counsel reasonable attorneys' fees and expenses incurred in the Action as the Fee Award. The amount of the Fee Award shall be determined by the Court based on petition from Class Counsel. Without the Parties having discussed the issue of attorneys' fees at any point in their negotiations, and with no consideration given or received, Class Counsel has agreed to limit its petition for attorneys' fees to no more than twenty-five percent (25%) of the Settlement Fund, plus reimbursement of expenses. Payment of the Fee Award shall be made from the Settlement Fund and should Class Counsel seek or be awarded less than this amount, the difference in the amount sought and/or the amount ultimately awarded pursuant to this Paragraph shall remain in the Settlement Fund for distribution to eligible Class Members. Defendant is not responsible for Class Counsel's allocation of the Fee Award amongst themselves. Class Counsel agree that the Fee Award shall be equally divided among the three (3) firms comprising Class Counsel. Labaton Sucharow's allocation from the Fee Award will also be used by Labaton Sucharow to compensate its former liaison counsel, Law Offices of Norman Rifkind.

8.2     Any Fee Award by the Court shall be paid from the Settlement Fund to Class Counsel within fourteen (14) days after entry of the Final Judgment and an order awarding such

attorneys' fees and expenses, notwithstanding the existence of any timely filed objections thereto or to the Settlement, or potential for appeal therefrom, or collateral attack on the awarded fees and expenses, the Settlement, or any part thereof.  Payment of the Fee Award shall be made via wire transfer to an account or accounts designated by Class Counsel after providing necessary information for electronic transfer. The Fee Award paid to Class Counsel will be subject to potential repayment pursuant to the terms set forth below.

8.3     Each Class Counsel's law firm receiving any portion of a Fee Award, as a condition of receiving such payment, agrees on behalf of itself and each equity partner and/or shareholder of it that the law firm and its equity partners and/or shareholders are subject to the jurisdiction of the Court for the purpose of enforcing the provisions of this paragraph. Class Counsel executing this Settlement stipulate, warrant, and represent that they have actual authority to enter into the obligations set forth in this paragraph on behalf of the law firms indicated below, and the shareholders, members, and/or partners of those law firms respectively. In the event that the Effective Date does not occur, or the Final Judgment or the order granting a Fee Award is reversed or modified by a final non-appealable order, or this Agreement is canceled or terminated for any other reason, and such reversal, modification, cancellation or termination becomes final and not subject to review, and in the event that the Fee Award has been paid to any extent, then: (a) Class Counsel with respect to the Fee Award paid shall within thirty (30) business days from receiving notice from Defendant's Counsel or from a court of appropriate jurisdiction, refund to the Settlement Fund such fees and expenses previously paid to them from the Settlement Fund plus interest thereon at the same rate as earned on the Settlement Fund in an amount consistent with such reversal or modification. If the Fee Award is reduced on appeal, but all other terms of the Agreement remain in full effect, Class Counsel shall repay the portion of the Fee Award by which it is reduced and any interest earned thereon at the same rate as earned on the Settlement Fund. This partial repayment of the Fee Award shall be applied to the Net Settlement Fund and distributed in accordance with the terms of the Agreement. If Class Counsel fails to repay any portion of the Fees Award as required by this paragraph, the Court shall, upon application by Defendant and notice to Class Counsel, issue such orders as appropriate to compel compliance by

Class Counsel and their respective law firms, and shall award reasonable attorneys' fees and expenses incurred by Defendant in connection with the enforcement of this paragraph. Neither the death, incapacitation, personal bankruptcy, or disbarment of any of Class Counsel nor the dissolution, winding up, bankruptcy, merger, acquisition, or other change in the composition or solvency of their law firms shall in any way affect the obligations of Class Counsel in this paragraph. All obligations set forth in this paragraph shall expire upon the Effective Date.

8.4    Counsel intend to file a motion for Court approval of awards to the Class Representatives, to be paid from the Settlement Fund. With no consideration having been given or received, Class Representatives agree to seek no more than seven thousand five hundred dollars ($7,500) each from the Court as the award. Should the Court award less than this amount, the difference in the amount sought and the amount ultimately awarded pursuant to this Paragraph shall remain in the Settlement Fund.

### i.    Conditions Of Settlement, Effect Of Disapproval, Cancellation Or Termination

9.1    The effective date of this Settlement Agreement (the "Effective Date") shall not occur unless and until each of the following events occurs and shall be the date upon which the last (in time) of the following events occurs:

(a)    The Parties and their counsel have executed this Agreement;

(b)    The Court has granted Preliminary Approval;

(c)    The Court has entered an order finally approving the Agreement, following Notice to the Class and a Final Approval Hearing, as provided in the Federal Rules of Civil Procedure, and has entered the Final Judgment, or a judgment consistent with this Agreement in all material respects;

(d)    Facebook has funded the Settlement Fund; and

(e)    The Final Judgment has become Final, as defined by this Agreement, or, in the event that the Court enters an order and final judgment in a form other than that provided above ("Alternative Judgment"), and that has the approval of the Parties, such Alternative Judgment becomes final and unappealable.

9.2     If some or all of the conditions specified in Paragraph 9.1 are not met, or in the event that this Agreement is not approved by the Court, or the settlement set forth in this Agreement is terminated or fails to become effective in accordance with its terms, then this Settlement Agreement shall be canceled and terminated subject to Paragraph 7.1 unless Class Counsel and Defendant's Counsel mutually agree in writing to proceed with this Agreement. If any Party is in material breach of the terms hereof, any other Party, provided that it is in substantial compliance with the terms of this Agreement, may terminate this Agreement on notice to all of the Parties. Notwithstanding anything herein, the Parties agree that the Court's failure to approve, in whole or in part, the attorneys' fees payment to Class Counsel and/or the awards to Plaintiffs set forth in Paragraph 8 above shall not prevent the Agreement from becoming effective, nor shall it be grounds for termination.

9.3     If this Settlement Agreement is terminated or fails to become effective for the reasons set forth above, the Parties shall be restored to their respective positions as of the date of the signing of this Agreement. In such event, any Final Judgment or other order entered by the Court in accordance with the terms of this Agreement shall be treated as vacated, nunc pro tunc, and the Parties shall be returned to the status quo ante as if this Settlement Agreement had never been entered into.

9.4     In the event the Settlement is terminated or fails to become effective for any reason, the Settlement Fund, together with any earnings thereon at the same rate as earned by the Settlement Fund, less any Taxes  paid or due, less Settlement Administrative Expenses actually incurred and paid or payable from the Settlement Fund, shall be returned to Facebook within thirty (30) calendar days after written notification of such event in accordance with instructions provided by Defendant's Counsel to Class Counsel. At the request of Defendant's Counsel, Class Counsel or their designees shall apply for any tax refund owed on the amounts in the Settlement Fund and pay the proceeds, after any deduction of any fees or expenses incurred in connection with such application(s), of such refund to Facebook or as otherwise directed.

### j.    Miscellaneous Provisions

10.1    The Parties (a) acknowledge that it is their intent to consummate this Settlement Agreement; and (b) agree, subject to their fiduciary and other legal obligations, to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Agreement, to exercise their reasonable best efforts to accomplish the foregoing terms and conditions of this Agreement, to secure final approval, and to defend the Final Judgment through any and all appeals. Class Counsel and Defendant's Counsel agree to cooperate with one another in seeking Preliminary Approval, and entry of the Final Judgment, and promptly to agree upon and execute all such other documentation as may be reasonably required to obtain final approval of the Agreement.

