# Exhibit 2

```
                                                     Pages 1 - 60

             UNITED STATES DISTRICT COURT

           NORTHERN DISTRICT OF CALIFORNIA

          BEFORE THE HONORABLE JAMES DONATO

                                         )
IN RE FACEBOOK BIOMETRIC                 ) No. C 15-3747 JD
INFORMATION PRIVACY LITIGATION           )
                                         )  San Francisco, California
                                         )  May 21 2018
_____)  10:00 a.m.


              TRANSCRIPT OF PROCEEDINGS
```

**APPEARANCES**:

**For Plaintiff:**        ROBBINS GELLER RUDMAN & DOWD, LLP
                          One Montgomery Street
                          Suite 1800
                          San Francisco, California 94104
                    **BY: SHAWN WILLIAMS, ESQ.**
                         **JOHN GEORGE, ESQ.**


                          ROBBINS GELLER RUDMAN & DOWD, LLP
                          655 West Broadway
                          Suite 1900
                          San Diego, California 92101
                    **BY: PATRICK J. COUGHLIN, ESQ.**


                          LABATON AND SUCHAROW, LLP
                          140 Broadway
                          34th Floor
                          New York, New York 10005
                    **BY: LAWRENCE A. SUCHAROW, ESQ.**


         **(APPEARANCES CONTINUED ON FOLLOWING PAGE)**


*Reported By:*   *Debra L. Pas, CSR 11916, CRR, RMR, RPR*
                 *Official Reporter - US District Court*
                 *Computerized Transcription By Eclipse*

**APPEARANCES:  (CONTINUED)**


**For Defendant:**             MAYER BROWN, LLP
                               1221 Avenue of the Americas
                               New York, New York 10020
                       **BY:  LAUREN R. GOLDMAN, ESQ.**



                               MAYER BROWN, LLP
                               1909 K Street, NW
                               Washington, DC 20006
                       **BY:  ARCHIS PARASHARAMI, ESQ.**



                               MAYER BROWN, LLP
                               71 South Wacker Drive
                               Chicago, Illinois 60606
                       **BY:  VINCENT J. CONNELLY, ESQ.**



**Also Present:**              **Nikki Stitt Sokol**
                               Associate General Counsel - Facebook


                                      - - -

```
 1   Monday - May 21, 2018                              10:02 a.m.
 2                        P R O C E E D I N G S
 3                              ---oOo---
 4
 5          THE CLERK:  Calling Case No. 15-3747, In Re Facebook
 6   Biometric Information Privacy Litigation.
 7       Counsel?
 8          MR. WILLIAMS:  Good morning, your Honor.  Shawn
 9   Williams, Robbins Geller Rudman and Dowd.
10       I'm also here with my colleagues Patrick Coughlin and John
11   George from my firm, and Corban Rhodes from the Labaton firm,
12   on behalf of plaintiff.
13          THE COURT:  Okay.
14          MS. GOLDMAN:  Good morning, your Honor.  Lauren
15   Goldman of Mayer Brown on behalf of Facebook.
16       I'm here today with Archis Parasharami, who I think you
17   met before, who will be covering the class action notice
18   issues; with my partner Vincent Connelly, who is one of the
19   people who will be trying the case; and with Nikki Sokol from
20   Facebook.
21          THE COURT:  All right.  Okay.  We're going to power
22   through the notice issue.  Why don't you both -- both come on
23   up.
24       All right.  Now, let's talk about a couple of things
25   first.  Who is going to do what?
```

```
 1   gatekeeping time; right?
 2              MR. PARASHARAMI:  Yeah.  I wonder if that is,
 3   unfortunately, way too small just because of the --
 4              THE COURT:  Let's talk about that.
 5       How about -- you know, it's possible you could be on a
 6   business trip or maybe a trial in the Northern District for two
 7   months.  How about --
 8              MR. WILLIAMS:  I think it's fair to say just a month.
 9   If you're in Illinois for a month, that means that you have at
10   least some business or social issue that requires you to be
11   there, use the services of, you know, the state or city that
12   are available to you.  And even if you don't have a plan to
13   stay forever or a year, that a month, I think, puts you in a
14   position where you're actually -- you're there and it's a
15   meaningful period of time.
16              MR. PARASHARAMI:  There is sort of an indeterminacy
17   to that that I think is problematic.
18       And I guess the other point I would make is that this a
19   predicted home location.  It's not as though we know for sure;
20   right?
21       So I guess my take is that if it's a relatively short
22   time, it's really not enough to know if they are there.
23       You know, I'm not trying to play games or anything like
24   that.  I think it makes sense to have something that is, you
25   know, tied to other standards in the law.
```

1          So one example might be residency for tax purposes, which
2    is --
3               **THE COURT:**  That's a year, though.  That's too long.
4               **MR. PARASHARAMI:**  Well, often they say 100- -- you
5    know, let's say over six months.  183 days is the IRS
6    requirement, just as an example.
7          I mean, I think, to me, that might be better than the
8    alternative of, like, one week or one month.  There is --
9               **THE COURT:**  Let's just think this through.  Now, this
10   is notice.  Okay?  This is not writing checks.  There is -- a
11   lot of things have to happen before that ever happens.
12         Now, it's okay to be -- throw a wider net, cast a wider
13   net for notice.  It may be that we use a shorter time period
14   for notice, but should the day come -- and who knows, maybe it
15   won't, but should the day come that claim forms get submitted,
16   we tighten it up.  And, you know, you -- if it's less than
17   three months, we'll just presume you were a transient and
18   you're not going to be eligible to get any of the damages that
19   might be awarded.
20              **MR. WILLIAMS:**  I think that makes sense.
21              **THE COURT:**  We could do it that way.
22              **MR. WILLIAMS:**  I think it makes sense.  Wider in the
23   beginning and narrow it later.
24              **THE COURT:**  Okay.  So -- yes.
25              **MR. PARASHARAMI:**  I guess the other thing I would say

## CERTIFICATE OF OFFICIAL REPORTER

I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

_____

Debra L. Pas, CSR 11916, CRR, RMR, RPR

Tuesday, May 22, 2018