# Exhibit 3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

IN RE FACEBOOK BIOMETRIC
INFORMATION PRIVACY LITIGATION

THIS DOCUMENT RELATES TO:

ALL ACTIONS

Master Docket No.: 3:15-CV-03747-JD

**DECLARATION OF JEFFREY L. BLEICH**

1.     I am a mediator retained by Plaintiffs' Class Counsel and by Counsel for Defendant Facebook Inc. on behalf of their clients to assist all parties in resolving by settlement all claims presented in In re Facebook Biometrics Information Privacy Litigation, 3:15-cv-03747-JD (U.S. District Court, N.D. Cal). I submit this declaration in the context of this Court's evaluation of the adequacy and fairness of the settlement terms, to provide information regarding the considerations that informed the parties in the process of reaching the final terms of their agreement. I have personal knowledge of the matters stated here and if called as a witness would and could testify competently thereto.

2.     On January 15, 2020, the parties and their counsel participated actively with me in an 11-hour mediation.  The participants had conducted two prior mediations with other mediators, and they advised me as well about agreements they had already reached in those sessions on certain non-

monetary terms.  At the conclusion of the mediation, the parties reached an agreement in principle on all terms, including an agreement under which Facebook would pay $550,000,000 to the Plaintiff class.  The parties also agreed to work in good faith to reduce their agreement to writing and to address any questions with respect to details of the final terms.  To the extent that any matters proved difficult to work through privately, the parties further agreed to retain me to continue as their mediator and, as needed, to arbitrate any outstanding questions.

3.     Consistent with that agreement, the parties and their counsel have engaged in a lengthy series of discussions over the past 90 days to ensure that all terms were adequately considered and determined to be fair and just.  The parties also sought – for purposes of efficiency – to anticipate and address all issues potentially of interest to the Court.  Based on my 30 years of experience practicing law, including privacy and class action disputes, as well as my service in various roles overseeing the performance of counsel (including as President of the State Bar of California, and the Vice-Chair of the California Rules Revision Commission), I believe that the parties in fact devoted their best efforts to ensuring that all interests were fairly represented and, as a result, the final settlement in fact accounts for the concerns of prospective class claimants.

4.     In anticipation of the Court's review of their agreement, the parties carefully reviewed past rulings of the Court to ensure compliance with guidance from the Court.  For example, because the parties reached this agreement prior to distribution of class notice, the parties studied the Court's statement that the class of persons eligible to receive claims should be "People of Illinois" rather than transients, and class members' contacts would need to be more substantial than the minimum contacts that had been selected for receiving class notice.  To this end, the parties considered numerous definitions relating to Illinois residency, and settled on one less stringent than required by Illinois tax law (full-year residency), and chose instead a more lenient standard based on half-year residency in the state which would not exclude students or individuals who took occasional trips outside the state during any half-year period.  Moreover, the parties reviewed the likely differences in potential numbers of claimants under alternative scenarios, and determined that the changes would not prejudice various types of legitimate claimants or significantly alter the per claimant share of the settlement.

DECLARATION OF JEFFREY BLEICH
3:15-CV-03747-JD

5.      The parties devoted similar care to ensuring that notice would be provided through methods most likely to reach all potential claimants.

6.      The parties carefully and thoughtfully considered various benchmarks, and determined that based on reliable estimates of the class size, that the per plaintiff compensation would be consistent with admonitions from the court regarding fair treatment of class members.  Specifically, the per plaintiff compensation is higher than average in other BIPA or analogous actions.  The parties considered the substantial risks and costs associated not only with trial and appeal, but also the interests of the class members in avoiding case-by-case determinations, in calibrating the damages amount. The parties also assessed the agreement in the aggregate and concluded that the settlement reached will be the largest privacy judgment of its kind, if approved by this Court.

7.      I declare under the laws of the United States of America that the foregoing is true and correct.


Dated: May 5, 2020


/s/ Jeffrey Bleich
Ambassador (ret.) Jeffrey L. Bleich

3.