| | |
|---|---|
| EDELSON PC<br>Jay Edelson (*pro hac vice*)<br>Benjamin H. Richman (*pro hac vice*)<br>Alexander G. Tievsky (*pro hac vice*)<br>350 North LaSalle Street, 14th Floor<br>Chicago, IL 60654<br>Telephone: (312) 589-6370<br>Fax: (312) 589-6379<br>jedelson@edelson.com | COOLEY LLP<br>Michael G. Rhodes (116127)<br>Whitty Somvichian (194463)<br>101 California Street, 5th Floor<br>San Francisco, CA 94111<br>Telephone: (415) 693-2000<br>Fax: (415) 693-2222<br>rhodesmg@cooley.com |
| ROBBINS GELLER RUDMAN & DOWD LLP<br>Shawn A. Williams (213113)<br>John H. George (292332)<br>One Montgomery Street, Suite 1800<br>San Francisco, CA 94104<br>Telephone: (415) 288-4545<br>Fax: (415) 288-4534<br>shawnw@rgrdlaw.com | MAYER BROWN LLP<br>Lauren R. Goldman (*pro hac vice*)<br>Michael Rayfield (*pro hac vice*)<br>1221 Avenue of the Americas<br>New York, NY 10020<br>Telephone: (212) 506-2500<br>lrgoldman@mayerbrown.com<br><br>John Nadolenco (181128)<br>350 South Grand Avenue, 25th Floor<br>Los Angeles, CA 90071<br>Telephone: (213) 229-9500<br>jnadolenco@mayerbrown.com |
| LABATON SUCHAROW LLP<br>Michael P. Canty (*pro hac vice*)<br>Corban S. Rhodes (*pro hac vice*)<br>140 Broadway<br>New York, NY 10005<br>Telephone: (212) 907-0700<br>Fax: (212) 818-0477<br>mcanty@labaton.com | |

Counsel for the parties

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re FACEBOOK BIOMETRIC INFORMATION PRIVACY LITIGATION<br><br>This Document Relates To:<br><br>  ALL ACTIONS. | Master File No. 3:15-cv-03747-JD<br><br>CLASS ACTION<br><br>[PROPOSED] ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT |

WHEREAS, an action is pending before this Court entitled *In re Facebook Biometric Information Privacy Litigation*, Master File No. 3:15-CV-03747-JD (the "Action");

WHEREAS, the Plaintiffs having moved, pursuant to Federal Rules of Civil Procedure 23(e), for an order preliminarily approving the settlement of the Litigation, in accordance with a Stipulation of Class Action Settlement (the "Stipulation"), which, together with the exhibits annexed thereto, sets forth the terms and conditions for a proposed settlement of the Action and for dismissal of the Litigation with prejudice upon the terms and conditions set forth therein; and the Court having read and considered the Stipulation and the exhibits annexed thereto;

WHEREAS, unless otherwise defined, all terms used herein have the same meanings as set forth in the Stipulation; and

WHEREAS, the Court has read and considered Plaintiffs' Motion and Defendant's supplemental brief in support, and finds that there is a sufficient basis for granting preliminary approval of the Settlement, authorizing dissemination of notice, and authorizing the steps needed to determine whether the Settlement should be finally approved and the litigation dismissed.

Now, therefore it is hereby ordered:

1. The proposed Stipulation is preliminarily approved as likely to be approved under Federal Rules of Civil Procedure 23(e)(2) and as meriting notice to the Class for its consideration. Considering the factors set forth in Rule 23(e)(2), the Court preliminarily finds as follows:

    (a) Class Representatives and Class Counsel have adequately represented the Class;

    (b) The Settlement was negotiated at arms-length with the assistance of Ambassador Jeffrey Bleich, a well-respected and experienced private mediator;

    (c) The relief provided to the Class in the form of prospective and monetary relief is adequate given the risks and uncertainty of continued litigation and trial; and

    (d) The proposal treats all Class Members equitably relative to each other.

2. The Court finds that the terms of the Stipulation are sufficiently fair, reasonable, and adequate to allow dissemination of the notice to members of the Class. This determination is not a final finding that the Settlement is fair, reasonable and adequate, but it is a determination that

probable cause exists to disseminate notice to the Class and hold a hearing on final approval of the proposed settlement.

3. On April 16, 2018, the Court granted Plaintiffs' motion for class certification, in part, by certifying a class consisting of: "Facebook users located in Illinois for whom Facebook created and stored a face template after June 7, 2011." For purposes of settlement the Court finds that the following people are excluded from the Settlement Class: (1) any Judge, Magistrate, or mediator presiding over this Action and members of their immediate families, (2) the Defendant, Defendant's employees, Defendant's subsidiaries, parent companies, successors, predecessors, and any entity in which Facebook or its affiliates have a controlling interest, (3) persons who properly execute and file a timely request for exclusion from the Class, (4) Class Counsel, and (5) the legal representatives, successors or assigns of any such excluded persons.

