EDELSON PC
Jay Edelson (*pro hac vice*)
Benjamin H. Richman (*pro hac vice*)
Alexander G. Tievsky (*pro hac vice*)
350 North LaSalle Street, 14th Floor
Chicago, IL 60654
Telephone:  (312) 589-6370
Fax: (312) 589-6379
jedelson@edelson.com

ROBBINS GELLER RUDMAN & DOWD LLP
Paul J. Geller (*Pro Hac Vice*)
Stuart A. Davidson (*Pro Hac Vice*)
Christopher C. Gold (*pro hac vice*)
120 East Palmetto Park Road, Suite 500
Boca Raton, FL  33432
Telephone:  561/750-3000
561/750-3364 (fax)
pgeller@rgrdlaw.com

LABATON SUCHAROW LLP
Michael P. Canty (*pro hac vice*)
Corban S. Rhodes (*pro hac vice*)
140 Broadway
New York, NY 10005
Telephone:  (212) 907-0700
Fax: (212) 818-0477
mcanty@labaton.com

Counsel for plaintiffs

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| In re FACEBOOK BIOMETRIC INFORMATION PRIVACY LITIGATION | )<br>)<br>)<br>) |
| This Document Relates To:<br><br>ALL ACTIONS. | )<br>)<br>)<br>)<br>)<br>) |

Master File No. 3:15-cv-03747-JD

<u>CLASS ACTION</u>

EMERGENCY MOTION FOR A TEMPORARY RESTRAINING ORDER AS TO LEVI & KORSINSKY LLP

1       Pursuant to Federal Rules of Civil Procedure 23(d) and 65, Plaintiffs and the Class hereby

2 move for a Temporary Restraining Order directing the law firm of Levi & Korsinky LLP to refrain

3 from deceptive solicitation of class members. In support of their motion, they state as follows:

4      1.   This case is a certified class action in which the class settlement has been

5 preliminarily approved. Notice to class members, approved by this Court, is scheduled to begin

6 going out later today.

7      2.     This morning, class counsel learned that the law firm of Levi & Korsinky LLP

8 has been engaged in deceptive advertising to solicit class members to opt out of the settlement.

9 Specifically, since September 11 2020, they have been running advertisements on Facebook

10 substantially in the following form (Declaration of Christopher L. Dore, ¶ 2, Ex. 1.) At least

11 800—and more likely tens of thousands—of people have already seen a version of the

12 advertisement.



3.      Levi & Korsinky has also launched a website entitled "Sign up for a Facebook Illegal Facial Recognition Claim." (*Id.* Ex. 2.)

4.      Levi & Korsinky has an office within this district and at least one of its partners, Rosemary M. Rivas, is admitted to the bar of this Court.

5.      These advertisements are deceptive and interfere with the fair administration of this certified class action. Because notice is going out starting today, there is an urgent need to protect the class by curtailing this deceptive communication.

6.      "The standards for deciding whether to grant a temporary restraining order are like those the Court uses to decide whether to issue a preliminary injunction." *Choudhuri v. Specialized Loan Servicing*, No. 3:19-CV-04198-JD, 2019 WL 3323088, at *1 (N.D. Cal. July 24, 2019) (Donato, J.) "The Supreme Court has established that a plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tip in his favor, and that an injunction is in the public interest." *Id.* These factors are met here, and a TRO should issue.

7.      In the context of a TRO limiting class member communication, "the relevant merits question is whether, pursuant to Federal Rule of Civil Procedure 23(d), the Court should limit" communications with absent class members. *Kater v. Churchill Downs Inc.*, 423 F. Supp. 3d 1055, 1061 (W.D. Wash. 2019). "Because class actions 'present opportunities for abuse, ... a district court has both the duty and the broad authority to exercise control over a class action and to enter appropriate orders governing the conduct of counsel and the parties.'" *Id.* (quoting *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 171 (1989)). "[T]he purpose of Rule 23(d)'s conferral of authority is not only to protect class members in particular but to safeguard generally the administering of justice and the integrity of the class certification process." *Cruz v. Redfin Corp.*, No. 14-CV-05234-TEH, 2016 WL 2621966, at *1 (N.D. Cal. May 9, 2016) Accordingly, "courts may prohibit and correct communication that is misleading, coercive, or discourages participation in the lawsuit." *Id.* (cleaned up).

