Michael G. Rhodes (116127)
Whitty Somvichian (194463)
Cooley LLP
101 California Street, 5th Floor
San Francisco, CA 94111
Telephone: (415) 693-2000
rhodesmg@cooley.com
wsomvichian@cooley.com

Lauren R. Goldman (*pro hac vice*)
Michael Rayfield (*pro hac vice*)
Mayer Brown LLP
1221 Avenue of the Americas
New York, NY 10020
Telephone: (212) 506-2647
lrgoldman@mayerbrown.com
mrayfield@mayerbrown.com

*Counsel for Defendant Facebook, Inc.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE FACEBOOK BIOMETRIC INFORMATION PRIVACY LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | **ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED**<br><br>Master Docket No.: 3:15-CV-03747-JD |

Pursuant to Civil Local Rule 3-12, defendant Facebook, Inc. ("Facebook") files this administrative motion for the Court to consider whether the new case removed on September 10, 2020, *Whalen v. Facebook, Inc.*, 5:20-CV-06361-NC (N.D. Cal.) ("*Whalen*"), should be related to the above-captioned case, *In re Facebook Biometric Information Privacy Litigation*, 3:15-cv-03747-JD (N.D. Cal.) ("*Facebook Biometric*"). Rule 3-12 provides that a party "*must*" file such a motion if it believes that two pending cases "*may*" be related. Civil L.R. 3-12(b) (emphases added). Accordingly, Facebook files this motion out of an abundance of caution. However, for the reasons set forth below, Facebook respectfully submits that the cases do not meet the standard for relation set forth in Rule 3-12(a).

## I.  LEGAL STANDARD

Under Civil Local Rule 3-12(a), cases are "related" when (1) they "concern substantially the same parties, property, transaction or event;" and (2) "[i]t appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." Civil L.R. 3-12(a).

## II.  STATEMENT OF RELATIONSHIP

As this Court is well aware, in *Facebook Biometric*, a class of Facebook users brought suit under Illinois' Biometric Information Privacy Act ("BIPA") based on Facebook's Tag Suggestions feature. More than five years later, in *Whalen*, a putative class of Instagram users has brought suit under BIPA based on features of Instagram. Respectfully, these cases do not meet the requirements of Rule 3-12(a).

The "parties" are not "substantially the same" because, while Facebook is the defendant in both cases, *Facebook Biometric* alleges that biometric data was collected through the Facebook app; *Whalen* alleges that data was collected through Instagram, a separate app offered by Facebook with different operative features and a different set of users. As a result, the plaintiff classes are distinct from one another; any overlap between Facebook users and Instagram users is purely coincidental. *See Ortiz v. CVS Caremark Corp.*, 2013 WL 12175002, at *2 (N.D. Cal. Oct. 15, 2013) (denying relation because "the limited overlap of some class members is not enough to reach

1
ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED;
MASTER CASE NO. 3:15-CV-03747-JD

738197242

the 'substantial similarity' threshold"); *Tecson v. Lyft, Inc.*, 2019 WL 1903263, at *3 (N.D. Cal. Apr. 29, 2019) ("Even if there was some overlap between classes, the operative facts for the putative classes would still make them substantially different . . . because the class [ ] members have different relationships with Lyft.").

Similarly, the "property" is not substantially the same because "different software products are at issue in each case." *Adobe Sys. Inc. v. A & S Elecs., Inc.*, 2016 WL 9105173, at *3 (N.D. Cal. Oct. 13, 2016) (denying relation between a case concerning "an OEM version of Adobe Acrobat X Standard" and one concerning "OEM, EDU and ESD versions of Adobe Acrobat, Flash, Photoshop, Premiere, Creative Suite and Dreamweaver"). Nor do the cases concern the same "transaction or event"; they allege that biometric data was collected from different people through their use of different services (Facebook and Instagram) at different times. *Cf. Molander v. Google LLC*, 5:20-cv-00918 (N.D. Cal. Aug. 19, 2020), Dkt. 51 (denying relation between a BIPA class action alleging Google collected biometric data from Google Photos and one alleging Google collected such data from a third-party dataset).

Most fundamentally, relation is not necessary to avoid "an unduly burdensome duplication of labor and expense or conflicting results," given the different postures of the two cases. *Whalen* was removed to this District mere days ago, and nothing of substance has transpired in that action. Meanwhile, after nearly five years of litigation, the parties in *Facebook Biometric* have reached a settlement, which received this Court's preliminary approval on August 19, 2020. *See* 3:15-cv-03747-JD, Dkt. 474. Thus, no "efficiency gains will be achieved in [coordinating] discovery," briefing, or any other phase of litigation. *Pepper v. Apple Inc.*, 2019 WL 4783951, at *2 (N.D. Cal. Aug. 22, 2019). And because *Facebook Biometric* has been largely resolved, "there remains little risk that conflicting decisions might simultaneously issue out of two different cases due to a lack of coordination between judges overseeing live matters." *Storrer v. Paul Revere Life Ins.*, 2008 WL 667402, at *1 (N.D. Cal. Mar. 6, 2008) (denying relation on this basis, "[i]rrespective of the amount of factual or legal overlap between the two cases").

Ultimately, although both cases involve BIPA claims that have been asserted against Facebook, more is needed to warrant relation under Rule 3-12. *See Nozolino v. Hartford Life & Acc. Ins. Co.*, 2013 WL 2468350, at *1 (N.D. Cal. June 7, 2013) (cases not related where "[t]he only ties between [them] are that both [ ] involve claims brought under ERISA and that Harford is a defendant in both"); *Tecson*, 2019 WL 1903263, at *3 ("[Because] both cases concern TCPA violations against Lyft for text messages sent without recipients' consent, [ ] they pose common questions of law and fact.  However, these parallels do not suffice to meet the substantial similarity threshold."); *Molander*, 5:20-cv-00918, Dkt. 51 (denying relation between two BIPA class actions against Google).

### III.  CONCLUSION

Facebook ultimately defers to the Court on whether and how *Whalen* should be coordinated with *Facebook Biometric*, but respectfully submits that the cases are not "related" within the meaning of Civil Local Rule 3-12.[1]

Dated:  September 18, 2020

COOLEY LLP

By: /s/ *Michael Rhodes*
    Michael Rhodes
    Whitty Somvichian

MAYER BROWN LLP
    Lauren Goldman
    Michael Rayfield

*Counsel for Defendant Facebook, Inc.*

---

[1] Facebook submits that *Whalen* is also not related to *Zellmer v. Facebook, Inc.*, 3:18-CV-1880-JD (N.D. Cal.) for largely the same reasons that it is not related to *Facebook Biometric*, and for the additional reason that *Zellmer* is brought on behalf of a putative class of non-users. Facebook has not filed a separate administrative motion to consider the potential relatedness of *Whalen* and *Zellmer* because it believes that this motion is sufficient to allow the Court to make an informed decision as to whether *Whalen* is related to either matter.