Kendrick Jan, CA SBN 105149
Kendrick Jan, APC
402 West Broadway, Suite 1520
San Diego, CA 92101
Telephone: (619) 231-7702
kj@jan-law.com

John J. Pentz, Esq., Mass. Bar No. 561907
19 Widow Rites Lane
Sudbury, MA 01776
Telephone: (978) 261-5725
jjpentz3@gmail.com
(*pro hac vice pending*)

Counsel for Objectors Frankfother and Flanigan

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: FACEBOOK BIOMETRIC INFORMATION PRIVACY LITIGATION | ) Master File No. 3:15-cv-3747-JD<br>)<br>) CLASS ACTION<br>) |
| This Document Relates to:<br>ALL ACTIONS | ) OBJECTORS' OPPOSITION TO<br>) PLAINTIFFS' MOTION FOR LEAVE<br>) TO ISSUE SUBPOENAS TO<br>) DAWN FRANKFOTHER<br>) AND CATHY FLANAGAN<br>)<br>) |

Objectors Dawn Frankfother and Cathy Flanagan ("Objectors") oppose PLAINTIFFS' MOTION FOR LEAVE TO ISSUE SUBPOENAS TO DAWN FRANKFOTHER AND CATHY FLANAGAN on the following grounds:

**ARGUMENT**

Class Counsel have used the threat of discovery and other unspecified retaliation in an attempt to intimidate and harass the Objectors from the moment they filed their

-1-

objections in this case. Class Counsel are obsessed with a baseless conspiracy theory that two attorneys alien to this case (with whom attorney Edelson has had dealings in the past) are somehow involved in this action on behalf of the Objectors. Even after being advised by attorney Jan that these two individuals had no connection to the Objectors or this case, Plaintiffs persist in advancing this false narrative. *See* e.g., Motion for Leave to Issue Subpoenas at ¶ 3 ("to ensure that the objection is not tainted by the participation of a disbarred attorney").[1]

Plaintiffs have received all of the information they originally requested in their email to Objectors' counsel dated November 24. That email requested information about any undisclosed co-counsel and a copy of any retainer agreements. Attorney Jan promptly responded the same day, stating there were no referring or undisclosed attorneys involved in representing the Objectors other than the undersigned, and stating retainer agreements were privileged communications between attorney and client. *See* Declaration of Kendrick Jan attached hereto as Exhibit A, at ¶ 11 and 12. Later that same day, attorney Jan informed Mr. Edelson he would be unavailable from Wednesday, November 25, through Wednesday, December 2. *See* Declaration of Kendrick Jan attached hereto as Exhibit A, at ¶ 14.

Thereafter, on November 29, Mr. Edelson sent a hostile, threatening and unethical email in which he continued to assert false narratives about the two alien attorneys, and

---

[1] Plaintiffs also seek to distort the contents of a deposition attached to their Motion for Leave as *Exhibit A*. Mr. Pentz defended a deposition of his objector client in 2012. While the objector had never met Mr. Pentz before, he was in regular contact with Mr. Pentz' co-counsel, who had an ongoing relationship with the objector and disclosed to the objector that Mr. Pentz was working on his objection. It is false that the client was unaware of the class action settlement until the time of the deposition. He had spoken with Mr. Pentz' co-counsel about the case in April 2012. *See Exhibit A* to Plaintiffs Motion at p. 7.

threatened unspecified retaliation against the Objectors' attorneys in order to gain an advantage in this case. *See* Declaration of Kendrick Jan attached hereto as Exhibit A, at ¶15. Mr. Edelson also for the first time expressed concern about "objector blackmail," something which makes no sense in light of the December 2018 revisions to Rule 23(e) that require this Court's approval of any settlement of an objection or appeal. The email is riddled with misstatements, and attributes to one of the undersigned statements that were never made by him. The apparent objective of the email was to elicit a phone call so that Mr. Edelson could continue his strategy of threats, harassment and intimidation verbally rather than in writing.

The requested depositions are entirely unnecessary. The Objectors are decades-long residents of Illinois and Facebook users who received direct emailed notice of this settlement, and who filed valid claims for benefits with the Claims Administrator. Their objections are straightforward – the settlement represents too low a percentage of minimum damages, and the requested attorney's fees are too high. The level of Mr. Edelson's vitriol is perhaps explained by the strength of the objections on the merits, leaving him no option but to attack the messengers and their counsel.

Neither Dawn Frankfother nor Cathy Flanagan has ever before objected to a class action settlement. *See* Declaration of Dawn Frankfother attached hereto as Exhibit C, at ¶ 4. *See also* Declaration of Cathy Flanagan attached hereto as Exhibit D, at ¶ 4. Both were informed by email notice of the essential settlement terms, and they posit straight-forward, easy-to-understand objections to the proposed settlement, the requested attorneys' fees and incentive awards.

