EDELSON PC
Jay Edelson (*pro hac vice*)
Benjamin H. Richman (*pro hac vice*)
Alexander G. Tievsky (*pro hac vice*)
350 North LaSalle Street, 14th Floor
Chicago, IL 60654
Telephone: (312) 589-6370
Fax: (312) 589-6379
jedelson@edelson.com

ROBBINS GELLER RUDMAN & DOWD LLP
Paul J. Geller (*pro hac vice*)
Stuart A. Davidson (*pro hac vice*)
Christopher C. Gold (*pro hac vice*)
120 East Palmetto Park Road, Suite 500
Boca Raton, FL 33432
Telephone: (561) 750-3000
Fax: (561) 750-3364
pgeller@rgrdlaw.com

LABATON SUCHAROW LLP
Michael P. Canty (*pro hac vice*)
Corban S. Rhodes (*pro hac vice*)
140 Broadway
New York, NY 10005
Telephone: (212) 907-0700
Fax: (212) 818-0477
mcanty@labaton.com

Class Counsel

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re FACEBOOK BIOMETRIC INFORMATION PRIVACY LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS. | Master File No. 3:15-cv-03747-JD<br><br>CLASS ACTION<br><br>[PROPOSED] ORDER GRANTING MOTION FOR FINAL APPROVAL OF AMENDED CLASS ACTION SETTLEMENT |

4823-4453-9610.v1

1   This matter came before the Court for hearing via videoconference on January 14, 2021. The Court has considered Plaintiffs' Amended Motion for Final Approval of Class Action Settlement Agreement, Dkt. 517, including the Amended Stipulation of Class Action Settlement (the "Settlement Agreement") between Plaintiffs Carlo Licata, Nimesh Patel, and Adam Pezen on behalf of themselves and all members of the Class (the "Plaintiffs" or "Class Representatives") and Defendant Facebook Inc. ("Defendant"), Dkt. 468, together with all exhibits thereto, the arguments and authorities presented by the Parties and their counsel, as well as Plaintiffs' Motion for Attorneys' Fees, expenses, and Incentive Awards, Dkt. 499, together with all exhibits thereto. The Court has also considered the testimony of Gary McCoy, the manager of Facebook's Face Recognition product team, given at the Preliminary Approval Hearing, and Declarations of Plaintiffs' experts, Professor William B. Rubenstein and Professor Brian Fitzpatrick, as well as the oral statements of Professor Rubenstein at the Final Approval Hearing.

Now, therefore it is hereby ordered:

1.   Terms and phrases in this Order have the same meanings ascribed to them in the Settlement Agreement.

2.   The Court has personal jurisdiction over the parties to this Action and the Class Members, venue is proper, and the Court has subject matter jurisdiction to approve the Settlement Agreement, including all exhibits thereto, and to enter this Order.

3.   The Court finds that the Notice provided to the Class pursuant to the Settlement Agreement and the Preliminary Approval Order and consisting of individual direct email notice, jewel and news feed notice on the Facebook platform, publication notice, settlement website, targeted internet ad campaign, and CAFA notice has been successful and: (i) constituted the best practicable notice under the circumstances; (ii) constituted notice that was reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the Action, their right to object to the Settlement or exclude themselves from the Class, and to appear at the Final Approval Hearing; (iii) was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to receive notice; and (iv) otherwise met all applicable

requirements of the Federal Rules of Civil Procedure, the Due Process Clause of the United States Constitution, and the rules of the Court. The notice plan here resulted in a claims rate of approximately 22 percent, which is much higher than the rates in other consumer class action settlements.

4. The Court finds that the appropriate government officials were properly and timely notified of the Settlement Agreement, pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715. The Court has reviewed the substance of this notice and finds that it complied with all applicable requirements of CAFA. *See* Dkt. 517-1. As required by CAFA, more than ninety (90) days have elapsed between the date since notice was provided pursuant to CAFA and the Final Approval Hearing.

