EDELSON PC
Jay Edelson (*pro hac vice*)
Benjamin H. Richman (*pro hac vice*)
Alexander G. Tievsky (*pro hac vice*)
350 North LaSalle Street, 14th Floor
Chicago, IL 60654
Telephone: (312) 589-6370
Fax: (312) 589-6379
jedelson@edelson.com

ROBBINS GELLER RUDMAN & DOWD LLP
Paul J. Geller (*pro hac vice*)
Stuart A. Davidson (*pro hac vice*)
Christopher C. Gold (*pro hac vice*)
120 East Palmetto Park Road, Suite 500
Boca Raton, FL 33432
Telephone: 561/750-3000
561/750-3364 (fax)
pgeller@rgrdlaw.com

LABATON SUCHAROW LLP
Michael P. Canty (*pro hac vice*)
Corban S. Rhodes (*pro hac vice*)
140 Broadway
New York, NY 10005
Telephone: (212) 907-0700
Fax: (212) 818-0477
mcanty@labaton.com

Counsel for plaintiffs

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| In re FACEBOOK BIOMETRIC INFORMATION PRIVACY LITIGATION | Master File No. 3:15-cv-03747-JD<br>Date: April 22, 2021<br>Time: 10:00 a.m. |
| This Document Relates To:<br><br>ALL ACTIONS. | PLAINTIFFS' RESPONSE TO MOTION OF OBJECTORS FRANKFOTHER AND FLANAGAN FOR ATTORNEY'S FEES |

After the Court overruled their objections in their entirety, counsel for Dawn Frankfother and Cathy Flanagan now seek to charge class members for their services. They contend that because a few paragraphs of their objection related to the issue of attorneys' fees, and because the Court awarded less in attorneys' fees than Class Counsel requested, they are entitled to payment. Whether to award attorneys' fees to objectors is a matter committed to the Court's discretion. *See Fraley v. Batman*, 638 F. App'x 594, 598 (9th Cir. 2016). The Court is in the best position to assess whether the objectors' work "contributed to the … decision to award class counsel attorney's fees in an amount lower than requested." *See id.*[1] However, it is unlikely that objectors have provided a benefit to the Class.

## I. Objectors Are Only Entitled to Attorneys' Fees If Their Work Benefits the Class.

While counsel for objectors to a class action settlement can be entitled to attorneys' fees in certain circumstances, the appropriateness of the fee depends on whether the objectors added "marginal value to the litigation[.]" *Birchmeier v. Caribbean Cruise Line, Inc.*, 896 F.3d 792, 797 (7th Cir. 2018); *accord Disner*, 688 F.3d at 658 (citing *Reynolds v. Beneficial Nat'l Bank*, 288 F.3d 277, 288 (7th Cir. 2002)). "[W]here objectors do not add any new legal argument or expertise, and do not participate constructively in the litigation or confer a benefit on the class, they are not entitled to an award premised on equitable principles." *Id.* at 659 (citing *Vizcaino v. Microsoft*, 290 F.3d 1043, 1050-51 (9th Cir. 2002)); *see also In re Leapfrog Enters., Inc., Sec. Litig.*, No. C-03-05421 RMW, 2008 WL 5000208, at *3 (N.D. Cal. Nov. 21, 2008) ("[T]he test is not whether the objections were meritorious or whether they helped the court in some way, but whether they conferred a 'substantial benefit' on the class or contributed to the common fund.").

Here, the Court overruled the objections in full. Dkt. 537 at 21. Nevertheless, the objectors seek fees on the basis that they argued in favor of reducing Class Counsel's fee. It is true that the Court did award a lower fee than Class Counsel requested, and it is also true that the objectors asked the Court to do so. However, Court's routinely review fee requests as part of the

---

[1] The Ninth Circuit has directed district courts to closely scrutinize an objector's fee motion. *Rodriguez v. Disner*, 688 F.3d 645, 658 (9th Cir. 2012).

