EDELSON PC
Jay Edelson (*pro hac vice*)
Benjamin H. Richman (*pro hac vice*)
Alexander G. Tievsky (*pro hac vice*)
350 North LaSalle Street, 14th Floor
Chicago, IL 60654
Telephone: (312) 589-6370
Fax: (312) 589-6379
jedelson@edelson.com

ROBBINS GELLER RUDMAN & DOWD LLP
Paul J. Geller (*pro hac vice*)
Stuart A. Davidson (*pro hac vice*)

120 East Palmetto Park Road, Suite 500
Boca Raton, FL 33432
Telephone: 561/750-3000
561/750-3364 (fax)
pgeller@rgrdlaw.com

LABATON SUCHAROW LLP
Michael P. Canty (*pro hac vice*)
Corban S. Rhodes (*pro hac vice*)
140 Broadway
New York, NY 10005
Telephone: (212) 907-0700
Fax: (212) 818-0477
mcanty@labaton.com

Counsel for plaintiffs

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| In re FACEBOOK BIOMETRIC INFORMATION PRIVACY LITIGATION | Master File No. 3:15-cv-03747-JD |
| | <u>CLASS ACTION</u> |
| This Document Relates To: | PLAINTIFFS' MOTION FOR APPEAL BONDS |
| ALL ACTIONS. | HEARING DATE: MAY 27, 2021 |

MOTION FOR APPEAL BONDS - **3:15-cv-03747-JD**

PLEASE TAKE NOTICE THAT on May 27, 2021 at 10:00 a.m., or as soon thereafter as counsel may be heard, Plaintiffs will move the Court to require that the objectors who have appealed the final judgment in this action to each post $5,000 bonds to ensure payment of costs on appeal. In support of their motion, they state as follows:

1. Dawn Frankfother, Cathy Flanagan, and Kara Ross lodged objections to the settlement in this case. They each argued, among other things, that the settlement provided insufficient relief, that the notice plan was not sufficient, and that the fees requested by class counsel were too high. The Court overruled their objections in full, and they each filed notices of appeal that became effective when the Court entered judgment on April 12, 2021. *See* Fed. R. App. P. 4(a)(2). Frankfother and Flanagan are represented by the same counsel and filed a single appeal; Ross filed her appeal separately. The Ninth Circuit has set briefing schedules but has not consolidated the two appeals.

2. Federal Rule of Appellate Procedure 7 gives district courts discretion to "require an appellant to file a bond or provide other security in any form and amount necessary to ensure payment of costs on appeal." As the Advisory Committee Notes to Rule 7 explain: "The amended rule would leave the question of the need for a bond for costs and its amount in the discretion of the court." Fed. R. App. P. 7 adv. comm. note to 1979 amendment; *see also Schulken v. Washington Mut. Bank*, No. 09-CV-02708-LHK, 2013 WL 1345716, at *4 (N.D. Cal. Apr. 2, 2013) ("The need for a bond, as well its amount, are left in the discretion of the trial court.").

3. "The Ninth Circuit has not expressly delineated the factors courts should consider under Rule 7, but courts in this district generally assess whether an appellant is (1) financially able to post bond, (2) likely to raise arguments that will fail on appeal, and (3) unlikely to pay the costs of an appeal if necessary." *Zamora v. Lyft, Inc.*, No. 16-CV-02558-VC, 2018 WL 5819511, at *1 (N.D. Cal. Nov. 6, 2018).

4. Here, the objectors have counsel and have paid the appellate docketing fees in full, so there is no indication that they are not financially able to post a bond. Indeed, "[g]enerally, district courts have found that this first factor weighs in favor of a bond unless a

1 party is financially unable to post a bond." *In re Netflix Privacy Litig.*, No. 5:11-CV-00379-EJD, 2013 WL 6173772, at *3 (N.D. Cal. Nov. 25, 2013). It is not sufficient for an objector-appellant to argue that a bond is burdensome; he or she must provide "evidence indicating a financial inability to pay." *Id.*; *see also Embry v. ACER Am. Corp.*, No. C 09-01808 JW, 2012 WL 2055030, at *1 (N.D. Cal. June 5, 2012), *on reconsideration*, No. C 09-01808 JW, 2012 WL 13059929 (N.D. Cal. July 31, 2012) (noting that objector provided no evidence of inability to pay bond and ordering him to post $70,650 bond within 14 days or dismiss appeal).

5. In addition, objectors' arguments are likely to fail on appeal, given their threadbare arguments, the Court's detailed opinion rejecting them, and the abuse of discretion standard that applies on appeal. *See Netflix*, 2013 WL 6173772, at *3 (finding this factor weighed in favor of an appeal bond where, as here, the district court "engaged in an extensive analysis of the Settlement, including the merits of the objections, and found the Settlement to be fair, adequate, and reasonable."); *Schulken*, 2013 WL 1345716, at *5 ("Given the lack of meritorious grounds for [objector's] previous challenges, the Court finds it likely that [objector] may not prevail on appeal.").

6. Finally, there is concern that they might not pay a judgment for costs because they are outside the Ninth Circuit. *See Schulken*, 2013 WL 1345716, at *5 (ordering objector appeal bond where objector "resides in Washington State" and "it is not unreasonable . . . to anticipate difficulty in collecting costs awarded by this Court on appeal."); *Embry*, 2012 WL 2055030, at *1.

