# EXHIBIT A

EDELSON PC
Jay Edelson (*pro hac vice*)
Benjamin H. Richman (*pro hac vice*)
Alexander G. Tievsky (*pro hac vice*)
350 North LaSalle Street, 14th Floor
Chicago, IL 60654
Telephone: (312) 589-6370
Fax: (312) 589-6379
jedelson@edelson.com

ROBBINS GELLER RUDMAN & DOWD LLP
Paul J. Geller (*pro hac vice*)
Stuart A. Davidson (*pro hac vice*)
120 East Palmetto Park Road, Suite 500
Boca Raton, FL 33432
Telephone: 561/750-3000
561/750-3364 (fax)
pgeller@rgrdlaw.com

LABATON SUCHAROW LLP
Michael P. Canty (*pro hac vice*)
Corban S. Rhodes (*pro hac vice*)
140 Broadway
New York, NY 10005
Telephone: (212) 907-0700
Fax: (212) 818-0477
mcanty@labaton.com

Counsel for Plaintiffs

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| In re FACEBOOK BIOMETRIC INFORMATION PRIVACY LITIGATION | Master File No. 3:15-cv-03747-JD |
| | CLASS ACTION |
| This Document Relates To: | DECLARATION OF PAUL J. GELLER |
| ALL ACTIONS. | |

1    Pursuant to 28 U.S.C. § 1746, I hereby declare and state as follows:

2        1.        I am an attorney admitted to practice in the state of Florida, and I have been

3    admitted *pro hac vice* in this action. I am the managing partner of Robbins Geller Rudman &

4    Dowd LLP's Boca Raton, Florida office, a founding partner of the firm, a member of its

5    Executive and Management Committees, and head of the firm's Consumer Practice Group. My

6    firm, together with Edelson PC and Labaton Sucharow LLP, has been appointed class counsel in

7    this case.

8        2.        This declaration is based upon my personal knowledge unless otherwise

9    indicated. If called upon to testify as to the matters stated herein, I could and would competently

10   do so.

11       3.        A true and accurate copy of an email I received from Kendrick Jan (kj@jan-

12   law.com) on April 7, 2021, is attached as Exhibit 1.

13       4.        A true and accurate copy of an email I received from John Pentz

14   (jjpentz3@gmail.com) on April 7, 2021 is attached as Exhibit 2.

15       5.        On April 7, 2021, I was invited to participate in a conversation with Kendrick Jan

16   and John Pentz. I agreed. During that conversation, which occurred via Zoom, Mr. Pentz and Mr.

17   Jan described the basis of their planned appeal, which was consistent with the email attached as

18   Exhibit 2. During that conversation, Mr. Pentz and Mr. Jan conveyed to me that the cost of

19   resolving the appeal would be substantially more than they were requesting in their petition for

20   fees for purportedly causing the reduction in class counsel's fee request from the Court. I did not

21   negotiate with them and stated I was simply there to hear their position.

22

23

24

25

26

27

28

1  The undersigned declares under penalty of perjury under the laws of the United States that the

2  foregoing is true and correct to the best of their knowledge.

3       Executed this 11th day of May 2021.

4

5       s/ Paul J. Geller

6       Paul J. Geller

7

8                    **SIGNATURE ATTESTATION**

9       I hereby attest that I obtained the concurrence of Paul J. Geller in the signing and filing

10  of this document.

11       Dated: May 11, 2021                    s/ Jay Edelson

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# Exhibit 1

**From:** Kendrick Jan <kj@jan-law.com>
**Sent:** Wednesday, April 7, 2021 1:36 PM
**To:** Paul Geller <pgeller@rgrdlaw.com>
**Cc:** John Pentz <jjpentz3@gmail.com>
**Subject:** Confidential contact request

Mr. Geller:

Later today John Pentz will be sending a *confidential communication* to the 9th Circuit mediation office in connection with our appeal in *Facebook.* We are letting that office know we intend to pursue a discrete issue arising out of the conduct of one of the lead firms and the related inclusion of impermissible hours/fees in CC's lodestar.

We are introducing this topic confidentially as a courtesy to Class Counsel. If you would like to have a private conversation with me to preliminarily discuss the issue, please let me know of a time convenient to your calendar and I will then send you a corresponding Zoom invitation.

Cordially,

Kendrick Jan

# Exhibit 2

**From:** John Pentz <jjpentz3@gmail.com>
**Sent:** Wednesday, April 7, 2021 3:49 PM
**To:** Paul Geller <pgeller@rgrdlaw.com>
**Cc:** Kendrick Jan <kj@jan-law.com>
**Subject:** Re: Confidential contact request

Paul,

Here is the text of my communication with the Mediation Office today.

Dear Circuit Mediators:

Our appeal involves a discrete issue regarding attorney's fees, in particular the treatment of Class Counsel's attorney time billed to "lobbying."  These charges total approx. $2.56 million, and cost the class over $12 million when multiplied by the 4.7 lodestar multiplier approved by the court.  While our clients maintain that a 23(b)(3) class should not be charged for legislative lobbying efforts, in this case there are two specific sub-issues that need to be addressed:
(1) Class Counsel (Edelson PC) failed to register with the Illinois Secretary of State on behalf of any class member, making their lobbying efforts a clear violation of Illinois law.
(2) If Class Counsel's lobbying charges are not excluded on the basis of illegality, such charges should be apportioned among all of Class Counsel's clients with active BIPA cases, and should be treated as an expense, not as attorney's fees subject to a multiplier.

Our clients do not intend to make a broad-based attack on the court's approval of the entire settlement, rather our appeal is a challenge to a discrete component of the fee award with a value of $12 million that could be resolved by compromise.  We suggest a mediation of this issue as a courtesy to Class Counsel in order to avoid the delay of an appeal and embarrassment of Class Counsel if the lobbying issue is highlighted in a reported decision.

We have substantial documentation of Class Counsel's lobbying activities showing that they do not relate exclusively, or at all, to this lawsuit, and we would be happy to share those with your office should Class Counsel have any interest in a mediation of this appeal.

John Pentz