EDELSON PC
Jay Edelson (*pro hac vice*)
Benjamin H. Richman (*pro hac vice*)
Alexander G. Tievsky (*pro hac vice*)
350 North LaSalle Street, 14th Floor
Chicago, IL 60654
Telephone: (312) 589-6370
Fax: (312) 589-6379
jedelson@edelson.com

ROBBINS GELLER RUDMAN & DOWD LLP
Paul J. Geller (*pro hac vice*)
Stuart A. Davidson (*pro hac vice*)
120 East Palmetto Park Road, Suite 500
Boca Raton, FL 33432
Telephone: 561/750-3000
561/750-3364 (fax)
pgeller@rgrdlaw.com

LABATON SUCHAROW LLP
Michael P. Canty (*pro hac vice*)
Corban S. Rhodes (*pro hac vice*)
140 Broadway
New York, NY 10005
Telephone: (212) 907-0700
Fax: (212) 818-0477
mcanty@labaton.com

*Counsel for Plaintiffs*

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| In re FACEBOOK BIOMETRIC INFORMATION PRIVACY LITIGATION | Master File No. 3:15-cv-03747-JD |
| | <u>CLASS ACTION</u> |
| This Document Relates To:<br><br>ALL ACTIONS. | PLAINTIFFS' SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION FOR APPEAL BONDS<br><br>Judge: Hon. James Donato<br>Courtroom: 11 – 19th Floor<br>Hearing Date: Vacated pending further order |

Per the Court's May 24, 2021 order, Plaintiffs provide the following supplemental statement regarding the amount of the appeal bond requested in this action:

1. Three categories of costs are likely to be taxable against the objectors in each of these appeals: printing costs, transcript costs, and costs of securing the class's money pending appeal. Those costs will add up to far more than $5,000.

2. First, the costs of printing briefs will be taxable. The Ninth Circuit typically requires seven copies of appellate briefs and four copies of excerpts of records for the court, and it allows recovery for an additional copy of each for counsel. Ninth Circuit Rule 39-1.2. At the rate of $0.10 per page, Ninth Circuit Rule 39-1.2, Plaintiffs estimate these printing costs will be about $100 per appeal.

3. Second, the costs of transcripts of the preliminary and final approval hearings will be taxable. These total $613.60.

4. Finally, there is the cost of preserving the class's right to the settlement funds pending the appeal. Federal Rule of Appellate Procedure 39(e)(3) provides that the costs of "premiums paid for a bond or other security to preserve rights pending appeal" are taxable. The security at issue here is in the form of an escrow account, in which Facebook has deposited the $650 million settlement fund. *See Int'l Telemeter Corp. v. Hamlin Int'l Corp.*, 754 F.2d 1492, 1495 (9th Cir. 1985) (holding that an escrow account is a type of security that can be used to preserve rights pending appeal). The entity holding the escrow account, Citibank, charges two basis points per year (0.02%) as a monthly premium to maintain the funds. (Exhibit 1.) The amount in escrow for the benefit of the class plus the 15% holdback of attorneys' fees (approximately $564,366,535.74) is currently required to remain in that account until the Effective Date of the Settlement has been reached and the claims can be paid. The monthly premium paid to Citibank for holding those funds in escrow is approximately $9,400.

5. The cautionary tale of *Gascho v. Global Fitness Holdings, LLC*, 875 F.3d 795 (6th Cir. 2017), explains why this cost is necessary. In that case, an objector's appeal delayed the finality of the judgment approving class action settlement for nearly three years. *Id.* at 798. Class counsel did escrow the money to pay the class but took no steps to secure the funds necessary to

pay class counsel and the settlement administrator, which were still held by defendants. *Id.* at 799. By the time the judgment was final, the money was gone. *Id.* Reversing the district court's contempt order, the Sixth Circuit determined that the defendant had "no legal obligation to conserve funds to pay class counsel and the claims administrator while the appeals were pending." *Id.* at 802. Rather, "[i]f the plaintiffs wanted to ensure that [the defendant] would be able to pay class counsel and the claims administrator, they could have insisted that [the defendant] escrow those funds during the appeals." *Id.* at 801. Nothing in the *Gascho* opinion suggests that the outcome would have been any different if it had been the class's money at stake. *See id.* at 799 ("Fortunately for the class members, the payments Global Fitness owed to them had been placed in escrow under the terms of the settlement agreement."). While Facebook does not appear to have shaky finances like the defendant in *Gascho*, taking a multi-year risk by letting any private defendant hold onto over half a billion dollars in settlement funds would have bordered on malpractice. *See generally In re Lehman Bros. Holdings Inc.*, 970 F.3d 91, 95 n.1 (2d Cir. 2020) ("When it filed for bankruptcy, [Lehman Brothers] held consolidated assets of $639 billion and liabilities of $613 billion."); *In re Enron Corp.*, 419 F.3d 115, 118 (2d Cir. 2005).

