UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| *In re:* FACEBOOK BIOMETRIC INFORMATION PRIVACY LITIGATION | ) ) ) ) Docket Number: 15-cv-3747 |

### OBJECTOR KARA ROSS' RESPONSE TO
### CLASS COUNSEL'S LATEST MOTION FOR BOND

Class Counsel moves the Court to order Objector Kara Ross to file a bond for the costs of printing, the costs of transcripts, and the costs of escrow bank account fees; and Ms. Kara Ross, by her counsel, Paúl Camarena, respectfully responds as follows:

### The Costs of Printing.

Class Counsel will incur costs to print the appellate brief and Class Counsel requests a bond of $100 for these costs (ECF 556, p. 2, ¶ 2). Ms. Ross does not oppose this request.

### The Costs of Transcripts.

Class Counsel will incur costs to procure the transcripts of the preliminary approval hearing (ECF 470) plus the transcripts of the final approval hearing (ECF 532), and Class Counsel requests a bond of $ 613.60 for these costs. (ECF 556, p. 2, ¶ 3.) However, Class Counsel can procure these transcripts through PACER for only $ 3.20 and $ 7.30, and Ms. Ross must oppose this request to the extent that it seeks more than the normal PACER fees.

### The Costs of Escrow Bank Account Fees.

This case will involve escrow bank account fees and Class Counsel requests a bond for these bank account fees. Class Counsel, in support, states that Fed.R.App.Pro. 39(e)(3) "refers to any bond or other security." (ECF 556, p. 3, ¶ 6 (internal quotations omitted).) However, Rule 39(e)(3) does not refer to "any bond or other security." This Rule actually refers only to

"<u>premiums</u> paid for a bond or other security."  (Emphasis added.)

"[T]he Ninth Circuit held in *Azizian* that F.R.A.P. 7 authorizes a bond only to cover 'costs' on appeal as expressly defined by rule or statute [and t]he Ninth Circuit held the express language of Rule 7 which encompasses only 'costs' must be given literal effect." *Fleury v. Richemont N.A., Inc.*, 2008 U.S. Dist. LEXIS 88166 (N.D.Cal. Oct. 21, 2008).  The definition of a "premium" does not encompass a bank fee and, thus, Class Counsel cannot cite a single case holding such.  "The delay damages sought by Settling Plaintiffs herein are akin to damages, not costs[, and Class Counsel] have cited no statute or rule defining such delay damages as 'costs'."  *Fleury  Richemont N.A., Inc.*  Hence, Ms. Ross respectfully submits that Rule 39(e) does not authorize this Court to order Ms. Ross to pay a bond for bank fees and, therefore, the Court should deny this request.

|  | Respectfully submitted,<br>Objector Kara Ross' Counsel<br>North & Sedgwick Law |
|---|---|
| by: | */s/ Paúl Camarena*<br>Paúl Camarena, Esq.<br>500 So. Clinton, No. 132<br>Chicago, IL 60607<br>paulcamarena@paulcamarena.com<br>(312) 493-7494 |