10.2    The Parties intend this Settlement Agreement to be a final and complete resolution of all disputes between them with respect to the Released Claims by Plaintiffs, the Class and each or any of them, on the one hand, against the Released Parties, and each or any of the Released Parties, on the other hand. Accordingly, the Parties agree not to assert in any forum that the Action was brought by Plaintiffs or defended by Defendant, or each or any of them, in bad faith or without a reasonable basis.

10.3    Each signatory to this Agreement and warrants (a) that he, she, or it has all requisite power and authority to execute, deliver and perform this Settlement Agreement and to consummate the transactions contemplated herein, (b) that the execution, delivery and performance of this Settlement Agreement and the consummation by it of the actions contemplated herein have been duly authorized by all necessary corporate action on the part of each signatory, and (c) that this Settlement Agreement has been duly and validly executed and delivered by each signatory and constitutes its legal, valid and binding obligation.

10.4    The Parties have relied upon the advice and representation of counsel, selected by them, concerning the claims hereby released. The Parties have read and understand fully this Settlement Agreement and have been fully advised as to the legal effect hereof by counsel of their own selection and intend to be legally bound by the same.

10.5    Whether or not the Effective Date occurs or the Settlement Agreement is terminated, neither this Agreement nor the settlement contained herein, nor any act performed or document executed pursuant to or in furtherance of this Agreement or the settlement:

(a)    is, may be deemed, or shall be used, offered or received against the Released Parties, or each or any of them, as an admission, concession or evidence of, the validity of any Released Claims, the truth of any fact alleged by the Plaintiffs, the deficiency of any defense that has been or could have been asserted in the Action, the violation of any law or statute, the reasonableness of the settlement amount or the Fee Award, or of any alleged wrongdoing, liability, negligence, or fault of the Released Parties, or any of them;

(b)    is, may be deemed, or shall be used, offered or received against Defendant, as an admission, concession or evidence of any fault, misrepresentation or omission with respect to any statement or written document approved or made by the Released Parties, or any of them;

(c)    is, may be deemed, or shall be used, offered or received against the Released Parties, or each or any of them, as an admission or concession with respect to any liability, negligence, fault or wrongdoing as against any Released Parties, in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. However, the settlement, this Agreement, and any acts performed and/or documents executed in furtherance of or pursuant to this Agreement and/or Settlement may be used in any proceedings as may be necessary to effectuate the provisions of this Agreement. Further, if this Settlement Agreement is approved by the Court, any Party or any of the Released Parties may file this Agreement and/or the Final Judgment in any action that may be brought against such Party or Parties in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim;

(d)    is, may be deemed, or shall be construed against Plaintiffs, the Class, the Releasing Parties, or each or any of them, or against the Released Parties, or each or any of them, as an admission or concession that the consideration to be given hereunder represents an amount

equal to, less than or greater than that amount that could have or would have been recovered after trial; and

(e)     is, may be deemed, or shall be construed as or received in evidence as an admission or concession against Plaintiffs, the Class, the Releasing Parties, or each and any of them, or against the Released Parties, or each or any of them, that any of Plaintiffs' claims are with or without merit or that damages recoverable in the Action would have exceeded or would have been less than any particular amount.

10.6    The headings used herein are used for the purpose of convenience only and are not meant to have legal effect.

10.7    The waiver by one Party of any breach of this Settlement Agreement by any other Party shall not be deemed as a waiver of any other prior or subsequent breaches of this Settlement Agreement.

10.8    All of the Exhibits to this Settlement Agreement are material and integral parts hereof and are fully incorporated herein by reference.

10.9    This Settlement Agreement and its Exhibits set forth the entire agreement and understanding of the Parties with respect to the matters set forth herein, and supersede all prior negotiations, agreements, arrangements and undertakings with respect to the matters set forth herein. No representations, warranties or inducements have been made to any party concerning this Settlement Agreement or its Exhibits other than the representations, warranties and covenants contained and memorialized in such documents. This Settlement Agreement may be amended or modified only by a written instrument signed by or on behalf of all Parties or their respective successors-in-interest.

10.10   Except as otherwise provided herein, each Party shall bear its own attorneys' fees and costs incurred in any way related to the Action.

10.11   Plaintiffs represent and warrant that they have not assigned any claim or right or interest relating to any of the Released Claims against the Released Parties to any other person or party and that they are fully entitled to release the same.

10.12   Each counsel or other person executing this Settlement Agreement, any of its Exhibits, or any related settlement documents on behalf of any party hereto, hereby warrants and represents that such person has the full authority to do so and has the authority to take appropriate action required or permitted to be taken pursuant to the Settlement Agreement to effectuate its terms.

10.13   This Settlement Agreement may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument. Signature by digital, facsimile, or in PDF format will constitute sufficient execution of this Settlement Agreement. A complete set of original executed counterparts shall be filed with the Court if the Court so requests.

10.14   The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Settlement Agreement, and all Parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in this Settlement Agreement.

10.15   This Settlement Agreement shall be governed by and construed in accordance with the laws of the State of California without reference to the conflicts of laws provisions thereof.

10.16   This Settlement Agreement is deemed to have been prepared by counsel for all Parties, as a result of arm's-length negotiations among the Parties. Whereas all Parties have contributed substantially and materially to the preparation of this Settlement Agreement, it shall not be construed more strictly against one Party than another.

10.17   Where this Settlement Agreement requires notice to the Parties, such notice shall be sent to the following counsel.  For Plaintiffs: Rafey S. Balabanian, Edelson PC, 123 Townsend Street, Suite 100, San Francisco, California 94107; Paul Geller, Robbins Geller Rudman and Dowd LLP, 120 East Palmetto Park Road, Ste. 500, Boca Raton, FL 33432; Michael P. Canty, Labaton Sucharow LLP; 140 Broadway, New York, New York 10005. For Facebook: Michael Rhodes, Cooley LLP, 101 California Street, 5th Floor, San Francisco, California 94111.

10.18   Under no circumstances will Facebook have any liability for Taxes or Tax Expenses under the Settlement.  Plaintiffs, Class Counsel and, Class Members, and the recipients

of cy pres funds are responsible for any taxes on their respective recoveries or awards.  Nothing in this Agreement, or statements made during the negotiation of its terms, shall constitute tax advice by Facebook or Facebook's counsel.

10.19   All time periods and dates described in this Agreement are subject to the Court's approval. These time periods and dates may be changed by the Court or by the Parties' written agreement without notice to the Class.   The Parties reserve the right, subject to the Court's approval, to make any reasonable extensions of time that might be necessary to carry out any provision of this Agreement.