4. A hearing (the "Final Approval Hearing") shall be held before this Court on _____, 2020, at the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, CA, Courtroom _____ to determine whether the proposed settlement of the Action on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to Class Members and should be approved by the Court; to determine whether a Final Judgment should be entered; to determine whether the proposed plan of allocation is fair, reasonable, and adequate and should be approved; and to determine the Fee Award that should be awarded to Class Counsel. The Final Approval Hearing may be postponed, adjourned, held telephonically, or continued by further order of this Court, without further notice to the parties or members of the Class.

5. The Court appoints and designates Gilardi & Co. LLC as the Settlement Administrator and it shall be required to perform all of the duties of the Settlement Administrator as set forth in the Stipulation and this Order. Facebook and the Settlement Administrator shall provide Notice as set forth in Section 4 of the Stipulation.

6. To the extent it has not already done so, within fourteen (14) calendar days after entry of this order, defendant Facebook Inc. shall produce to the Settlement Administrator the Class Notice List.

1          7.      Within thirty-five calendar days after entry of this order, the Settlement Administrator shall: (1) disseminate notice of the pendency and settlement of this action in to each email address included on the Class Notice List substantially in the form attached as Exhibit C to the Stipulation, with a link to a Spanish language version; (2) cause the notice substantially in English and Spanish in the form attached as Exhibit G to the Stipulation, relevant Court documents, and frequently asked questions and answers to be posted to the Settlement Website; and (3) arrange for the placement of single-time ads in the Chicago Tribune (1/8th page; Classified) and the Chicago Sun-Times (1/4th tabloid page; Main News). No later than the date fourteen calendar days before the Claims Deadline, the Settlement Administrator shall send reminder notice substantially in the form attached as Exhibit C to the Stipulation, with a link to a Spanish language version to each email address included on the Class Notice List.

           8.      Within thirty-five (35) calendar days after entry of this Order, Facebook shall direct notices substantially in the form attached as Exhibits D and E to the Stipulation to all users on the Class Notice List via Facebook jewel notifications and News Feed posts.

           9.      The Court finds that the distribution of the Notice, substantially in the manner and forms set forth in this Order meet the requirements of Federal Rules of Civil Procedure 23 and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons entitled thereto.

           10.     The Settlement Website and notice shall provide an address (U.S. Mail and email) for the purpose of receiving requests for exclusion from the Class and shall include the ability to file claims on-line. Class Members shall have until [date] to submit a Claim Form substantially in the form attached as Exhibit A to the Stipulation, the content of which the Court approves.

           11.     On [date, time] or at such other date and time later set by order of the Court, this Court will hold a Final Approval Hearing on the fairness, adequacy, and reasonableness of the Stipulation, and to determine whether: (a) final approval of the Settlement should be granted and (b) Class Counsel's application for attorney's fees and expenses, and an incentive award to the Class Representatives should be granted. No later than [date], Plaintiffs must file their papers in support of Class Counsel's application for attorneys' fees and expenses, and no later than [date],

1  Plaintiffs must file their papers in support of final approval of the Settlement and in response to
2  any objections.

3        12.    All persons who meet the definition of the Class and who wish to exclude
4  themselves from the Class must submit their request for exclusion in writing to the Settlement
5  Administrator and postmarked no later than the Objection/Exclusion deadline of [date]. To
6  exercise the right to be excluded, a Class Member must timely send a written request for exclusion
7  to the Settlement Administrator providing his/her name, address and email; a signature, the name
8  and number of the Action, and a statement that he or she wishes to be excluded from the Class for
9  purposes of this Settlement. In light of the COVID-19 pandemic, the Settlement Administrator
10 shall create a dedicated e-mail address to receive exclusion requests electronically. A request to be
11 excluded that does not include all of this information, or that is sent to an address other than that
12 designated in the Notice, or that is not postmarked within the time specified, shall be invalid, and
13 the person(s) serving such a request remain a member(s) of the Class and shall be bound as a Class
14 Member by this Agreement, if approved. Any member of the Class who validly elects to be
15 excluded from this Agreement shall not: (i) be bound by any orders or the Final Judgment; (ii) be
16 entitled to relief under this Settlement Agreement; (iii) gain any rights by virtue of this Agreement;
17 or (iv) be entitled to object to any aspect of this Agreement. The request for exclusion must be
18 personally signed by the person requesting exclusion. So-called "mass" or "class" opt-outs shall
19 not be allowed. To be valid, a request for exclusion must be postmarked or received by the date
20 specified in this order and the Notice.