8. The communications at issue here are highly misleading. The advertisements ask people to "sign up for a claim" with absolutely no explanation that the type of "claim" the advertisements are referring to. Opting out and filing one's own lawsuit is very different from the type of claim that class members can file to receive their share of the class recovery. The advertisements are plainly designed to confuse class members into filling out Levi & Korsinky's form instead of the real claim form.

9. The advertisements, which began running on September 11, have already been viewed by more than 800 people on Facebook, and the numbers are growing quickly. (Dore Decl. ¶ 2.) Many of the comments on the advertisement indicate that potential class members are misunderstanding the nature of the advertisement (*Id.* Ex. 3) ("This seem totally legit"; "This is odd. The last page asking for a signature is an exclusionary contract"; "There are two lines there one to opt in, one to opt out of class action and file on your own with them still"; "By signing this you opt out of the class action and the lawyers office for this ad does the case for you on an individual level which pays out thousands times more then the $5 the class action will get you"; "just your name, address, and phone number and it says from $200-$400"; "This confuses me"; "One of the documents says, I accept to be excluded from the settlement. That doesnt sound right. Shouldn't it be included?").

10. Similarly, Levi & Korsinky's website does not disclose on the first screen that they are asking people to opt out of the class action. Rather, the site asks people to "Sign Up for a Facebook Facial Recognition ***Claim***" (emphasis added), and says that "Facebook may owe you hundreds or thousands of dollars for illegally faceprinting your photos." (Dore Decl. Ex 2.) Only by scrolling down an entire page and reading the small type would a class member learn that Levi & Korsinky are not involved in this case, and that people who fill out their form are actually "sign[ing] up to pursue a claim separately with us." Again, the use of the word "claim" and the obfuscation of the real purpose of the website are specifically designed to induce class members to believe that Levi & Korsinky's form is the settlement claim form, so that Levi & Korsinky can communicate directly with class members and induce them to opt out of the class settlement.

11. The problem here is compounded because there is a certified class. Indeed, it is black letter law that, once this Court certified the class, an attorney-client relationship between class counsel and the class was established. 2 *McLaughlin on Class Actions* §11:1 (12th ed.) (collecting cases); *see also Kleiner v. First Nat'l Bank of Atlanta*, 751 F.2d 1193, 1207 n.28 (11th Cir.1985) ("At a minimum, class counsel represents all class members as soon as a class is certified."). Accordingly "the applicable rules of Professional Conduct prohibit … communications with individual class members once a class action has been certified." *Kirola v. City & Cty. of San Francisco*, No. C 07-03685 SBA, 2010 WL 3505041, at *1 (N.D. Cal. Sept. 7, 2010); *see also Jacobs v. CSAA Inter-Ins.*, No. C07-00362MHP, 2009 WL 1201996, at *3 (N.D. Cal. May 1, 2009) (restricting plaintiff's counsel in separate action from soliciting class members).

12. Moreover, given that the settlement has received substantial press coverage, many class members are at this very moment anticipating receiving a claim form that they can submit to *participate in* the settlement, creating a situation that is rife for misunderstanding and inadvertent loss of rights and money by class members.

13. Because Levi & Korsinky's communications with represented absent class members are misleading and designed to discourage those class members from participating in this settlement, Plaintiffs are extremely likely to succeed on the merits, and a TRO is warranted.

14. Second, Plaintiffs and Class Members are likely to suffer irreparable harm if this misleading information is not removed immediately. "[O]nce misinformation has been communicated to putative class members, that bell cannot be unrung." *Kater*, 423 F. Supp. 3d at 1064. Unlike court-approved notice under Rule 23(c)(2), "[u]nsupervised, unilateral communications with the plaintiff class sabotage the goal of informed consent by urging exclusion on the basis of a one-sided presentation of the facts, without opportunity for rebuttal. The damage from misstatements could well be irreparable." *Kleiner*, 751 F.2d at 1203. There is a "serious risk" that having seen Levi & Korsinky's misleading communication, class members "will be inclined to disregard further communications" about the lawsuit. *Kater*, 423 F. Supp. 3d at 1064.