Objector Frankfother has known attorney Kendrick Jan since approximately 1982, and Objector Flanagan first met Kendrick Jan in 1989. Each Objector understands any fees payable to their attorneys are subject to Court award and order, only. *See* Declaration of Dawn Frankfother attached hereto as Exhibit C, at ¶ 8. *See also* Declaration of Cathy Flanagan attached hereto as Exhibit D, at ¶ 8.

Objectors Frankfother and Flanagan have not been promised any incentive or service award (or other inducement) in connection with their objection, and realize any such award would be by order of this Court. They also understand they have objected to the award of any incentive/service awards, and, if this aspect of their objection is well taken, then they, along with named plaintiffs, would be entitled to no such awards by the Court. *See* Declaration of Dawn Frankfother attached hereto as Exhibit C, at ¶ 9 and 10. *See also* Declaration of Cathy Flanagan attached hereto as Exhibit D, at ¶ 9 and 10.

Class Counsel seems most interested in obtaining copies of any retainer agreements between Objectors and Objectors' counsel, hoping the retainers might somehow undermine the objection. Plaintiffs' Motion, p. 3, l. 8-10. **The Objectors did not sign, nor have Objectors' counsel drawn, any retainer agreements in this case.** *See* Declaration of Kendrick Jan attached as Exhibit A, at ¶ 5. *See also* Declaration of John Pentz attached as Exhibit B, at ¶ 2. *See also* Declaration of Dawn Frankfother attached hereto as Exhibit C, at ¶ 8. *See also* Declaration of Cathy Flanagan attached hereto as Exhibit D, at ¶ 8.

Class Counsel claim to have "identified personal and professional connections among [Objector Frankfother], Pentz's co-counsel Kendrick Jan, and disbarred attorney Joseph Darrell Palmer. Plaintiffs' Motion, p. 5, l. 1-3. It is unclear what Class Counsel is describing, but Dawn Frankfother has never met, spoken to, or corresponded with, Joseph

Darrell Palmer or any person acting on his behalf.  *See* Declaration of Dawn Frankfother attached hereto as Exhibit C, at ¶ 11.

Class Counsel's inaccurate descriptions, aggressive communications, and intimidation tactics, including efforts at unwarranted discovery, should be weighed against the merits of the Frankfother/Flanagan objection.  Instead of responding with professional courtesy and decorum, Class Counsel chose to attack the objectors and impugn their counsel based on wild speculation, without any basis for their outlandish accusations.  *Kim v Tinder, Inc.*, 18 CV 3093 JFW (ASX), 2019 WL 3064464, at *1 (CD Cal May 24, 2019) ("a court should not compel discovery from objectors unless class counsel makes "some preliminary showing ... of collusion or malfeasance by the objector.")  This kind of abusive behavior has been criticized and punished by courts presiding over class action settlement approval.  *See e.g., In re Classmates.com Consolidated Litig.*, 2012 U.S. Dist. LEXIS 83480 at **29-32 (W.D. WA June 15, 2012) ("Class Counsel is entitled to disagree with objectors, of course, but the vehemence of Class Counsel's reaction to these two objectors is unfortunate…. Class Counsel has often treated their counsel not as people with divergent views on the value of the settlement, but rather as a threat to this litigation… The court takes a dim view of what amounts to little more than bullying by class counsel.").

The narrow focus of permissible discovery relating to objectors -- "standing, the bases for his current objections, his role in the current and other class settlements, and his relationships with the counsel" -- have already been addressed.  *See In re Cathode Ray Tube (CRT) Antitrust Litigation*, 281 F.R.D. 531, 532 (N.D. Cal. 2012).  Having received answers to their questions through informal discovery, Class Counsel fail to show a need for formal discovery.  *See* Rubenstein, 4 Newberg on Class Actions § 13:33 (5th ed.)

("formal discovery should generally not be necessary, as class counsel should make only reasonable requests of objecting parties, and objecting parties should comply with reasonable discovery requests.")

## CONCLUSION

Class Counsel have received answers to all informal discovery sought by their November 24 email. They are informed no retainer agreement exists in this case, and certainly understand the Objectors' clearly stated issues regarding the proposed settlement and fee and incentive award requests. Class Counsel, nonetheless, persist in their baseless suspicions and *ad hominem* attacks on Objectors' counsel. Instead of this wild goose chase, their time would be better spent addressing the serious issues presented by the Frankfother/Flanagan objection. For the foregoing reasons, this Court should deny Plaintiffs' Motion for Leave to Issue Subpoenas.

Date:  December 4, 2020

Respectfully submitted,
Dawn Frankfother and Cathy Flanagan
by their attorneys,

*s/ Kendrick Jan*
Kendrick Jan (SBN 105149)
Kendrick Jan, APC
402 West Broadway, Suite 1520
San Diego, CA 92101
Tel: (619) 231-7702
kj@jan-law.com

John J. Pentz, Esq., *pro hac vice pending*
19 Widow Rites Lane
Sudbury, MA 01776
Phone: (978) 261-5725
jjpentz3@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing was filed with the Clerk of Court using CM/ECF on December 4, 2020, and as a result has been served on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

By: *s/ Kendrick Jan*