5. This Court gives final approval to the Settlement and finds that the Settlement is fair, reasonable, adequate, and in the best interests of the Class. *See* Fed. R. Civ. P. 23(e). The monetary consideration provided under the Settlement Agreement of $650 million constitutes fair value given in exchange for the release of the Released Claims against the Released Parties. The Court finds that the consideration to be paid to Class Members is reasonable and in the best interests of the Class, considering the disputed issues, circumstances, legislative risk, and affirmative defenses asserted in the Action, and the potential risks and likelihood of success of continuing to trial and on subsequent appeals. The complex legal and factual posture of this case and the fact that the Settlement is the result of arms' length negotiations between the Parties, including multiple mediations and negotiations, including mediation presided over by former United States Ambassador Jeffrey L. Bleich, support this finding. The Court finds that these facts, combined with the lack of other indicators of collusion and the Court's observations throughout the litigation, demonstrate that there was no collusion present in reaching the Settlement, implicit or otherwise. *See In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 947 (9th Cir. 2011). This finding is also supported by, among other things: the fact that the Settlement provides monetary benefits to Class Members and such benefits are not disproportionate to the attorneys' fees and expenses awarded to Class Counsel or the Class

1   Representatives; and the benefits provided to Class Members are appropriate under the
2   circumstances of this case.
3         6.     The Court has specifically considered the factors relevant to class settlement
4   approval in Rule 23(e): "whether (A) the class representatives and class counsel have adequately
5   represented the class; (B) the proposal was negotiated at arm's length; (C) the relief provided for
6   the class is adequate, taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) the
7   effectiveness of any proposed method of distributing relief to the class, including the method of
8   processing class-member claims; (iii) the terms of any proposed award of attorney's fees,
9   including timing of payment; and (iv) any agreement required to be identified under Rule
10  23(e)(3); and (D) the proposal treats class members equitably relative to each other." These
11  factors largely encompass those identified by the Ninth Circuit for evaluating a class settlement.
12  *See In re Bluetooth*, 654 F.3d at 946 (9th Cir. 2011) (quoting *Churchill Vill., L.L.C. v. Gen.*
13  *Elec.*, 361 F.3d 566, 575 (9th Cir. 2004)). Upon consideration of such factors, and overruling the
14  objections to the Settlement as further detailed below, the Court finds that the Settlement is fair,
15  reasonable, and adequate to all concerned.
16        7.     The Court finds that the Class Representatives and Class Counsel adequately
17  represented the Class for the purposes of litigating this matter and entering into and
18  implementing the Settlement Agreement.
19        8.     The 109 persons on the list attached hereto as Addendum A have each submitted a
20  valid, timely request for exclusion from the Class and are hereby excluded.
21        9.     Accordingly, the Settlement Agreement is hereby finally approved in all respects,
22  and the Parties are hereby directed to implement the Settlement Agreement according to its terms
23  and provisions.
24        10.    Upon the Effective Date of the Settlement Agreement, the Releasing Parties, and
25  each of them, shall be deemed to have, and by operation of this Order and the Judgment shall
26  have fully, finally, and forever released, relinquished, and discharged all Released Claims against
27  the Released Parties. These releases of claims and the Settlement Agreement will be binding on
28  all Plaintiffs and all other Class Members and Releasing Parties. All Class Members are hereby

1  permanently barred and enjoined from filing, commencing, prosecuting, intervening in, or
2  participating (as class members or otherwise) in any lawsuit or other action in any jurisdiction
3  based on or arising out of any of the Released Claims.

4      11.    Upon the Effective Date of the Settlement Agreement, the Released Parties shall be
5  deemed to have fully, finally, and forever released, relinquished, and discharged all claims against
6  Plaintiffs, the Class, and Class Counsel that arise out of or relate in any way to the commencement,
7  prosecution, settlement or resolution of the Action, except for claims to enforce the terms of the
8  Settlement Agreement.