Rule 23 class action approval process. Accordingly, the Court should consider whether it was the objectors' legal work and argument that resulted in the reduction, or whether the objections were unhelpful. *See In re Yahoo! Inc. Customer Data Sec. Breach Litig.*, No. 16-MD-02752-LHK, 2020 WL 4601627, at *3 (N.D. Cal. Aug. 11, 2020) (denying attorneys' fees to serial objector where "the Court overruled all of [the] objections, most of which did not concern Plaintiffs' attorneys' fees at all" and the objector "did not increase the fund or 'substantially enhance[ ] the benefits to the class'"); *In re Foreign Exchange Benchmark Rates Antitrust Litig.*, 334 F.R.D. 62, 64 (S.D.N.Y. 2019) ("That the Court's fee award minimally correlates with the premise of the objection should not be construed as helpful assistance from the Objector.").

The petitioning objectors raised five main points in support of reducing Class Counsel's fee: (1) that "Class Counsel did a notably poor job negotiating a settlement on behalf of the class," dkt. 504 at 9; (2) that the claims rate was inadequate, *id.* at 10; (3) that class counsel's legislative work should not be considered, *id.* at 11; (4) that Seventh Circuit law applies, and (5) that a lodestar cross-check did not support class counsel's fee request, *id* at 12-13. The Court rejected the first four. Dkt. 537 at 11 ("[S]imply pointing out, as objectors do, that the $650 million settlement amount is less than the theoretical possibility of billions of dollars were the class to hit a home run at trial is not illuminating."); *id.* at 1 ("At the Court's request, the parties jointly developed an innovative notice and claims procedure that generated an impressive claims rate."); *id.* at 15-16 (applying Ninth Circuit law); *id.* at 17 (finding hours expended on legislative tasks to be reasonable). As for the fifth, the Court did conduct a lodestar cross-check. However, the Northern District's Procedural Guidance on Class Action Settlements already require class counsel to submit their lodestar calculation and supporting materials, regardless of the presence of any objectors. The Court did not refer to objectors' arguments in the lodestar portion of its decision.

The question, then, is whether the class benefited materially from a few paragraphs of argument suggesting that the Court should look at class counsel's lodestar "[i]n light of" arguments the Court rejected: "the extremely low ratio of the settlement recovery to statutory damages, Class Counsel's willingness to close this case for a less than a fair recovery of

damages, and the inexplicably low claims rate[.]" *See* dkt. 504 at 13. The Court should also consider Class Counsel's fee petition, which supplies their lodestar, an expert declaration on the application of the "megafund" doctrine and provides a discussion of the relevant law that is more detailed than what appeared in the objection. *See* dkt. 499 at 23-26. If the Court finds that the work of objectors' counsel was "duplicative" or "confer[red] no unique benefit to the class[,]" then it is within its discretion to deny a fee award. *Disner*, 688 F.3d at 659.

## II. The Class Should Not Pay for Work that Actively Harms Them.

"The principles of restitution that authorize such a result also require … that the objectors produce an improvement in the settlement worth more than the fee they are seeking; otherwise they have rendered no benefit to the class." *Reynolds*, 288 F.3d at 288; *accord Disner*, 688 F.3d at 658 (quoting *Reynolds*). Here, the deadline for objectors to appeal the approval of the settlement agreement has not yet passed, but objectors' counsel has indicated to Class Counsel that any appeal would be to the fee award, not approval of the settlement. If objectors change course and do notice such an appeal to the merits of settlement approval, payments to class members will likely be delayed for between 12 and 20 months. Office of the Clerk, United States Court of Appeals for the Ninth Circuit, Frequently Asked Questions, ¶ 17, https://www.ca9.uscourts.gov/content/faq.php. The result will be that two class members and their lawyers, who carry no court appointment or duty to the class as a whole, will have decided for every class member that potential benefit of a long-shot appeal is worth the inevitable delay. Plaintiffs submit that if objectors decide to appeal, the Court should consider the effect of that appeal when determining the benefit conferred upon the class (if any). If they elect not to appeal, or to only appeal the fee award to Class Counsel and confirm with the Court what they have represented to Class Counsel, this argument will be moot.