7. Although the court of appeals may award attorneys' fees in the case of a frivolous appeal, that amount cannot be considered when setting the amount of a bond. *See Azizian v. Federated Dep't Stores, Inc.*, 499 F.3d 950, 960-61 (9th Cir. 2007). However, an objector's bad-faith conduct remains "useful for assessing the likelihood that [she] will comply with any obligation to pay costs, and may also be relevant as a standalone consideration." *Zamora*, 2018 WL 5819511, at *2.

8. Here, Ms. Ross's counsel, to whom she is married, has opted himself and a number of his family members (whom he also represents) out of the settlement. He is now

1. attempting to use Ms. Ross's ability to delay the settlement in order to extract a payment for himself and his family. This is improper. *See Vollmer v. Selden*, 350 F.3d 656, 660 (7th Cir. 2003). Counsel for the other objectors has a well-documented history of similar behavior, and there is no reason to believe that he will behave any differently here. *See, e.g.*, *McKnight v. Uber Techs., Inc.*, No. 14-CV-05615-JST, 2019 WL 3804676, at *5 (N.D. Cal. Aug. 13, 2019) (Tigar, J.) ("John Pentz has been cited by numerous courts for filing frivolous objections in pursuit of a payoff.").

9. A bond of $5,000 for each appeal is the appropriate amount to ensure that the objectors will pay Plaintiffs' costs in the likely event that their appeals are unsuccessful. *See, e.g.*, *Keller v. Nat'l Collegiate Athletic Ass'n*, No. C 09-1967 CW, 2015 WL 6178829, at *3 (N.D. Cal. Oct. 21, 2015) (requiring objectors to post $5,000 appeal bond to cover costs); *Harris v. Amgen Inc.*, No. CV075442PSGPLAX, 2017 WL 10442696, at *3 (C.D. Cal. July 18, 2017) (same); *Allen v. J.P. Morgan Chase Bank, NA*, No. 15-3425, 2015 WL 12714382, at *1 (7th Cir. Dec. 4, 2015) (modifying objectors' appeal bond to $5,000). Indeed, $5,000 is well-below appeal bonds ordered in other large class settlements. *See, e.g.*, *Miletak v. Allstate Ins. Co.*, No. C 06-03778 JW, 2012 WL 3686785, at *2 (N.D. Cal. Aug. 27, 2012) ($60,000 appeal bond, including $10,000 in FRAP 39(e) costs).

**WHEREFORE**, Plaintiffs request that Objectors Dawn Frankfother and Cathy Flanagan be required to jointly post a $5,000 appeal bond, and that Objector Kara Ross be required to post a $5,000 appeal bond.

1  DATED: April 21, 2021                 s/Alexander G. Tievsky
                                         Class Counsel
2
                                         EDELSON PC
3                                        JAY EDELSON*
                                         BENJAMIN RICHMAN*
4                                        ALEXANDER G. TIEVSKY*
                                         350 North LaSalle Street, 14th Floor
5                                        Chicago, IL 60654
                                         Telephone: 312/589-6370
6                                        312/589-6378 (fax)

7                                        EDELSON PC
                                         RAFEY BALABANIAN (315962)
8                                        LILY HOUGH (315277)
                                         150 California Street, 18th Floor
9                                        San Francisco, CA 94111
                                         Telephone: 415/212-9300
10                                       415/373-9435 (fax)

11                                       ROBBINS GELLER RUDMAN
                                           & DOWD LLP
12                                       PAUL J. GELLER*
                                         STUART A. DAVIDSON*
13
                                         120 East Palmetto Park Road, Suite 500
14                                       Boca Raton, FL 33432
                                         Telephone: 561/750-3000
15                                       561/750-3364 (fax)

16                                       ROBBINS GELLER RUDMAN
                                           & DOWD LLP
17                                       PATRICK J. COUGHLIN
                                         ELLEN GUSIKOFF STEWART
18                                       LUCAS F. OLTS
                                         RANDI D. BANDMAN
19                                       655 West Broadway, Suite 1900
                                         San Diego, CA 92101
20                                       Telephone: 619/231-1058
                                         619/231-7423 (fax)
21
                                         ROBBINS GELLER RUDMAN
22                                         & DOWD LLP
                                         SHAWN A. WILLIAMS (213113)
23                                       JOHN H. GEORGE (292332)
                                         Post Montgomery Center
24                                       One Montgomery Street, Suite 1800
                                         San Francisco, CA 94104
25                                       Telephone: 415/288-4545
                                         415/288-4534 (fax)
26

27

28

MOTION FOR APPEAL BONDS - 3:15-cv-03747-JD                                    - 4 -

|   |   |
|---|---|
| 1 |   |
| 2 | LABATON SUCHAROW LLP<br>MICHAEL P. CANTY*<br>CORBAN S. RHODES* |
| 3 | 140 Broadway<br>New York, NY 10005 |
| 4 | Telephone: 212/907-0700<br>212/818-0477 (fax) |

Attorneys for Plaintiffs and Class Counsel