6. Plaintiffs recognize that Rule 39(e)(3) is more typically applied in the context of a supersedeas bond paid by a defendant to avoid immediate execution on the judgment. *See City of San Antonio, Texas v. Hotels.com, L. P.*, No. 20-334, 2021 WL 2144536, at *2 (U.S. May 27, 2021). But the language of the rule plainly does not limit the cost recovery to bonds or other security for the purpose of obtaining a stay of execution of judgment under Fed. R. Civ. P. 62(b). Rather, it refers to any "bond or other security to preserve rights pending appeal," which, as explained above, is precisely the function of the escrow account here. Indeed, other courts have permitted similar expenses to be considered in setting an appeal bond. *See, e.g.*, *Redwen v. Sino Clean Energy, Inc.*, CV 11-3936 PA (SSX), 2013 WL 12128684, at *2 (C.D. Cal. Dec. 20, 2013) (collecting cases for the proposition that "many district courts in this Circuit have interpreted Rule 7 to include increased expenses in settlement administration and administrative costs

1  pending appeal"); *In re Nutella Mktg. & Sales Practices Litig.*, 589 Fed. Appx. 53, 61 (3d Cir. 2014) (agreeing that "administrative costs" could be considered in setting an appeal bond).

7.  If there were any doubt, this district's local rules are even more clear. Local Rule 54-3(h) provides that "[p]remiums on undertaking bonds and costs of providing security required by law, by order of a Judge, or otherwise necessarily incurred are allowable." Here, the Court ordered that "the remaining settlement fund be distributed pro rata to claiming class members, consistent with the Settlement Agreement and as expeditiously as possible" and that "[t]he parties will comply with all other provisions of the Settlement Agreement[.]" The Settlement Agreement requires that the funds be deposited into an escrow account managed by Citibank, that the money be kept in that account until the settlement is effective and payments are made to class members, and that the costs of maintaining the settlement account be paid from the settlement fund. (Settlement Agreement, dkt. 468, §§ 1.14, 1.30, 2.1.) In other words, the payments to Citibank are costs of the providing security required by the Court's order, and those costs will be taxable in this Court if the objectors do not win their appeals.

8.  Given that the average time to resolve a civil appeal in the Ninth Circuit is 12 to 20 months, there is no reasonable possibility that the cost of maintaining the escrow account will be under $5,000. *See* U.S. Court of Appeals for the Ninth Circuit, Office of the Clerk, Frequently Asked Questions, https://www.ca9.uscourts.gov/content/faq.php (December 1, 2019). It will likely be a six-figure sum. Nevertheless, to avoid asking for an appeal bond that might chill the appeal right of an objector (even one whose lawyer is engaged in objector blackmail), Plaintiffs limited their bond request to $5,000. If the Court of Appeals awards costs in their favor, they will seek the full amount.

| | | |
|---|---|---|
| 1 | DATED: June 1, 2021 | s/ Alexander G. Tievsky |
| 2 | | Class Counsel |

EDELSON PC
JAY EDELSON*
BENJAMIN RICHMAN*
ALEXANDER G. TIEVSKY*
350 North LaSalle Street, 14th Floor
Chicago, IL  60654
Telephone:  312/589-6370
312/589-6378 (fax)

EDELSON PC
RAFEY BALABANIAN (315962)
LILY HOUGH (315277)
150 California Street, 18th Floor
San Francisco, CA 94111
Telephone: 415/212-9300
415/373-9435 (fax)

ROBBINS GELLER RUDMAN
   & DOWD LLP
PAUL J. GELLER*
STUART A. DAVIDSON*
120 East Palmetto Park Road, Suite 500
Boca Raton, FL  33432
Telephone:  561/750-3000
561/750-3364 (fax)

ROBBINS GELLER RUDMAN
   & DOWD LLP
PATRICK J. COUGHLIN
ELLEN GUSIKOFF STEWART
LUCAS F. OLTS
RANDI D. BANDMAN
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)

ROBBINS GELLER RUDMAN
   & DOWD LLP
SHAWN A. WILLIAMS (213113)
JOHN H. GEORGE (292332)
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)

LABATON SUCHAROW LLP
MICHAEL P. CANTY*
CORBAN S. RHODES*
140 Broadway
New York, NY 10005
Telephone: 212/907-0700
212/818-0477 (fax)

Attorneys for Plaintiffs and Class Counsel