**[SIGNATURES APPEAR ON FOLLOWING PAGE]**

1  DATED:  May 4, 2020

CARLO LICATA

3

_____
                              Carlo Licata
4                           Plaintiff

DATED:  May 4, 2020

NIMESH PATEL

6

7
_____
                              Nimesh Patel
8                           Plaintiff

9  DATED:  May 4, 2020

ADAM PEZEN

10

11
_____
                              Adam Pezen
12                          Plaintiff

13  DATED:  May 4, 2020

ROBBINS GELLER RUDMAN & DOWD LLP
14      Shawn A. Williams
        John H. George
15      Patrick J. Coughlin
        Ellen Gusikoff Stewart
16      Lucas F. Olts
        Randi D. Bandman

17

18      Paul J. Geller (*pro hac vice*)
        Stuart A. Davidson (*pro hac vice*)
19      Christopher C. Gold (*pro hac vice*)

20
_____
                              Paul J. Geller
21      Counsel for Plaintiffs and the Class

22

23      Post Montgomery Center
        One Montgomery Street, Suite 1800
        San Francisco, CA  94104
24      Telephone:  415/288-4545
        415/288-4534 (fax)

25

26

27

28

| | |
|---|---|
| 1 | DATED: May 1, 2020 |
| 2 | |
| 3 | |
| 4 | |
| 5 | DATED: ~~May 1, 2020~~ |
| 6 | MAY 4, 2020 |
| 7 | |
| 8 | |
| 9 | DATED: May 1, 2020 |

CARLO LICATA

_____
Carlo Licata
Plaintiff

NIMESH PATEL

_____
Nimesh Patel
Plaintiff

ADAM PEZEN

_____
Adam Pezen
Plaintiff

DATED: May 1, 2020

ROBBINS GELLER RUDMAN & DOWD LLP
Shawn A. Williams
John H. George
Patrick J. Coughlin
Ellen Gusikoff Stewart
Lucas F. Olts
Randi D. Bandman
Paul J. Geller (*pro hac vice*)
Stuart A. Davidson (*pro hac vice*)
Christopher C. Gold (*pro hac vice*)

_____
Paul J. Geller
Counsel for Plaintiffs and the Class

Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA 94104
Telephone: 415/288-4545
415/288-4534 (fax)

| 1 | **DATED:** May 4, 2020 | CARLO LICATA |
| 2 | | |
| 3 | | _____ |
| 4 | | Carlo Licata |
| | | Plaintiff |
| 5 | **DATED:** May 4, 2020 | NIMESH PATEL |
| 6 | | |
| 7 | | _____ |
| | | Nimesh Patel |
| 8 | | Plaintiff |
| 9 | **DATED:** May 4, 2020 | ADAM PEZEN |
| 10 | | |
| 11 | | _____ |
| | | Adam Pezen |
| 12 | | Plaintiff |
| 13 | **DATED:** May 4, 2020 | ROBBINS GELLER RUDMAN & DOWD LLP |
| | | Shawn A. Williams |
| 14 | | John H. George |
| | | Patrick J. Coughlin |
| 15 | | Ellen Gusikoff Stewart |
| | | Lucas F. Olts |
| 16 | | Randi D. Bandman |
| 17 | | |
| | | Paul J. Geller (*pro hac vice*) |
| 18 | | Stuart A. Davidson (*pro hac vice*) |
| | | Christopher C. Gold (*pro hac vice*) |
| 19 | | |
| 20 | | _____ |
| | | Paul J. Geller |
| 21 | | Counsel for Plaintiffs and the Class |
| 22 | | |
| | | Post Montgomery Center |
| 23 | | One Montgomery Street, Suite 1800 |
| | | San Francisco, CA 94104 |
| 24 | | Telephone: 415/288-4545 |
| | | 415/288-4534 (fax) |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | |

1

2    DATED:  May 4, 2020                    CARLO LICATA

3                                           _____
                                                        Carlo Licata
4                                           Plaintiff
     DATED:  May 4, 2020                    NIMESH PATEL
5

6
                                            _____
7                                                       Nimesh Patel
                                            Plaintiff
8
     DATED:  May 4, 2020                    ADAM PEZEN
9

10

11                                          _____
                                                        Adam Pezen
12                                          Plaintiff

13   DATED:  May 4, 2020                    ROBBINS GELLER RUDMAN & DOWD LLP
                                            Shawn A. Williams
14                                          John H. George
                                            Patrick J. Coughlin
15                                          Ellen Gusikoff Stewart
                                            Lucas F. Olts
16                                          Randi D. Bandman

17
                                            Paul J. Geller (pro hac vice)
18                                          Stuart A. Davidson (pro hac vice)
                                            Christopher C. Gold (pro hac vice)
19

20                                          _____
                                                       Paul J. Geller
21                                          Counsel for Plaintiffs and the Class

22
                                            Post Montgomery Center
23                                          One Montgomery Street, Suite 1800
                                            San Francisco, CA  94104
24                                          Telephone:  415/288-4545
                                            415/288-4534 (fax)
25

26

27

28

STIPULATION OF CLASS ACTION SETTLEMENT - 3:15-cv-03747-JD                    - 30 -

1  DATED:  May 5, 2020

2                                          LABATON SUCHAROW LLP
                                           Michael P. Canty (*pro hac vice*)
                                           Corban S. Rhodes (*pro hac vice*)

3

4                                          _____
                                                   Michael P. Canty

5                                          Counsel for Plaintiffs and the Class

6                                          140 Broadway

7                                          New York, NY  10005
                                           Telephone:  212/907-0700

8                                          212/818-0477 (fax)

9  DATED:  May 4, 2020                     EDELSON PC
                                           Jay Edelson (*pro hac vice*)

10                                         Benjamin Richman (*pro hac vice*)
                                           Alexander G. Tievsky (*pro hac vice*)

11
                                           Rafey S. Balabanian (315962)

12                                         J. Aaron Lawson (319306)
                                           Lily Hough (315277)

13

14                                         _____

15                                                    Jay Edelson
                                           Counsel for Plaintiffs and the Class

16                                         350 North LaSalle Street, 14th Floor

17                                         Chicago, IL  60654
                                           Telephone:  312/589-6370

18                                         312/589-6378 (fax)

19                                         123 Townsend Street

20                                         San Francisco, CA 94107
                                           Telephone: 415/212-9300

21                                         415/373-9435 (fax)

22

23

24

25

26

27

28

STIPULATION OF CLASS ACTION SETTLEMENT - 3:15-cv-03747-JD                          - 31 -

DATED:  May 4, 2020

LABATON SUCHAROW LLP
Michael P. Canty (*pro hac vice*)
Corban S. Rhodes (*pro hac vice*)

_____
Michael P. Canty

Counsel for Plaintiffs and the Class

140 Broadway
New York, NY  10005
Telephone:  212/907-0700
212/818-0477 (fax)

DATED:  May 4, 2020

EDELSON PC
Jay Edelson (*pro hac vice*)
Benjamin Richman (*pro hac vice*)
Alexander G. Tievsky (*pro hac vice*)

Rafey S. Balabanian (315962)
J. Aaron Lawson (319306)
Lily Hough (315277)

_____
Jay Edelson

Counsel for Plaintiffs and the Class

350 North LaSalle Street, 14th Floor
Chicago, IL  60654
Telephone:  312/589-6370
312/589-6378 (fax)

123 Townsend Street
San Francisco, CA 94107
Telephone: 415/212-9300
415/373-9435 (fax)

DATED: May ~~1,~~ 2020
4

Facebook, Inc.

*Paul Grewal*

_____
Paul Grewal
Vice President & Deputy General Counsel

**APPROVED AS TO FORM**

DATED:  May 1, 2020

COOLEY LLP
Michael G. Rhodes (116127)
Whitty Somvichian (194463)

*Michael G. Rhodes*

_____
Michael G. Rhodes
Counsel for Defendant Facebook, Inc.

101 California Street, 5th Floor
San Francisco, CA 94111-5800
Telephone: 415/693-2000
415/693-2222 (fax)

**EXHIBIT A**

*In re Facebook Biometric Information Privacy Litig., 3:15-cv-03747-JD (N.D. Cal.)*

<u>CLAIM FORM</u>

*Instructions.* You may be eligible for a payment as part of the settlement of this case. **You may only submit one claim and duplicate claims will be rejected.** To submit a claim for payment, provide all the information requested, and select how you would like to receive your payment. You must submit your claim by [DEADLINE]

| <u>First Name</u> | | <u>Last Name</u> | |
|---|---|---|---|
| <u>Street Address</u> | | | |
| <u>City</u> | <u>State</u> | | <u>ZIP Code</u> |
| <u>Email address</u> or phone number associated with your Facebook account | | | |
| | | | |

*Select Payment Method.* Select the box of how you would like to receive your payment and provide the requested information. {*subject to confirmation with claims admin*}

    Check            Zelle®            PayPal®           ACH Direct Deposit

[Based on the selection, the claimant will be prompted to provide the information the Settlement Administrator requires to complete the payment]

**[Claimant will submit the initial information above, it will be compared against the lists provided to the settlement administrator in real time, and if the claimant is on the class notice list and there is a record of a template, then they will see the following.]**

<u>**Class Member Affirmation**</u> [if email above is on class list]: By submitting this Claim you affirm that to the best of your knowledge, that between June 7, 2011 and [DATE OF PRELIMINARY APPROVAL ORDER], you lived in the State of Illinois for a period of at least 183 days (6 months)(time traveling or taking a vacation can be included).