21       13.    Any Class Member who intends to object to this Agreement and/or the request for
22 a Fee Award, must present the objection in writing only to the Court, which must be personally
23 signed by the objector, and must include: (1) the objector's name, address, and email; (2) an
24 explanation of the basis upon which the objector claims to be a Class Member; (3) whether the
25 objection applies only to the objector, a subset of the Class, or the entire Class; (4) all grounds for
26 the objection, including all citations to legal authority and evidence supporting the objection; (5)
27 the name and contact information of any and all attorneys representing, advising, or in any way
28 assisting the objector in connection with the preparation or submission of the objection or who

may profit from the pursuit of the objection, who must enter an appearance with the Court in accordance with the Local Rules; and (6) a statement indicating whether the objector intends to appear at the Final Approval Hearing (either personally or through counsel).

14. Any Class Member who fails to timely file a written objection with the Court and notice of his or her intent to appear at the Final Approval Hearing in accordance with the terms of this order and as detailed in the Notice shall not be permitted to object to this Settlement Agreement at the Final Approval Hearing, and shall be foreclosed from seeking any review of this Stipulation by appeal or other means and shall be deemed to have waived his or her objections and be forever barred from making any such objections in the Action or any other action or proceeding.

15. All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis*, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order (s) of the Court.

16. Neither Facebook nor its counsel shall have any responsibility for the plan of allocation or any application for attorneys' fees or expenses submitted by Class Counsel, and such matters will be considered by the Court separately from the fairness, reasonableness, and adequacy of the Settlement.

17. Neither the Stipulation, nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is, may be deemed, or shall be used, offered or received against the Released Parties, or each or any of them, as an admission, concession or evidence of, the validity of any Released Claims, the truth of any fact alleged by the Plaintiffs, the deficiency of any defense that has been or could have been asserted in the Action, the violation of any law or statute, the reasonableness of the settlement amount or the Fee Award, or of any alleged wrongdoing, liability, negligence, or fault of the Released Parties, or any of them; (b) is, may be deemed, or shall be used, offered or received against Defendant, as an admission, concession or evidence of any fault, misrepresentation or omission with respect to any statement or written document approved or made by the Released Parties, or any of them; (c) is, may be deemed, or shall be used, offered or received against the Released Parties, or each or any of them, as an admission or concession with respect to any

liability, negligence, fault or wrongdoing as against any Released Parties, in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. However, the settlement, this Agreement, and any acts performed and/or documents executed in furtherance of or pursuant to this Agreement and/or Settlement may be used in any proceedings as may be necessary to effectuate the provisions of this Agreement. Further, if this Settlement Agreement is approved by the Court, any Party or any of the Released Parties may file this Agreement and/or the Final Judgment in any action that may be brought against such Party or Parties in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim; (d) is, may be deemed, or shall be construed against Plaintiffs, the Class, the Releasing Parties, or each or any of them, or against the Released Parties, or each or any of them, as an admission or concession that the consideration to be given hereunder represents an amount equal to, less than or greater than that amount that could have or would have been recovered after trial; and (e) is, may be deemed, or shall be construed as or received in evidence as an admission or concession against Plaintiffs, the Class, the Releasing Parties, or each and any of them, or against the Released Parties, or each or any of them, that any of Plaintiffs' claims are with or without merit or that damages recoverable in the Action would have exceeded or would have been less than any particular amount.

18.    If this Settlement Agreement is terminated or fails to become effective for any reason, the Parties shall be restored to their respective positions as of the date of the signing of this Agreement. In such event, any Final Judgment or other order entered by the Court in accordance with the terms of this Agreement shall be treated as vacated, nunc pro tunc, and the Parties shall be returned to the status quo ante as if this Settlement Agreement had never been entered into.

19.    Pending final determination of whether the proposed Settlement shall be approved, neither Plaintiffs nor any Class Member, directly or indirectly, or in any other capacity, may commence or prosecute against Facebook, any action or proceeding in any court or tribunal asserting any of the Released Claims.

20. Pending final determination of whether the proposed Settlement should be approved, Facebook shall not, directly or indirectly, representatively, or in any other capacity, commence or prosecute against Plaintiffs or any Class Member, or Class Counsel, any action or proceeding in any court or tribunal asserting any Releasing Defendant's Claims.

21. Pending further order of the Court, all litigation activity, except that contemplated herein, in the Stipulation or in the notices, is hereby stayed and all hearings, deadlines and other proceedings in the litigation except the Final Approval Hearing and any deadlines set forth in this Order, are hereby stricken.

22. The Parties, without further approval from the Court, may agree to and adopt such amendments, modifications and expansions of the Stipulation of Class Action Settlement and its implementing documents (including all exhibits) so long as they are consistent in all material respects with the terms of this Order, the proposed Final Judgment set forth in the Stipulation, and do not limit or impair the rights of the Class.

IT IS SO ORDERED.

DATED: _____   _____
THE HON. JAMES DONATO
UNITED STATES DISTRICT JUDGE