15.     As the Court is aware, "[c]onvincing class members to take the steps necessary to secure recovery in a class action settlement or judgment is often difficult." *Id.* The Court and counsel for both parties have expended a great deal of time, effort, and money to make sure that class members receive accurate notice of their rights in this lawsuit so that they can make an informed decision as to whether to participate. A misleading communication like this one, which is designed to fool class members into believing that they are communicating with class counsel when that is not the case, causes irreparable harm. For many class members, there may only be one opportunity to catch their attention on this matter before it is diverted. Levi & Korsinky are not entitled to thwart the Court-ordered notice plan by co-opting that opportunity with a misleading advertisement.[1]

16.     Finally, the balance of the equities and public interest favor issuance of the TRO. As discussed above, the harm to class members from these misleading communications are significant. The burden on Levi & Korsinky, by contrast, is small. Levi & Korsinky might be able to engage in some solicitation of absent class members, but they certainly cannot do it in a misleading manner. For now, Plaintiffs ask that Levi & Korsinky be required to take down their advertisements until the Court has the opportunity to issue an appropriate preliminary injunction. Similarly, "[t]he public interest favors allowing courts to control the judicial process and ensure compliance with the Federal Rule of Civil Procedure" and therefore support issuance of this TRO. *Kater*, 423 F. Supp. 3d at 1064; *see also Gulf Oil Co. v. Bernard*, 452 U.S. 89, 100 (1981) ("a district court has both the duty and the broad authority to exercise control over a class action and to enter appropriate orders governing the conduct of counsel and parties."); *McWilliams v. Advanced Recovery Sys., Inc.*, 176 F. Supp. 3d 635, 641 (S.D. Miss. 2016) (enjoining individual lawyers and their law firms from continuing to engage in misleading communications with class

---

[1]    While corrective notice cannot fix the irreparable harm that has already been caused by Levi & Korsinky's misrepresentations, it may help to mitigate the damage. At the preliminary injunction stage, Plaintiffs will offer a proposal for correcting the misunderstandings of class members who may already have been misled by these advertisements.  Plaintiffs will also seek an accounting of all class-member communications with Levi & Korsinky.

1  members); *In re McKesson HBOC, Inc. Sec. Litig.*, 126 F. Supp. 2d 1239, 1246 (N.D. Cal. 2000)

2  ("The court is particularly troubled by the distribution of a 'notice' not authorized by the court

3  and by the assembly-line pre-authorization of class 'opt outs.'.").

4        **WHEREFORE**, Plaintiffs respectfully request that the Court enter an emergency Order

5  that 1) directs Levi & Korsinky LLP to immediately cease all advertising related to this case,

6  including Facebook advertisements and the website located at

7  https://signup.legalclaim.info/facial-recognition/; 2) setting a hearing on a preliminary injunction

8  to take place within 14 days; 3) granting any such further relief as the Court deems reasonable

9  and just.

10  DATED:  September 18, 2020             <u>s/ Alexander G. Tievsky</u>
                                                 Class Counsel

11

12                                                   EDELSON PC
        JAY EDELSON*

13          BENJAMIN RICHMAN*
        ALEXANDER G. TIEVSKY*

14          350 North LaSalle Street, 14th Floor
        Chicago, IL  60654

15          Telephone:  312/589-6370
        312/589-6378 (fax)

16          EDELSON PC
        RAFEY BALABANIAN*

17          LILY HOUGH*
        123 Townsend Street, Suite 100

18          San Francisco, CA  94107
        Telephone:  415/212-9300

19          415/373-9435 (fax)

20          ROBBINS GELLER RUDMAN
          & DOWD LLP

21          PAUL J. GELLER*
        STUART A. DAVIDSON*

22          CHRISTOPHER C. GOLD*

23          120 East Palmetto Park Road, Suite 500
        Boca Raton, FL  33432

24          Telephone:  561/750-3000
        561/750-3364 (fax)

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ROBBINS GELLER RUDMAN
   & DOWD LLP
PATRICK J. COUGHLIN
ELLEN GUSIKOFF STEWART
LUCAS F. OLTS
RANDI D. BANDMAN
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)

ROBBINS GELLER RUDMAN
   & DOWD LLP
SHAWN A. WILLIAMS (213113)
JOHN H. GEORGE (292332)
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)

LABATON SUCHAROW LLP
MICHAEL P. CANTY*
CORBAN S. RHODES*
140 Broadway
New York, NY  10005
Telephone:  212/907-0700
212/818-0477 (fax)

Attorneys for Plaintiffs and Class Counsel

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

I, Alexander G. Tievsky, an attorney, hereby certify that I on September 18, 2020, I served the above and foregoing upon all parties to this action via the CM/ECF system. I further certify that I served the same upon the firm of Levi & Korsinky LLP by electronic mail to the following persons:

Eduard Korisnky
ek@zlk.com
Managing Partner

Joseph E. Levi
jlevi@zlk.com
Managing Partner

Rosemary M. Rivas
rrivas@zlk.com
Partner


s/Alexander G. Tievsky