9      12.    This Court hereby dismisses the Action on the merits and with prejudice
10 (including all individual claims and Class claims presented thereby), without fees or costs to any
11 party except as provided herein and in the Settlement Agreement.

12     13.    Plaintiffs seek an award of attorneys' fees to Class Counsel totaling
13 $110,000,000, which amount is equal to 16.9% of the amount recovered for the benefit of the
14 Class ($650,000,000). Plaintiffs also seek reimbursement of expenses in the amount of
15 $915,454.37. The Court, having considered Plaintiffs' Motion for attorneys' fees and expenses
16 to Class Counsel, having heard argument of Class Counsel, having considered the Declaration
17 and comments of Professor William Rubenstein and the aforementioned objectors on January 14,
18 2021, and having considered the record in this case, adjudges that attorneys' fees in the amount
19 of $ _____ and expenses in the amount of $_____ (the
20 "Fee Award") to be paid from the Settlement Fund are fair and reasonable for the following
21 reasons and those stated in court.

22     14.    The Fee Award is fair and reasonable under the percentage-of-the-fund approach,
23 which the Court applies in an exercise of its discretion. *See In re Bluetooth*, 654 F.3d at 942. The
24 Fee Award is \_\_\_\_% of the total settlement fund, or \_\_\_\_% of the original $550 million
25 settlement presented to the Court. Using either calculation, the award is fair and reasonable.

26     15.    In arriving at this determination, the Court has considered the 25% benchmark
27 often used in this Circuit, but recognizes that the benchmark is more accurately a guidepost and
28 may be less useful in large settlements such as this one. *In re Optical Disk Drive Prod. Antitrust*

1  *Litig.*, 959 F.3d 922, 934 (9th Cir. 2020). The Court finds that fee award here is proper, not based
2  on a mechanical application of any benchmark, but based on the application of the required
3  factors: "(1) the extent to which class counsel achieved exceptional results for the class; (2)
4  whether the case was risky for class counsel; (3) whether counsel's performance generated
5  benefits beyond the cash settlement fund; (4) the market rate for the particular field of law; (5)
6  the burdens class counsel experienced while litigating the case; (6) and whether the case was
7  handled on a contingency basis." *Id.* at 930.

8    16.    Here, as the Court stated during the approval hearing, Class Counsel achieved a
9  substantial settlement in a novel area that required a great deal of effort. Facebook has also
10 agreed to a meaningful conduct remedy that will confer a benefit to the class. Class Counsel
11 faced substantial risk in litigating matters of first impression on a contingent basis. Professor
12 Rubenstein's comprehensive empirical analysis demonstrates that the fee award here is within
13 the boundaries of both the market rate and what the Ninth Circuit has deemed acceptable.

14    17.    In accordance with the Court's requirements for class action settlements, Class
15 Counsel have provided their lodestar and expense information, which the Court has also
16 reviewed. The Court finds no issues or objections to Class Counsel's lodestar, however, the
17 Court, in an exercise of its discretion, determines that the percentage method is more appropriate
18 here. Class Counsel litigated this case in an efficient manner, and limiting Class Counsel's fee
19 based on the number of hours they worked would create poor incentives for class action counsel
20 to inflate their lodestar and expand discovery.

21    18.    Plaintiffs have also requested that the Court award them incentive service awards
22 in the amount of $7,500 for each of them for their service as Class Representatives. The Court has
23 considered Plaintiffs' Motion and supporting declarations for incentive awards. The Court
24 adjudges that the payment of an incentive award in the amount of $_____ to each of the
25 Class Representatives in this case to compensate them for their efforts and commitment on behalf
26 of the Class, which including among other things, sitting for two depositions each and attendance
27 at mediation is fair, reasonable, and justified under the circumstances of this case. *See Radcliffe v.*
28 *Experian Info. Solutions, Inc.*, 715 F.3d 1157 (9th Cir. 2013). The Court also approves the sum of

$1,828,009.89 to be paid to Gilardi & Co., the Settlement Administrator, for notice and administrative costs incurred to date, to be paid from the Settlement Fund.