## III. The Class Should Not Overpay for the Services of Objectors' Counsel.

If the Court does award attorneys' fees to objectors' counsel, it should ensure that both the hours and the rates are reasonable. *See Rodriguez v. W. Publ'g Corp.*, 602 F. App'x 385, 386-87 (9th Cir. 2015) ("The party seeking fees must show that the fees and costs were reasonably necessary to achieve the results obtained, and the district court has the discretion to exclude from

this initial fee calculation hours that were not reasonably expended.") (internal quotation marks omitted). Objectors' submissions raise serious questions as to both.

First, objectors request payment for a substantial number of hours devoted to tasks that had no possibility of benefiting the class. In particular, that includes 24.7 hours spent on opposing Class Counsel's discovery motion, much of which could have been avoided if they had simply provided that information when Class Counsel asked for it informally. *See* dkts. 507 ¶ 7; 514 ¶ 2. Pentz also spent 6 hours purportedly "representing the interests of [his] clients in this matter" before he spoke to Jan or the clients. *Compare* dkt. 538-1 at 4 *with* dkt. 538-2 at 4.

Second, objector's counsel do little to explain why their requested rate of $900/hour is appropriate, other than by reference to the *Laffey* matrix, which is of questionable utility. *See Prison Legal News v. Schwarzenegger*, 608 F.3d 446, 454 (9th Cir. 2010). "In establishing the reasonable hourly rate, the Court may take into account, among other factors, '(1) the novelty and complexity of the issues, (2) the special skill and experience of counsel, (3) the quality of representation, and (4) the results obtained.'" *In re Personalweb Techs., LLC Pat. Litig.*, No. 18-MD-02834-BLF, 2021 WL 796356, at *15 (N.D. Cal. Mar. 2, 2021) (quoting *Cabrales v. Cnty. of Los Angeles*, 864 F.2d 1454, 1464 (9th Cir. 1988)). These factors do not justify the $900 requested by Pentz and Jan. The quality of the representation was questionable at best, given the Court described their submissions as "not illuminating," dkt. 537 at 11, "entirely unpersuasive," *id.* at 12, and as "having made no effort to tie" their "remarks to the disputes that would actually go to trial," *id.* at 11. Further, John Pentz's experience litigating class action objections is special only in the sheer number of times it has resulted in written decisions disapproving of his conduct. *See, e.g., McKnight v. Uber Techs., Inc.*, No. 14-CV-05615, 2019 WL 3804676, at *5 (N.D. Cal. Aug. 13, 2019) (Tigar, J.) ("John Pentz has been cited by numerous courts for filing frivolous objections in pursuit of a payoff."); *Hefler v. Wells Fargo & Co.*, No. 16-CV-05479, 2018 WL 6619983, at *16 n.19 (N.D. Cal. Dec. 18, 2018) (Tigar, J.), *aff'd* 802 F. App'x 285 (9th Cir. 2020) ("The Court notes, but does not rely on, the apparent history of objector's counsel, Steve Miller and John Pentz, as serial meritless objectors."); *In re Polyurethane Foam Antitrust Litig.*, 178 F. Supp. 3d 635, 639 (N.D. Ohio 2016) ("[T]he appeal docket reveals Cochran is now co-

counsel with attorney John Pentz, another well-known 'professional objector' who seeks to make a living simply by filing frivolous appeals and thereby slowing down the execution of settlements.") (internal quotation marks omitted). When an attorney's relevant experience is thin or decidedly negative, that should affect the fee the attorney is able to command.