E-Signature: _____    Date: ___ ___/ ___ ___/ ___ __

**[If the claimant is not on the class notice list, they will be presented with the following questions.**

**Class Member Affirmation** [if email above is not on class list]: Your information was not identified as being associated with a class member. You can still submit a Claim by providing additional information to help us determine if you are eligible. Check each box that applies and provide the information requested. By submitting this Claim you affirm under penalty of perjury that, to the best of your knowledge, each box you check and the information you provide is true and accurate.

☐      Between June 7, 2011 and [DATE OF PRELIMINARY APPROVAL ORDER], I lived in the state of Illinois for a period of at least 183 days (6 months) and had a Facebook account during that time. (time traveling or taking a vacation can be included)

[if selected] Provide the approximate dates and addresses where you lived in Illinois during that time:

Date: ___ ___/ ___ ___/ ___ ___   to Date: ___ ___/ ___ ___/ ___ ___

| **Street Address** | | |
|---|---|---|
| | | |
| **City** | **State** | **ZIP Code** |
| | | |

[add option to click to use the address provided in the first part of the form if it is an Illinois address]

Click here to add an additional address.

☐      During the time I lived in Illinois, I uploaded at least one Facebook profile picture that included my face or was tagged in at least one photo with my face.

**[If the claimant is on the class notice list but there is no record of a template, they will be presented with the following questions.]**

**Class Member Affirmation**: Your information was not identified as being associated with a class member. You can still submit a Claim by providing additional information to help us determine if you are eligible. Check each box that applies and provide the information requested. By submitting this Claim you affirm under penalty of perjury that, to the best of your knowledge, each box you check and the information you provide is true and accurate.

☐      Between June 7, 2011 and [DATE OF PRELIMINARY APPROVAL ORDER], I lived in the state of Illinois for a period of at least 183 days (6 months) and had a Facebook account during that time. (time traveling or taking a vacation can be included)

☐      During the time I lived in Illinois, I uploaded at least one Facebook profile picture that included my face, or was tagged in at least one photo with my face.

Signature: _____   Date: ____ - ____ - _____
                                                                        (MM-DD-YY)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT B**

**Screen 1**



### Please Review the Face Recognition Setting

Your face recognition setting is off. We want to let you know what face recognition is and how we use it, and then you can decide whether to turn it on or keep it off.

### How We Use Face Recognition

If you turn this setting on, we'll create your face recognition template and use it in the following types of ways:

- Find photos and video you're in so we can help you review or share content, suggest tags, and provide more relevant content and feature recommendations.

- Help protect you and others from impersonation and identity misuse, and improve platform reliability.

- Provide accessibility features by telling people with visual impairments who's in a photo or video.

### What We Collect

Face recognition is a technology that analyzes photos and videos you're in to calculate a unique number, called a "template." When your face recognition setting is on, we create and use your template to compare it to analyses of other photos or video to recognize if you appear in that content.

We don't share your template with anyone. We'll keep your template while your account is active but will delete it if you turn your face recognition setting off.

Continue

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Screen 2 – Reached Only By Class Members That Click "Continue"**



## Do you want to turn on the face recognition setting?

To understand how we use face recognition, please see the previous page. These examples help explain how your experience changes if you turn the setting on or keep it off. You can always manage this later in Settings.

### When this setting is on:

- We can notify you about photos you're in but haven't been tagged in.
- We can help protect against someone using your photo to impersonate you.
- We can tell people with visual impairments when you're in a photo or video through a screen reader.

### When this setting is off:

- We'll still notify you when someone tags you in a photo.
- We won't be able to use face recognition to help stop someone from impersonating you, but we'll continue to work to protect your account in other ways.
- People with visual impairments will be told you're in a photo only if you're tagged.

Back                                    Keep Off    Turn On

**EXHIBIT C**

FROM: NOTICE@CLASSACTIONADMIN.COM
TO: JANEQCLASSMEMBER@GMAIL.COM
RE: LEGAL NOTICE OF CLASS ACTION SETTLEMENT

*In re Facebook Biometric Information Privacy Litigation*, Case No. 3:15-cv-03747-JD

**IF YOU ARE OR WERE A FACEBOOK USER LOCATED IN ILLINOIS AND
APPEARED IN A PICTURE UPLOADED TO FACEBOOK AFTER JUNE 7, 2011,
YOU MAY BE ENTITLED
TO GET A PAYMENT FROM A CLASS ACTION SETTLEMENT**

*A federal court authorized this Notice. You are <u>not</u> being sued.  This is <u>not</u> a solicitation from a lawyer.*

A settlement has been reached in a class-action lawsuit against Facebook, Inc. ("Facebook").

This lawsuit alleges that Facebook violated the Illinois Biometric Information Privacy Act ("BIPA") by collecting and storing Illinois Facebook users' biometric data, through the processing of user photos for its "Tag Suggestions" feature and other features involving facial recognition technology, without adequate prior notice and consent. BIPA is an Illinois state law that prohibits the collection and storage of an individual's biometric information without his or her informed consent.  Facebook denies any and all allegations of wrongdoing and liability.

The lawsuit is known as *In re Facebook Biometric Information Privacy Litigation*, Master File No. 3:15-CV-03747-JD (N.D. California).  Facebook denies all claims and that it violated any law, but has agreed to the Settlement to avoid the uncertainties and expenses associated with continuing the case.

**AM I A CLASS MEMBER?**

If you are or were a Facebook user in Illinois who uploaded a photograph of yourself or had a photograph of you uploaded to Facebook in which you were tagged after June 7, 2011, you might be part of the Class. The Court-certified Class is "Facebook users located in Illinois for whom Facebook created and stored a face template after June 7, 2011." However, if photographs of you that were uploaded to Facebook (by yourself or others) after June 7, 2011 **did not** result in the creation and storage of a face template while you lived in Illinois, you are **not** part of the Class.

To be a Class Member entitled to claim under the Settlement, you must have lived in the State of Illinois for a period of at least 183 days (6 months). Time spent traveling or taking a vacation can be included in this time period and does not make you ineligible.

Facebook's records were used to determine who is part of the Class and those people should have received an email and notice through the Facebook platform. For more information, please visit www.[wesbite].com.

## WHAT PAYMENT CAN I GET?

If the Settlement is approved by the Court, Facebook will establish a Settlement Fund of $550,000,000 to pay all valid claims submitted by Class Members, as well as notice and administration expenses, attorneys' fees and expenses, and service awards for the Class Representatives. If you are a Class Member, you may submit a claim to receive a *pro rata* share of the Settlement Fund.  Payments are estimated to be between $ 150 and $ 300, depending on the number of valid claims submitted and the fees, costs, expenses and awards approved by the Court.