19. The Court has considered the objections of Kevin C. Williams, Kara Ross, Cathy Flanagan, and Dawn Frankfother. The Court finds that each of the objections is without merit and they are each overruled.[1]

20. Williams, who did not appear at the Final Approval Hearing, argues that the settlement does not provide sufficient relief and asks that the Court "dismiss this settlement until all members of the class are treated the same." The Court finds that this settlement provides significant relief and provides each of them with the same relief.

21. Ross, who appeared at the Final Approval Hearing through counsel, argues in a cursory manner that the settlement amount is insufficient, that the notice program was insufficient, that it is unreasonable to require class members to personally sign opt-out requests, and that Class Counsel's requested fee award is too high. Although signed by counsel admitted *pro hac vice*, Ross's written submission does not contain any citations to legal authority, despite the admonition in the Court's standing order that such unsupported arguments may not be considered.

22. Ross has withdrawn her objections regarding notice and the personal signing of opt-outs, but in any event, each of the arguments lack merit. Ross argues that the settlement amount is insufficient because Facebook "caused class members' private activities and whereabouts to become known to violent ex-husbands" and others, but this case is solely about unlawful collection and storage of biometric information and has nothing to do with Facebook's disclosure of any private information to anyone. The Court further finds that the requirement that persons wishing to opt out of the settlement sign their opt-out requests is minimally burdensome,

---

[1] The body of Ross's objection contains references to the purported objection of Guadalupe Vera, who opted out of this settlement. Vera is not a class member and therefore lacks standing to object. *Fowler v. Wells Fargo Bank, N.A.*, No. 17-CV-02092-HSG, 2019 WL 330910, at *3 n.2 (N.D. Cal. Jan. 25, 2019) (Gilliam, J.).

1  and that Ross's perfunctory argument regarding attorneys' fees merely expresses a disagreement
2  with the fee request without offering any reasoned argument.

3    23. Frankfother and Flanagan, who objected jointly and appeared at the Final
4  Approval Hearing through counsel, argued in their written objection that the settlement amount
5  was insufficient, that the notice was inadequate, that Class Counsel's fee request was too high,
6  and that incentive awards to class representatives are prohibited. Each of these objections is
7  overruled.

8    24. Frankfother's and Flanagan's argument with respect to the settlement amount
9  boils down to two contentions: (i) that the class size was improperly calculated and (ii) that the
10 settlement amount is too low given the risks of the case. The Court accepts the parties'
11 explanation that the size of the class is 6.9 million people. Frankfother's and Flanagan's
12 argument to the contrary adds nothing to the factual record and amounts to little more than
13 guesswork. Similarly, the remainder of Frankfother's and Flanagan's arguments regarding the
14 size of the settlement offer only abstract calculations based on their view of Facebook's
15 likelihood of success on the merits, rather than any new evidentiary or factual-based discussion
16 of those merits issues. These objections are overruled.

17   25. As far as class notice, despite their objection, Frankfother's and Flanagan's
18 counsel conceded at the Final Approval Hearing that the parties here "did a significantly better
19 job than in most cases of actually getting notice out." The Court agrees and overrules
20 Frankfother's and Flanagan's objections with respect to notice.

21   26. In objecting to the settlement and the attorneys' fee award, Frankfother and
22 Flanagan incorrectly contend that Seventh Circuit law should govern because this case was
23 transferred from the United States District Court for the Northern District of Illinois. As the
24 approval of a class action settlement is a matter of federal civil procedure governed by federal
25 law, this Court is bound only by Ninth Circuit precedent. *Newton v. Thomason*, 22 F.3d 1455,
26 1460 (9th Cir. 1994). Although state law controls the award of fees in diversity cases, *Vizcaino v.*
27 *Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir. 2002), there is no meaningful difference between
28 Illinois law and Ninth Circuit law on the question of awarding fees in common fund settlement.