Objectors' counsel also makes a perfunctory request for a multiplier to their lodestar should the Court cut their requested demand. But objectors' counsel bore virtually no risk in filing the few documents they did late in this case to justify any multiplier. *See, e.g.*, *Wininger v. SI Mgmt. L.P.*, 301 F.3d 1115, 1126 (9th Cir. 2002) (holding that the district court "did not err by denying a risk multiplier" where the district court "based its decision on 'the limited nature of [the objector's] work, its relative lack of difficulty, and their only partial success,' all relevant factors to determining the propriety of a multiplier"); *Hendricks v. Starkist Co*, No. 13-CV-00729-HSG, 2016 WL 5462423, at *16 (N.D. Cal. Sept. 29, 2016), *aff'd sub nom. Hendricks v. Ference*, 754 F. App'x 510 (9th Cir. 2018) (fee multiplier appropriate for class counsel "given the risks his firm faced and the financial burdens assumed over three years of litigation," but not warranted for objectors who "given the comparatively short duration of counsel's work and the minimal risks assumed").

Finally, objectors' counsel express ambivalence toward whether any fee award to them comes from the common fund or the award to Class Counsel. Although objector fee awards are typically paid from the settlement fund, *In re Transpacific Passenger Air Transportation Antitrust Litigation*, No. C 07-05634 CRB, 2015 WL 4776946, at *2 (N.D. Cal. Aug. 13, 2015), Class Counsel reserve the right to request that any fee be paid from the awarded fees subject to the holdback pending payments to class members or from any uncashed checks. *See Nat'l Milk Producers Fed'n*, No. 11-CV-04766-JSW, 2017 WL 4581926, at *3 (N.D. Cal. Sept. 13, 2017) (exercising discretion to award fees from remaining administrative funds).[2]

---

[2] If the amount of fees due to objectors' counsel is subject to appeal, permitting any such fees to come from the award to class counsel would allow immediate distribution to class members. By contrast, if objectors' fees come directly from the fund, it may not be possible to calculate the *pro rata* share amounts, which could delay distribution.

## IV. Conclusion

If permitted, an award of attorneys' fees to objectors' counsel should be limited based on the degree to which the Court, in its discretion, finds that counsel's work benefited the class. Any award should be reduced to the degree that objectors' conduct harms the class, and the class should not overpay for the services of objectors' counsel.

DATED: March 26, 2021

s/ Alexander G. Tievsky
Class Counsel

EDELSON PC
JAY EDELSON*
BENJAMIN RICHMAN*
ALEXANDER G. TIEVSKY*
350 North LaSalle Street, 14th Floor
Chicago, IL 60654
Telephone: 312/589-6370
312/589-6378 (fax)

EDELSON PC
RAFEY BALABANIAN (315962)
LILY HOUGH (315277)
150 California Street, 18th Floor
San Francisco, CA 94111
Telephone: 415/212-9300
415/373-9435 (fax)

ROBBINS GELLER RUDMAN
 & DOWD LLP
PAUL J. GELLER*
STUART A. DAVIDSON*
CHRISTOPHER C. GOLD*

120 East Palmetto Park Road, Suite 500
Boca Raton, FL 33432
Telephone: 561/750-3000
561/750-3364 (fax)

ROBBINS GELLER RUDMAN
 & DOWD LLP
PATRICK J. COUGHLIN
ELLEN GUSIKOFF STEWART
LUCAS F. OLTS
RANDI D. BANDMAN
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

ROBBINS GELLER RUDMAN
  & DOWD LLP
SHAWN A. WILLIAMS (213113)
JOHN H. GEORGE (292332)
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA 94104
Telephone: 415/288-4545
415/288-4534 (fax)

LABATON SUCHAROW LLP
MICHAEL P. CANTY*
CORBAN S. RHODES*
140 Broadway
New York, NY 10005
Telephone: 212/907-0700
212/818-0477 (fax)


Attorneys for Plaintiffs and Class Counsel