In addition, Facebook has agreed to turn its Face Recognition feature off for all Class Members and will delete existing face templates for Class Members unless they provide express consent to turn Face Recognition on within 180 days of the settlement becoming final.  This process will not apply to Class Members who signed up for Facebook after September 2019 (when Face Recognition was set to off by default for new users) or Class Members who already manually enabled Face Recognition for themselves after Facebook disabled the feature for them.

## HOW DO I GET A PAYMENT?

You must submit a timely and properly completed Claim **no later than [claims deadline]**. Claims can be made by clicking here. Or, you may submit one online at www.[website].com, download the claim form from the Settlement Website and mail it in, or request that a form be mailed to you by contacting the Settlement Administrator using the contact information below.

## WHAT ARE MY OTHER OPTIONS?

If you are a Class Member and do not want to agree to your share under the Settlement and want to keep your rights to sue Facebook yourself about the collection and storage of biometric data at issue in this lawsuit, you must exclude yourself from the Class **no later than [objection/exclusion deadline]**. If you exclude yourself from the Class, you will not receive any money from the Settlement.

If you stay in the Class, you may object to any aspect of the Settlement, including the requests for attorneys' fees, costs, expenses, and awards to the Class Representatives. You and/or your lawyer also have the right to appear before the Court. Your written objection must be filed no later than [**objection/exclusion deadline**].

Specific instructions about how to object or exclude yourself from the Class are available at www.[website].com.

If you do nothing, and the Court approves the Settlement, you will receive no money, but will be bound by all orders of the Court and judgments in this case. In addition, your claims relating to the collection and storage of biometric data at issue in this lawsuit will be released.

## WHO REPRESENTS YOU?

The Court has appointed lawyers from the firms Edelson PC ("Edelson"), Robbins Geller Rudman & Dowd LLP ("Robbins Geller"), and Labaton Sucharow LLP ("Labaton Sucharow") to represent the Class as "Class Counsel."  You do not have to pay Class Counsel or anyone else to participate.

Class Counsel intend to request that the Court award them attorneys' fees from the Settlement Fund not to exceed 25%, plus litigation costs and expenses. In addition, each of the three Class Representatives will request awards not to exceed $7,500 each for their service on behalf of the Class. If you want to be represented by your own lawyer in this case, you may hire one at your expense. Adam Pezen, Nimesh Patel, and Carlo Licata are Class Members like you and the Court appointed them as the "Class Representatives."

### WHEN WILL THE COURT CONSIDER THE PROPOSED SETTLEMENT?

The Court has scheduled a final hearing on the Settlement of this case at [time] on [month] day, 2020 at the Philip Burton Federal Building and Courthouse, 450 Golden Gate Avenue, Courtroom 11, 19th floor, San Francisco, CA 94102, to consider: whether to approve the Settlement; any objections; and the requests for awards to the Class Representatives, and attorneys' fees, costs and expenses to Class Counsel for their work in this litigation. The briefs and declarations in support of these requests will be posted on the Settlement Website, www.[website].com, after they are filed. You may ask to appear at the hearing but you do not have to. Especially given the national health emergency, the date, time and location of the hearing may be subject to change, as will the manner in which class members might appear at the hearing. Please review the Settlement Website for any updated information regarding the final hearing.

### HOW DO I GET MORE INFORMATION?
**This notice is only a summary**. For more information about the case and the Settlement, including a detailed Long Form Website Notice and other documents about this lawsuit and your rights, visit www.[website].com, contact the administrator at 1-866-637-9458, write to *In re Facebook Biometric Information Privacy Litigation*, Settlement Administrator, c/o [address], or call Class Counsel Edelson (866) 354-3015, Robbins Geller (800) 449-4900, and Labaton Sucharow (888) 219-6877.

### PLEASE DO NOT CALL OR WRITE THE COURT OR FACEBOOK
### FOR INFORMATION OR ADVICE

1

**EXHIBIT D**

2

**Jewel Notice**

3

Court notice: You may be entitled to a payment as part of an Illinois-law class action over

4

Facebook's face recognition technology

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT E

## News Feed Notice

You may be entitled to a payment from a class action of Illinois Facebook users claiming that Facebook violated Illinois law by collecting and storing biometric information through its use of face recognition technology without adequate prior notice or consent. Facebook denies the allegations. If you are a Class Member, the lawsuit affects your rights.  [Info & Claim]

**EXHIBIT F**
*Court Ordered Legal Notice*

**FACEBOOK USERS LOCATED IN ILLINOIS WHO APPEARED IN A PICTURE UPLOADED TO FACEBOOK AFTER JUNE 7, 2011, MAY BE ENTITLED TO A PAYMENT FROM A CLASS ACTION SETTLEMENT**

A proposed class action settlement has been reached with Facebook, Inc. ("Facebook") in a case claiming that it violated an Illinois statute by collecting and storing Illinois Facebook users' biometric information, through its "Tag Suggestions" and other features involving facial recognition technology, without adequate prior notice or consent. Facebook denies all claims and that it violated any law or provided services without people's consent, but has agreed to the Settlement to avoid the uncertainties and expenses associated with continuing the case.

**AM I A CLASS MEMBER?**

The Court-certified Class in this case is, "Facebook users located in Illinois for whom Facebook created and stored a face template after June 7, 2011." You may be a Class Member if you are or were a Facebook user in Illinois who uploaded a photograph of yourself, or had a photograph of you uploaded, to Facebook after June 7, 2011.

**WHAT DOES THE SETTLEMENT PROVIDE?**

Facebook will establish a Settlement Fund of $550,000,000, if the Settlement is approved by the Court.  If you are a Class Member, you may submit a claim to receive a share of the Settlement Fund. Payments are estimated to be between $150 and $300, depending on the number of valid claims submitted and the fees, costs, expenses, and awards approved by the Court that are all paid from the fund. Facebook has also agreed to turn its Face Recognition feature off for all Class Members (subject to some exceptions) and will delete existing face templates for Class Members unless they provide express consent to turn Face Recognition on within 180 days of the settlement becoming final.

**WHAT ARE MY RIGHTS & OPTIONS?**

**File a claim.** The only way to receive payment is to file a Claim. If the Court approves the Settlement, you will receive a payment, and you will be bound by the Court's ruling regarding these claims. **Do Nothing.** You will not receive a payment, but you will be bound by the Settlement, including the Release, and all orders and judgments of the Court. **Exclude Yourself.** You won't get a payment but you'll keep your right to sue about these claims. You must contact the Settlement Administrator by email or mail to exclude yourself. **Object.** You can also object to the Settlement and Class Counsel's request for attorneys' fees and expenses if you disagree with them. All claims, requests for exclusion, and objections must be received by [Claim/Exclusion/Objection Deadline]. The Court has appointed lawyers from the firm Edelson PC, Robbins Geller Rudman & Dowd LLP, and Labaton Sucharow LLP to represent you as "Class Counsel." The lawyers will request to be paid from the Settlement Fund. You can hire your own lawyer, but you'll need to pay your own legal fees.

The Court will hold a final hearing on the Settlement of this case at [time] on [month] day, 2020 at the Philip Burton Federal Courthouse, 450 Golden Gate Ave, Courtroom 11, 19th floor, San Francisco, CA 94102. You can go to this hearing, but you do not have to. The Court will hear any objections, determine if the Settlement is fair, and consider Class Counsels' request for attorneys' fees of up to 25% of the Settlement Fund plus expenses, and an incentive award to the Class Representatives. Any money not awarded will stay in the Settlement Fund to pay Class Members who file valid claims. Class Counsels' request for fees, expenses, and an incentive award will be posted on the settlement website after they are filed.