*See Brundidge v. Glendale Fed. Bank*, F.S.B., 168 Ill. 2d 235, 245 (1995) (permitting courts to choose between the percentage method and the lodestar method). The Court therefore considered Ninth Circuit law for guidance and overrules Frankfother's and Flanagan's arguments based on the Seventh Circuit market approach, which the Ninth Circuit has expressly declined to adopt. *Vizcaino*, 290 F.at 1049 ("We note with respect to [the market rate] factor that we do not adopt the Seventh Circuit's approach in percentage fee award cases[.]"). The Court further notes that Professor Brian Fitzpatrick, whose market based analysis scholarship is relied upon by Frankfother and Flanagan, has submitted a Declaration here suggesting that, even under a market-based approach, a 16.9% fee is less than his research would suggest as the market based amount. Finally, Frankfother's and Flanagan's argument that incentive awards are prohibited in the Eleventh Circuit is similarly overruled.

27. Without affecting the finality of this Order or the Judgment in any way, this Court hereby retains continuing jurisdiction as to all matters relating to administration, consummation, implementation, enforcement, and interpretation of the Settlement Agreement and this Order and judgment, and for any other necessary purpose.

28. Pursuant to this District's Procedural Guidance for Class Action Settlements, within 21 days after the distribution of the settlement funds and payment of attorneys' fees, the parties shall file a post-distribution accounting, which provides the information required by those guidelines.

IT IS SO ORDERED.

DATED: _____   _____
HON. JAMES DONATO
UNITED STATES DISTRICT JUDGE

# Addendum A

Facebook Biometric Information Privacy Litigation
Exclusion Report



**Count**
109

| ClaimID | Last Name | First Name |
|---|---|---|
| 103459188001 | ADAMS | KEVIN |
| 114034489301 | AILLON | CHRISTIAN |
| 104607777001 | ALPER | JULIETTE |
| 112236976801 | AMMANN | SONIA |
| 116672278101 | ANG | JAMIE |
| 106632532101 | ANN | GINA |
| 111208278801 | BAKER | CINDY |
| 600236542701 | BARLEY | JOAN |
| 104658907001 | BOEKELOO | MEGAN |
| 110766572101 | BRODERICK | ADRIANA |
| 114512946801 | BYAMBAJAV | PUREVSUREN |
| 114034578301 | CAMARENA | ALEX |
| 109412346001 | CAMARENA | PAUL |
| 109054235901 | CAO | SABRINA |
| 108618077501 | CHABOT | JEFF |
| 104905031801 | CHEN | JESSIE |
| 108096096401 | CHIRINOS | JULIAN |
| 111832237401 | COWLEY | VALERIE |
| 112191449501 | CROSS | ALEXANDRA |
| 102168316901 | CUNNINGHAM | DANIELLE |
| 103947540101 | DAZZLINGEVENTS | CLEO |
| 113232297501 | DEDRICK | TYLER |
| 115462691801 | DITTBENNER | AMY |
| 108461433101 | DOMALEWSKI | JAMES R |
| 109408101001 | EDIYE | NIKKY |
| 106834386701 | ESPARZA | ADRIAN |
| 114550276501 | FICKERT | MEGAN |
| 109809700101 | GARCIA | SANDRA |
| 101720002401 | GAREL | AARON |
| 104507795701 | GHOSHAL | ABHIJEET |
| 116704089001 | GRANDT | SUE |
| 111780849401 | GRAY | KELLY |
| 113269676001 | GREENBERG | REBECCA |
| 108883860301 | GRZEGOREK | KAITLYN |
| 100202572501 | Guerrero | Nicholas |
| 105877551501 | GUERRERO | DANIEL |
| 111654091001 | Guerrero | DAVID |
| 103925281501 | GUIDO | JOE |
| 101973330001 | HABIB | RABAIL |
| 600380485801 | JUNG | GAYEON |