**HOW DO I GET MORE INFORMATION?**

This notice is only a summary.  For information, including the Settlement other legal documents, visit www.[website].com or contact the administrator at 1-866-###-####. Please do not contact the Court or Facebook.

**EXHIBIT G**

United States District Court for the Northern District of California

**IF YOU ARE OR WERE A FACEBOOK USER LOCATED IN ILLINOIS AND APPEARED IN A PICTURE UPLOADED TO FACEBOOK AFTER JUNE 7, 2011, YOU MAY BE ENTITLED TO GET A PAYMENT FROM A CLASS ACTION SETTLEMENT.**

*A federal court authorized this Notice. You are <u>not</u> being sued. This is <u>not</u> a solicitation from a lawyer.*

- A settlement has been reached in a class action against Facebook, Inc. ("Facebook" or "Defendant"), which claims that Facebook unlawfully collected and stored the biometric data of Facebook users in Illinois with its "Tag Suggestions" feature and other features involving facial recognition technology.[2]

- You are included if you are or were a Facebook user located in Illinois for whom Facebook created and stored a face template after June 7, 2011 (the "Class").

- Class Members who file valid claims will be eligible to receive a *pro rata* portion of the $550,000,000 Settlement Fund, which Class Counsel anticipates will be approximately $150 to $300 per person, depending on the number of valid claims and deductions for Court-approved notice and administration expenses, attorneys' fees, litigation costs and expenses, and incentive awards to the Class Representatives.

- If you are a Class Member your legal rights are affected whether you act or do not act. Read this Notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS LAWSUIT | |
|---|---|
| **Submit a Claim Form** | The only way to get a payment. You must submit a valid Claim Form either online or by mail **no later than _____, 2020**. |
| **Object** | Write to the Court about why you do not like something about the Settlement **no later than _____, 2020**. |
| **Ask to be excluded from the Class** | To exclude yourself, you must affirmatively submit a request to be excluded. You will not share in the Settlement, but you will keep any rights to pursue your own lawsuit against Facebook for the same legal issues in this lawsuit. |
| **Go to a hearing on _____, 2020** | Ask to speak in Court about your opinion of the Settlement and/or the requests for attorney's fees, costs, expenses, and incentive awards. Requests to speak must be received by the Court and counsel for the Parties **no later than _____, 2020**. |

---

[2] The terms of the Settlement are in the Stipulation of Class Action Settlement, dated [XXX] (the "Settlement Agreement" or "Agreement"), which can be viewed at www.XXX.com. All capitalized terms not defined in this notice have the same meanings as in the Agreement.

| Do nothing | You will receive no payment, and you will give up your rights to sue Facebook separately about the same legal issues in this lawsuit. |
|---|---|

- These rights and options – **and the Court-ordered deadlines to exercise them** – are explained in this Notice.

The Court in charge of this litigation still has to decide whether to approve the Settlement. Payments will be made only if the Court approves the Settlement and after any appeals are resolved. Please be patient.

| **B.      WHAT THIS NOTICE CONTAINS** |
|---|

**BASIC INFORMATION** ................................................................................ **PAGE 3**

    1.   Why should I read this Notice?

    2.   What is this lawsuit about?

    3.   What is a class action and who is involved?

    4.   Why is there a settlement?

**WHO IS INCLUDED IN THE SETTLEMENT** ............................................... **PAGE 4**

    5.   Am I a part of the class?

    6.   Are there exceptions to being included?

    7.   I'm still unsure if I'm included?

**THE SETTLEMENT BENEFITS** .................................................................. **PAGE 5**

    8.   What does the settlement provide?

    9.   How much will my payment be?

    10.  How can I get a payment?

    11.  When will I get my payment?

    12.  What if I don't want a payment?

**REMAINING IN THE SETTLEMENT** ........................................................... **PAGE 6**

    13.  What am I giving up if I stay in the class?

    14.  What happens if I do nothing at all?

**THE LAWYERS REPRESENTING YOU** ....................................................... **PAGE 6-7**

    15.  Do I have a lawyer in this case?

    16.  Should I get my own lawyer?

    17.  How will the lawyers be paid?

**EXCLUDING YOURSELF FROM THE CLASS** ............................................. **PAGE 8-9**

    18.  How do I get out of the settlement?

    19.  If I do not exclude myself, can I sue Facebook for the same thing later?

    20.  If I exclude myself, can I get anything from the settlement?

    21.  How do I object or comment on the Settlement or the request for attorneys' fees, costs, expenses, and incentive awards?

    22.  What is the difference between objecting and excluding myself from the class?

**THE COURT'S FINAL APPROVAL HEARING** ............................................ **PAGE 10**

    23.  When and where will the court decide to approve the settlement?

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

24.   Do I have to come to the final approval hearing?

25.   May I speak at the final approval hearing?

**GETTING MORE INFORMATION** ................................................................................ **PAGE 11**

26.   How do I get more information?

BASIC INFORMATION

**1. Why should I read this Notice?**

The Court authorized this notice because you have a right to know about a proposed settlement of a class action lawsuit, and about all of your rights and options, before the Court decides whether to approve the Settlement. If the Court approves the Settlement, after any objections and appeals are resolved, an administrator will make the payments that the Settlement allows.

If you are or were a Facebook user located in Illinois and appeared in a picture uploaded to Facebook after June 7, 2011, you may be a Class Member.

**This notice explains the lawsuit, the Settlement, your rights, what payments are available, and how to get them**.

The Hon. James Donato of the United States District Court for the Northern District of California is overseeing this class action.   The lawsuit is known as *In re Facebook Biometric Information Privacy Litigation*, Case No. 3:15-CV-03747-JD.

**2. What is this lawsuit about?**

This lawsuit alleges that Facebook violated the Illinois Biometric Information Privacy Act ("BIPA") by collecting and storing Illinois Facebook users' biometric data, through the processing of user photos for its "Tag Suggestions" feature and other features involving facial recognition technology, without adequate prior notice and consent. BIPA is an Illinois state law that prohibits the collection and storage of an individual's biometric information without his or her informed consent.  Facebook denies any and all allegations of wrongdoing and liability.

**3. What is a class action and who is involved?**

In a class action lawsuit, one or more people called "Class Representatives" sue on behalf of other people who have similar claims. The people together are a "Class" or "Class Members." The Court appointed Plaintiffs Nimesh Patel, Adam Pezen, and Carlo Licata, who are each from Illinois and had face templates created and stored by Facebook, as the Class Representatives. The people who sue are called the "Plaintiffs." The people and entities the Plaintiffs sue (in this case Facebook) are called the "Defendants." One court resolves the issues for everyone in the Class – except for those people who choose to exclude themselves from the Class.

| 4. Why is there a Settlement? |
|---|

The Court has not decided whether Plaintiffs or Facebook should win this case. Instead, both sides agreed to a settlement. That way both sides avoid the cost and risks of trial, and Class Members will get guaranteed payments now rather than years from now, if at all.

More information about the Settlement and the lawsuit is available in the "Court Documents" section of the Settlement Website, or by accessing the Court docket in this case, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Northern District of California, San Francisco Courthouse, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

## WHO IS INCLUDED IN THE SETTLEMENT

To see if you can get a payment, you first need to decide whether you are affected by this lawsuit.

### 5. Am I part of the Class?

If you are or were a Facebook user in Illinois who uploaded a photograph of yourself or had a photograph of you uploaded to Facebook in which you were tagged after June 7, 2011, you might be part of the Class. The Court-certified Class is "Facebook users located in Illinois for whom Facebook created and stored a face template after June 7, 2011." However, if photographs of you that were uploaded to Facebook (by yourself or others) after June 7, 2011 **did not** result in the creation and storage of a face template while you lived in Illinois, you are **not** part of the Class.