| | | |
|---|---|---|
| 112395505201 | KLINGELSCHMITT | JOHN |
| 108192984601 | KLOTZ | JENNIFER |
| 116055241901 | KORN | RACHEL |
| 102474837301 | KOWALSKI | LYDIA |
| 110787706001 | KUKEC | SARAH |
| 106688905401 | LANGE | CRISTOBAL |
| 115562659301 | LEE | ELIZABETH |
| 102224689501 | LEWIS | KEVIN |
| 113580890701 | LI | SHU |
| 113347673701 | LIN | CODY |
| 115452323401 | LOPETRONE | AMANDA |
| 115996425901 | MANDZIARA | CINDY |
| 109731053301 | MARICI | SALVATORE |
| 102424672801 | MCDERMOTT | MARY |
| 109066379401 | MCKAY | BROOKE |
| 104808576901 | MELL | DUMITRESCU |
| 105403547001 | MTJOY | LIZ |
| 103038816001 | MUGNOLO | ALEXIS |
| 114314211501 | MUSTAFA | HANNAH |
| 102405779101 | NGUYEN | THU |
| 111801910601 | ORMUZ | GLORIA |
| 110930913801 | ORR | JASON |
| 116164437401 | PALM | JEANNINE |
| 108133556801 | PARK | HYUNBIN |
| 600004132201 | PARKER | GARRETT |
| 113267359401 | PATEL | SHITESHBHAI |
| 109321674801 | PENNINGTON-FLAX | NIGEL |
| 100288310501 | PHAN | VI |
| 108992297501 | PHILLIPS | DONNA |
| 107738029601 | PINEDA | EDITH |
| 114204338801 | PRATHER | DANIEL |
| 104820036801 | RATLIFF | JASON |
| 108264309901 | RENNAKER | RYAN |
| 110852287601 | RODENHISER | JOHN |
| 102576203001 | RUIZ | ALICE |
| 109229822601 | SAO | ELIJAH |
| 111743915001 | SIZZLEDICK | MATT |
| 107588187001 | SMITH | COURTNEY |
| 108446395001 | SOLOMON | ZACHARY |
| 108686342801 | SOTIROPOULOS | PETER |
| 100586333001 | SPENCER | DARRELL |
| 110314703301 | SRIVASTAVA | RITA |
| 102480140001 | STUFFINGS | ALAN |
| 111519965701 | SUKHIJA | AKASH SUNIL |
| 111757534101 | SULAIMAN | AHMAD |
| 112008600401 | TANNEHILL | ROBERT |
| 900001801 | Terry | Kirsten |

Case 3:15-cv-03747-JD   Document 535   Filed 02/01/21   Page 13 of 13

| | | |
|---|---|---|
| 102495257301 | TRAN | OLIVIA |
| 106473007801 | TRUONG | TRISHA |
| 108985144701 | VERA | MARIANA |
| 100248092501 | VERA | FRANK |
| 101371136001 | Vera | Elizabeth |
| 105845479201 | VERA | GISELLE |
| 900007001 | Vera | Richard |
| 101566731701 | VERA | ALICE |
| 109534992401 | VERA | GUADLAUPE |
| 104977018001 | WEISS | MOLLY |
| 103110713101 | WOJSLAW | COREY |
| 108252327901 | WYER | ROBERT |
| 114615478801 | XU | YUANHAN |
| 107835756201 | YANG | JINGDI |
| 111620620401 | YOUNG | RACHEL |
| 104993627101 | YUN | SUSAN |
| 113992651901 | ZAK | SCOTT |
| 108067153701 | ZEWE | GEORGE |
| 116438305101 | ZEWE | DEBBIE |
| 108913220301 | ZHAO | QIAN |
| 116595741801 | ZHUANG | CONRAD |
| 113797698001 | ZOTTNICK | KELSEY |