To be a Class Member entitled to claim under the Settlement, you must have lived in the State of Illinois for a period of at least 183 days (6 months). Time spent traveling or taking a vacation can be included in this time period and does not make you ineligible.

Facebook's records were used to determine who is part of the Class and those people should have received an email and notice through the Facebook platform. For more information, please visit www.[website].com.

### 6. Are there exceptions to being included?

The following people are excluded from the Class: (1) any judge, magistrate, or mediator presiding over this Action and members of their immediate families; (2) Facebook, its subsidiaries, parent companies, successors, predecessors, and any entity in which the defendant or its affiliates have a controlling interest and its employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) Plaintiffs' counsel and Defendant's counsel; and (5) the legal representatives, successors, and assigns of any such excluded persons.

### 7. I'm still unsure if I am included.

If you are still not sure whether you are included, you can get free help at www.[website].com, by calling the Settlement Administrator at [1-800-###-####] or by calling the lawyers appointed to represent Class Members in this case, Edelson PC ("Edelson") of Chicago, Illinois (866) 354-3015, Robbins Geller Rudman & Dowd LLP ("Robbins Geller") of San Francisco, California (800) 449-4900, and Labaton Sucharow LLP ("Labaton Sucharow") of New York, New York (888) 219-6877. Please do not contact the Court or Facebook.

THE SETTLEMENT BENEFITS

**8. What does the Settlement provide?**

Facebook has agreed to create a Settlement Fund totaling $550,000,000, if the Settlement is approved by the Court. The following payments will come out of this fund: Class Member payments, the Settlement Administrator's fees and costs (for administering the Settlement and informing people about the Settlement), Court-approved attorneys' fees, costs and expenses, taxes and associated expenses owed on income earned by the Settlement Fund, and Court-approved awards to the Class Representatives for their representation of the Class.

In addition, Facebook has agreed to turn its Face Recognition feature off for all Class Members and will delete existing face templates for Class Members unless they provide express consent to turn Face Recognition on within 180 days of the settlement becoming final. This process will not apply to Class Members who signed up for Facebook after September 2019 (when Face Recognition was set to off by default for new users) or Class Members who already manually enabled Face Recognition for themselves after Facebook disabled the feature for them.

In addition, within 90 days of the settlement becoming final, Facebook will delete any face templates of any Class Members who have had no activity on Facebook for a period of three years as of the date the settlement is final.

**9. How much will my payment be?**

If you are a member of the Class you may submit a Claim Form to receive a portion of the Net Settlement Fund. The Net Settlement Fund is the portion of the Settlement Fund that remains after fees, costs, expenses, taxes and tax-related expenses, and class representative awards are deducted. The amount of your payment will depend on how many Class Members file valid claims and the amount of fees, costs, expenses, and awards deducted from the fund. Each Class Member who submits a valid claim will receive a proportionate share of the Net Settlement Fund, which Class Counsel anticipates will be approximately $150 to $300 per person. The Settlement Website will periodically be updated to provide the estimated payment amount based on the number of participating Class Members.

**10. How can I get a payment?**

If you are a Class Member and you want to receive a payment, you must complete and submit a valid Claim Form **no later than [Claims Deadline]**. Claim Forms can be found and submitted online through the Settlement Website, or through the mail. To submit a Claim Form online or to get a paper copy, go to www.[website].com. or call toll free, 1-800-000-0000.

We encourage you to submit your claim electronically. Not only is submitting online easier and more secure, but it is completely free and takes only minutes. You will also be able to

select the option of receiving your payment by a check or electronically through Zelle, PayPal, and direct deposit.

**11. When will I get my payment?**

Based on your selection on the Claim Form, you should receive a payment from the Settlement Administrator within 60 days after the Settlement has been finally approved and/or after any appeal process is complete, whichever occurs later. The hearing to consider final approval of the Settlement is scheduled for [Final Approval Hearing Date.] Even if the Court approves the Settlement there may be appeals. It is always uncertain whether and when appeals can be resolved, and resolving them can take time, perhaps more than a year.

All checks will expire and become void 90 days after they are issued. If appropriate, funds remaining from the initial round of uncashed checks or returned electronic payments may be used for a second distribution to participating Class Members and/or may be donated to one or more charity(ies) agreed on by the Parties and approved by the Court.

The Settlement Website will be updated to inform Class Members of the progress of the Settlement.  Please be patient.

**12. What if I do not want a payment?**

If you do not wish to receive a payment, do not submit a Claim Form.

### III.    REMAINING IN THE SETTLEMENT

**13. What am I giving up if I stay in the Class?**

Unless you exclude yourself, you are staying in the Class. That means that if the Settlement becomes final, you will release all claims against Facebook related to the alleged violations of the Illinois Biometric Information Privacy Act.  By releasing your legal claims, you are giving up the right to file lawsuits against, or seek further compensation from, Facebook for any harm related to alleged violations of BIPA – whether or not you are currently aware of those claims. If you remain in the Class, all of the Court's orders and the judgment in the case will apply to you and legally bind you.

Specifically, as defined in paragraph 1.25 of the Settlement Agreement, "Released Claims" means any and all claims or causes of action, whether known or unknown (including "Unknown Claims" as defined in the settlement), arising from or related to Plaintiffs' allegations regarding the alleged collection, storage, or dissemination of biometric data related to facial recognition technology from people located in Illinois, including all claims and issues that were litigated in the action or that could have been brought in the Action and claims for any violation of the Illinois Biometric Information Privacy Act ("BIPA") or other Illinois statutory or common law related to facial recognition. It is the Parties' expressly stated intent that the Settlement will effectuate a complete and total release of Facebook from any and all liability to the Class arising

out of or related to its implementation or use of facial recognition technology to the greatest extent permitted by law.

The Settlement Agreement is available through the "court documents" link on the Settlement Website. If you have any questions, you can talk to the lawyers listed in Question 15 for free, or you can, of course, talk to your own lawyer if you have questions about what the release means.

---

**14. What happens if I do nothing at all?**

---

If you are a Class Member and do nothing, you will not get any benefits from this Settlement. But, unless you exclude yourself, you will not be able to sue, or continue to sue, Facebook – as part of any other lawsuit – about the same legal claims that are being resolved by this Settlement.

THE LAWYERS REPRESENTING YOU

**15. Do I have a lawyer in this case?**

The Court has appointed the law firms of Edelson (866) 354-3015, Robbins Geller (800) 449-4900, and Labaton Sucharow (888) 219-6877 to represent you and all Class Members. These firms are called "Class Counsel." The law firms are experienced in handling similar class action cases. More information about Edelson, Robbins Geller, and Labaton Sucharow, their practices, and their lawyers' experience is available at www.edelson.com, www.rgrdlaw.com, and www.labaton.com.

They believe, after litigating the case for several years, that the Settlement Agreement is fair, reasonable, and in the best interests of the Class. You will not be separately charged for these lawyers. If you want to be represented by your own lawyer in this case, you may hire one at your expense.

**16. Should I get my own lawyer?**

You do not need to hire your own lawyer because Class Counsel is working on your behalf. But if you want your own lawyer, you will have to pay for that lawyer. For example, you can ask him or her to appear in Court for you if you want someone other than Class Counsel to speak for you.

**17. How will the lawyers be paid?**

Class Counsel's attorneys' fees, costs, and expenses will be paid in an amount to be determined and awarded by the Court. Class Counsel will make an application to be paid from the $550 million Settlement Fund. Class Counsel will apply for an attorney's fee award of no more than twenty five percent of the Settlement Fund, plus costs and expenses. Labaton Sucharow's allocation from the Fee Award will also be used by Labaton Sucharow to compensate its former liaison counsel, Law Offices of Norman Rifkind.

Class counsel will also ask the Court to approve service awards of up to $7,500 each to compensate the Class Representatives for their services on behalf of the Class.

Class Counsel's application for an award of attorney's fees, costs, and expenses and the service awards will be made available on the document page of the Settlement Website at www.[website].com on the date it is filed or as quickly thereafter as possible.

## EXCLUDING YOURSELF FROM THE CLASS

**18. How do I get out of the Settlement?**

To exclude yourself from the Class, and no longer be part of the Settlement, you must mail or otherwise submit a letter by email or mail stating that you want to be excluded from the Class in *In re Facebook Biometric Information Privacy Litigation*, Case No. 3:15-cv-03747-JD. Your request for exclusion must include your name, address, email address, and your signature. If your email address is different than the email address associated with your Facebook account, please also include an email address associated with your account or a mobile phone number associated with your account.  You must mail or submit your exclusion request **no later than** [objection/exclusion deadline], to:

In re Facebook Biometric Privacy Settlement Administrator

[email & U.S. Mail Address]

**19. If I do not exclude myself, can I sue Facebook for the same thing later?**

No. Unless you exclude yourself, you give up any right to sue Facebook for the claims being resolved by this Settlement. If you have a pending case against Facebook, **please speak with your attorney immediately**.

**20. If I exclude myself, can I still get anything from the Settlement?**

No. If you exclude yourself, you should not submit a Claim Form to ask for benefits because you will no longer be eligible for any.

#### IV.   OBJECTING TO OR COMMENTING ON THE SETTLEMENT

**21. How do I object or comment on the Settlement or the request for attorneys' fees, costs, expenses, and incentive awards?**

If you do not exclude yourself from the Class, you can comment on, or object to, the Settlement, Class Counsel's request for attorney's fees, costs and expenses, and or the request for service awards for the Class Representatives.

You can ask the Court to deny approval by filing an objection. You cannot ask the Court to order a different settlement; the Court can only approve or reject the settlement.  If the Court denies approval, no settlement payments will be sent out, and the litigation will continue.  If that is what you want to happen, you must object.

Any objection to the proposed settlement must be in writing. If you file a timely written objection, you may, but are not required to appear at the Final Approval Hearing, either in person or through your own attorney.  If you appear through your own attorney, you are responsible for hiring and paying that attorney.

All written objections must contain the following:

- The name and case number of this lawsuit (*In re Facebook Biometric Information Privacy Litigation*, Master File No. 3:15-CV-03747-JD);
- Your full name, mailing address, email address, and telephone number;
- If you use a different email address or telephone number for your Facebook account, please also provide that information;
- An explanation of why you believe you are a Class Member;
- A statement that identifies whether you are objecting only on your own behalf, on behalf of a subsection of the Class, or on behalf of the Class as a whole;
- All reasons for your objection or comment, including all citations to legal authority and evidence supporting the objection;
- Whether you intend to personally appear and/or testify at the Final Approval Hearing (either personally or through counsel), and what witnesses you will ask to speak;
- The name and contact information of any and all attorneys representing, advising, and/or assisting you, including any counsel who may be entitled to compensation for any reason related to your objection or comment, who must an appearance with the Court in accordance with the Local Rules; and
- Your handwritten or electronically imaged signature. An attorney's signature, or typed signature, is not sufficient.

To be considered by the Court, your comment or objection must be received by the Court either by mailing it to the Class Action Clerk, United States District Court for the Northern District of California, Phillip Burton Federal Building & U.S. Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102, or by filing it in person at any location of the United States District Court

for the Northern District of California. **To be considered, your comment or objection must be filed or postmarked on or before the [objection/exclusion deadline]**

| **22. What is the difference between objecting and excluding myself from the Class?** |
| --- |

Objecting means that you disagree with some aspect of the Settlement and think the Court should not approve what you are objecting to. An objection, or a comment, allows your views to be heard in court. You can object only if you stay in the Class.

Excluding yourself from the Class means that you are no longer a Class Member and do not want the Settlement to apply to you. Once you are excluded, you lose any right to receive any benefits from the Settlement or to object to any aspect of the Settlement because the case no longer affects you.

**THE COURT'S FINAL APPROVAL HEARING**

**23. When and where will the Court decide whether to approve the Settlement?**

The Court is scheduled to hold the Final Approval Hearing on _____, 2020 at _ _.m. in Courtroom 11 of the United States Courthouse, 450 Golden Gate Ave.,19th Floor, San Francisco, CA. The hearing may be rescheduled to a different date or time or location without another notice to Class Members. Especially given the national health emergency, the date, time and location of the hearing may be subject to change, as will the manner in which class members might appear at the hearing. Please review the Settlement Website for any updated information regarding the final hearing.

At the Final Approval Hearing, the Court will consider whether the Settlement is fair, reasonable and adequate. If there are objections, the Court will consider them. The Court may listen to people who appear at the hearing and who have provided notice of their intent to appear at the hearing. The Court may also consider Class Counsel's application for attorney's fees, costs and expenses and for service awards to Class Representatives.

**24. Do I have to come to the Final Approval Hearing?**

No. Class Counsel will answer any questions the Court may have. You may attend at your own expense if you wish.  If you submit a written objection or comment, you do not have to come to the Court to talk about it.  As long as you submit your written objection or comment on time, and follow the requirements above, the Court will consider it. You may also pay your own attorney to attend, but it is not required.

**25. May I speak at the Final Approval Hearing?**

Yes. You may ask the Court for permission to speak at the Final Approval Hearing. At the hearing, the Court, in its discretion, will hear any objections and arguments concerning the fairness of the Settlement and/or Class Counsel's request for attorneys' fees, costs, expenses, and incentive awards.

To do so, you must include in your objection or comment a statement saying that it is your "Notice of Intent to Appear in *In re Facebook Biometric Information Privacy Litigation*, Case No. 3:15-cv-03747-JD. It must include your name, address, email, telephone number and signature as well as the name and address of your lawyer, if one is appearing for you. Your submission and notice of intent to appear must be filed with the Court and be received **no later than [objection/exclusion deadline]**.

You cannot speak at the hearing if you exclude yourself from the Class.

## V.    GETTING MORE INFORMATION

**26. How do I get more information?**

This notice summarizes the proposed Settlement.  More details are in the Stipulation of Class Action Settlement, in the Court's orders, and other relevant documents, which are available online at www.[website].com.

You can also get information about this case by accessing the Court docket, for a fee, through the Court's Public Access to Court Electronic (PACER) system at https://ecf.cand.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Northern District of California, *San Francisco Courthouse*, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

You may also contact the Settlement Administrator at 1-866-637-9458 or write to *In re Facebook Biometric Information Privacy Litigation*, Settlement Administrator, c/o Gilardi & Co LLC, P.O. Box 404002, Louisville, KY 40233-4002, or call Class Counsel Edelson (866) 354-3015, Robbins Geller (800) 449-4900, and Labaton Sucharow (888) 219-6877.

**PLEASE DO NOT TELEPHONE THE COURT OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THIS SETTLEMENT OR THE CLAIM PROCESS.**

**All questions regarding the Settlement or claims process should be directed to the Settlement Administrator or to Class Counsel.**

BY ORDER OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA